IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| U.S. NAVY SEALs 1-26, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LLOYD J. AUSTIN, III, individually and in his official capacity as United States Secretary of Defense, et al., <br><br> Defendants. | Civil Action No. 4:21-cv-01236-O |

**THE SECRETARIES' MOTION FOR CONSOLIDATED RESPONSE DEADLINE**

The individual-capacity defendants, United States Secretary of Defense Lloyd J. Austin, III and Secretary of the Navy Carlos Del Toro (collectively "the Secretaries"), respectfully request that the Court set a consolidated date of February 1, 2022, for the Secretaries' response to Plaintiffs' complaint. In support of their Motion, the Secretaries' state as follows:

1.  Plaintiffs assert claims for money damages against the Secretaries in their personal capacity. Undersigned counsel represents the Secretaries with respect to the personal-capacity damages claims asserted against them.

2.  Federal officials sued personally must be served as individuals pursuant to Rule 4(e). *See, e.g., Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("[E]very court of appeals that has spoken on the question has decided that defendants in [personal-capacity] actions must be served as individuals, pursuant to Rule 4(e).").

3.  Plaintiffs personally served Secretary Austin on November 19, 2021. Under

Federal Rule of Civil Procedure 12(a)(3), Secretary Austin's response to the complaint would be due within 60 days of service—or in this case January 18, 2022.

4. Plaintiffs have not accomplished personal service on Secretary Del Toro. Plaintiffs' counsel notified undersigned counsel that a private process server left a copy of the summons and complaint with an administrative assistant in the Navy Litigation Office, which is the office that accepts official service of process for the U.S. Department of the Navy. It does not accept personal service of process. The administrative assistant is not the personal representative of Secretary Del Toro, nor did she have authority to accept personal service of any lawsuit on his behalf. As a result, there currently is no deadline for Secretary Del Toro to respond to Plaintiffs' complaint.

5. Undersigned counsel nevertheless notified Plaintiffs' counsel that we are authorized to accept service of process for Secretary Del Toro, and that Plaintiffs could complete personal service on Secretary Del Toro by simply emailing us a copy of the summons and complaint.

6. Although Rule 12(a)(3) allows Secretary Del Toro 60 days from the date of service to file a responsive pleading, undersigned counsel reasonably proposed March 1, 2022 (prior to the time Secretary Del Toro's response would be due if Plaintiffs accepted our offer of service) as a consolidated deadline for both Secretary Austin and Secretary Del Toro.

7. Plaintiffs declined this proposal and insist that leaving a copy of the complaint with the Navy's administrative assistant is valid personal service on Secretary Del Toro.

8. In a further effort to resolve the pleading deadline by agreement, undersigned counsel requested Plaintiffs' agreement on a consolidated response deadline of February 1, 2022 for both defendants, which (even assuming for purposes of argument that Plaintiffs have properly

served Secretary Del Toro), is when Secretary Del Toro's response would be due. Plaintiffs also declined this reasonable proposal.

9. The Secretaries respectfully move this Court to set a responsive pleading deadline of February 1, 2022 for both individual-capacity defendants. A consolidated deadline of February 1 is reasonable and would facilitate the Court's consideration of the individual-capacity claims and defenses in a uniform manner.

10. Pursuant to Local Rule 7.1(b), undersigned counsel certifies that counsel for the parties conferred by telephone and multiple times by email on January 12 and January 14, but an agreement was not reached on the requested relief, such that this motion is opposed. The parties conferring included Mr. Skinner, Mr. Luecke (for the Secretaries) and Ms. Hacker principally (for Plaintiffs). A proposed order is attached.

Dated: January 14, 2022

Respectfully submitted,

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

REGINALD M. SKINNER
Senior Trial Attorney, Torts Branch

*/s/ Daniel C. Luecke*
DANIEL C. LUECKE
Trial Attorney
California State Bar. No. 326695
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616-3049
Fax: (202) 616-4314
E-mail: daniel.c.luecke@usdoj.gov

*Attorneys for Secretary of Defense Lloyd J. Austin, III and Secretary of the Navy Carlos Del Toro in their personal capacities*

## CERTIFICATE OF SERVICE

On January 14, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel C. Luecke*
DANIEL C. LUECKE
Trial Attorney
California State Bar. No. 326695
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616-3049
Fax: (202) 616-4314
E-mail: daniel.c.luecke@usdoj.gov