IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **NAVY SEALS 1-26,** et al., <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III**, in his individual capacity and in his official capacity as Secretary of Defense, *et al.*, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**OFFICIAL CAPACITY DEFENDANTS' APPENDIX
IN SUPPORT OF THEIR MOTION TO DISMISS**

**Table of Appendix**

| Bates Stamps | Description |
|---|---|
| App001–005 | Declaration of Captain Peter J. DiCaro |
| App006–010 | Declaration of Captain Mery-Angela Sanabria Katson |

Dated: January 14, 2022

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney General

                                        ALEXANDER K. HAAS
                                        Director, Federal Programs Branch

                                        ANTHONY J. COPPOLINO
                                        Deputy Director

                                        */s/Courtney D. Enlow*
                                        ANDREW E. CARMICHAEL
                                        AMY E. POWELL
                                        Senior Trial Counsel
                                        STUART J. ROBINSON
                                        Senior Counsel
                                        ZACHARY A. AVALLONE
                                        COURTNEY D. ENLOW (NC Bar No. 46578)
                                        LIAM HOLLAND
                                        CASSANDRA SNYDER
                                        Trial Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-8467
Fax: (202) 616-8470
Email: courtney.d.enlow@usdoj.gov

*Counsel for Official Capacity Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

      */s/Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-8467
Fax: (202) 616-8470
Email: courtney.d.enlow@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| U.S. NAVY SEALs 1-26;<br>U.S. NAVY SPECIAL WARFARE<br>COMBATANT CRAFT CREWMEN 1-5;<br>U.S. NAVY EXPLOSIVE ORDNANCE<br>DISPOSAL TECHNICIAN 1; and<br>U.S. NAVY DIVERS 1-3,<br>      Plaintiffs,<br><br>v.<br><br>LLOYD J. AUSTIN, III,<br>individually and in his official capacity as<br>United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**;<br>**CARLOS DEL TORO**, individually and in<br>his official capacity as United States<br>Secretary of the Navy,<br>      Defendants. | Case No. 4:21-cv-01236-O |

## DECLARATION OF PETER J. DICARO

I, Peter J. DiCaro, hereby state and declare as follows:

  1.  I am a Captain in the United States Navy, currently serving as Commanding Officer, Navy Reserve Center ("NRC") Fort Worth, located in Fort Worth, Texas. I make this declaration in my official capacity, based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

  2.  I have been assigned to my current position since June of 2021. Prior to my current assignment, I served as the Officer in Charge of Training Air Wing ONE's Flight Instructor Training Unit, Commanding Officer of Navy Reserve Center, San Jose, CA, and as Assistant Branch Head of Personnel Policy and Branch Head of Mobilization and Training at the

Office of the Chief of Navy Reserve. In my current role as Commanding Officer of NRC Fort Worth, I am responsible for the administration and certain non-operational training of approximately 1600 Selected Reservists, and I serve as the paramount authority responsible for my staff of 56 civilians, enlisted service members, and officers.

3. The primary mission of the Navy Reserve is to provide strategic depth and deliver operational capabilities to the Navy and Marine Corps team and Joint forces, in times of peace or war. Simply put, warfighting readiness is the first priority of the Navy Reserve. Similarly, the primary responsibility of Navy Reserve service members is to be deployable in order to meet mobilization and warfighting readiness requirements.

4. In a March 4, 2021 Memorandum, the Secretary of Defense stated that COVID-19 presents the "greatest proximate challenge to our Nation's security." A subsequent Secretary of Defense memorandum, dated August 24, 2021, directed immediate full vaccination of all members of the Armed Forces under DoD authority, including those in the Ready Reserve. To comply with this directive, the Chief of Naval Operations ordered all members of the Ready Reserve to be fully vaccinated by December 28, 2021, while allowing a process to consider religious accommodation and medical exemptions.[1]

