UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>    Plaintiffs,<br><br>  v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>    Defendants. | Case No. 4:21-cv-01236-O |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

Before the Court is Plaintiffs' Motion to Show Cause Why Defendants Should Not Be Held in Contempt. Plaintiffs argue that after the Court issued a preliminary injunction (Dkt. 66), Defendants disregarded and violated the injunction by: (1) failing to comply with the Court's preliminary injunction enjoining Defendants from applying NAVADMIN 225/21, NAVADMIN 256/21, MANMED § 15-105(4)(n)(9), and Trident Order #12 to Plaintiffs; and (2) failing to comply with the Court's preliminary injunction enjoining Defendants from "taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation." Plaintiffs ask the Court to find Defendants in civil contempt and defer to the Court to implement appropriate sanctions.

Generally, "[j]udicial sanctions in civil contempt proceedings [are] employed for either or both of two purposes: to coerce the defendant into compliance with the court's order [or] to compensate the complainant for losses sustained." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000). Plaintiffs, as the party seeking a finding of contempt, "bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). The allegedly "contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines*, 228 F.3d at 581.

The Court finds that Plaintiffs have established all three necessary elements by clear and convincing evidence. First, the preliminary injunction was in effect. (Dkt. 66). Second, the preliminary injunction required Defendants to refrain from certain conduct. (Dkt. 66 at 26). Third, Plaintiffs presented sufficient evidence to show that Defendants did not comply with the preliminary injunction. The Court agrees with Plaintiffs that Defendants should be required to show cause for their noncompliance with the preliminary injunction.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall appear for a hearing on [_____], 2022. At the hearing, Defendants must show cause for why they should not be held in civil contempt, and have appropriate sanctions imposed against them, for their noncompliance with the preliminary injunction (Dkt. 66). Failure to attend the hearing may be a separate ground for the Court to hold Defendants in civil contempt and impose appropriate sanctions. *See, e.g., In re Shah*, 200 F. App'x 349, 350 (5th Cir. 2006) (imposing civil contempt

sanctions is appropriate when defendant fails to appear at hearing); *RMC Publications v. Doulos PM Training*, No. CIV A 307-CV-2139-O, 2009 WL 1974286, at *2 (N.D. Tex. July 7, 2009) (same); *see also Quilling for Sardaukar Holdings, IBC v. 3-D Mktg., LLC*, No. 3-06-CV-0293-L, 2007 WL 9711514, at *3 (N.D. Tex. July 18, 2007) (corporate officers who do not appear at show cause hearings in cases to which their companies are parties are subject to civil contempt sanctions).

Should Defendants wish to respond to this Order in writing, they may do so on or before [_____], 2022. Responding in writing does not excuse appearance at the hearing.

**SO ORDERED** this _____ day of _____, 2022.

_____
Hon. Reed O'Connor
UNITED STATES DISTRICT JUDGE