**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>      Plaintiffs,<br><br>   v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>      Defendants. | Case No. 4:21-cv-01236-O |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

On January 3, 2022, this Court issued a clear and unambiguous Order enjoining Defendants from applying four of Defendants' policies and enjoining Defendants from taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation. Dkt. 66. Defendants are disregarding and willfully violating that Order by continuing to apply the same policies and continuing to impose the same injuries on Plaintiffs that initially warranted injunctive relief, effectively granting themselves the stay of the injunction they are asking the Court for.[1]

---

[1] *See* Dkt. 85; *see also* forthcoming Opposition to Defendants' Motion to Stay Injunction Pending Appeal.

1

Plaintiffs therefore respectfully request that the Court set a hearing on this matter and order the Defendants to show cause as to why they should not be held in contempt on the following grounds:

- Failure to comply with the Court's preliminary injunction enjoining Defendants from applying NAVADMIN 225/21, NAVADMIN 256/21, MANMED § 15-105(4)(n)(9),[2] and Trident Order #12 to Plaintiffs;

- Failure to comply with the Court's preliminary injunction enjoining Defendants from "taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation."

## GOVERNING LAW

"Courts possess the inherent authority to enforce their own injunctive decrees." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985). The availability of the federal courts' power to punish for contempt promotes "the due and orderly administration of justice and safeguards the court's authority." *Hornbeck Offshore Services, LLC v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citations omitted). A district court's issuance of a contempt order will be reviewed for an abuse of discretion, "respecting the district court's factual findings unless they are clearly erroneous." *Oaks of Mid City Resident Council v. Sebelius*, 723 F.3d 581, 584 (5th Cir. 2013). In the instance where a court's order is "necessary to remedy unconstitutional conditions, the court has an additional basis for the exercise of broad equitable powers." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citation omitted).

"To obtain a civil contempt order, [the movant has] to prove, by clear and convincing evidence, that: (1) the preliminary injunction was in effect at the time of the government's supposedly contemptuous conduct; (2) the injunction, neither vaguely nor ambiguously, required

---

[2] Plaintiffs' complaint and motion for preliminary injunction, as well as the preliminary-injunction order, referred to MANMED § 15-105(3)(n)(9), but that is a scrivener's error. The correct citation is MANMED § 15-105(4)(n)(9).

the government to perform or abstain from certain conduct; and (3) the government failed to comply with the injunction's requirement(s)." *Oaks of Mid City Resident Council*, 723 F.3d at 585; *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Evidence is clear and convincing only if it "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established," and it must "enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citations omitted).

If the facts establish that respondent did not comply with a court order, "the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). A respondent's alleged good faith will not preclude a finding of civil contempt. *Chao v. Transocean Offshore, Inc.*, 726 F.3d 725, 728 (5th Cir. 2002); *United States v. Woodberry*, 405 F. Appx. 840, 844 (5th Cir 2010). If respondent fails to meet its burden, judicial sanctions may be warranted.

"Judicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574 (5th Cir. 2000) (quoting *United States v. United Mine Workers*, 330 U.S. 258, 303 (1947)); *see also Norman Bridge Drug Co. v. Banner,* 529 F.2d 822, 827 (5th Cir.1976) ("Coercive civil contempt is intended to make the recalcitrant party comply. Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance."). "To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance.'" *United States. v. Grider*, No. 3:10-cv-0582, 2010 WL 4514623 at *3 (N.D. Tex. Nov. 2, 2010) (quoting *Paramedics*

3

*Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 657 (2d Cir. 2004)).

"In fashioning sanctions for civil contempt, district courts should consider 'the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947); *see also United States v. Scott*, No. 4:03-cv-1410, 2004 WL 1068118, at *3 (N.D. Tex. Apr. 5, 2004).

