UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| **U.S. NAVY SEALs 1-3**; on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>    Plaintiffs,<br><br> v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>    Defendants. | Case No. 4:21-cv-01236-O |

**BRIEF IN SUPPORT OF MOTION FOR CLASSWIDE PRELIMINARY INJUNCTION**

1

## INTRODUCTION

As this Court stated when it granted the preliminary injunction, "There is no COVID-19 exception to the First Amendment. There is no military exclusion from our Constitution." Dkt. 66 at 2. Yet despite the Navy's policies paying lip service to their obligations under the First Amendment and the Religious Freedom Restoration Act (RFRA), and despite its assurances to this Court and to the public that each Religious Accommodation (RA) request would receive "case-by-case" review and due consideration under the Navy's accommodation process,[1] this Court found that "by all accounts, it is theater. The Navy has not granted a religious exemption to any vaccine in recent memory. It merely rubber stamps each denial." Dkt. 66 at 1. The Navy cannot substantially burden the sincere religious beliefs of Navy servicemembers by mandating COVID-19 vaccination without a compelling interest and use of the least restrictive means as applied to the person seeking accommodation, but that is exactly what it is trying to do. This is a problem that goes far beyond the thirty-five individual Plaintiffs. It extends to every Navy servicemember who submitted a request for accommodation of their religious beliefs because every one of those servicemembers is subject to an illegal mandate. As a result, each member of the Navy Class and the Subclasses is suffering irreparable harm because of the violation of their religious-liberty rights. The Court should enter a classwide preliminary injunction to halt that ongoing irreparable injury and protect the fundamental rights of the Class and Subclass members.

---

[1] *See, e.g.,* Merz Decl., Defs.' MPI Opp. App.310 ("each request [for religious accommodation] is evaluated on a case-by-case basis"); Erin Brady, "Federal Judge Sides With 35 U.S. Navy Sailors Who Refused Vaccine After Pentagon Mandate," *Newsweek*, Jan. 4, 2022, https://www.newsweek.com/federal-judge-sides-35-us-navy-sailors-who-refused-vaccine-after-pentagon-mandate-1665418 (Pentagon spokesman stating on December 21, 2021 that "[e]ach exemption asked for on religious grounds is evaluated by a chaplain, by a chain of command, by medical experts and is given quite a lot of thought, and they're all decided case by case individually."); MPI Hr'g Tr. 135:11-18 (Defendants' counsel arguing that there is no evidence that the religious-accommodation process is futile and stating, "Plaintiffs cannot assume and cannot ask the Court to assume the bad faith of the military officers who will being making these decisions. They're senior military officers who have been ordered to consider the military's compelling interest in vaccination, whether less restrictive means are available to accommodate these plaintiffs' religious needs. There's no reason the Court should assume they will not do that.")

# ARGUMENT

The Court may issue a preliminary injunction if the movants establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the movants' favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *See Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013); *see also* Fed. R. Civ. P. 65. The Navy Class satisfies each of these factors for the same reasons that the Court already identified in its preliminary injunction order.

## I. Plaintiffs Are Substantially Likely to Succeed on the Merits of Their RFRA Claim.

RFRA provides that the

> Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1. As the Court recognized, and as Defendants do not dispute, RFRA extends to the military. Dkt. 66 at 18 (citing 42 U.S.C. § 2000bb-2).

As this Court has already concluded, by mandating COVID-19 vaccination, "Defendants have substantially burdened Plaintiffs' religious beliefs." Dkt. 66 at 18. Thus, "Defendants must show that this burden furthers a compelling interest using the least restrictive means." Dkt. 66 at 18. But "[w]ithout individualized assessment, the Navy cannot demonstrate a compelling interest in vaccinating these particular Plaintiffs." Dkt. 66 at 19. Because Defendants are not individually assessing *any* requests for religious accommodation, and instead are merely denying *all* requests based on identical rationale, despite the wide range of different assignments and circumstances that apply to each Navy servicemember, application of the DoD and Navy COVID-19 Vaccination

Mandates to Navy servicemembers who submitted RA requests, *i.e.* the Navy Class, violates RFRA. Thus, Plaintiffs are likely to succeed on their RFRA claim.

