IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **NAVY SEALs 1-3,** et al., <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III** in his official capacity as United States Secretary of Defense, et al., <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' NOTICE OF THE ISSUANCE OF FURTHER
GUIDANCE REGARDING THE COURT'S PRELIMINARY INJUNCTION**

As reflected in Defendants' opposition to Plaintiffs' motion for an order to show cause (ECF No. 110), Defendants have consistently taken steps to comply with the preliminary injunction issued by this Court on January 3, 2022 (ECF No. 66). Briefing in connection with that motion, however, made clear that the parties understood the Court's preliminary injunction differently. Defendants explained that the Department of Defense (DoD) did "not understand th[e] order to prevent application of other mitigation measures applicable to *all* unvaccinated personnel—regardless of the reason for their being unvaccinated." *Id.* at 3. Defendants further noted that they had "adopted several medically recommended risk-mitigation measures—separate from the enjoined instructions— for all unvaccinated service members," including "limiting unvaccinated personnel from engaging in certain trainings where transmission risk is high" and "requiring additional travel clearance." *Id.* In reply, Plaintiffs continued to assert that the preliminary injunction should cover policies not referenced in the order that apply equally to all unvaccinated service members and argued that, if such policies were not covered, then "broader relief" was necessary. ECF No. 117 at 1.

The Court's recent order denying Defendants' motion for a partial stay pending appeal did not directly address this question regarding the application of policies not referenced in the preliminary

1

injunction order that apply equally to all unvaccinated service members, but the Court made clear that it believed "the status quo" must be maintained for Plaintiffs, meaning that they should not be "deprived of pay, training, medical treatment, [or] travel opportunities." ECF 116 at 10. In light of that further clarification of the injunction's scope, Defendants respectfully provide notice of the issuance of guidance to senior military leadership that demonstrates Defendants' ongoing compliance with the preliminary injunction and continued intent to comply. Specifically, on February 16, 2022, the Under Secretary of Defense for Personnel and Readiness, *see* 10 U.S.C. § 136, issued the attached guidance that applies to all DoD personnel and specifies that no "adverse action" be taken against Plaintiffs on the basis of their requests for religious accommodation or unvaccinated status regardless of whether the action is taken pursuant to a policy specifically referenced in the Court's preliminary injunction. The guidance indicates that "the operation or enforcement of any DoD or component regulation, order, or other authority that may constitute 'adverse action' against the plaintiffs based on a request for religious accommodation or unvaccinated status is prohibited" unless the Court's injunction is stayed or modified. *See* Ex. A, Memorandum from the Under Secretary of Defense for Personnel and Readiness regarding *Compliance with Preliminary Injunction Concerning Requests for Religious Accommodation (U.S. Navy Seals 1-26 v. Biden, No. 4:21-cv-01236 (N.D. Tex.)* (Feb. 16, 2022). The directive thus applies not only to the specific requirements this Court has enjoined but to the application of any other DoD or Service requirement that might constitute adverse action within the meaning of this Court's order.

On February 16, 2022, Defendants filed an emergency motion in the U.S. Court of Appeals for the Fifth Circuit seeking a partial stay of this Court's January 3, 2022 Order insofar as it precludes defendants from taking into account Plaintiffs' vaccination status in making deployment, assignment and other operational decisions.

Dated: February 17, 2022                                   Respectfully submitted,

BRIAN M. BOYNTON
Principle Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Andrew E. Carmichael*
ANDREW E. CARMICHAEL (VA Bar. No. 76578)
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
LIAM C. HOLLAND
CASSANDRA M. SNYDER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

3