UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**RESPONSE TO DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................1

STANDARD OF REVIEW ......................................................................................................1

ARGUMENT ............................................................................................................................2

    I.   Plaintiffs' Claims Are Ripe. ........................................................................................2

    II.  Plaintiffs' Claims Do Not Require Exhaustion. ..........................................................5

    III. Defendants Have Waived the Right to Challenge Venue.........................................5

    IV. Venue Is Proper in This District. ...............................................................................7

CONCLUSION .......................................................................................................................11

CERTIFICATE OF SERVICE ...............................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Gardner*, 387 U.S. 136 (1967) ........................................................................2, 3

*Abrams Shell v. Shell Oil Co.,* 343 F.3d 482 (5th Cir. 2003) ...........................................................8

*Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777 (5th Cir. 2012) .........................................................1

*Bear Creek Bible Church v. Equal Emp. Opportunity Comm'n*, No. 4:18-CV-00824-O, 2021 WL 5449038 (N.D. Tex. Nov. 22, 2021) ...........................................................................5

*Bear Stearns Cos. Inc. v. Lavalle*, 2000 WL 34339773 (N.D.Tex. Oct. 27, 2000) .........................7

*Braspetro Oil Servs. v. Modec (USA), Inc.*, 240 F. App'x 612 (5th Cir. 2007) ..............................2

*Crane v. Napolitano,* 920 F.Supp.2d 724 (N.D. Tex. Jan. 24, 2013) ..............................................7

*Dawson Energy, LLC v. Trinity Energy, LLC*, No. 4:15-CV-00592-O, 2016 WL 11654784 (N.D. Tex. Mar. 24, 2016) ..........................................................................................................8

*E.V. v. Robinson*, 200 F. Supp. 3d 108 (D.D.C. 2016) ...................................................................8

*Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660 (N.D. Tex. 2016) ........................................4

*Harvard Prop. Tr., LLC v. Cardillo*, No. 3:10-CV-1844-K, 2011 WL 13233311 (N.D. Tex. Jan. 24, 2011) ........................................................................................................2, 10

*Henrichs v. Nova Biomedical Corp.,* No. 6:16-cv-2, 2014 WL 2611825 (S.D. Tex. June 11, 2014) ...........................................................................................................................................7

*Hunt v. Bankers Tr. Co.*, 799 F.2d 1060 (5th Cir. 1986) .................................................................5

*In re Enron Corp.*, 317 B.R. 701 (Bankr. S.D. Tex. 2004) ...........................................................10

*Kalman v. Cortes*, 646 F. Supp. 2d 738 (E.D. Pa. 2009) ..........................................................9, 10

*Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008) ........................................................................1

*Lopez v. City of Houston*, 617 F.3d 336 (5th Cir. 2010) ................................................................3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ....................................................................1

*Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688 (1st Cir. 1992) ......................................................................................................6

*Marquest Med. Prod., Inc. v. EMDE Corp.*, 496 F. Supp. 1242 (D. Colo. 1980) ...........................6

*McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363 (5th Cir. 2008)..........................8, 9

*Mist-On Sys., Inc. v. Nouveau Body & Tan, L.L.C.*, No. 4:03-CV-843-Y, 2004 WL 7335080 (N.D. Tex. June 15, 2004) ................................................................................................9

*Nuttall v. Juarez*, 984 F. Supp. 2d 637 (N.D. Tex. 2013) ..............................................................2

*Pearson v. Holder*, 624 F.3d 682 (5th Cir. 2010)..........................................................................3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Limited P'ship*, 507 U.S. 380 (1993) ......................9

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) .............................................................2

*Safety Nat. Cas. Corp. v. U.S. Dep't of Treasury*, No. CIV.A. H-07-643, 2007 WL 7238943 (S.D. Tex. Aug. 20, 2007) ........................................................................................10

*Serv. Women's Action Network v. Mattis*, 320 F. Supp. 3d 1082 (N.D. Cal. 2018).......................9

*Stafford v. Briggs*, 444 U.S. 527 (1980) .......................................................................................8

*Steffel v. Thompson*, 415 U.S. 452 (1974)....................................................................................4

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) .............................................................5

