# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**, | |
| Plaintiffs, | Case No. 4:21-cv-01236-O |
| v. | |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, | |
| Defendants. | |

# REPLY IN SUPPORT OF MOTION
## FOR CLASS CERTIFICATION

## INTRODUCTION

Defendants' arguments against class certification fail. They largely resort to arguing about the merits—or the *answers*—to the classwide questions of law and fact rather than engaging on the questions themselves and whether they are common to the class and "central to the validity of each class member's claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Defendants' dispute as to whether they have a policy of denying all Religious Accommodation (RA) requests is not a reason not to certify the class. Rather, that factual contention is an *answer* to a question of fact common to all class members. *See* Dkt. 90 at 5. Regardless, the Amended Complaint sufficiently alleges a common policy. And as the Fifth Circuit just concluded, the Navy has "stacked the deck" against RA requestors and there is a "pattern of disregard for RFRA rights rather than individualized consideration." *Navy SEALs 1-26 v. Biden*, No. 22-10077 (5th Cir. Feb. 28, 2022), slip op. at 18, 26-27.

Defendants also claim the class is not ascertainable, but Defendants have full knowledge of how many servicemembers have submitted RA requests. Defendants also argue that the Named Plaintiffs' claims are not typical of the class members, but that argument fails for the same reason Defendants' commonality argument fails. Defendants also contend that the Named Plaintiffs have conflicts because of other cases in other jurisdictions, but there is no "conflict" where other plaintiffs seek the same or similar relief, and no other classes of Navy servicemembers who submitted RA requests have been certified. Defendants also argue that the Court should defer its decision pending their motion to stay the injunction pending appeal, but the Fifth Circuit has now rejected that request. *Navy SEALs 1-26*, slip op. at 2. There is no reason to delay, especially since members of the proposed classes are suffering harm now. *See* Dkt. 133; *see also, e.g.,* Dkt. 134 at App.0104-06, 0132-33.

## ARGUMENT

### I.      The Proposed Subclasses are Ascertainable.

Defendants argue in their response that the proposed subclasses are not ascertainable because "they are constantly in flux" and "include individuals who are currently serving in units across the Navy." Dkt. 120 at 10. That argument fails because it ignores the proposed subclass definitions which limit the subclasses to members of the Navy Class who have submitted a RA request concerning the Navy's COVID-19 Vaccine Mandate. Dkt. 90 at 2. The Navy knows and can easily ascertain the number of servicemembers who have submitted Religious Accommodation requests, and indeed, has submitted that information to the Court. *See* Dkt. 121 at App.056. It is simply false for Defendants to claim that they cannot ascertain which of those servicemembers are assigned to the Naval Special Warfare or Naval Special Operations subclass, and to the Navy SEALs subclass, especially since it is Defendants who make those decisions.

### II.     The Proposed Class and Subclasses Satisfy the Requirements of Rule 23(a).

Defendants argue that Plaintiffs fail to meet the required showings of commonality, typicality, and adequacy under Rule 23(a).[1] Dkt. 120 at 10. That argument fails for numerous reasons, as discussed below.

#### A. Commonality: There are questions of fact and law common to the Class and Subclass members.

Plaintiffs' motion lists twenty-four common questions of law and fact that will resolve issues that are "central to the validity of each class member's claims in one stroke" because the questions address whether Defendants' policies and practices cause the same constitutional and

---

[1] Defendants do not contest that Plaintiffs have satisfied numerosity under Rule 23(a).

statutory violations of the class member's rights. *Wal-Mart*, 564 U.S. at 350; Dkt. 90 at 5-8. Defendants' response does not mention or address any of Plaintiffs' common questions and instead presents arguments regarding the *merits* of Plaintiffs' claims. In other words, Defendants focus on the *answers* to many of the common questions presented by Plaintiffs rather than whether these questions satisfy commonality under Federal Rule of Civil Procedure 23(a).

Commonality "may also be demonstrated by showing that the defendants "operated under a general policy of discrimination." *Wal-Mart*, 564 at 353 (quoting *Gen. Tele. Co. of Sw. v. Falcon*, 347 U.S. 147, 159 n.15 (1982)). That is exactly what Plaintiffs have alleged here, and what the Fifth Circuit recognized. *Navy SEALs 1-26*, slip op. at 6-7, 26-27. Common questions that apply to all class members involve whether the Navy inappropriately discriminated against religious belief in compelling vaccination despite those beliefs, refused to accommodate those beliefs, and granted exemptions for secular but not religious reasons. Defendants do not and cannot dispute that these are common questions capable of resolution on a classwide basis.

