UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1,** on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                    Plaintiffs,<br>       v.<br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**JOINT RULE 26(f) REPORT**

The parties, by and through their respective counsel, and pursuant to Federal Rule of Civil Procedure 26(f), met on April 6, 2022, at 10:30 AM Central Time via telephone conference, and conferred on the topics outlined in this report and discovery plan:

1. <u>Nature and Basis of Claims and Defenses:</u>

Plaintiffs claim that

    (a)    Defendants' COVID-19 vaccine mandates violate Plaintiffs' rights under the Religious Freedom Restoration Act ("RFRA");

    (b)    The medical-disqualification provision of Defendants' Trident Order #12 violates Plaintiffs' rights under RFRA;

  (c)  Defendants' COVID-19 vaccine mandates violate Plaintiffs' rights to the free exercise of religion under the First Amendment;

  (d)  The medical-disqualification provision of Defendants' Trident Order #12 violates Plaintiffs' rights to the free exercise of religion under the First Amendment.

Defendants respond that

  (a)  Plaintiffs' claims are non-justiciable as a matter of law;

  (b)  Plaintiffs' claims are not ripe and/or they have not exhausted their administrative remedies;

  (c)  Plaintiffs have not met their burden under RFRA of showing that they have a sincerely held religious belief that is substantially burdened by the DoD's and the Navy's COVID-19 vaccination requirements;

  (d)  Even if Plaintiffs meet their burden, RFRA does not justify judicial intrusion into military affairs in this case because the DoD and the Navy have a compelling interest in military readiness, unit cohesion, good order and discipline, and the health and safety of Plaintiffs, their unit, and any unit they may be assigned to in the future by mitigating the impact or potential impact of disease and illness within the force through application of the COVID-19 vaccination requirements to Plaintiffs. And no less restrictive means would satisfy that interest in this context;

  (e)  The First Amendment does not require the DoD or the Navy to accommodate Plaintiffs' religious beliefs in the face of its views that its vaccination requirements are necessary to maintain military readiness, unit cohesion, good order and discipline, and the health and safety of Plaintiffs, their unit, and any unit they may be assigned to in the future.

2. <u>Possibilities for Promptly Settling or Resolving the Case</u>:  To date, the parties have not discussed settlement.

3. <u>Initial Disclosures</u>: As set forth below in Paragraph 5, Defendants maintain that this matter is exempt from initial disclosures, but the parties agreed to exchange the initial disclosures no later than April 29, 2022.

4. <u>Preservation of Discoverable Information</u>: The parties do not anticipate any issues with preservation of discoverable information and have instructed their clients to preserve all potentially discoverable information in this matter.

5. <u>Anticipated Discovery</u>: The parties propose to conduct discovery as follows:

Plaintiffs plan to conduct discovery on policies and procedures that Defendants used in considering servicemembers' religious accommodation requests with respect to mandatory COVID-19 vaccination, alternative methods of mitigating COVID-19 other than vaccination, and the impact of COVID-19 on servicemembers, including but not limited to depositions of individuals who have submitted declarations in this lawsuit in support of Defendants' claims and defenses.

Defendants' position is that discovery should be delayed until a motion to dismiss is resolved, and then should be focused in the first instance on the administrative records for the Plaintiffs' religious exemption requests, regardless of whether they are explicitly pled as APA claims. *See generally* Fed. R. 26(a)(1)(B), 26(f)(1) (exempting administrative record cases from Rule 26 requirements); 5 U.S.C. § 706(2)(B) (constitutional claims under the APA); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004); *Ala.-Tombigbee Rivers Coal. v. Norton*, CV-01-S-0194-S, 2002 WL 227032, at *5-6 (N.D. Ala. Jan. 29, 2002); *cf. Harkness v. United States*, 727 F.3d 465, 471 (6th Cir. 2013) ("[T]he review scheme does not carve out an exception for constitutional claims."); *Harkness v. Secretary of the Navy*, 858 F.3d 437, 449 (6th Cir. 2017) (upholding district court's decision not to permit discovery beyond the administrative record in case involving Navy Chaplain's claims of religious discrimination). The propriety of discovery may therefore be the subject of a forthcoming motion. To the extent discovery

