IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

NAVY SEALs 1-3, *et al.*,

        Plaintiffs,

v.

LLOYD J. AUSTIN, III in his official capacity as United States Secretary of Defense, *et al.*,

        Defendants.

Case No. 4:21-cv-01236-O

## MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO SCHEDULE DEPOSITION FOR JUNE 24, 2022 OR OTHER DATES THEREAFTER

### INTRODUCTION

After discussions with Plaintiffs' counsel, Defendants agreed to a deposition of the Vice Chief of Naval Operations ("VCNO") Admiral William Lescher, who is a four-star admiral, the second-highest uniformed officer in the Navy, and an apex official not normally subject to deposition. Defendants agreed to do so despite his extraordinary responsibilities, and despite Plaintiffs' failure to exhaust other avenues of discovery first. Defendants offered the first date that would allow the VCNO to sit for a deposition in the Washington, DC metropolitan area without requiring him to cancel or postpone previously scheduled obligations–June 24, 2022. In response, Plaintiffs insisted that if the VCNO does not sit for a deposition within the next 30 days, they will demand compliance with the original notice for a deposition in Fort Worth, Texas on May 4, 2022. The VCNO is on official military travel on that date, and because he is an apex official and a senior military officer during a global military crisis, he cannot as a practical matter be expected to sit for a deposition on short notice. Nor should the VCNO be required to cancel his military obligations to sit for a deposition prior to June 24, 2022. There is no urgency to the deposition, and Defendants respectfully request the Court enter a protective order cancelling the May 4, 2022 deposition and direct the parties to schedule the deposition for June 24, 2022 or a mutually agreeable date thereafter.

1

**BACKGROUND**

The parties in this matter have exchanged initial disclosures but have not otherwise conducted any discovery. The parties filed a Rule 26(f) report just last week. *See* ECF No. 142. In that report, the parties previewed significant disagreements about the scope of discovery potentially appropriate in this matter, but also agreed upon a proposed schedule, deadlines, and some general principles. Most relevant here, the parties proposed that "[d]epositions of the parties shall be at any mutually convenient dates, times, and places," and that the parties "complete all fact depositions by January 31, 2023." *Id.* ¶ 7(e), (f).[1] The parties proposed that discovery close on March 31, 2023.

Before completing conferral on this discovery plan, on April 1, 2022, Plaintiffs' counsel approached Government counsel about the deposition of the VCNO, Admiral William Lescher. *See* Declaration of Amy Powell, Ex. A (Email thread). The VCNO, who submitted a declaration in support of the Defendants' Motion to Partially Stay the Preliminary Injunction, is the second-highest uniformed officer in the Navy. *See* Declaration of William Lescher ¶¶ 1,3, Defs.' App'x ISO Motion to Stay, ECF No. 87 at App0001-0031. In that position, he acts as the deputy of the Chief of Naval Operations, with duties that "include recruiting, organizing, supplying, equipping, training, servicing, mobilizing, demobilizing, administering, and maintaining the Navy, [and assisting] in the execution of any power, duty, or function of the Secretary of the Navy or the Chief of Naval Operations." *Id.* ¶ 3. Because the CNO may, by law, "delegate to or prescribe" duties to the VCNO, 10 U.S.C. § 8035(c), the VCNO also acts, in certain areas, with the complete authority to represent and act as the top uniformed Naval officer.

Defendants' counsel initially expressed great skepticism that a deposition of the VCNO would be appropriate at that time, especially prior to completion of the 26(f) conference and prior to any

---

[1] The parties proposed "phase[d]" discovery in which the parties first complete written discovery and deposition of prior declarants, and then move on to other depositions and any follow-up written discovery. ECF No. 142 ¶ 5.

other discovery. The parties exchanged emails over the next several days and had a call on April 6, 2022. Powell Decl. ¶¶ 2-3 & Ex. A, App005, App013-19. In that call, Government counsel suggested that Plaintiffs serve a proper subpoena so that counsel could discuss the specific request and rationale, and if necessary, brief the issue in the proper forum. *Id.*

Plaintiffs did not comply with Defendants' suggestion or otherwise respond for almost three weeks. *Id.* ¶ 4 & Ex. A, App005, 011. On April 25, 2022, Plaintiffs served a Notice of Deposition for the VCNO for May 4, 2022 in Fort Worth, TX. *Id.* & Ex. B, App020-23. Defense counsel promptly responded on April 26, 2022 to indicate that Defendants would likely need more time to respond. *Id.* ¶ 5 & Ex. A, App006, 010. Defendants further responded by letter dated April 29, 2022, offering Admiral Lescher's deposition on June 24, 2022 in Washington, D.C. *Id.* ¶ 6 & Ex. C, App006, 0024-26. Counsel conferred by telephone on May 2, 2022. *Id.* ¶ 7 & Ex. A, App006-009. Defendants confirmed that the Navy could offer additional dates of availability but that they would likely be after June 24, 2022. *Id.* Plaintiffs' counsel insisted that the deposition must take place within 30 days and declined to withdraw or revise the existing deposition notice for May 4, 2022 in Texas, even to give this Court more time to consider briefing on the issue. Plaintiffs' counsel also indicated that if Admiral Lescher failed either to offer an alternative date for his deposition within 30 days or to appear on May 4, 2022 (when the Admiral is in California on official military travel), they would seek sanctions. *Id.* ¶ 7. Plaintiffs' counsel offered no explanation for why they believed it was necessary to conduct Admiral Lescher's deposition prior to June 24, 2022.

