IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| U.S. NAVY SEALs 1-26, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01236-O |
| | § | |
| JOSEPH R. BIDEN, JR., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 106), Brief in Support (ECF No. 107), and Appendix (ECF No. 108), filed February 7, 2022. Plaintiffs filed their Response (ECF No. 131) and Appendix (ECF No. 132) on February 28, 2022, and Defendants filed their Reply (ECF No. 138) on March 14, 2022. Having considered the Motion, briefing, and applicable law, the Court finds Defendants' Motion should be and is hereby **DENIED**.

## I.      BACKGROUND

Because the parties are well-acquainted with the facts of this case, the Court will not repeat them at length. On January 3, 2022, the Court granted Plaintiffs' Motion for Preliminary Injunction, enjoining enforcement of the Navy's COVID-19 vaccination policies against the thirty-five Plaintiffs, who object to the vaccine on religious grounds. *See* ECF No. 66. On January 24, 2022, Defendants filed a Motion to Stay the injunction, asking the Court to allow Defendants to consider Plaintiffs' vaccination status when making assignment decisions, including those involving deployment and training. ECF No. 85. The Court denied Defendants' Motion on February 13, 2022. *See* ECF No. 116. Defendants appealed, and the Fifth Circuit likewise denied

1

the Motion to Stay. *See U.S. Navy Seals 1–26 v. Biden*, 27 F.4th 336, 353 (5th Cir. 2022) (per curiam). On March 7, Defendants submitted an Application for Partial Stay to the Supreme Court. *See* Appl. for Partial Stay, No. 21A477. The Supreme Court granted the partial stay of the preliminary injunction, "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Austin v. U.S. Navy SEALs 1–26*, 142 S. Ct. 1301, 1301 (2022) (mem.).

Plaintiffs sought certification of a class of 4,095 Navy servicemembers and asked the Court to grant class-wide injunctive relief. ECF Nos. 89, 104. The Court certified the class and granted class-wide relief on March 28, but immediately stayed the injunction in accordance with the Supreme Court's March 25 order. Defendants filed their Motion to Dismiss on February 7, alleging lack of subject matter jurisdiction and improper venue. The Motion is now ripe for the Court's review.

## II.     LEGAL STANDARD

### A.  Lack of Subject Matter Jurisdiction

A party may challenge subject matter jurisdiction by filing a Rule 12(b)(1) motion. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A court should grant a Rule 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

### B. Improper Venue

A plaintiff's choice of venue is entitled to deference absent a showing of good cause that transfer is appropriate. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Unless provided for by another statute, venue is governed by the general venue statute. 28 U.S.C. § 1391(a). Under § 1391, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(2). Venue is proper where substantial activities took place even if *more* or *most* substantial activities occurred in a different district. *Tex. Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000).

A party moving to dismiss based on improper venue does so under Rule 12(b)(3). In determining whether venue is proper, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). "[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (internal quotation marks omitted). When a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. 28 U.S.C. § 1406(a).

### C.  Transfer Venue

Even if venue in a district is proper, the court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice." *Id.* § 1404(a). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

A threshold transfer inquiry is whether the suit "might have been brought" in the proposed transferee district. *In re Volkswagen of Am.*, 545 F.3d at 312. If the defendant satisfies that burden, the court weighs certain public-interest and private-interest factors to determine if transfer is "for the convenience of parties and witnesses and in the interest of justice." *Id.* at 315.

### III.    ANALYSIS

### A.  Ripeness and Exhaustion

First, Defendants argue that Plaintiffs' claims are not ripe for review because Plaintiffs have not yet exhausted the Navy's internal processes for religious accommodation requests and appeals. Defs.' Br. 16–17, ECF No. 107. Plaintiffs respond that they are not required to exhaust their military remedies because the Fifth Circuit has already resolved the exhaustion question in Plaintiffs' favor. Pls.' Resp. 7, ECF No. 131 (citing *U.S. Navy Seals 1–26*, 27 F.4th at 347. Plaintiffs argue their claims are ripe for review because they present purely legal questions and because denying judicial review would create hardship. Pls.' Resp. 7–9, ECF No. 131.

This Court has twice concluded—and the Fifth Circuit has affirmed—that Plaintiffs' claims are justiciable under *Mindes* and, therefore, Plaintiffs need not exhaust their military remedies. *See* PI Order 8–16, ECF No. 66; Class-Wide PI Order 19–22, ECF No. 140; *U.S. Navy Seals 1–26*, 27 F.4th at 347 ("The district court determined that each of the four additional *Mindes* considerations

4

favors justiciability. We agree."). But this Court has not yet addressed ripeness. *See* Class-Wide PI Order 14 n.3, ECF No. 140.

