UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1,** on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5; and U.S. NAVY DIVERS 1-3,**<br><br>           Plaintiffs,<br>     v.<br><br>**LLOYD J. AUSTIN, III, in his official capacity as United States Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO, in his official capacity as United States Secretary of the Navy**,<br><br>           Defendants. | Case No. 4:21-cv-01236-O |

**OPPOSITION TO REQUEST FOR LEAVE TO INTERVENE**

Plaintiffs U.S. Navy SEALs 1-3 and U.S. Navy Explosive Ordnance Disposal Technician 1 ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Plaintiffs United States Navy SEALs 4-26, United States Navy Special Warfare Combatant Craft Crewmen 1-5, and United States Navy Divers 1-3 ("Individual Plaintiffs"; collectively, "Plaintiffs") file this Response to the Request for Leave to Intervene ("Motion") filed by *pro se* litigant Mike Webb ("Webb") and would respectfully show the Court as follows:

## INTRODUCTION

The Court should deny the Motion. It is unclear exactly why Webb seeks to intervene in this action, as the Motion seems primariliy centered on claims related to information sought by Webb under the Freedom of Information Act ("FOIA"). What is clear, though, is that Webb cannot and does not meet the requirements for intervention under Rule 24. Webb's claims and interests are not related to the Plaintiffs or their claims under RFRA or the First Amendment. Indeed, Webb's claims have no relation to the vaccine mandate at issue in this case at all. Because Webb cannot satisfy the requirements for intervention, the Motion should be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24 governs intervention. A party is entitled to intervene under Rule 24(a)(2) only if (1) the motion to intervene is timely, (2) the interest asserted by the potential intervenor is related to the action, (3) the interest may be impaired or impeded by the action, and (4) the interest is not adequately represented by the existing parties. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009). "If a party seeking to intervene fails to meet any one of those requirements, it cannot intervene as a matter of right." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Rule 24(b)(1) allows for permissive intervention upon the timely filing of a motion by any party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1). The decision to grant a permissive intervention "is wholly discretionary." *Kneeland v. NCAA*, 806 F.2d 1285, 1289 (5th Cir. 1987). Courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). They may also consider "whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full

development of the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984).

## ARGUMENT

### I. Webb is not entitled to intervene as a matter of right.

A quick review of the Motion reveals that Webb makes no effort to discuss any of the elements for intervention beyond quoting Rule 24. The Court should deny the Motion for this reason alone. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (stating that inadequately briefed issues are considered waived). In any event, Webb cannot satisfy all elements required for intervention as a matter of right.

Even if the Court assumed the Motion is timely, Webb failed to satisfy the other three elements. Webb cannot show his interest relates to the current action. When the "property or transaction" of an action is a federal statute, "the legal question is whether the [intervenor has] an 'interest' relating to" the statute." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). Webb must have "a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Id.* at 658. Here, Webb has not shown any interest relating to those asserted by Plaintiffs. While Webb asserts a myriad of interests, including informational interests under FOIA, he does not assert any interest under RFRA or the First Amendment. At most, Webb mentions that he asserted a RFRA claim in another lawsuit. Motion at 12. But this is insufficient to satisfy the interest element.

Webb also fails to demonstrate how his interest would be impaired by this action or why Plaintiffs inadequately represent any interest Webb has in the subject matter of this action. Regarding impairment, intervention as of right "generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate*

3

*Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994). Webb has other means of protecting his interests through other lawsuits he already filed seeking similar relief. As to inadequacy or representation, Webb's interests appear to be adverse to Defendants' interests and possibly aligned with or at least agnostic to Plaintiffs' interests. He therefore "must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption" of adequacy. *Edwards v. City of Hous.*, 78 F.3d 983, 1005 (5th Cir. 1996). Webb has not and cannot meet this standard. Thus, he is not entitled to interevention as of right.

**II.    Webb does not satisfy the requirements for permissive intervention.**

Webb also fails to satisfy the standard for permissive intervention. As discussed above, Rule 24(b)(1) requires Webb to show he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1). No such claim exists here. Indeed, Webb is not a member of the class this Court recently certified. The Motion does not indicate that Webb ever sought a religious exemption from the vaccine mandate that is the subject matter of this litigation, nor is he even a member of the Navy. Because there are no issues of common fact or law, granting the Motion will in no way "contribute to full development of the underlying factual issues in the suit." *New Orleans Pub. Serv.*, 732 F.2d at 472. The Court should deny the Motion.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

Respectfully submitted this 9th day of May, 2022.

<table>
<tr><td>

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
DANIELLE A. RUNYAN *
  New Jersey Bar No. 027232004
HOLLY M. RANDALL *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT
  Florida Bar No. 100958* **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

</td><td>

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

</td></tr>
</table>

*Admitted pro hac vice
** Not yet admitted to the D.C. Bar, but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 9th, 2022, I electronically filed this Opposition to the Request for Leave to Intervene through the Court's ECF system, which automatically sends notification of such filing to counsel of record.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
