UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1–3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION TO SCHEDULE DEPOSITION FOR JUNE 24, 2022, OR OTHER DATES THEREAFTER**

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii
INTRODUCTION ...................................................................................................................... 1
FACTUAL BACKGROUND..................................................................................................... 2
    I.  The Defendants bear the burden of proof in seeking the protective order because the apex doctrine does not apply. ................................................................................................. 4
    II.  Defendants have not carried their burden of establishing good cause to justify granting a protective order. ......................................................................................................... 8
CONCLUSION......................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Austin v. U.S. Navy SEALs 1–26,*
  142 S. Ct. 1301 (2022) .................................................................................................... 2
*California v. Green*,
  399 U.S. 149 (1970) ........................................................................................................ 7
*Cazorla v. Koch Foods of Miss., LLC*,
  838 F.3d 540 (5th Cir. 2016) .......................................................................................... 8
*Clinton v. Jones,*
  520 U.S. 681 (1997) ........................................................................................................ 6
*Davis v. Ohio Power Co.*,
  No. 2:18-CV-01292, 2019 WL 4745126 (S.D. W. Va. Sept. 27, 2019) ...................... 10
*Dennis v. United States,*
  No. 3:16-CV-3148-G-BN, 2017 WL 4778708 (N.D. Tex. Oct. 23, 2017) .................... 9
*Estate of Christman v. Liberty Mutual Ins. Co.,*
  No. 20-739-BAJ-RLB, 2021 WL 2094475 (M.D. La. May 24, 2021) .......................... 8
*Freedom From Religion Found. v. Abbott,*
  No. A-16-CA-00233-SS, 2017 WL 4582804 (W.D. Tex. Oct. 13, 2017). .................... 5
*In re Fed. Deposit Ins. Corp.,*
  58 F.3d 1055, 1060 (5th Cir. 1995) ............................................................................ 5, 7
*In re Terra Int'l, Inc.,*
  134 F.3d 302, 306 (5th Cir. 1998) ............................................................................... 5, 8
*In re U.S. Dep't of Educ.,*
  25 F.4th 692 (9th Cir. 2022) ............................................................................................ 6
*K.C.R. v. Cty. of L.A.,*
  No. CV 13-3806, 2014 WL 3434257 (C.D. Cal. July 11, 2014) .................................... 7
*Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.,*
  No. 3:19-CV-2074-G-BK, 2020 WL 11028223 (N.D. Tex. Jun. 22, 2020) .................. 8
*Pansy v. Borough of Stroudsburg,*
  23 F.3d 772 (3d Cir. 1994) .............................................................................................. 8
*Rostain v. Trustmark Nat'l. Bank,*
  No. 3:09-CV-2384-N-BQ, 2020 WL 12968651 (N.D. Tex. Feb. 10, 2020) ................. 9
*Simplex Time Recorder Co. v. Sec'y of Labor,*
  766 F.2d 575, 586 (D.C. Cir. 1985) ............................................................................... 5
*United States v. Garrett,*
  571 F.2d 1323 (5th Cir. 1978) ........................................................................................ 5
*United States v. Morgan,*
  313 U.S. 409 (1941) ........................................................................................................ 5
*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*,
  429 U.S. 252 (1977) ........................................................................................................ 6
*Walker v. NCNB Nat'l Bank of Fla.*,
  810 F. Supp. 11 (D.D.C. 1993) ...................................................................................... 7
*Yomi v. Becerra,*
  No. 21-2224-DDC, 2022 WL 666858 (D. Kan. Feb. 28, 2022) .................................. 10

**Rules**
Fed. R. Civ. P. 26(b)(1) ..................................................................................................... 4
Fed. R. Civ. P. 26(c)(1) ..................................................................................................... 4

**INTRODUCTION**

On January 19, 2022, Defendants filed a nineteen-page declaration by Vice Chief of Naval Operations (VCNO) Admiral William Lescher in support of Defendants' motion for a partial stay of this Court's January 3, 2022, preliminary injunction pending appeal. Defendants' counsel, including the Solicitor General, then repeatedly cited and relied on Admiral Lescher's testimony at every level of the federal judiciary, including the United States Supreme Court. Clearly, in this matter, the VCNO is an indispensable fact witness. Plaintiffs therefore seek to depose Admiral Lescher regarding statements he made in that declaration and his knowledge of facts relevant to this case as is their right under the Federal Rules of Civil Procedure. Defendants' repeated assertions that discovery should be limited or delayed shows that time is of the essence in securing his testimony.

