**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,** | |
| Plaintiffs, | Case No. 4:21-cv-01236-O |
| v. | |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, | |
| Defendants. | |

## ANSWER TO THE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12, Defendants Lloyd Austin III, United States Department of Defense ("DoD"), and Carlos Del Toro (collectively, "Defendants"), by and through their undersigned counsel, all in their official capacities, answer the Amended Complaint (ECF No. 84) as follows.   The unnumbered preamble to the Amended Complaint is a characterization of this action, to which no response is required.   Defendants answer the separately numbered paragraphs and prayer for relief contained in the Amended Complaint as follows:[1]

---

[1] Defendants have included Plaintiffs' headings as a helpful reference.  The headings are not factual allegations to which a response is required.

1

INTRODUCTION

1.      Admit that Plaintiffs are members of the United States Navy assigned to Naval Special Warfare and Naval Special Operations units, and that they have each submitted initial Religious Accommodation Requests related to the COVID-19 vaccination requirement. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature and sincerity of Plaintiffs' objections.

2.      The allegations in this paragraph constitute a characterization of this action, to which no response is required.  To the extent that a response is required, Defendants deny the allegations, except to admit that this action purports to be brought under the First Amendment and the Religious Freedom Restoration Act ("RFRA").

3.      The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

4.      The allegations in this paragraph purport to characterize this action and no response is required.  To the extent a response is deemed required, denied.

JURISDICTION AND VENUE

5.      The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

6.      The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

7.     The allegations in the first sentence of this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.  Defendants deny the second and third sentences.

PARTIES

8.     Admitted.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Defendants admit the allegations and the first and second sentence.  The third sentence mischaracterizes the August 24, 2021 memorandum from Secretary of Defense Lloyd Austin.  Defendants admit the existence of the August 24, 2021 memorandum and otherwise

respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

25. Defendants admit that DoD is an executive branch department. The remainder of the allegations in this paragraph purport to summarize imprecisely the functions of DOD, which are prescribed by statute, regulation, and lawful orders. Defendants respectfully refer the Court to Title 10 of the U.S Code for an accurate statement of the functions of DoD.

26. Defendants admit the first sentence and that the Secretary of the Navy oversees and leads the Department of the Navy. With respect to the second sentence, Defendants deny that the Department of the Navy is composed solely of the Navy and the Marine Corps. With respect to the third sentence, Defendants admit that Secretary Del Toro issued a memorandum on August 30, 2021, implementing the August 24, 2021 memorandum from the Secretary of Defense. Defendants admit the existence of the August 30, 2021 memorandum and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context. The last sentence purports to characterize this action and is not a factual allegation to which a response is required.

FACTUAL BACKGROUND

27. Admit that Plaintiffs are members of the United States Navy assigned to Naval Special Warfare and Naval Special Operations units, and that they have each submitted initial Religious Accommodation Requests related to the COVID-19 vaccination requirement. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature and sincerity of Plaintiffs' objections.

28. Admitted, but Defendants also aver that they summarize the mission of Naval Special Warfare and its components using somewhat different language.

29.     Admit that Plaintiffs are not fully vaccinated at this time, and that some of them are active duty Navy service members.  Otherwise, the allegations in the first sentence are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences in this paragraph.  Deny the third sentence and aver that one or more of the Plaintiffs has objected to other safety measures.  Admit the last sentence.

32.     This paragraph characterizes a statement in a Fact Sheet released by the White House on July 29, 2021.  Defendants admit the existence of the Fact Sheet and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

33.     Admitted.

34.     This paragraph mischaracterizes the August 24, 2021 memorandum from Secretary of Defense Lloyd Austin.  Defendants admit the existence of the August 24, 2021 memorandum and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

35.     This paragraph purports to characterize the August 24, 2021 memorandum from Secretary of Defense Lloyd Austin.  Defendants admit the existence of the August 24, 2021 memorandum and otherwise respectfully refer the Court to that document for a true and complete

statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

36.    Deny that Plaintiffs are necessarily or immediately subject to all of the listed actions, and deny that the allegations in this paragraph accurately describe Navy policy regarding unvaccinated service members.  Defendants further aver that service members who have pending religious exemption requests or appeals are not subject to discipline, and respectfully refer the Court to public Navy policy documents regarding vaccination and discipline, and deny any allegation inconsistent with its plain language, meaning, or context.