5. Plaintiff Navy SEAL 1 is a Special Warfare Operator Petty Officer First Class in the Reserve Component of the U.S. Navy. Navy SEAL 1 is assigned to the Readiness Support Unit ("RSU"), NRC Fort Worth, because he resides near NRC Fort Worth.[2] Navy SEAL 1 is cross-assigned to SEAL Team SEVENTEEN ("ST-17," one of two Navy SEAL reserve units), located in San Diego, California. A cross-assigned service member, like Navy SEAL 1, is one

---

[1] Neither the Secretary of Defense's August 24 memorandum nor the Chief of Naval Operations' order was developed or executed in Texas.
[2] According to Navy personnel records, Navy SEAL 1 does not reside within the Northern District of Texas.

who is assigned a billet in a Reserve unit that is managed by a NRC other than their own (i.e., usually a unit not geographically co-located with the member's residence). Depending on funding, the cross-assigned service member will usually "drill"[3] with the cross-assigned unit on a quarterly basis and is generally expected to perform his or her Annual Training ("AT") with that unit. Within the RSU, NRC Fort Worth, Navy SEAL 1's duties include the requirement to maintain administrative and medical readiness while completing the requisite drills per fiscal year. RSU members are also required to complete a minimum of 12 days of annual active duty service every fiscal year. This period, or these periods, of active duty are normally in the form of AT orders and focused on operational-level training for the mission of a supported command. In this case, Navy SEAL 1 completes his monthly drill periods at NRC Fort Worth, and his annual training period with ST-17 in California, in addition to any other periods of active duty training that ST-17 may order him to complete.

6.    On September 18, 2021, during our September Drill Weekend, because Navy SEAL 1 was not fully vaccinated, Navy SEAL 1 was presented with a standardized NAVPERS 1070/613, "Administrative Remarks" form (commonly known as a "Page 13"), as directed by ALNAV 062/21, NAVADMIN 190/21, and All Navy Reserve Forces Message ("ALNAVRESFOR") 010/21.[4] Specifically, ALNAVRESFOR 010/21 ¶ 6.E. directs commands to use a uniform Page 13 and provides a link to the document.[5] The Page 13 is not adverse or

---

[3] "Drilling" refers to completing an Inactive Duty Training period. Generally, Reserve service members are required to complete 48 Inactive Duty Training periods and one 12 day Annual Training period per fiscal year. This is usually completed as 4 drills per weekend each month and two weeks of AT per year (i.e., "one weekend a month, two weeks per year").

[4] ALNAV 062/21 and NAVADMIN 190/21 are policies issued by the Secretary of the Navy and Chief of Naval Operations, respectively, that apply to all members of the U.S. Navy. Both the Secretary of the Navy and Chief of Naval Operations are located in Arlington, Virginia. ALNAVRESFOR are policies issued by Commander, Navy Reserve Forces, located in Norfolk, Virginia, which provide guidance specific to members of the Navy Reserve. These policies were not developed in Texas.

[5] The uniform Page 13 was not developed in Texas.

3

punitive, but serves to document that a service member was notified of the vaccine policy and associated requirements. The Page 13 given to Navy SEAL 1 was included as part of his religious accommodation request paperwork. The Page 13 did not pertain to Navy SEAL 1's medical qualification to perform special operations duty as outlined in the Navy's Manual of the Medical Department ("MANMED"), Chapter 15, *Physical Examinations and Standards for Enlistment, Commission, and Special Duty*. No adverse action was taken against Navy SEAL 1 due to the Page 13 or as a result of his request for a religious accommodation. NRC Fort Worth has not medically disqualified Navy SEAL 1 from any duty.

7.  Navy SEAL 1 submitted his religious accommodation request to NRC Fort Worth on October 22, 2021. Because he is assigned to NRC Fort Worth, his request was not forwarded to ST-17 for input. I provided an endorsement of the request. However, NRC Fort Worth is not the approval authority for granting or denying such requests under Bureau of Personnel Instruction ("BUPERSINST") 1730.1A, *Standards and Procedures Governing the Accommodation of Religious Practices* (Mar. 16, 2020).[6] Accordingly, Navy SEAL 1's religious accommodation request was forwarded as required by BUPERSINST 1730.11A to the office of the Deputy Chief of Naval Operations (Manpower, Personnel, Training and Education) (hereinafter, "DCNO N1"), located in Arlington, Virginia, on November 10, 2021.[7] DCNO N1 is the approval authority for granting or denying religious accommodations requests.