## ARGUMENT

On November 24, 2021, Plaintiffs requested the following injunctive relief from this Court: (1) prohibiting Defendants from applying the facially discriminatory policies of MANMED §15-105 (n)(9), NAVADMIN 225/21, Trident Order #12, and NAVADMIN 256/21, (2) prohibiting Defendants from applying their practice of across-the-board denial of religious accommodation requests; or taking retributive or negative action against servicemembers who make or have made religious accommodation requests; and (3) prohibiting Defendants from making Plaintiffs' non-receipt of COVID-19 vaccination or Plaintiffs' submission of a request for a religious accommodation from COVID-19 vaccination a basis for any adverse action against Plaintiffs, including, but not limited to: separation from service; loss of special warfare device; change in job title or duties; recoupment of education or training expenses; determination of medical disqualification or non-deployability; loss or delay of promotion, training opportunities, or retirement; and loss of bonuses, pay, or benefits. Dkt. 15. Having considered the briefing, oral argument, relevant facts, and applicable law, on January 3, 2022, this Court issued an Order granting Plaintiffs' Motion for Preliminary Injunction. Dkt. 66.

Specifically, the Court stated, "Defendants are enjoined from applying MANMED § 15-105(3)(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to Plaintiffs. Defendants are also enjoined from taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation." Dkt. 66 at 26.

## I.    Defendants' Disregard for this Court's Order Necessitates a Finding of Contempt.

Plaintiffs continue to suffer the same ongoing, irreparable injury that existed before the issuance of the injunction due to their Religious Accommodation request. As Plaintiffs testified at the December 20, 2021, hearing, "they [had] been barred from official and unofficial travel, including for training and treatment for traumatic brain injuries; denied access to non-work activities, like family day; assigned unpleasant schedules and low-level work like cleaning; relieved of leadership duties and denied opportunities for advancement; kicked out of their platoons; and threatened with immediate separation." Dkt. 66 at 23–24. "[B]ecause these injuries are inextricably intertwined with Plaintiffs' loss of constitutional rights," the Court concluded that Plaintiffs had suffered irreparable harm and thereby issued injunctive relief. Dkt. 66 at 24.

Despite the Court's injunction, however, the irreparable harm is still ongoing to at least six of the Plaintiffs.

### A.  Navy SEAL 26

Defendants are persisting in denying Navy SEAL 26 permission to travel to a treatment program for traumatic brain injuries, which this Court already called an "egregious example" of harm suffered by Plaintiffs. Dkt. 66 at 15. Continuing to ignore SEAL 26's medical needs, even in the face of the Court's explicit recognition of the harm to this SEAL in the preliminary-injunction order, is simply inexcusable.

SEAL 26's request to travel to obtain treatment was made before the injunction was issued, and on January 3, 2022, the same day the Court issued the preliminary injunction, SEAL 26's

request was officially denied. App. 0003, ¶¶ 4-5. An officer in his chain of command then began trying to obtain approval of leave for SEAL 26 so that he could at least attend treatment on his own. App. 0003, ¶ 7.

Instead of approving even this request, multiple high-ranking Naval officers in SEAL 26's command began calling the treatment center and asking if it would deny treatment to someone who is unvaccinated. App. 0003 ¶ 9. The treatment center will not do that. *Id.* But the result is that the Navy ran out the clock on SEAL 26's request *again*: the treatment center had to give his spot to another patient because SEAL 26 had not been given approval to attend. App. 0003, ¶¶ 8-9. Plaintiff has now been denied the ability to travel to a TBI treatment program twice (both before and after the issuance of the injunction), even to receive the treatment out of his own pocket. App. 0003, ¶ 10. This action clearly violates the injunction's prohibition on "adverse action" and is especially egregious given that the Defendants are denying SEAL 26 needed medical treatment for injuries sustained during his service. Dkt. 66 at 15, 26.

### B.  Navy Diver 2

Plaintiff Navy Diver 2 is also suffering the same adverse actions that existed before the issuance of the injunction. In August 2021, Navy Diver 2 graduated at the top of his class and received his pick of permanent duty station. App. 0006, ¶ 2. Navy Diver 2 received orders for that permanent duty station and was sent to complete a four-week school elsewhere before his permanent change of station (PCS) to Hawaii. App. 0006, ¶ 3. Despite finishing the course in September, Navy Diver 2 has been kept at that location (where he was only supposed to be for four weeks) for *four months*. App. 0004, ¶ 4. He is required to get special permission from the Commanding Officer to leave the base for any reason, even to get groceries or fill his car with gas. App. 0007, ¶ 7. He is still being prevented from executing his PCS orders pursuant to NAVADMIN

256/21 ¶ 7,[3] despite the fact that this Court enjoined application of NAVADMIN 256/21 to Plaintiffs, and despite the fact that Navy Diver 2 is not a "refuser." Dkt. 66 at 26; App. 0007, ¶ 4; NAVADMIN 256/21 ¶3.c.[4] This also clearly violates the injunction, as Defendants' counsel admitted. *See* App. 0010.