## II.     Plaintiffs Are Likely to Succeed on Their First Amendment Claim.

Plaintiffs are also likely to succeed on their First Amendment claim. The Navy has granted ten permanent medical exemptions and 60 administrative exemptions for active-duty sailors, which it appears to be assessing based on individual circumstances.[2] Yet the Navy has granted zero of the nearly 4,000 RA requests.[3] In other words, the Navy is applying the standard of review it is legally obligated to apply in the religious-accommodation context (and is not applying in that context) to secular requests, and is granting some secular requests while denying *all* religiously based requests. That disparate treatment renders the implementation of the DoD and Navy COVID-19 Vaccine Mandates not neutral, as religious-based accommodation requests are treated less favorably than secular requests. As the Court already concluded, "No matter how small the number of secular exemptions by comparison, any favorable treatment . . . defeats neutrality." Dkt. 66 at 22. Strict scrutiny thus applies, and the Mandates fail strict scrutiny for the same reasons they cannot satisfy RFRA, as explained above.

## III.    Plaintiffs Are Suffering Irreparable Harm.

As the Court already held, the enforcement of the DoD and Navy COVID-19 Vaccine Mandates have caused the individual Plaintiffs irreparable harm. The Navy Class is suffering irreparable harm on the same basis—namely, the loss of their First Amendment rights. Dkt. 66 at 24 (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.")). The

---

[2] *See* Diana Stancy Coryell, "Navy kicks out more than 100 sailors for refusing COVID-19 vaccine," *Navy Times*, Feb. 3, 2022, https://www.navytimes.com/news/your-navy/2022/02/03/navy-kicks-out-more-than-100-sailors-for-refusing-covid-19-vaccine/.

[3] *Id.*

Navy Class (and Subclasses) are also suffering irreparable injury under RFRA. Dkt. 66 at 24 (citing *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012)). The Navy Class and Subclasses therefore satisfy the irreparable-harm requirement for issuance of a preliminary injunction.

### IV. The Balance of Hardships Weighs in Plaintiffs' Favor, and the Public Interest Favors Granting the Injunction.

"The final two elements of the preliminary injunction standard—the balance of the harms and whether an injunction will disserve the public interest—must be considered together." Dkt. 66 at 25. As the Court recognized, "[a]n injunction does not disserve the public interest when it prevents constitutional deprivations." Dkt. 66 at 26 (citing *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014). And because the Navy Class, like the individual Plaintiffs, are suffering a "loss of religious liberties," that "outweighs any forthcoming harm to the Navy." Dkt. 66 at 26. Thus, the Navy Class and Subclasses "satisf[y] the final two requirements for a preliminary injunction." *Id.*

### CONCLUSION

The Court should grant the classwide preliminary injunction.

Respectfully submitted this 7th day of February, 2022.

| | |
|---|---|
| KELLY J. SHACKELFORD<br>  Texas Bar No. 18070950<br>JEFFREY C. MATEER<br>  Texas Bar No. 13185320<br>HIRAM S. SASSER, III<br>  Texas Bar No. 24039157<br>DAVID J. HACKER<br>  Texas Bar No. 24103323<br>MICHAEL D. BERRY<br>  Texas Bar No. 24085835<br>JUSTIN BUTTERFIELD<br>  Texas Bar No. 24062642<br>Danielle A. Runyan *<br>  New Jersey Bar No. 027232004<br>Holly M. Randall *<br>  Oklahoma Bar No. 34763<br>FIRST LIBERTY INSTITUTE<br>2001 W. Plano Pkwy., Ste. 1600<br>Plano, Texas 75075<br>Tel: (972) 941-4444<br>jmateer@firstliberty.org<br>hsasser@firstliberty.org<br>dhacker@firstliberty.org<br>mberry@firstliberty.org<br>jbutterfield@firstliberty.org<br>drunyan@firstliberty.org<br>hrandall@firstliberty.org | /s/ Heather Gebelin Hacker<br>HEATHER GEBELIN HACKER<br>  Texas Bar No. 24103325<br>ANDREW B. STEPHENS<br>  Texas Bar No. 24079396<br>HACKER STEPHENS LLP<br>108 Wild Basin Road South, Suite 250<br>Austin, Texas 78746<br>Tel.: (512) 399-3022<br>heather@hackerstephens.com<br>andrew@hackerstephens.com<br><br>*Attorneys for Plaintiffs* |

JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice
** Not yet admitted to the D.C. Bar, but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
*Counsel for Plaintiffs*