*Tandon v. Newsom*, 141 S. Ct. 1294 (2021) ................................................................................11

*Texas v. United States*, 523 U.S. 296 (1998)................................................................................2

*Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL 3671375 (E.D. Tex. Aug. 1, 2017) .............................................................................................6

*Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158 (1967) ...........................................................3

*Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir. 1990)..............................................6

*U.S. Navy Seals 1–26 v. Biden,* No. 22-10077 (5th Cir. Feb. 28, 2022) (per curiam) ...............2, 5

*Udeobong v. Hawkins*, No. CIV.A. H-08-1833, 2009 WL 7326072 (S.D. Tex. Feb. 19, 2009) ....9

*Umphress v. Hall*, 479 F. Supp. 3d 344 (N.D. Tex. 2020).................................................8, 9, 11

*United States v. Trucking Employers, Inc.,* 72 F.R.D. 98 (D.D.C. 1976) ......................................8

*United Transp. Union v. Foster*, 205 F.3d 851 (5th Cir. 2000)......................................................2

*Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) .................................................................5

*Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543 (3d Cir. 1967)..................................7

*Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714 (W.D. Tex. 2013)..9

**Statutes**

28 U.S.C. § 1391 ................................................................................................................... 8, 10

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................................ 2

**Treatises**

*Newberg on Class Actions* § 6:36 (5th ed.) ................................................................................... 7

Wright & Miller, *Federal Practice and Procedure* § 1391 Waiver of Certain Defenses—Rule 12(h)(1), 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed.) ............................................................... 6

Wright & Miller, *Federal Practice and Procedure* § 3815 Particular Classes of Parties—Federal Officers or Agencies, 14D Fed. Prac. & Proc. Juris. § 3815 (4th ed.) .................................. 7, 8

# INTRODUCTION

This Court should deny Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. Defendants raise two main arguments: ripeness and improper venue. To support their jurisdictional arguments, Defendants largely repackage arguments this Court already rejected regarding exhaustion of administrative remedies to now assert that Plaintiffs' claims are not yet ripe. But the actions the Navy has already taken—and continues to take—against the Plaintiffs violate their First Amendment rights and therefore constitute a concrete and imminent injury that is ripe for redress, as this Court has already determined. *See* Dkt. 66 at 24 (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012). Further, Defendants have waived their belated venue objection because of their extensive participation in proceedings before this Court before raising any such objection. In any event, venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims of at least one named Plaintiff occurred within this Court's District and Division. The Motion should be denied in its entirety.

# STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must accept as true all the factual allegations in a plaintiff's complaint and view the facts in the light most favorable to the plaintiff. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). For motions to dismiss based on ripeness, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A plaintiff only has to prove by a preponderance of the evidence that a Court has jurisdiction. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (citations omitted). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that

the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A party moving to dismiss based on improper venue does so pursuant to Federal Rule of Civil Procedure 12(b)(3). "[T]he court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). But "[t]he Court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments." *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 643 (N.D. Tex. 2013). To defeat a Rule 12(b)(3) motion, "[a] plaintiff . . . need only present a prima facie case to sustain the venue of his choice." *Harvard Prop. Tr., LLC v. Cardillo*, No. 3:10-CV-1844-K, 2011 WL 13233311, at *2 (N.D. Tex. Jan. 24, 2011).

## ARGUMENT

### I. Plaintiffs' Claims Are Ripe.

The ripeness doctrine "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) (stating a claim "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). Its "basic rationale" is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). Ripeness is a requirement for a case to be justiciable. *Ass'n of Data Processing Serv. Organizations, Inc. v. Camp,* 397 U.S. 159, 172 n.3 (1970) (Brennan, J., concurring in part). The Fifth Circuit held that this litigation is justiciable. Pls.' Opp. to Mot. to Dismiss App. 20 (*U.S. Navy Seals 1–26 v. Biden,* No. 22-10077, slip op. at 15 (5th Cir. Feb. 28, 2022) (per curiam) ("This dispute is justiciable.")). Therefore it is ripe. Courts primarily examine two considerations in determining whether a case is

2

ripe for judicial review: (1) fitness of the issues for judicial decision and (2) hardship to the parties of withholding court consideration. *Id.* at 149.