Defendants argue that resolving RFRA claims requires an individualized analysis of each class member's claim, which is true, but misses the point. The allegation that Defendants' policies *fail* to do that is the common question of fact. Defendants merely dispute whether that is factually true, claiming that "the Navy undertakes a highly individualized process to review and adjudicate religious exemption requests on a case-by-case basis." Dkt. 120 at 8. That assertion is directly contradicted by this Court's findings in its order granting Plaintiffs' preliminary injunction (Dkt. 66) and by the Fifth Circuit's order denying Defendants' motion to stay the preliminary injunction. Moreover, as the Supreme Court held in *Wal-Mart*, what matters for purposes of class certification is presenting common questions that will drive the resolution of the claims on a classwide basis, not whether Plaintiffs will actually win on the merits of those claims. For example, if Plaintiffs

prove at trial that the Defendants *do* in fact have classwide policies or practices of across-the-board denial of all religious accommodation requests, then Defendants are liable for violating RFRA as to all class members. But if Defendants prove at trial that they *do not* have such a policy or practice, then Defendants may defeat liability for violating RFRA as to all class members. But the proof and evidence of such policies or practices (or lack thereof) is a merits question to be determined after the proposed class and subclasses are certified. Plaintiffs satisfy Rule 23(a) because they alleged a common policy or practice of denying all religious accommodation requests and presented numerous common questions that will drive the resolution of the claims on a classwide basis.

Finally, by focusing their commonality arguments on the answers to the common questions Plaintiffs have presented, Defendants essentially concede that Plaintiffs have satisfied commonality. For example, Defendants dispute the Navy's Standard Operating Procedure (SOP) despite this Court's findings and the findings of the Fifth Circuit that the SOP is evidence of the Navy's policy or practice of across-the-board denial of all religious accommodation requests. There is no evidence that the Navy conducts an individualized assessment of each religious accommodation request, but even if the Navy could present such evidence, it goes to the merits of the claims and not whether Plaintiffs have satisfied the commonality requirement under Rule 23(a). Plaintiffs' common questions of law and fact fit squarely within the commonality requirements of Rule 23(a), and Defendants' factual disputes are irrelevant to whether the class should be certified.

## B. Typicality: The Class Members' claims are typical of the claims of all Class Members.

"The commonality and typicality requirements of Rule 23(a) tend to merge." *Falcon*, 457 U.S. at 158 n.13. "Both serve as guideposts for determining whether under the particular

circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* "[T]he test for typicality is not demanding. It 'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.'" *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (citation omitted). "[T]he critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001).

Defendants argue that Plaintiffs have not satisfied typicality because there are "different circumstances and religious objections and analyses for objecting to the vaccine." Dkt. 120 at 19. Defendants claim that these differences are "all essential for determining the elements of that individual's RFRA claim." *Id.* This argument fails for the same reasons as Defendants' commonality arguments. Plaintiffs have alleged claims that do not require an individualized assessment because Plaintiffs allege that Defendants' policies and practices result in across-the-board violations of all class members' rights. Plaintiffs' claims are therefore typical of the claims of all other class members.

### C. Adequacy of Representation: The Named Plaintiffs will fairly and adequately represent and protect the interests of the Class and the Subclasses.

"Adequacy encompasses three separate but related inquiries: (1) 'the zeal and competence of the representative[s'] counsel'; (2) 'the willing[]ness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees'; and (3) the risk of 'conflicts of interest between the named plaintiffs and the class they seek to represent.'" *Slade*

*v. Progressive Sec. Ins.*, 856 F.3d 408, 412 (5th Cir. 2017) (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005)). "[The] requirements [of commonality and typicality] ... tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest." *Falcon*, 457 U.S. at 158 n.13.