proceeds, Defendants would conduct discovery of the Plaintiffs on the nature of Plaintiffs' religious accommodation requests with respect to DoD's and the Navy's mandatory vaccination requirements, the sincerity of Plaintiffs' religious beliefs regarding vaccination, whether those beliefs are religious in nature, the burden DoD's and the Navy's vaccination requirements impose on those beliefs, the impact disease and illness has had or could have on Plaintiffs' unit or another unit Plaintiffs could reasonably be assigned to, the impact disease and illness has had on any mission Plaintiffs have participated in or any mission Plaintiffs could reasonably be assigned to participate in, any means Plaintiffs postulate to be less restrictive and equally as effective at preventing the spread of disease and illness within Plaintiffs' unit or any unit Plaintiffs could reasonably be expected to be assigned than/as vaccination.

The parties plan to conduct discovery in two phases:

    (a)    The first phase of discovery will include interrogatories, requests for admission, and requests for the production of documents, as well as depositions of the named Plaintiffs and several individuals who have submitted declarations in this lawsuit in support of Defendants' claims and defenses.[1]

    (b)    The second phase of discovery will include all other depositions and any additional interrogatories, requests for admission, and requests for the productions of documents.

6.    <u>Discovery Limits</u>:  Unless altered by subsequent agreement of the parties or court order, and without prejudice to Defendants' position set forth in paragraph 5, the parties agree to conduct discovery in accordance with the Federal Rules of Civil Procedure.

7.    <u>Discovery Schedule</u>:  Without prejudice to Defendants' position set forth in paragraph 5, and to the extent appellate proceedings do not obviate the need for further district court proceedings, the parties jointly propose the following discovery deadlines and limits:

---

[1] Defendants reserve the right to object to the deposition of certain high-ranking officials pursuant to the apex doctrine. *See United States v. Morgan*, 313 U.S. 409, 422 (1941)).

(a) The parties shall serve their:

(i) interrogatories under FRCP 33 by July 15, 2022. Objections and responses are due within 30 days after the interrogatory is served, unless otherwise agreed.

(ii) requests for production of documents under FRCP 34 by July 15, 2022. Objections and responses are due within 30 days after the request is served, unless otherwise agreed.

(iii) requests for admission under FRCP 36 by July 15, 2022. Objections and responses are due within 30 days after the request is served, unless otherwise agreed.

(iv) Parties may serve additional interrogatories, requests for production, or requests for admission after July 15, 2022, so long as doing so would not exceed the maximum number of interrogatories, requests for production, or requests for admission.

(b) The deadline for seeking to join new parties is July 1, 2022, and Plaintiffs shall amend their complaint no later than November 1, 2022.

(c) The parties shall serve their notices of deposition on any other party under FRCP 30 by December 9, 2022.

(d) The parties shall serve subpoenas seeking third-party documents and/or depositions by December 9, 2022.

(e) Depositions of the parties shall be at any mutually convenient dates, times, and places. A party may conduct a nonparty deposition at a mutually convenient date, time, and place.

(f) The parties shall complete all fact depositions by January 31, 2023.

(g) The parties shall make expert disclosures under FRCP 26(a)(2) by January 31, 2023.

(h) The parties shall serve their opening experts' reports under FRCP 26(a)(2) by January 31, 2023.

(i) The parties shall serve their rebuttal expert reports under FRCP 26(a)(2) by February 28, 2023.

(j) The parties shall complete expert depositions by February 17, 2023, for affirmative experts and March 17, 2023, for rebuttal experts.

(k) The parties shall complete all supplements to discovery under FRCP 26(e), including expert reports, by March 31, 2023.

(l) The parties shall complete all fact and expert discovery by March 31, 2023.

(m) The parties shall file motions for summary judgment, if any, by April 28, 2023, with the deadlines for filing responses and replies governed by Local Rule 7.1.

(n) At this time Defendants' position is that the litigation can be resolved on motions for summary judgment. At this time Plaintiffs position is that the litigation cannot be resolved on motions for summary judgment. The parties agree that June 19, 2023 or as soon thereafter as the Court's calendar permits is an acceptable trial date.