It is accordingly with some reluctance that Defendants bring this emergency motion to cancel the deposition currently noticed for May 4, 2022 in Texas, and to direct its completion on June 24, 2022 in the Washington, DC metropolitan area, or later. The parties ought to be able to work amicably to resolve something as simple as the date and place of the very first deposition to be conducted in this matter. But Plaintiffs have indicated that they believe Defendants would be in violation of their

3

discovery obligations and subject to sanctions if Admiral Lescher does not either appear on Wednesday May 4, in Texas or cancel or postpone his other statutory and regulatory responsibilities to be deposed in less than one month. Neither is reasonable. *See* 2d Declaration of Admiral William Lescher, App003 (affirming that the VCNO is not available May 4, 2022, that his schedule is created months in advance, that he is available June 24, 2022, and that earlier dates would require cancellation or postponement of other official duties). Defendants have offered an alternative date (or later dates) for a deposition of the VCNO, the second highest ranking uniformed officer in the Navy, more than six months prior to the agreed deadline for completing depositions. Plaintiffs' counsel have never indicated that they are unavailable on that date, and have not articulated any reason the deposition must happen sooner, let alone tomorrow.

## DISCUSSION

### I.   DISCOVERY STANDARDS

In general, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," weighing multiple factors. Fed. R. Civ. P. 26(b)(1). But a district court has an obligation to guard against abusive discovery. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). A court may grant a protective order limiting discovery under Fed. R. Civ. P. 26(c), if a party shows "good cause." *See Landry v. Air Pilots Ass'n Int'l*, 901 F.2d 404, 435 (5th Cir. 1990); *Oyekwe v. Research Now Grp., Inc.*, No. 3:19-CV-1085-S-BN, 2020 WL 1064868, at *1 (N.D. Tex. Mar. 4, 2020). Good cause exists if necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," such as an order "specifying terms, including time and place . . . for the . . . discovery." Fed. R. Civ. P. 26(c)(1).

Under normal circumstances, the party seeking the protective order bears the burden of establishing good cause. *See Landry*, 901 F.2d at 435; *see also EEOC v. BDO USA, LLP*, 876 F.3d 690,

698 (5th Cir. 2017). However, as set forth in greater detail below, when a party seeks to depose a high-ranking government official, "exceptional circumstances" must exist before an involuntary deposition will be permitted. *See In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *see also United States v. Morgan*, 313 U.S. 409, 421-22 (1941); *Freedom From Religion Found., Inc. v. Abbott,* No. A-16-CA-00233-SS, 2017 WL 4582804, at *10 (W.D. Tex. Oct. 13, 2017).[2]

In this district, the Court has adopted standards for attorney conduct that govern discovery, as well as other proceedings. *Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988). Under these standards, "[a] lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves." *Id.* at 287. Moreover, "[i]f a fellow member of the Bar makes a just request for cooperation, or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent." *Id.* at 288, The Court further explained that: "litigators who persist in viewing themselves solely as combatants, or who perceive that they are retained to win at all costs without regard to fundamental principles of justice, will find that their conduct does not square with the practices we expect of them." *Id.*[3]

## II. THE VCNO IS A SENIOR GOVERNMENT OFFICIAL PROTECTED BY THE APEX DOCTRINE.

Although Defendants are not seeking to quash the deposition entirely, a high-ranking government official like the VCNO is not ordinarily subject to deposition and is subject to additional legal protection.

---

[2] For motions related to a deposition, a motion for a protective order may be filed in the district where the deposition is to be taken. *See* Fed. R. Civ. P. 26(c). Plaintiffs are aware that the VCNO is unavailable to fly to Texas on short notice but have nonetheless noticed the deposition in Texas for May 4, 2022.

[3] Plaintiffs have previously failed to cooperate or confer meaningfully. See ECF 120, at 3-4 & n.1; ECF No. 110, at 4 & n.1.