To determine whether a matter is ripe for judicial review, courts consider "(1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration." *Lopez v. City of Hous.*, 617 F.3d 336, 341 (5th Cir. 2010). "A case is generally ripe if any remaining questions are purely legal ones." *Id.* (cleaned up). This Court has already determined that "[w]hether the vaccine mandate passes muster under the First Amendment and RFRA . . . is a purely legal question appropriate for judicial review." PI Order 16, ECF No. 66. The record indicates the Navy's evaluation process is predetermined. At last count, all "finally resolved" appeals had been denied. Defs.' Ex. 4, App. 56, ECF No. 121. Zero requests had been granted. *Id.* Denials are apparently inevitable, and appeals are fruitless. In short, there is no need to wait for further factual development. *Cf. Monk v. Houston*, 340 F.3d 279, 282 (5th Cir. 2003).

The second prong of the ripeness requirement also weighs in Plaintiffs' favor. Substantial hardship exists when a party must choose between (1) complying with the law and (2) facing "significant sanctions." *See Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 681–82 (N.D. Tex. 2016). Plaintiffs face substantial hardship here. They have been forced to choose between compliance with the vaccine mandate and adherence to sincerely held religious beliefs. While formal discipline and separations are presently stayed, some Plaintiffs are experiencing ongoing harm to their careers as Defendants prevent them from deploying or accepting certain assignments. *See U.S. Navy SEALs 1–26*, 142 S. Ct. at 1301. Absent adjudication by the Court, Plaintiffs would certainly suffer hardship. Thus, Plaintiffs easily satisfy the second requirement. The case is ripe, and the Court must **DENY** the Motion on this basis.

### B. Venue

Next, the Court addresses whether Defendants waived venue. Rule 12(h)(1) governs waiver of defenses, including venue. "[E]ven when venue is laid in a court where it would otherwise be improper, it may be waived by express agreement or by conduct." *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1068 (5th Cir. 1986). Plaintiffs claim Defendants waived their venue objection by "actively litigat[ing] all aspects of the case before this Court without raising any venue objections." Pls.' Resp. 11, ECF No. 131. Two months elapsed between the date Plaintiffs filed their complaint and the date Defendants raised their venue objection for the first time in their original Motion to Dismiss. *See* ECF No. 1, 73–74. During that time, Defendants made several defensive moves including "extensive briefing and a hearing on Plaintiffs' motion for a preliminary injunction" as well as briefing regarding the protective order, scheduling order, and pseudonymous litigation motion. Pls.' Resp. 11, ECF No. 131.

A defendant must raise his objection to venue "at the time he makes his first defensive move whether it be a Rule 12 motion or a responsive pleading." *T & R Enters. v. Cont'l Grain Co.*, 613 F.2d 1272, 1277 (5th Cir. 1980) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed.)). Some courts have concluded that, more broadly, a defendant may waive his right to challenge venue when he "engage[s] in substantive aspects of the case," including preliminary injunction proceedings, before raising the issue. *Tinnus Enters. v. Telebrands Corp.*, 2017 WL 3671375, at *4 (E.D. Tex. Aug. 1, 2017). The Fifth Circuit has not definitively concluded whether a venue objection must be raised at the preliminary injunction stage. *Cf. Wyrough & Loser, Inc. v. Pelmor Lab'ys, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) (holding that "venue should be raised and disposed of before the court considers the merits or quasimerits of a controversy," i.e., at the preliminary injunction stage).

This Court finds that Defendants waived the right to challenge venue by failing to object during the preliminary injunction stage. Defendants could have preserved their venue objection when they (1) first responded regarding the briefing schedule (ECF No. 30); (2) addressed the preliminary injunction motion (ECF No. 43); (3) engaged in the protective order briefing (ECF No. 50); or (4) appeared for hearing (ECF No. 61). At any point, Defendants could have raised their concerns about venue. Instead, they proceeded without objection. Therefore, Defendants waived this right, and the Court **DENIES** Defendants' Motion to Dismiss on the basis of improper venue.

## IV.    CONCLUSION

For the reasons stated, the Court **DENIES** Defendants' Motion to Dismiss. ECF No. 106. Accordingly, Defendants' request to stay discovery pending resolution of this Motion is **MOOT**. *See* Joint Report 3–4, ECF No. 142. The parties shall file an updated Joint Report with proposed dates **no more than 14 days** after the Court resolves the Emergency Motion regarding the Lescher deposition (ECF No. 146).

**SO ORDERED** on this **7th day** of **May, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**