Hoping to come to an agreement, Plaintiffs' counsel approached Defendants' counsel on April 1, 2022 to inquire about the VCNO's availability for deposition. Since then, Defendants repeatedly declined to provide the VCNO's availability, prompting Plaintiffs to issue a valid notice for his deposition on May 4, 2022. In response to the notice, Defendants offered the VCNO for deposition on a single day—June 24, 2022—more than fifty days after the noticed date. Aware of the speed at which this case is progressing and important upcoming deadlines for both parties, Plaintiffs rejected Defendants' counteroffer and asked for dates within thirty days of the notice date. Defendants declined and filed this motion.

Despite relying heavily on his testimony and emphasizing its importance because of the VCNO's rank, Defendants now attempt to shield the VCNO from a timely deposition using the apex doctrine, which does not apply. Because the VCNO so prominently inserted himself into this litigation and made himself a critical fact witness, Defendants' counsel cannot now shield him

1

from being timely questioned in a deposition. Defendants have therefore not carried their burden of proving that there is good cause to delay the VCNO's deposition until the end of June. Plaintiffs respectfully ask this Court to deny Defendants' protective order and direct Defendants to provide the VCNO's availability within the next thirty days.

## FACTUAL BACKGROUND

On March 25, 2022, the Supreme Court granted Defendants' application for a partial stay of this Court's January 3, 2022, preliminary injunction pending its appeal to the United States Court of Appeals for the Fifth Circuit. *Austin v. U.S. Navy SEALs 1–26,* 142 S. Ct. 1301 (2022) (mem. op.). In his separate opinion concurring with the grant of that partial stay, Justice Kavanaugh relied on—and quoted directly from—a declaration by VCNO Admiral William Lescher. *Id.* at 1302 (Kavanaugh, J., concurring). This nineteen-page declaration, originally submitted in support of Defendants' Motion for Partial Stay Pending Appeal, details the specific functions of the United States Navy Special Warfare and Special Operations Forces and, according to him, the impact this Court's preliminary injunction order will have on military readiness. *See* Defs.' Mot. for a Partial Stay Pending Appeal App. 001–0031. The Solicitor General dedicated *several pages* of her brief to recounting the VCNO's assertions. *See* Appl. for Partial Stay 4, 24-27, 35-37, *Austin v. U.S. Navy SEALs 1-26*, No. 21A477 (U.S. Mar. 7, 2022); *see also* Reply in Supp. of Appl. for Partial Stay 1, *Austin* (Mar. 15, 2022) (again relying on "Admiral William K. Lescher, the Navy's second-highest ranking uniformed officer," in the second line of the brief); *see also id.* at 2, 6, 7, 9, 13.

Because Justice Kavanaugh expressly relied on the Declaration in his separate concurring opinion, and because Defendants extensively relied on it in their briefing before this Court, the Fifth Circuit, and prominently at the U.S. Supreme Court, Plaintiffs believe the VCNO's testimony is central to the case and desire to take the VCNO's deposition early in discovery. Initial

2

conversations surrounding discovery first took place on a call between the parties on January 10, 2022. On that call, Defendants' counsel suggested that discovery be limited to an administrative record or that discovery should be stayed pending appeal, which the Plaintiffs opposed. On April 1, 2022, Plaintiffs' counsel advised Defendants' counsel that they planned to notice a deposition of the VCNO and asked when the VCNO would be available. App018. In response, Defendants' counsel claimed that Plaintiffs would need to seek leave from the Eastern District of Virginia to depose the VCNO because he is an apex official. App016-18. Defendants' counsel also stated that they believed a stay of discovery was appropriate until after appellate proceedings on the preliminary injunction are complete. App017. Plaintiffs' counsel reiterated that Defendants had heavily relied on the VCNO's lengthy declaration. App015-16. Defendants refused to produce the VCNO or offer dates, despite Plaintiffs' multiple requests for his availability. App014-19. Defendants' counsel also objected to providing dates for the VCNO before a discovery plan was filed. App015. On April 6, 2022, the parties had a call to officially revisit the 26(f) conference from January. App012. Defendants again suggested limiting discovery to an administrative record or staying discovery pending appeal of the preliminary injunction and the parties further discussed the deposition of the VCNO. Without providing the VCNO's availability, Defendants' counsel suggested that Plaintiffs issue a subpoena to depose the VNCO. Before doing so, Plaintiffs' counsel spent time researching the apex doctrine asserted by Defendants (*see* App015-17), determining that it does not apply, and preparing the 26(f) report. In the 26(f) report, Defendants maintain their argument that discovery should be limited to an administrative record. *See* Dkt.142.