37.    The allegations in this paragraph purport to characterize and selectively quote All Navy (ALNAV) Message 062/21, which speaks for itself.  Defendants admit the existence of that document and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

38.    The allegations in this paragraph purport to characterize and selectively quote All Navy (ALNAV) Message 062/21, which speaks for itself.  Defendants admit the existence of that document and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

39.    Deny that Defendants communicated that Plaintiffs are immediately or necessarily subject to all of the listed actions, and deny that the allegations in this paragraph accurately describe Navy policy regarding unvaccinated service members. Defendants further aver that service members who have pending religious exemption requests or appeals are not subject to discipline.   To the extent the allegations in this paragraph are intended to summarize the cited

documents, Defendants respectfully refer the Court to those public documents for a full and accurate statement of their contents, and deny any allegation inconsistent with its plain language, meaning, or context.

40. The allegations in this paragraph purport to characterize and selectively quote DoD Instruction 1300.17, SECNAVINST 1730.8B, NAVADMIN 190/21, BUPERSINST 1730.11A, and MILPERSMAN 1730-020, which speak for themselves. Defendants admit the existence of these documents and otherwise respectfully refer the Court to the documents for true and complete statements of their contents, and deny any allegation inconsistent with their plain language, meaning, or context.

41. The allegations in the first sentence of this paragraph purport to characterize and selectively quote a Breitbart News article, which speaks for itself. Defendants admit the existence of the article and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context. The allegations in the second sentence of the paragraph are denied. Defendants further aver that Religious Accommodation Requests ("RARs") related to the COVID-19 vaccine mandate have been approved.

42. Defendant admits the allegations in the first sentence and avers that presently, more than eight permanent medical exemptions have been granted. Defendants admit the existence of the cited documents, and otherwise respectfully refer the Court to the documents for true and complete statements of their contents, and deny any allegation inconsistent with their plain language, meaning, or context.

43. Denied.

44.     The allegations in this paragraph purport to characterize and selectively quote DoD Instruction 1300.17, which speaks for itself. Defendants admit the existence of that document and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

45.     The allegations in this paragraph purport to characterize and selectively quote Secretary of the Navy Instruction 1730.8B, which speaks for itself. Defendants admit the existence of that document and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

46.     The allegations in this paragraph purport to characterize and selectively quote Navy Bureau of Medicine Instruction (BUMEDINST) 6230.15B, which speaks for itself. Defendants admit the existence of that document and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

47.     The allegations in this paragraph purport to characterize and selectively quote Navy Bureau of Personnel Instruction (BUPERSINST) 1730.11A, which speaks for itself. Defendants admit the existence of that document and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

48.     The allegations in this paragraph purport to characterize Navy Military Personnel Manual (MILPERSMAN) 1730-020, which speaks for itself. Defendants admit the existence of that document and otherwise respectfully refer the Court to that document for a true and complete

statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

49.     Admit that Plaintiffs submitted religious accommodation requests, and admit that none of the Plaintiffs has yet had an RAR approved.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature and sincerity of Plaintiffs' objections.  Defendants deny the remainder of the paragraph and avers that of the named plaintiffs, as of May 2, 2022, ten plaintiffs failed to appeal, two had their appeals denied and 23 have pending appeals.

50.     Denied.

51.     Admitted.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what individuals plaintiffs were told regarding deployability and vaccination or their pins.  Defendants aver that the Navy's Manual of the Medical Department ("MANMED"), Chapter 15, *Physical Examinations and Standards for Enlistment, Commission and Special Duty* generally governs deployability requirements and waiver processes.  Defendants respectfully refer the Court to that document for a full and accurate statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

53.     Denied, except to admit that some medical exemptions have been granted

CLASS ACTION ALLEGATIONS

54.     The allegations in this paragraph constitute a characterization of this action and the class and sub-class, to which no response is required.  To the extent that a response is required, Defendants deny the allegations, and deny that class certification is appropriate.