8.  On December 16, 2021, my command received an email from DCNO N1, which stated that Navy SEAL 1's religious accommodation request had been denied. My command forwarded the denial letter to Navy SEAL 1's email address that same day. On December 19,

---

[6] BUPERSINST 1730.11A is a policy issued by the Chief of Naval Personnel ("CNP") that applies to all members of the U.S. Navy. CNP is located in Arlington, VA. BUPERSINST 1730.11A was not developed in Texas.
[7] DCNO N1 is identified by the alternate designation of CNP in some issuances. DCNO N1 and CNP are interchangeable acronyms and refer to the same position and official.

4

2021, Navy SEAL 1 submitted appeal paperwork to NRC Fort Worth. NRC Fort Worth is not responsible for making any determination on appeals. His appeal was received and forwarded with my endorsement to the office of the Chief of Naval Operations ("CNO"), located in Arlington, Virginia, on January 9, 2022. The CNO is responsible for deciding appeals.

9. On the afternoon of January 9, 2022 Navy SEAL 1's appeal was returned to NRC Fort Worth by the CNO's office because it was missing his signature. Navy SEAL 1 resubmitted his appeal with signature directly to the office of the CNO on January 11, 2022. His appeal is pending, and a final decision will be made on his appeal by the CNO.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of January, 2022.

P. J. DiCARO
Captain, U.S. Navy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1-26;** **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5;** **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1;** and **U.S. NAVY DIVERS 1-3**, Plaintiffs, v. **JOSEPH R. BIDEN, JR.**, in his official capacity as President of the United States of America; **LLOYD J. AUSTIN, III**, individually and in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, individually and in his official capacity as United States Secretary of the Navy, Defendants. | Case No. 4:21-CV-01236-O |

## DECLARATION OF CAPTAIN MERY-ANGELA SANABRIA KATSON, U.S. NAVY

I, Captain Mery-Angela Sanabria Katson, U.S. Navy, hereby state and declare as follows:

1. I am a captain in the United States Navy, currently serving as the Branch Head, Enlisted Plans and Policy (OPNAV N132), located in Arlington, Virginia. I make this declaration in my official capacity, based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

2. All but one of the Plaintiffs submitted requests for religious accommodations with respect to compliance with the Navy's order that service members receive a vaccination against COVID-19. Exhibit A to this declaration and the following describe the status of each Plaintiff's religious accommodation request, according to Navy records as of January 8, 2022:

(a) Navy SEAL 22 has not submitted a request for a religious accommodation as of January 8, 2022.

(b) Navy SEAL 18 and SWCC 2 submitted requests for religious accommodation. Decisions are pending for those requests.

(c) Navy SEALs 1, 10, 13, 19, and 23, SWCC 1 and 3, and Navy Diver 3 submitted requests for religious accommodations which were denied. Appeals of the denials have not been received as of January 8, 2022.

(d) Navy SEALS 2-9, 11, 12, 14-17, 20, 21, 24-26, SWCC 4 and 5, Navy Diver 1 and 2, and EOD1 submitted requests for religious accommodations which were denied. These Plaintiffs appealed the denials of their requests. As of January 8, 2022, those appeals are pending adjudication.

3. A Navy service member whose religious accommodation request is denied is required to commence vaccination within 5 days of being notified of the denial, unless the exemption adjudicating authority specifies otherwise. *See* NAVADMIN 256/21 ¶ 2.c. Bureau of Naval Personnel Instruction ("BUPERSINST") 1730.11A, *Standards and Procedures Governing the Accommodation of Religious Practices* (Mar. 16, 2020) does not provide a specific timeline within which a requestor must submit an appeal; however, commanders have discretion to delay taking administrative actions to give service members additional time to appeal a religious accommodation request. Some examples of factors that commanders may consider in delaying administrative actions to give service members additional time may include, but are not limited to, local practice, the service member's unavailability, and good cause shown. Both initial requests and appeals will be considered and adjudicated as required by BUPERSINST 1730.11A regardless of when submitted. Once an initial religious accommodation request or an appeal is

accepted for submission, any pending administrative separation is suspended. If the request or the appeal is granted, then a previously initiated administrative separation is cancelled.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of January, 2022.