### C.  Navy SEAL 21

Plaintiff Navy SEAL 21 was kicked out of his platoon and forced to turn in his gear before the issuance of the injunction and remains in this status. He is unable to participate in training, which means he cannot deploy. App. 0013, ¶ 4. SEAL 21 was explicitly told—after the injunction was issued—that he could not take the chief examination (a requirement for promotion) as scheduled because of NAVADMIN 225/21 paragraph 7.D,[5] because he is "refusing the vaccine." App. 0014, ¶ 7, App. 0017. Subsequently, he was permitted to take the chief examination "in case things get over turned." App. 0014 ¶ 8, App. 0020. When SEAL 21 took his exam on January 24, 2022, there was a notation at the top of his paperwork stating that he is unable to promote due to NAVADMIN 225/21. App. 0015, ¶ 11. Continuing to apply an enjoined policy obviously violates the preliminary injunction. *See* Dkt. 66 at 22; App. 0010. SEAL 21 was also not given a chance to see his evaluation like he was supposed to, App. 0015, ¶ 12, so he does not know whether there is an adverse evaluation pursuant to NAVADMIN 256/21 ¶ 6.b.[6] SEAL 21's current work duties (along with SEAL 25 and another SEAL with a pending Religious-Accommodation (RA) request) are to pick up trash around the base and report what he picked up to his chief. App. 0015, ¶13.

---

[3] *See* Defs. MPI Opp. App. 093. (Dkt. 44-1).
[4] *See* Defs. MPI Opp. App. 091 (Dkt. 44-1).
[5] *See* Pls. MPI App. 000164 (Dkt. 17-2).
[6] *See* Defs. MPI Opp. App. 093. (Dkt. 44-1).

### D.  Navy SEAL 13

Navy SEAL 13 was removed from a four-month course (despite completing over half) for submitting an RA request, as discussed in his previous declarations. App. 0022, ¶ 3. The course was for a critical qualification for being at his current command and for being in the position of Lead Petty Officer, which he was at the time. App. 0023, ¶ 4. SEAL 13 was subsequently removed from that position and replaced with another person who didn't have the course qualification SEAL 13 would have had if he had not been removed from the course. App. 0023, ¶ 5. Since the injunction was entered, SEAL 13 has not been offered a chance to complete the course or resume leadership duties. App. 0023, ¶ 6. SEAL 13 took the chief examination on January 26, 2022 but is ineligible for promotion because he was removed from his leadership position for submitting his RA request. App. 0023, ¶ 8. Navy SEAL 13's promotion appears to still be sidetracked pursuant to NAVADMIN 225/21 ¶ 7, even though SEAL 13 is not a "refuser," *id.* ¶ 3.c.[7]

### E.  Navy SEAL 14

Navy SEAL 14 was scheduled to leave for Officer Candidate School (OCS) on January 2, 2022. App. 0025, ¶ 3. His OCS orders were cancelled because he has a pending RA request, even though he is not a "refuser." App. 0025, ¶ 4; *see also* NAVADMIN 256/21 ¶¶ 3.c, 9.[8] He was told that it was up to the SEAL Officer Community Manager as to whether he would be allowed to go in the future. App. 0025, ¶ 4. Even though OCS is held approximately every three weeks, he has not been given OCS orders since the preliminary injunction was issued. App. 0026, ¶¶ 5, 6. This also clearly violates the injunction, as Defendants' counsel admitted. App. 0010.

---

[7] *See* Pls. MPI App. 000162, 000164 (Dkt. 17-2).
[8] *See* Defs. MPI Opp. App. 091, 094. (Dkt. 44-1).