      Here, both ripeness prongs are satisfied. The issues presented by Plaintiffs' claims are fit for judicial decision because they present purely legal questions. *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010) (stating "[a] case is generally ripe if any remaining questions are purely legal ones"). This Court has already held as much when it issued its preliminary injunction. *See* Dkt. 66 at 16 ("Whether the vaccine mandate passes muster under the First Amendment and RFRA . . . is a purely legal question appropriate for judicial review."). Moreover, "[i]ssues have been deemed ripe when they would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now." *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2010). Defendants insist that Plaintiffs' religious accommodation requests and any related adverse actions against Plaintiffs must be adjudicated by its full military chain of command before Plaintiffs' claims are ripe, but these arguments overlook crucial aspects of Plaintiffs' claims, and in any event, have already been rejected by this Court. As stated in the Amended Complaint and this Court's preliminary injunction order, Defendants' policy and practice of denying all religious accommodation requests to the vaccine mandate is predetermined, so there is no need for this Court to wait for Defendants to engage in "an empty formality" before adjudicating Plaintiffs' claims. *See* Am. Compl. ¶¶ 49–53; Dkt. 66 at 7.[1] Plaintiffs' claims are therefore appropriate for judicial review.[2]

---

[1] Defendants' predetermined rejection of all religious accommodation requests distinguishes this case from *Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 163 (1967). There, the Court had "no idea" if the agency would exercise the challenged power, in contrast to the situation here. *Id.* at 163.

[2] Defendants also contend that several Plaintiffs did not appeal the Navy's denial of their religious accommodation requests. Although Plaintiffs need not appeal those decisions to possess ripe claims, each of those Plaintiffs who is remaining in the Navy has appealed or will appeal the denial.

Plaintiffs will also suffer hardship absent intervention from this Court. "Substantial hardship is typically satisfied when a party is forced to choose between refraining from allegedly lawful activity or engaging in the allegedly lawful activity and risking significant sanctions." *Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 68–82 (N.D. Tex. 2016); *see also Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (finding a suit ripe because denying review would force plaintiff to choose between forgoing possibly protected speech and risking criminal punishment). This is the exact choice Defendants are imposing on Plaintiffs. They can either betray their own religious beliefs by complying with the vaccine mandate or refuse to comply with the vaccine mandate at the risk of significant sanctions, including "court-martial (criminal) prosecution, involuntary separation, relief for cause from leadership positions, removal from promotion lists, inability to attend certain military training and education schools, loss of special pay, placement in a non-deployable status, recoupment of money spent training the service member, and loss of leave and travel privileges for both official and unofficial purposes." Am. Compl. ¶¶ 36, 39, 74, 110; *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 168 (2014) (holding that forcing plaintiffs "to choose between refraining from core [First Amendment activity] on the one hand, or engaging in that [activity] and risking costly Commission proceedings and criminal prosecution on the other" constituted substantial hardship). Indeed, the mere act of seeking a religious accommodation has resulted in adverse actions against Plaintiffs. *See id.* ¶ 76.[3] Defendants' focus on formal discipline and discharge procedures overlooks the substantial harm the Plaintiffs are suffering right now for seeking to follow their own religious beliefs. *Cf. Bear Creek Bible Church v. Equal Emp. Opportunity Comm'n*, No. 4:18-CV-00824-O, 2021 WL 5449038, at *12 (N.D. Tex.

---

[3] As demonstrated by the evidence presented by Plaintiffs in their Motion to Show Cause, Defendants continue to take adverse actions against Plaintiffs despite this Court's injunction. *See* Dkt. 97.

4

Nov. 22, 2021) (holding that "denying prompt judicial review would impose a substantial hardship on Plaintiffs, forcing them to choose between violating Title VII on one hand, and violating their religious convictions on the other" (citing *Susan B. Anthony List*, 573 U.S. at 167–68)). The Motion should be denied because Plaintiffs' claims are ripe for adjudication.