Defendants argue that there are conflicts between the Plaintiffs and members of the proposed class because there are cases pending in other federal courts challenging the same or similar military vaccine requirements. The fact that plaintiffs in other cases are seeking relief from policies and practices that are similar to those being challenged here does not give rise to a conflict between the Plaintiffs and any other proposed class member. In fact, the injunctive relief that the Plaintiffs seek on behalf of the proposed class would be consistent with—and certainly not in conflict with—the relief being sought in other lawsuits challenging the same or similar policies and practices.

Further, the Named Plaintiffs are clearly adequate representatives, *see* App. 001-012, given their willingness to sacrifice their careers and livelihood to stay true to their sincerely held religious beliefs. They have been willing to pursue these claims in the face of threats, court martial, dishonorable discharge, separation, and other severe sanctions.

### III.    The Class and the Subclasses Satisfy the Requirements of Rule 23(b)(2).

In addition to satisfying the threshold requirements of Rule 23(a), the Class and the Subclasses also satisfy the requirements of Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The Supreme Court has held that this requirement is satisfied "when a single injunction or

declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360; *see also id.* at 361-62 ("[T]he relief sought must perforce affect the entire class at once. . . ."). That is precisely what the Named Plaintiffs are requesting: declaratory and injunctive relief that protects the religious rights of each class member under the First Amendment and Religious Freedom Restoration Act.  Defendants' arguments under Rule 23(b) are baseless and nothing more than another attempt to defend the merits and claim, despite the evidence, that the Navy conducts individualized assessments of RA requests.

Plaintiffs allege that Defendants have "acted or refused to act on grounds that apply generally to the class" because they have (1) mandated the COVID-19 vaccine for all servicemembers despite the class members' sincerely held religious beliefs; (2) have policies or practices of across-the-board denial of all Religious Accommodation requests concerning the COVID-19 Vaccine Mandate; and (3) have granted accommodations or exemptions concerning the COVID-19 Vaccine Mandate for secular reasons while denying every Religious Accommodation request. Plaintiffs do not seek individualized relief for any class member or for any subset of the class or subclasses. The Named Plaintiffs are requesting classwide declaratory and injunctive relief that protects the sincerely held religious beliefs of all members of the Navy who have submitted Religious Accommodation requests concerning the COVID-19 Vaccine Mandate. This makes "final injunctive relief or corresponding declaratory relief … appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class."). Plaintiffs have satisfied Rule 23(b).

IV.     **Defendants' Claim of Non-Conferral Is Baseless.**

Defendants argue that the Court should deny the motion because they claim Plaintiffs failed to confer with them as required by the Local Rules of this Court. But Local Rule 7(a) only requires counsel "to determine whether the motion is opposed." Defendants essentially object because Plaintiffs did not negotiate with Defendants about the content of a motion that Defendants are obviously opposed to. Defendants have been opposed to every motion they claim they Plaintiffs' counsel did not confer adequately with them on, so it is unclear why an extensive conferral process is necessary for motions that will obviously be opposed, and only serves to unnecessarily delay filings for an empty convention, which is probably Defendants' true goal. The Local Rules also explicitly exclude common motions that parties will be opposed to from the conference requirement, which suggests that this requirement is not meant to be a pointless formality. Further, Defendants point to no authority that says the proper remedy for lack of compliance with Rule 7(a) is the denial of a meritorious motion.

**CONCLUSION**

For the foregoing reasons, this Court should grant the motion and enter an order certifying the class and each of the subclasses, and appointing Plaintiffs' counsel as class counsel.

Respectfully submitted this 1st day of March, 2022.

Kelly J. Shackelford
  Texas Bar No. 18070950
Jeffrey C. Mateer
  Texas Bar No. 13185320
Hiram S. Sasser, III
  Texas Bar No. 24039157
David J. Hacker
  Texas Bar No. 24103323
Michael D. Berry
  Texas Bar No. 24085835
Justin Butterfield
  Texas Bar No. 24062642
Danielle Runyan *
  New Jersey Bar No. 02723004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

Jordan E. Pratt
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice
** Not yet admitted to the D.C. Bar, but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
Andrew B. Stephens
  Texas Bar No. 24079396
Heather Gebelin Hacker
  Texas Bar No. 24103325
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022, I electronically filed the foregoing document

through the Court's ECF system, which automatically notifies counsel of record for each party.

/s/ Andrew B. Stephens
Andrew B. Stephens
*Counsel for Plaintiffs*