8. <u>Treatment of Electronically Stored Information</u>: The parties have discussed the existence of electronically stored information (ESI) in this matter, and have reached the following agreements:

(a) The parties agree to preserve ESI related to any claim or defense in this matter.

(b) The parties agree to confer about the format for production of ESI. In general, production in pdf form will be acceptable, but the parties may specifically request production of ESI in its original electronic form when necessary, unless the original electronic form is proprietary or is in a format that the requesting party cannot readily access, in which case ESI shall be produced in PDF format for documents, MP3 format for audio, or MP4 format for video.

      (c)      The parties agree to produce ESI either by remote access to a server or by USB drive.

9.      <u>Privilege Claims</u>: The parties acknowledge that they must disclose on a privilege log any information they withhold from production based on privilege or work-product protection. The parties agree to prepare and produce a privilege log that complies with FRCP 26(b)(5)(A) within 14 days of any document production or interrogatory response, unless otherwise agreed.

10.      <u>Confidentiality</u>: On December 6, 2021, the Court issued a Protective Order protecting the Pseudonymous Plaintiffs' identities, or other personally identifying information that would lead to the discovery of Plaintiffs' identities, in a court filing or proceeding in this action. Dkt.37.

11.      <u>Modification</u>: This agreement may be modified by an agreement signed by the parties or by the Court for good cause shown.

12.      At this time, the parties do not request any other orders under Rule 16(b) or (c), but notify the Court that the parties are discussing the propriety of an order under Federal Rule of Evidence 502(d), and an order to protect discoverable information that is protected by the Privacy Act. Plaintiffs request that the Court grant the full protective order against disclosure of Plaintiffs' identities, which is fully briefed and remains pending. Dkt. 26.

[SIGNATURE PAGE FOLLOWS]

Dated April 28, 2022.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ Andrew B. Stephens | /s/ Andrew E. Carmichael |
| HEATHER GEBELIN HACKER<br>   Texas Bar No. 24103325<br>ANDREW B. STEPHENS<br>   Texas Bar No. 24079396<br>HACKER STEPHENS LLP<br>108 Wild Basin Road South, Suite 250<br>Austin, Texas 78746<br>Tel.: (512) 399-3022<br>heather@hackerstephens.com<br>andrew@hackerstephens.com | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ALEXANDER K. HAAS<br>Director, Federal Programs Branch<br><br>ANTHONY J. COPPOLINO<br>Deputy Director |
| KELLY J. SHACKELFORD<br>   Texas Bar No. 18070950<br>JEFFREY C. MATEER<br>   Texas Bar No. 13185320<br>HIRAM S. SASSER, III<br>   Texas Bar No. 24039157<br>DAVID J. HACKER<br>   Texas Bar No. 24103323<br>MICHAEL D. BERRY<br>   Texas Bar No. 24085835<br>JUSTIN BUTTERFIELD<br>   Texas Bar No. 24062642<br>DANIELLE A. RUNYAN *<br>   New Jersey Bar No. 027232004<br>HOLLY M. RANDALL *<br>   Oklahoma Bar No. 34763<br>FIRST LIBERTY INSTITUTE<br>2001 W. Plano Pkwy., Ste. 1600<br>Plano, Texas 75075<br>Tel: (972) 941-4444<br>jmateer@firstliberty.org<br>hsasser@firstliberty.org<br>dhacker@firstliberty.org<br>mberry@firstliberty.org<br>jbutterfield@firstliberty.org<br>drunyan@firstliberty.org<br>hrandall@firstliberty.org | ANDREW E. CARMICHAEL<br>AMY E. POWELL<br>Senior Trial Counsel<br>STUART J. ROBINSON<br>Senior Counsel<br>ZACHARY A. AVALLONE<br>COURTNEY D. ENLOW (NC Bar No. 46578)<br>LIAM C. HOLLAND<br>CASSANDRA SNYDER<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 616-8467<br>Fax: (202) 616-8470<br>Email: courtney.d.enlow@usdoj.gov<br><br>*Attorneys for Defendants* |

JORDAN E. PRATT
   Florida Bar No. 100958* **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Attorneys for Plaintiffs*