Since the Supreme Court's decision in *United States v. Morgan*, 313 U.S. 409 (1941), courts have routinely held under the "apex doctrine" that high-ranking government officials, both current and former, should not—absent exceptional circumstances—be deposed or called to testify regarding their reasons for taking official action. *See, e.g., Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203–04 (2d Cir. 2013); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586–87 (D.C. Cir. 1985). In *Morgan*, the Supreme Court countermanded the district court's order permitting the deposition of the Secretary of Agriculture on his process in reaching an official decision, admonishing that he "should never have been subjected to this examination" because it was improper "to probe [his] mental processes." 313 U.S. at 421–22.

At least three separate rationales underlie these protections. *First*, constitutional separation-of-powers principles are implicated when parties litigating against federal agencies attempt to ascertain the thoughts and mental processes by which high-ranking agency officials exercise their official discretion. *See id.* at 422 ("Just as a judge cannot be subjected to such scrutiny, . . . so the integrity of the administrative process must be equally respected." (internal citations omitted)); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977) ("[J]udicial inquiries into . . . executive motivation represent a substantial intrusion into the workings of other branches of government."). Challenges to agency policies are ordinarily resolved on the basis of the "administrative findings that were made at the same time as the decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The Supreme Court has repeatedly confirmed that, absent "a strong showing of bad faith or improper behavior," discovery into "the mental processes of administrative decisionmakers" is unwarranted. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573–74 (2019) (citation omitted). *Second*, subjecting high-level government officials to depositions in civil actions involving their agency would impede the exercise of official duties by exerting a chilling effect on official decision-making. *See Lederman*, 731 F.3d at 203; *Walker v. NCNB Nat'l Bank of Fla.*, 810 F. Supp. 11, 12 (D.D.C. 1993).

6

*Third*, as multiple courts have recognized, absent limits on the depositions of high-ranking officials, there is "a tremendous potential for abuse or harassment." *K.C.R. v. Cnty. of L.A.*, No. CV 13-3806, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (citation omitted); *see also United States v. Wal-Mart Stores, Inc.*, No. Civ. A. PJM-01-CV-152, 2002 WL 562301, at *4 (D. Md. Mar. 29, 2002). The Fifth Circuit explained that "[h]igh ranking government officials have greater duties and time constraints than other witnesses." *In re FDIC*, 58 F.3d at 1060 (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir.) (per curiam), *cert. denied*, 510 U.S. 989 (1993)).

"It is a settled rule in this circuit that 'exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted,'" and "[t]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re FDIC*, 58 F.3d at 1060 (quoting *In re Off. of Inspector General*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam)); *In Re Bryant*, 745 F. App'x 215, 220 (5th Cir. 2018), *as revised* (Nov. 30, 2018). Once the court has determined the government official qualifies as "high-ranking," the burden shifts to the party seeking to depose the high-ranking official to demonstrate extraordinary circumstances. *Freedom From Religion Found. Inc. v. Abbott*, No. A-16-CA-00233-SS, 2017 WL 4582804, at *11 (W.D. Tex. Oct. 13, 2017). In evaluating whether extraordinary circumstances exist the court should consider "the high-ranking status of the deponents, the potential burden that the depositions would impose upon them, [and] the substantive reasons for taking the depositions." *In re FDIC*, 58 F.3d at 1060. As an overarching consideration, the court must also consider that "it will be the rarest of cases ... in which exceptional circumstances can be shown where the testimony is available from an alternate witness." *Id.* at 1062.

Courts in this district also routinely apply the "apex doctrine" to senior private executives to protect them from being deposed or to impose limits on the depositions to be conducted when necessary. *See, e.g., Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-CV-1587-M-BN, 2015 WL 12916401,

7

at *1 (N.D. Tex. Apr. 9, 2015) (limiting topics of deposition of apex official); *Robinson v. Nexion Health at Terrell, Inc.*, No. 3:12-CV-03853-L-BK, 2014 WL 12915533, at *2 (N.D. Tex. Apr. 16, 2014) (ordering 30(b)(6) deposition in lieu of apex deposition); *Stephens v. Big Spring Herald, Inc.*, No. 1:19-CV-123-H, 2020 WL 11577890, at *2 (N.D. Tex. Aug. 19, 2020) (limiting deposition of apex official to two hours). The doctrine carries even more force in the context of senior government officials.