On April 25, 2022, aware of the Defendants' persistent reluctance to provide the VCNO's availability, Plaintiffs served a Notice of Deposition in the VCNO for May 4, 2022, in Fort Worth, Texas. Plaintiffs' counsel noted that Plaintiffs were willing to discuss "an alternative date and/or

3

logistics." App011. Despite nearly a month's warning of Plaintiffs' intention to depose the VCNO, Defendants' counsel stated that they were looking into to the issue and would need yet more time to respond to the notice. App010. Five days before the deposition was scheduled to take place, Defendants responded by offering the VCNO for deposition on June 24, 2022, more than fifty days from the original date, in Washington, D.C. *Id.*; App025-26. The letter provided no alternative— or earlier—dates of availability. App025-26.

Seeking to resolve the issue, Plaintiffs' counsel proposed a call and counsel spoke on the phone on May 2, 2022. Plaintiffs' counsel compromised by agreeing to move the deposition at to the Pentagon or the Navy Yard in Washington, D.C., but requested that the Defendants provide additional dates of availability sooner than June 24, 2022. App009. Defendants confirmed their unwillingness to give any earlier dates. App008. After that, Plaintiffs' counsel declined to withdraw the duly issued notice and reminded Defendants' counsel that should the VCNO not appear on May 4, 2022, they could seek sanctions. To avoid involving the Court in this matter, Plaintiffs offered to amend the deposition notice to a later date, so long as it was within thirty days of the original date. Instead of offering alternatives sooner than June 24, 2022, Defendants filed this emergency motion.

### ARGUMENT

**I.    The Defendants bear the burden of proof in seeking the protective order because the apex doctrine does not apply.**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to [its] claim . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In return, "a party or any person from whom discovery is sought may move for a protective order" to limit discovery if good cause exists to do so. Fed. R. Civ. P. 26(c)(1). When seeking a protective order, the "burden is upon the movant to show the necessity of its issuance . . . ." *In re Terra Int'l, Inc.,* 134 F.3d 302,

4

306 (5th Cir. 1998) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Defendants attempt to shift this burden by alleging that the Plaintiffs must first show that "exceptional circumstances" exist to justify deposing the VCNO. *In re Fed. Deposit Ins. Corp.,* 58 F.3d 1055, 1060 (5th Cir. 1995); *Simplex Time Recorder Co. v. Sec'y of Labor,* 766 F.2d 575, 586 (D.C. Cir. 1985). This burden-shifting, a protection known as the apex doctrine, shields high-ranking government officials from deposition regarding their official actions in office. *United States v. Morgan,* 313 U.S. 409, 421–422 (1941). "Once [a] court has determined the government official qualifies as "high-ranking," the burden shifts to the party seeking to depose the high-ranking official to demonstrate extraordinary circumstances." *Freedom From Religion Found. v. Abbott,* No. A-16-CA-00233-SS, 2017 WL 4582804 at *11 (W.D. Tex. Oct. 13, 2017).

The Defendants articulate three rationales they claim support application of the apex doctrine to the VCNO: separation of powers, prevention of a chilling effect on official decision making, and potential for abuse or harassment. *See* Dkt. 147. Each fails to justify application of the apex doctrine to the VCNO here.

A. The separation of powers rationale stems from *Morgan,* in which the Supreme Court originally articulated the apex doctrine. 313 U.S. at 421–22. At issue was Secretary of Agriculture Henry Wallace's retroactive determination of reasonableness in rates charged by livestock marketing agencies. *Id.* at 413–15. The Supreme Court found that Secretary Wallace "dealt with an enormous record in a manner not unlike the practice of judges in similar situations." *Id.* at 422. Thus, "it was not function of the Court to probe the mental processes of the Secretary[,]" because "[j]ust as a judge cannot be subjected to such a scrutiny, . . . so the integrity of the administrative process must be equally respected." *Id.* (internal citations omitted). As Defendants point out, *Morgan* and other related cases aim to guard against unwarranted judicial intrusion into the

5

exercise of discretion by high-ranking government officials. Mot. 6. But the Supreme Court has also acknowledged that "the separation between the powers does not mean that the courts can never burden the executive [branch]." *In re U.S. Dep't of Educ.,* 25 F.4th 692, 701 (9th Cir. 2022) (discussing cabinet secretary depositions); *see also Clinton v. Jones,* 520 U.S. 681, 703 (1997) ("As [James] Madison explained, separation of powers does not mean that branches 'ought to have no *partial agency* in, or no *control* over the acts of each other.'").