55.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

56.     Admit the first sentence. The allegations in the second sentence of this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is required, denied.

57.     Denied.

58.     The statements in this paragraph purport to contain common questions of fact and are not allegations of fact to which a response is required. To the extent a response is required, Defendants deny that these are common questions of fact, deny the characterizations of Navy policy, and deny that resolution of these questions is central to these individuals' claims.

59.     The statements in this paragraph purport to contain common questions of law and are not allegations of fact to which a response is required. To the extent a response is required, Defendants deny that these are common questions of law, deny the characterizations of Navy policy, and deny that resolution of these questions is central to these individuals' claims.

60.     Denied.

61.     Defendants deny the first sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63.     Defendants deny the first sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

<u>FIRST CAUSE OF ACTION</u>.

64.     Defendants repeat and incorporate each of the responses contained in the foregoing paragraphs of this Answer.

65.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

66.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

67.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

68.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

69.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

70.     The allegations in this paragraph purport to characterize DODI 1300.17 and SECNAVINST 1730.8B, each of which speaks for itself.  Defendants admit the existence of those documents and otherwise respectfully refer the Court to those documents for a true and complete statement of their contents, and deny any allegation inconsistent with their language, meaning, or context.

71.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the nature and sincerity of Plaintiffs' beliefs; otherwise, denied.

74.     Deny that Plaintiffs are necessarily or immediately subject to all of the listed actions, and deny that the allegations in this paragraph accurately describe Navy policy regarding unvaccinated service members. Defendants further aver that service members who have pending religious exemption requests or appeals are not subject to discipline, and respectfully refer the Court to public Navy policy documents regarding vaccination and discipline, and deny any allegation inconsistent with its plain language, meaning, or context.

75.     Admitted.

76.     Denied.

77.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is deemed required, denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Defendants admit that vaccinated personnel can also carry, transmit, and become sick with COVID-19, but aver that it is much more likely for unvaccinated personnel to do so. Defendants further admit that layered mitigation measures will sometimes be necessary even where all personnel are vaccinated, but further aver that other mitigation measures are most effective when layered with vaccination, and that there are many situations where other mitigation measures are unavailable or ineffective.

82.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

83.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

84.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

SECOND CAUSE OF ACTION.

85.     Defendants repeat and incorporate each of the responses contained in the foregoing paragraphs of this Answer.

86.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

87.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

88.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

89.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

90.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

91.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

92.     The allegations in this paragraph purport to characterize DODI 1300.17 and SECNAVINST 1730.8B, each of which speaks for itself. Defendants admit the existence of those documents and otherwise respectfully refer the Court to those documents for a true and complete statement of their contents, and deny any allegation inconsistent with their language, meaning, or context.

93.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the nature and sincerity of Plaintiffs' beliefs; otherwise, denied.

96.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is deemed required, denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Defendants admit that vaccinated personnel can also carry, transmit, and become sick with COVID-19, but aver that it is much more likely for unvaccinated personnel to do so.

Defendants further admit that layered mitigation measures will sometimes be necessary even where all personnel are vaccinated, but further aver that other mitigation measures are most effective when layered with vaccination, and that there are many situations where other mitigation measures are unavailable or ineffective.

102.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is deemed required, denied.

103.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is deemed required, denied.

104.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is deemed required, denied.

THIRD CAUSE OF ACTION

105.    Defendants repeat and incorporate each of the responses contained in the foregoing paragraphs of this Answer.

106.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

107.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the nature and sincerity of Plaintiffs' beliefs; otherwise, denied.

110.     Deny that Plaintiffs are necessarily or immediately subject to all of the listed actions, and deny that the allegations in this paragraph accurately describe Navy policy regarding unvaccinated service members. Defendants further aver that service members who have pending religious exemption requests or appeals are not subject to discipline, and respectfully refer the Court to public Navy policy documents regarding vaccination and discipline, and deny any allegation inconsistent with its plain language, meaning, or context. .