*[signature]*

Mery Angela Sanabria Katson

Captain, U.S. Navy

Katson Declaration - Exhibit A

Defs.' App009

| Pseudonym | RA Request submitted? (Y/N) | Date adjudicated, or still pending? | RA request appealed? (Y/N) | Date of appeal | Date appeal adjudicated | Add'l info (if required) |
|---|---|---|---|---|---|---|
| Navy SEAL 6 | Y | 3-Dec-21 | Y | 13-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 8 | Y | 24-Nov-21 | Y | 17-Dec-21 | N/A | Appeal Pending |
| SWCC 5 | Y | 4-Dec-21 | Y | 17-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 11 | Y | 9-Nov-21 | Y | 27-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 20 | Y | 18-Nov-21 | Y | 3-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 9 | Y | 23-Nov-21 | Y | 7-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 2 | Y | 2-Dec-21 | Y | 10-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 21 | Y | 16-Dec-21 | Y | 22-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 24 | Y | 26-Oct-21 | Y | 19-Nov-21 | N/A | Appeal Pending |
| Navy Diver 2 | Y | 29-Nov-21 | Y | 7-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 5 | Y | 30-Nov-21 | Y | 10-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 15 | Y | 7-Dec-21 | Y | 17-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 12 | Y | 6-Dec-21 | Y | 14-Dec-21 | N/A | Appeal Pending |
| SWCC 4 | Y | 30-Nov-21 | Y | 10-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 4 | Y | 1-Dec-21 | Y | 13-Dec-21 | N/A | Appeal Pending |
| EOD 1 | Y | 5-Oct-21 | Y | 27-Oct-21 | N/A | Appeal Pending |
| Navy SEAL 16 | Y | 27-Oct-21 | Y | 19-Nov-21 | N/A | Appeal Pending |
| Navy SEAL 3 | Y | 22-Nov-21 | Y | 27-Dec-21 | N/A | Appeal Pending |
| Navy Diver 1 | Y | 4-Dec-21 | Y | 16-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 14 | Y | 15-Nov-21 | Y | 29-Nov-21 | N/A | Appeal Pending |
| Navy SEAL 7 | Y | 23-Nov-21 | Y | 3-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 17 | Y | 26-Nov-21 | Y | 17-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 25 | Y | 16-Dec-21 | Y | 22-Dec-21 | N/A | Appeal Pending |
| Navy SEAL 26 | Y | 19-Nov-21 | Y | 14-Dec-21 | N/A | Appeal Pending |
| SWCC 3 | Y | 30-Dec-21 | N | N/A | N/A | Not in receipt of an appeal |
| Navy Diver 3 | Y | 4-Dec-21 | N | N/A | N/A | Not in receipt of an appeal |
| Navy SEAL 13 | Y | 17-Nov-21 | N | N/A | N/A | Not in receipt of an appeal |
| Navy SEAL 23 | Y | 18-Nov-21 | N | N/A | N/A | Not in receipt of an appeal |
| Navy SEAL 10 | Y | 17-Dec-21 | N | N/A | N/A | Not in receipt of an appeal |
| Navy SEAL 1 | Y | 14-Dec-21 | N | N/A | N/A | Not in receipt of an appeal |
| SWCC 1 | Y | 7-Dec-21 | N | N/A | N/A | Not in receipt of an appeal |
| Navy SEAL 19 | Y | 30-Nov-21 | N | N/A | N/A | Not in receipt of an appeal |
| SWCC 2 | Y | Pending | N/A | N/A | N/A | OPNAV received their initial request 18OCT21 |
| Navy SEAL 18 | Y | Pending | N/A | N/A | N/A | OPNAV received their initial request 19NOV21 |
| Navy SEAL 22 | N | N/A | N | N/A | N/A | Search of the shared drive working folders, archives, and elsewhere could not locate a package |