### F.  Navy SEAL 22

Navy SEAL 22 was supposed to transfer from a training detachment to a SEAL Team for a milestone position as a platoon chief in October 2021. App. 0028-29, ¶ 3. But because of his pending RA request, he was not allowed to formally transfer to the Team. App. 0028-29, ¶ 3. As a result, he lost his position as platoon chief. App. 0029, ¶ 4. Since the injunction was entered, he has not been restored to that position or permitted to transfer commands. App. 0029, ¶ 4; *see also* NAVADMIN 225/21 ¶ 6.d.[9] On January 28, SEAL 22 was told by his command that he was not permitted to attend a training course along with the other members of his training cell because of his pending RA request. App. 0029, ¶ 6. NAVADMIN 256/21 ¶ 9 denies educational opportunities to vaccine refusers, but SEAL 22 is not a "refuser" because he has a pending RA request, ¶ 3.c.[10] This also clearly violates the injunction, as Defendants' counsel admitted. App. 0010.

* * *

As Judge Ho identified in *Sambrano v. United Airlines*, "[Defendant] is not trying to fire anyone. Instead, [Defendant] is trying to make its employees obtain the COVID-19 vaccine, notwithstanding any religious exemptions they might have." 19 F.4th 839, 840 (5th Cir. 2021) (Ho, J., dissenting). Here, too, Defendants continue to take adverse actions against the Plaintiffs in clear violation of this Court's Order as a coercive means of achieving 100% vaccination status, even though Plaintiffs are not "refusers" and followed the Navy's prescribed process for requesting a religious accommodation. Those requests have not been adjudicated. Forcing Plaintiffs to "choose between . . . holding true to their religious commitments and feeding and housing their children . . . is quintessentially irreparable injury, warranting preliminary injunctive relief." *Id.* at

---

[9] *See* Pls. MPI App. 000164 (Dkt. 17-2).
[10] *See* Pls. MPI App. 000162, 000164 (Dkt. 17-2).

841. Because Defendants have apparently made no attempt to comply with the preliminary-injunction order, judicial intervention is necessary.

**II.    Holding Defendants in contempt is the only way to prevent continued irreparable injury to Plaintiffs.**

In determining whether Defendants should be held in contempt for failure to comply with the January 3, 2022 Order, this Court should consider the character and magnitude of the continuous irreparable harm being inflicted upon Plaintiffs. Some of the exact harms that justified granting injunctive relief earlier this month are still taking place today, and Defendants have even taken new actions against some Plaintiffs in complete disregard for the injunction. Despite the Court naming the denial of SEAL 26's medical treatment as "egregious," Defendants denied him that treatment again after entry of the preliminary injunction, demonstrating Defendants' utter lack of respect for this Court's order. For the reasons stated above, Defendants' continued willful violations of the Order warrant coercive sanctions. Considering this Court's broad discretion to fashion a remedy that will prompt Defendants' compliance, Plaintiffs defer to the Court to implement appropriate sanctions that will put an end to Defendants' injurious behavior.

<b>CONCLUSION</b>

For these reasons, Plaintiffs respectfully request that the Court enter an order directing Defendants to show cause why they should not be held in contempt and sanctioned for failing to comply with the Court's January 3, 2022, Order, as described above.

Respectfully submitted this 31st day of January, 2022.

Kelly J. Shackelford
 Texas Bar No. 18070950
Jeffrey C. Mateer
 Texas Bar No. 13185320
Hiram S. Sasser, III
 Texas Bar No. 24039157
David J. Hacker
 Texas Bar No. 24103323
Michael D. Berry
 Texas Bar No. 24085835
Justin Butterfield
 Texas Bar No. 24062642
Danielle A. Runyan *
 New Jersey Bar No. 027232004
Holly M. Randall *
 Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

Jordan E. Pratt
 Florida Bar No. 100958* **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*  Admitted pro hac vice
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of Appeals
Rule 49(c)(8) under the supervision of an
attorney admitted to the D.C. Bar.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
 Texas Bar No. 24103325
Andrew B. Stephens
 Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

Attorneys for Plaintiffs

11

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2021, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/Heather Gebelin Hacker
HEATHER GEBELIN HACKER