## II. Plaintiffs' Claims Do Not Require Exhaustion.

Despite this Court's previous holding that Plaintiffs were not required to exhaust their military remedies before filing suit, Defendants still insist that such exhaustion is required. *See* Dkt. 107 at 12. The Fifth Circuit disagreed with Defendants. Pls.' Opp. to Mot. to Dismiss App. 22 (*U.S. Navy Seals 1–26,* No. 22-10077, slip op. at 17 ("Plaintiffs are exempted from exhausting their administrative remedies" because "they allege constitutional violations of the First Amendment and RFRA" and "the administrative remedy is futile.")). For the reasons stated in Plaintiffs' previous preliminary injunction briefing, this Court's preliminary injunction order, and the Fifth Circuit's opinion, the Court should reaffirm its previous holding. *See* Dtk. 66 at 8–15; *see also* Dkt. 16, 58. Further, at least one individual plaintiff has already received the denial of his appeal. *See* Pls.' Opp. to Mot. to Dismiss App. 1–4.

## III. Defendants Have Waived the Right to Challenge Venue.

This Court need not consider the merits of Defendants' arguments related to venue because they have waived that defense. "Venue is largely a matter of litigational convenience" that "is waived if not timely raised." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006). Therefore, "even when venue is laid in a court where it would otherwise be improper, it may be waived . . . by conduct." *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1068 (5th Cir. 1986). Indeed, "a party's conduct in the course of a proceeding can justify waiver even when the requirements of Rule 12(h)(1) are not satisfied." *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:16-CV-

00033-RWS, 2017 WL 3671375, at *4 (E.D. Tex. Aug. 1, 2017), *report and recommendation adopted*, No. 6:16-CV-00033, 2017 WL 4639861 (E.D. Tex. Oct. 17, 2017). Parties must therefore exercise "great diligence in challenging . . . venue" by doing so at the time they make their "first defensive move." *Marquest Med. Prod., Inc. v. EMDE Corp.*, 496 F. Supp. 1242, 1245 (D. Colo. 1980); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 Waiver of Certain Defenses—Rule 12(h)(1), 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed. 2021).

Here, Defendants have waived their venue objection through their conduct. This action was first filed on November 9, 2021. Dkt. 1. Defendants first challenged venue on January 14, 2022, over two months later. Dkt. 73. Before that, Defendants actively litigated all aspects of the case before this Court without raising any venue objections. Not only did Defendants participate in extensive briefing and a hearing on Plaintiffs' motion for a preliminary injunction (Dkt. 43, 61) before objecting to venue, they also agreed to the entry of a protective order (Dkt. 30, 34, 37), moved the Court to reconsider a scheduling order to allow them to challenge Plaintiffs' Motion to Proceed Anonymously (Dkt. 38), and filed an opposition to Plaintiffs' Motion to Proceed Anonymously (Dkt. 50).

Numerous courts have held that this kind of conduct waives objections to venue. *See, e.g.*, *Tinnus Enterprises, LLC*, 2017 WL 3671375, at *4 (holding a party's participation in preliminary injunction proceedings, among other actions, waived its right to challenge venue); *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 693 (1st Cir. 1992) (holding that filing a stipulation to a restraining order and participating in discovery before challenging venue six to ten weeks later constituted waiver); *see also Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773, 786 (5th Cir. 1990) (holding that parties who were not named in the complaint waived objections to personal jurisdiction by objecting to the filing of a temporary

6

restratinig order by plaintiff); *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) (holding a defendant's participation in preliminary injunction proceedings waived its right to challenge the court's personal jusridiction). If Defendants believe venue is improper, they should raised that objection at the outset of this case. *Cf. Bear Stearns Cos. Inc. v. Lavalle*, 2000 WL 34339773, at *2 (N.D. Tex. Oct. 27, 2000) (holding that defendant did not waive challenge to personal jurisdiction because he raised the issue in his brief in opposition to plaintiff's motion for a preliminary injunction). Having failed to do so, they waived that objection.