Here, the VCNO is a senior government official who qualifies for protection under the apex doctrine. Although there is no set standard for determining whether an official is sufficiently high-ranking to qualify for protection, *see Byrd v. District of Columbia*, 259 F.R.D. 1, 6 (D.D.C. 2009), the VCNO undoubtedly satisfies the threshold. In conducting the apex analysis, courts have considered, among other things, the official's title, place in the governmental hierarchy, and job responsibilities. *See, e.g.*, *Alexander v. FBI*, 186 F.R.D. 1, 3–4 (D.D.C. 1998) (determining that three officials classified as "Assistant[s] to the President" qualified as high-ranking officials upon consideration of "the nature of their positions at the White House"); *Low v. Whitman*, 207 F.R.D. 9, 12 (D.D.C. 2002) (concluding that the EPA's Deputy Chief of Staff is a high-ranking official upon finding that, "[a]s a member of the Senior Executive Service with responsibility for budget, personnel, and resource issues, it is clear that [the Deputy Chief of Staff] is in a position of substantial authority"). As set forth in the VCNO's declaration, the second-highest uniformed officer in the Navy exercises substantial authority over that Department, including explicit statutory authority to act on behalf of the CNO. *See supra* p.2; 2d Lescher Decl. ¶ 4, App003.

Despite his high-ranking status and the legal protections available to the VCNO, and despite the fact that Plaintiffs have not conducted *any* alternative discovery to date that could support the required extraordinary showing, and despite the complete lack of any explanation of urgency, Defendants have agreed to the deposition of the VCNO, and have asked, quite reasonably, that a potential full day deposition be scheduled to accommodate his pressing duties. Defendants offered a

8

date less than two months from the originally noticed dated, well within the timeframe for discovery, and can offer alternative later dates thereafter if that date does not work for some reason. Plaintiffs have not indicated that they are unavailable on that date, only that they demand an earlier date.

### III.  DEPOSITION OF THE VCNO PRIOR TO JUNE 24 WOULD BE UNREASONABLY BURDENSOME.

Under these circumstances, where the deponent is a high-ranking official and there is ample time remaining in discovery, deposition of the VCNO prior to June 24, 2022 would be unreasonably burdensome and disproportionate to the needs of the case. Plaintiffs have not made the extraordinary showing necessary to compel deposition of an apex official, and certainly have made no showing that warrants cancellation or postponement of the VCNO's other duties.

As previously explained to Plaintiffs, and as further described in the 2d Lescher Declaration, the VCNO is not available on May 4, 2022. He is scheduled to be traveling to California on official duty. 2d Lescher Decl. ¶ 3, App003.

Moreover, he is not reasonably available until June 24, 2022, or later. As a practical matter, a deposition requires him to set aside a full working day for the deposition itself, and his schedule is typically set 1-2 months in advance. Setting the deposition for dates earlier than that would require cancellation or postponement of his official duties and responsibilities. 2d Lescher Decl. ¶ 4, App003.

### IV.  PLAINTIFFS ARE NOT PREJUDICED BY A LATER DEPOSITION, IN WASHINGTON, D.C..

Plaintiffs appear to agree that there is no need for the deposition to take place on May 4, 2022. Powell Decl. Ex. A, at App008-09. Moreover, they appear to agree that there is no need for the deposition to take place in Texas. *Id.* Despite these apparent agreements, Plaintiffs have nonetheless refused to withdraw the notice for deposition in Texas on May 4, and refused to move the date in order to give the Court time to adjudicate a motion on the subject. Powell Decl. ¶ 7 & Ex. A at App006-008. Counsel further threatened to move for sanctions if Admiral Lescher did not appear on

a date on which they have been told he was unavailable and at a location more than 1,000 miles away from where he resides and 1,500 miles away from his official duties on that day. *Id.* ¶ 7. Accordingly, the Court should immediately cancel the current Notice of Deposition.

But Plaintiffs have also not shown any need for a deposition to take place within 30 days. To date, Plaintiffs have not articulated any reason for an earlier deposition, identified any prejudice, or otherwise indicated that the date of the deposition would affect this matter in any way whatsoever. The parties' proposed deadline for depositions is not until January 2023, and Plaintiffs are certainly not prejudiced in any way by a deposition on June 24, 2022, more than 6 months before the deadline. Defendants currently anticipate that summary judgment motions may not be filed until later in 2023. There is, in short, ample time to use and follow up on a deposition conducted in June 2022. Other discovery can proceed in the interim.

In communications with counsel, they insisted that a deposition must happen within 30 days because the Defendants relied on the declaration of the VCNO in support of the Motion for a Partial Stay. It remains unclear, however, why Plaintiffs believe that argument relates to the *timing* of the deposition. That motion to stay has since been granted by the Supreme Court, and the merits of the injunction are pending on appeal before the Fifth Circuit. There is nothing pending before this Court that would indicate that a deposition of the VCNO is an emergency requiring him to upend his official duties and schedule in order to attend a deposition.

## CONCLUSION

For the foregoing reasons, the Court should enter a protective order cancelling the May 4, 2022 deposition and directing the parties to complete the VCNO deposition on June 24, 2022, or on a mutually agreeable date thereafter.

Dated: May 3, 2022                                   Respectfully submitted,

                                                     BRIAN M. BOYNTON

10

Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ Amy E. Powell
ANDREW E. CARMICHAEL (VA Bar. No. 76578)
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*