With respect to VCNO, this rationale has no force. While Defendants note that "judicial inquiries into legislative or executive motivation represent a substantial intrusion into the working of the other branches of government," they ignore that the VCNO willingly involved himself in this litigation and made factual allegations relied on in this case. Mot. 6 (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977)). He voluntarily submitted a lengthy declaration that details the operations of the United States Navy and purports to justify the Navy's policies; he cannot now argue that his participation in this matter or submission to a deposition is an unwarranted intrusion into workings of the executive branch. Plaintiffs seek to depose the VCNO because of his testimony and admittedly extensive knowledge about the facts of this case, not merely because of his high-ranking position. Because the VCNO invited himself into the litigation and made clear that he is a witness to relevant facts, and because Defendants themselves admit his testimony is significant given their repeated heavy reliance on it, his deposition does not pose the risk to separation of powers that the apex doctrine seeks to avoid. Moreover, it would be manifestly unfair to permit Defendants to heavily rely on the VCNO's testimony and emphasize its weight precisely because of his high-ranking position yet simultaneously deny Plaintiffs the opportunity to depose him because of that high-ranking position. *See* Appl. for Partial Stay 4 ("Admiral William K. Lescher, Vice Chief of Naval

6

Operations and the second-highest uniformed officer in the Navy, explained that the illness of 'even one member' of a small SEAL team due to COVID-19 could 'compromise the mission.'. . . . The lower courts seriously erred by compelling such a dereliction of duty and failing to afford any deference to the 'professional judgment' of Admiral Lescher and other military officers charged with our Nation's defense.") (citations omitted); Reply in Supp. Appl. for Partial Stay 1 (similar). Defendants cannot immunize the VCNO from a deposition, or unreasonably delay it, after he willingly chose to make himself a critical witness.

      B. Defendants also attempt to justify application of the apex doctrine to the VCNO by asserting that questioning a high-ranking government official would have a chilling effect on official decision making. *See Walker v. NCNB Nat'l Bank of Fla.*, 810 F. Supp. 11, 12 (D.D.C. 1993). This rationale lacks force for the same reasons at the first. The VCNO's submission of a comprehensive declaration shows that he has no objection to making known his opinions and thought processes surrounding this matter and explaining them in the context of this litigation.

      C. Defendants cite "a tremendous potential for abuse or harassment" as their third rationale. Mot. 7 (quoting *K.C.R. v. Cty. of L.A.,* No. CV 13-3806, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014)). In noticing the VCNO for deposition, Plaintiffs have no intention to abuse or harass. Rather, Plaintiffs' counsel intends to question the VCNO about the numerous assertions in his declaration. This Court should grant Plaintiffs the timely opportunity to engage in "the greatest legal engine ever invented for the discovery of truth," cross-examination, of the VCNO's statements, instead of allowing them to remain untested. *California v. Green*, 399 U.S. 149, 158 (1970). Further, Plaintiffs are amenable to the VCNO's request that the deposition take place at the Pentagon to accommodate the VCNO's "duties and time constraints." *In re Fed. Deposit Ins. Corp.,* 58 F.3d at 1060. Far from abuse or harassment, Plaintiffs merely ask that Defendants

7

provide dates sooner than June 24, 2022 to take the deposition of an important witness in this matter.

\* \* \*

Each of the rationales provided by Defendants for applying the apex doctrine to the VCNO do not apply. In fact, the VCNO's submission of a nineteen-page declaration effectively nullifies the application of such a shield. Because the apex doctrine does not apply to the VCNO, Defendants therefore must bear the burden of proof of showing that good cause exists to justify delaying the VCNO's deposition to more than fifty days after the original notice date.