111.     Admitted.

112.     Denied.

113.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required. To the extent a response is deemed required, denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Defendants admit that vaccinated personnel can also carry, transmit, and become sick with COVID-19, but aver that it is much more likely for unvaccinated personnel to do so. Defendants further admit that layered mitigation measures will sometimes be necessary even where all personnel are vaccinated, but further aver that other mitigation measures are most effective when layered with vaccination, and that there are many situations where other mitigation measures are unavailable or ineffective.

118.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.   To the extent a response is deemed required, denied.

119.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.   To the extent a response is deemed required, denied.

120.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.   To the extent a response is deemed required, denied.

FOURTH CAUSE OF ACTION

121.     Defendants repeat and incorporate each of the responses contained in the foregoing paragraphs of this Answer.

122.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

123.     The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.

124.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

125.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the nature and sincerity of Plaintiffs' beliefs; otherwise, denied.

126.     Defendants deny the first sentence. The remainder of the allegations in this paragraph purport to characterize Trident Order #12, which speaks for itself.   Defendants admit

the existence of that document and otherwise respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with its plain language, meaning, or context.

127.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Defendants admit that vaccinated personnel can also carry, transmit, and become sick with COVID-19, but aver that it is much more likely for unvaccinated personnel to do so. Defendants further admit that layered mitigation measures will sometimes be necessary even where all personnel are vaccinated, but further aver that other mitigation measures are most effective when layered with vaccination, and that there are many situations where other mitigation measures are unavailable or ineffective.

132.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

133.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

134.    The allegations in this paragraph contain the Plaintiffs' conclusions of law, not allegations of fact, and no response is required.  To the extent a response is deemed required, denied.

The remaining paragraphs of the Amended Complaint contain Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Amended Complaint and further aver that Plaintiffs are not entitled to any relief.

Defendants hereby deny all allegations in the Amended Complaint not expressly admitted or denied.

## DEFENSES

1.    Plaintiffs failed to exhaust administrative remedies before bringing this action; that failure is a bar to subject matter jurisdiction and to a cause of action

2.    Any claim depending in part or in whole on a challenge to any assignment, training, or duty decision(s) by Defendants is not justiciable, and corresponding relief is not available. *See, e.g.*, *Orloff v. Willoughby*, 345 U.S. 83 (1953).

3.    Venue is improper, and even if it were proper as to one plaintiff, other plaintiffs are improperly joined and should be severed.

4.    Plaintiffs fail to meet the standard for class certification.

5.    Defendants' actions are neutral and of general application under the First Amendment.

6.    Defendants' actions are in furtherance of compelling governmental interests, including interests in military readiness, health and safety of the force, and good order and

discipline; and are the least restrictive means of furthering those compelling governmental interests, including because other alternatives are not as effective.

7.       Defendants reserve the right to assert any affirmative defense, including those in Federal Rule of Civil Procedure 8(c), not currently known, which it may have or through discovery learn may be applicable.

Dated: June 3, 2022                                    Respectfully submitted,

                                                       BRIAN M. BOYNTON
                                                       Principal Deputy Assistant Attorney General

                                                       ALEXANDER K. HAAS
                                                       Director, Federal Programs Branch

                                                       ANTHONY J. COPPOLINO
                                                       Deputy Director

                                                       */s/Amy E. Powell*
                                                       ANDREW E. CARMICHAEL
                                                       AMY E. POWELL
                                                       Senior Trial Counsel
                                                       ZACHARY A. AVALLONE
                                                       CATHERINE M. YANG
                                                       Trial Attorneys
                                                       United States Department of Justice
                                                       Civil Division, Federal Programs Branch
                                                       1100 L Street, N.W.
                                                       Washington, DC 20005
                                                       Tel: (202) 514-3346
                                                       Fax: (202) 616-8470
                                                       Email: Andrew.e.carmichael@usdoj.gov

                                                       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically filed the foregoing document through the Court's ECF system, which automatically notifies counsel of record for each party.

*/s/Amy E. Powell*
AMY E. POWELL