**IV.    Venue Is Proper in This District.**

Regardless of Defendants' waiver, venue is proper in this District. Defendants appear to assert in footnote 6 of their Motion that venue must be proper for all named Plaintiffs. Dkt. 107 at 16. But "'[c]lass actions utilize the same general and specific venue provisions that apply in all cases.'" *Henrichs v. Nova Biomedical Corp.,* No. 6:16-cv-2, 2014 WL 2611825 at *2 (S.D. Tex. June 11, 2014) (quoting *Newberg on Class Actions* § 6:36 (5th ed. 2021). Under the general venue statute, 28 U.S.C. § 1391(e), all named Plaintiffs do have proper venue so long as one named Plaintiff has proper venue.  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3815 Particular Classes of Parties—Federal Officers or Agencies, 14D Fed. Prac. & Proc. Juris. § 3815 (4th ed. 2021) ("In cases involving multiple plaintiffs, venue is proper where any one of them resides."); *see also Crane v. Napolitano,* 920 F.Supp.2d 724, 746–47 (N.D. Tex. Jan. 24, 2013) (recognizing that, under the general venue statue, venue is proper for all plaintiffs if it is proper for one). And as explained below, that is true here.

Further, none of the cases Defendants cite for the proposition that venue must be determined as to all named Plaintiffs rely upon the general venue statute, and the principal case Defendants cite to appears to disapprove basing venue on unnamed class members rather than

7

eliminate the general rule under the general venue statute. *Abrams Shell v. Shell Oil Co.,* 343 F.3d 482, 489–90 (5th Cir. 2003) (the relevant venue question is whether venue "is proper among the parties who have in fact been brought personally before the court as named parties" who are "standing in for the absent class members." (citing *United States v. Trucking Employers, Inc.,* 72 F.R.D. 98, 100 (D.D.C. 1976))).

Defendants devote a substantial amount of their brief analyzing venue under 28 U.S.C. 1391(e)(1)(A) and (e)(1)(C). Dkt. 107 at 13–17. But Plaintiffs have never asserted that Defendants reside in this District, nor do they allege that they reside in this District. Rather, Plaintiffs rely on 28 U.S.C. § 1391(e)(1)(B) to establish venue, so the Court should focus solely on that provision. 28 U.S.C. § 1391(e)(1)(B) allows a civil action to be brought in "any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred." The purpose of section 1391(e) is to make suits by citizens against government agencies and their officials more convenient for plaintiffs. *Stafford v. Briggs*, 444 U.S. 527, 542 (1980). Significantly, courts have held it is "absolutely clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred." *Umphress v. Hall*, 479 F. Supp. 3d 344, 351 (N.D. Tex. 2020) (interpreting identical language under 28 U.S.C. § 1391(b)(2)).[4] "[T]he chosen venue does not have to be the place where the most relevant events took place." *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008). Nor does substantiality "require that the chosen venue be the best venue." *Dawson Energy, LLC v. Trinity Energy, LLC*, No. 4:15-CV-00592-O, 2016 WL 11654784, at *3 (N.D. Tex. Mar. 24, 2016). Instead, "'[s]ubstantiality' for

---

[4] When applying section 1391(e)(1)(B), courts consider cases construing the general venue provision under 28 U.S.C. § 1391(b)(2) to be helpful because the two provision contain identical language. *See E.V. v. Robinson*, 200 F. Supp. 3d 108, 113 (D.D.C. 2016) (citing Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3815).

venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013). As long as a district has a substantial connection to the asserted claims, the substantiality test is satisfied. *See McClintock*, 299 F. App'x at 365.

When making this determination, courts consider not only the defendant's conduct, but also "the location of the effects of the alleged conduct, which can include a consideration of a plaintiff's activities." *Umphress*, 479 F.Supp.3d at 352; *see also Mist-On Sys., Inc. v. Nouveau Body & Tan, L.L.C.*, No. 4:03-CV-843-Y, 2004 WL 7335080, at *6 (N.D. Tex. June 15, 2004) (denying motion to transfer because the "injurious effects [of defendants' alleged conduct] occurred in Texas"). Consideration of the location where an alleged injury occurred is especially appropriate when the underlying claim alleges violations of First Amendment rights. *See Udeobong v. Hawkins*, No. CIV.A. H-08-1833, 2009 WL 7326072, at *2 (S.D. Tex. Feb. 19, 2009) (stating "venue may be proper in the district where the effects [of a violation of constitutional rights] are felt"); *see also Kalman v. Cortes*, 646 F. Supp. 2d 738, 742 (E.D. Pa. 2009) ("In a case brought on First Amendment grounds, impact becomes the most important part of the case."); *Serv. Women's Action Network v. Mattis*, 320 F. Supp. 3d 1082, 1088 (N.D. Cal. 2018) ("In addressing constitutional claims, courts have indeed looked to the place of injury in assessing venue.").