II.     **Defendants have not carried their burden of establishing good cause to justify granting a protective order.**

A protective order may be granted only when the moving party proves there is good cause to do so. Fed. R. Civ. P. 26(c)(1). To support the issuance of a protective order, the movant must produce a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements," *Terra,* 134 F.3d at 306, that "demonstrate 'a clearly defined and serious injury to the party seeking closure.'" *Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.,* No. 3:19-CV-2074-G-BK, 2020 WL 11028223, at \*1 (N.D. Tex. Jun. 22, 2020) (quoting *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)); *see also Estate of Christman v. Liberty Mutual Ins. Co.,* No. 20-739-BAJ-RLB, 2021 WL 2094475, at \*2, (M.D. La. May 24, 2021) (holding that is improper to postpone a deposition when no "specific annoyance, embarrassment, oppression, or undue burden or expense . . . would result if the depositions were allowed to proceed"). When determining whether good cause is present, "federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule." *Cazorla v. Koch Foods of Miss., LLC*, 838 F.3d 540, 555 (5th Cir. 2016). When balancing the parties' interests, the Court may consider "the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, and the importance of discovery in resolving the issues." *Rostain v. Trustmark Nat'l. Bank,* No. 3:09-CV-2384-N-BQ, 2020 WL 12968651, at *5 (N.D. Tex. Feb. 10, 2020) (quoting *Dennis v. United States,* No. 3:16-CV-3148-G-BN, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017)).

Defendants have not carried their burden of showing good cause when it is balanced against the interests that Plaintiffs have in taking a timely deposition of the VCNO. Plaintiffs have been accommodating to the VCNO's requests to move the deposition to Washington, D.C., and were willing to amend the deposition notice to another date within thirty days of the original noticed date. Defendants point to the VCNO's busy schedule and its incompatibility with a deposition; however, this argument is inconsistent with the VCNO's participation in this case. Despite his schedule, the VCNO found time to draft and submit a nineteen-page declaration in support of Defendants' motion for a partial stay of the preliminary injunction pending appeal only sixteen days after the preliminary injunction was issued and before Defendants filed their notice of appeal. Dkt. 66, 82, 87.

Defendants concede that the VCNO is not altogether too busy for a deposition by offering him at a later date. But they are now asking this Court to cover for their own delay in scheduling one in a reasonable time. Plaintiffs first approached Defendants' counsel for the VCNO's availability for deposition on April 1, 2022. App018-19. In his declaration in support of delaying the deposition, the VCNO states that his "official schedule is created two months in advance and a deposition on earlier dates would require cancellation or postponement of [his] official military duties and responsibilities or the cancellation of personal leave plans." App003. Defendants state that his schedule is "typically set 1-2 months in advance." Mot. 9. Under this calculus, had Defendants' counsel obtained dates when first requested, the VCNO should have been available

in early May, or at least by early June–within Plaintiffs' thirty-day window from May 4, 2022, and before many people begin to take personal vacations during the school holidays in the summer.[1] But because Defendants' counsel delayed in scheduling the VCNO for a deposition, they are now asking this Court to grant an extension that burdens Plaintiffs.

Further, rather than explaining their own delay in providing the VCNO's availability, Defendants assert that Plaintiffs have no urgent need to depose the VCNO. But Defendants have made multiple attempts to limit discovery by maintaining that discovery should be stayed pending appeals of this Court's preliminary injunction order or limited to an administrative record of the Named and Individual Plaintiffs' religious accommodation requests. App017; Dkt. 142. Because Plaintiffs have not agreed to their discovery conditions, Defendants now ask this court to grant a *de facto* stay of discovery by delaying the VCNO's deposition to dates after two important deadlines: Plaintiffs' response to Defendants' opening brief in the appeal of the preliminary injunction (June 10) and Defendants' deadline to appeal class certification and the classwide preliminary injunction (May 27). Granting this protective order would provide Defendants with time to attempt to prevent the VCNO's deposition from happening at all. *See Yomi v. Becerra,* No. 21-2224-DDC, 2022 WL 666858, at *1 (D. Kan. Feb. 28, 2022) (declining to postpone a deposition and "halt discovery" at risk of "invit[ing] further delay and motion practice . . ."); *Davis v. Ohio Power Co.*, No. 2:18-CV-01292, 2019 WL 4745126, at *2 (S.D. W. Va. Sept. 27, 2019) (denying a motion to delay a deposition when doing so might invite a motion to prevent entirely, rather than just postponing).

This case presents important issues, and timely discovery is necessary to resolve them. On balance, Plaintiffs' interests in taking a timely deposition of the VCNO, especially given the

---

[1] For instance, undersigned counsel will be out of the country from June 23-29, 2022 and Ms. Hacker will be on vacation with her family from July 8-18, 2022.

critical nature of his testimony thus far, outweigh Defendants' interests in delaying for over fifty days. Therefore, Defendants have not met their burden of showing that good cause is present to grant this protective order.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' emergency motion to schedule deposition for June 24, 2022, or other dates thereafter and direct Defendants to offer dates for the VCNO to be deposed within thirty days of the date in Plaintiffs' deposition notice.

Respectfully submitted this 9th day of May, 2022.

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.