Defendants' argument that the Court must look only to their conduct when determining substantiality is incorrect. Courts interpret statutes according to their plain, ordinary meaning. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Limited P'ship*, 507 U.S. 380, 388 (1993). Here, section 1391(e)(2) does not specify that a court must look only to the Defendants' activities.

9

Instead, it requires only that "a substantial part of the events or omissions giving rise to the claim" occurred in the district. 28 U.S.C. § 1391(e)(2). This Court should reject Defendants' attempt to superimpose requirements not found in the statute as other federal courts in Texas have done. *See Safety Nat. Cas. Corp. v. U.S. Dep't of Treasury*, No. CIV.A. H-07-643, 2007 WL 7238943, at *5 (S.D. Tex. Aug. 20, 2007); *In re Enron Corp.*, 317 B.R. 701, 707–08 (Bankr. S.D. Tex. 2004). Further, "[m]inimizing the impact of the [vaccine mandate], compared to its adoption or administration, would marginalize [Plaintiffs'] substantive First Amendment claims under the guise of a venue statute." *Kalman*, 646 F. Supp. 2d at 742.

Plaintiffs have made a prima facie showing that venue is proper in this District, which is all that is required to defeat Defendants' Motion. *See Cardillo*, 2011 WL 13233311, at *2. Plaintiffs have alleged and presented evidence that at least one named Plaintiff is stationed in Fort Worth, Texas, and therefore felt the injurious effects of the vaccine mandate there. Am. Compl. ¶¶ 7, 15, 23; Dkt. 17-6 ¶ 3. At least one named Plaintiff attempted to exercise his religious opposition to the vaccine mandate by requesting a religious accommodation request in this District. Am. Compl. ¶ 49; Dkt. 17-6 ¶ 9. Upon submitting this request, at least one named Plaintiff was injured by being immediately declared medically disqualified and therefore undeployable. Am. Compl. ¶¶ 51–52; Dkt. 17-6 ¶ 9. This Plaintiff was further injured when Defendants summarily denied his religious accommodation request. Am. Compl. ¶ 49.[5]

Beyond these concrete harms that at least one named Plaintiff has suffered in this District, this Plaintiff also faces the "'constant threat' that government officials will use their power to" impose additional sanctions for merely seeking to comply with his religious beliefs. *See Tandon*

---

[5] And if for some reason one named plaintiff in this District were not enough, there are multiple other individuals who suffer the same harm and who live and/or work in this District who are willing to be added as plaintiffs.

10

*v. Newsom*, 141 S. Ct. 1294, 1297 (2021). Indeed, forcing Plaintiffs to choose between violating the vaccine mandate and violating their religious beliefs alone constitutes a substantial injury sufficient to make venue proper in this District. *See* Dkt. 66 at 24 ("The crisis of conscience imposed by the mandate is itself an irreparable harm."). Defendants' utter disregard for injuries suffered in this District that establish venue mirrors their disregard of Plaintiffs' sincerely held religious beliefs. The fact that substantial events related to this lawsuit also occurred in other locations does not undermine the substantial events that occurred here. *Umphress*, 479 F. Supp. 3d at 351. In sum, venue is proper, and the Motion should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion.

Respectfully submitted this 28th day of February, 2022.

Kelly J. Shackelford
  Texas Bar No. 18070950
Jeffrey C. Mateer
  Texas Bar No. 13185320
Hiram S. Sasser, III
  Texas Bar No. 24039157
David J. Hacker
  Texas Bar No. 24103323
Michael D. Berry
  Texas Bar No. 24085835
Justin Butterfield
  Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

Jordan E. Pratt
  Florida Bar No. 100958* **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

\*  Admitted pro hac vice
\*\* Not yet admitted to the D.C. Bar, but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
  Texas Bar No. 24103325
Andrew B. Stephens
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
