UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>                Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                Defendants. | Case No. 4:21-cv-01236-O |

**EMERGENCY MOTION FOR ORDER REQUIRING COMPLIANCE WITH PRELIMINARY INJUNCTION**

Plaintiffs SEAL 1 and SEAL 10 respectfully request emergency relief by **midnight tonight, June 3, 2022**.

SEAL 1 and SEAL 10 have orders to travel this weekend to Alaska for planned Annual Training at Naval Special Warfare Cold Weather Detachment Kodiak. SEAL 1 is scheduled to depart **tomorrow morning**, June 4, 2022 at 0855 CST and SEAL 10 is scheduled to depart Sunday morning, June 5, 2022. Both **just learned this evening** from their command that the Navy cancelled their travel authorization because of the Navy's travel restriction for unvaccinated servicemembers. SEAL 1 and SEAL 10 are both attached to SEAL Team 17, a Reserve team.

1

Attendees at the Annual Training are slated to fly on commercial airlines to Alaska along with members of the general public. The planned exercises entail cold weather and outdoor survival training.

Navy Reservists must complete Annual Training to receive evaluations needed for promotion, complete requirements for retirement, and earn a majority of their service paycheck. Failure to satisfactorily complete Annual Training can result in involuntary separation for that reason alone, providing an alternative means of separating a member who is otherwise protected by this Court's injunction. And failure to complete Annual Training results in a "bad" or "unsatisfactory" year, or a year in which the Reservist is not in good standing, which means the entire year will not count towards retirement or for other purposes. SEAL 1 is unaware of any further opportunities for him to timely attend Annual Training. SEAL Team 17 leadership has stated that they wanted all members to attend this Annual Training and they will not approve waivers, which is the only way failure to attend Annual Training will not count against the Reservist. SEAL 10 was told there might be a possibility of a local Annual Training he could attend due to his location in the San Diego area but does not have any details, and he is in the process of moving to Tennessee.

Despite having orders to attend this required Annual Training, SEAL 1 and SEAL 10 are now being prohibited from attending and will likely be penalized when they do not, even though the Navy's own nonsensical travel policy is the source of this problem. The Navy has restricted unvaccinated personnel from traveling with limited exceptions, stating without explanation that "[m]inimizing the travel of unvaccinated individuals remains paramount." *See* Ex. A. This makes no sense given that all travel restrictions in the United States have been lifted, passengers are not required to mask on airplanes anymore, and airlines themselves have lifted any vaccination

mandates and restored unvaccinated employees to the workforce because of a lack of justification.[1] And it is especially absurd in this context given that Reservists—both vaccinated and unvaccinated alike—live in the general population alongside unvaccinated people during their daily lives.

The Supreme Court's partial stay only allows the Navy to "consider[] vaccination status in making deployment, assignment, and other operational decisions." *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022). Those terms were left undefined by the Court's order, *see id.*, but Admiral Lescher, whose declaration featured prominently in the Solicitor General's stay briefing, states that "cancellation of government travel for training or other official purposes" is an "*administrative* action." Dkt. 87 at ¶ 15 (emphasis added). Thus, it is prohibited by the preliminary injunction. "[C]*onsidering* vaccination status in making" certain decisions does not mean using vaccination status as a blanket justification with no connection to any rational need as a proxy for retaliation. 142 S. Ct. at 1301 (emphasis added). The Supreme Court's order is not a blank check for the Navy to resume its retaliation against class members.

## CONCLUSION

Given that this is an *administrative* decision according to Admiral Lescher, that it is not based on any possible rational justification, and that denying this Annual Training to SEAL 1 and SEAL 10 at the last possible minute is clearly punitive and will jeopardize their good standing as Reservists, Plaintiffs respectfully request that the Court order Defendants to honor SEAL 1 and SEAL 10's orders to attend Annual Training as planned tomorrow morning.

---

[1] "Due to substantial changes in the scope and severity of the pandemic as well as the guidance of public-health authorities, United has announced that all employees who were placed on temporary unpaid leave as an accommodation will be returned to their previous jobs." Motion to Vacate Panel Opinion and Dismiss Appeal as Moot 1, *Sambrano v. United Airlines*, No. 21-11159 (5th Cir. Mar. 10, 2022). "This change in policy is the result of materially reduced rates of COVID-19 incidence, high levels of vaccination, and the reduced severity of the Omicron variant (which is much less likely to result in hospitalization or death than earlier variants)." *Id*. at 3.

Respectfully submitted.

Kelly J. Shackelford
  Texas Bar No. 18070950
Jeffrey C. Mateer
  Texas Bar No. 13185320
Hiram S. Sasser, III
  Texas Bar No. 24039157
David J. Hacker
  Texas Bar No. 24103323
Michael D. Berry
  Texas Bar No. 24085835
Justin Butterfield
  Texas Bar No. 24062642
Danielle Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

/s/ Andrew B. Stephens
Heather Gebelin Hacker
  Texas Bar No. 24103325
Andrew B. Stephens
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
andrew@hackerstephens.com
heather@hackerstephens.com

Attorneys for Plaintiffs

Jordan E. Pratt
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice
** Not yet admitted to the D.C. Bar, but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

4

**CERTIFICATE OF CONFERENCE**

Before filing this motion, I conferred with Defendants' counsel Amy Powell to try to resolve the matter without the Court's intervention. The Navy's position is that it is permitted to deny travel to class members consistent with the injunction and partial stay. Ms. Powell stated that she was unable to get any information about this situation tonight and that "[t]his also does not seem like an emergency that could not wait on a proper effort to meet and confer and a reasonable briefing schedule."

/s/Andrew B. Stephens
ANDREW B. STEPHENS

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, I served the foregoing document on counsel of record for each party.

/s/Andrew B. Stephens
ANDREW B. STEPHENS

# EXHIBIT A



THE SECRETARY OF THE NAVY
WASHINGTON, D.C. 20350-1000

APR 29 2022

MEMORANDUM FOR COMMANDANT OF THE MARINE CORPS
　　　　　　　　　　CHIEF OF NAVAL OPERATIONS
　　　　　　　　　　ASSISTANT SECRETARIES OF THE NAVY
　　　　　　　　　　GENERAL COUNSEL OF THE NAVY

SUBJECT: Implementation of Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance

References: (a) Under Secretary of Defense for Personnel and Readiness Memorandum "Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance," April 4, 2022
(b) Secretary of the Navy Memorandum, "Updated Coronavirus Disease 2019 Guidance Related to Meetings," October 28, 2021
(c) Assistant Secretary of the Navy (Manpower and Reserve Affairs) Memorandum, "Department of the Navy Exemption of Authorized Leave for Service Members from Coronavirus Disease 2019 Personnel Movement and Travel Restrictions," June 30, 2020
(d) Secretary of the Navy Memorandum, "Delegation of Waiver Authority of the Reissuance of Department of the Navy Travel Restrictions in Response to Coronavirus Disease 2019 ALNAV 044/20," April 21, 2020
(e) Secretary of the Navy Memorandum, "Department of the Navy Implementation of Transition to Conditions-based Approach to Coronavirus Disease 2019 Personnel Movement and Travel Restrictions," June 12, 2020
(f) Secretary of the Navy Memorandum, "Delegation of Waiver Authority for the Department of the Navy Travel Restrictions in Response to the Coronavirus Disease 2019," October 21, 2020
(g) Secretary of the Navy Memorandum, "Delegation of Travel Restrictions Waiver Authority for the Department of the Navy Secretariat in Response to the Coronavirus Disease 2019," October 21, 2020
(h) Assistant Secretary of the Navy (Manpower and Reserve Affairs) Memorandum, "Department of the Navy Guidance on COVID-19 Community Levels and Workplace Safety Protocols," March 3, 2022

　　　　Reference (a) provides consolidated Department of Defense Force Health Protection (FHP) guidance. This memorandum provides updated FHP implementation guidance, and rescinds and replaces references (b) through (g). Procedures for unofficial travel will be in accordance with reference (a). All relevant authorities and delegations previously granted remain in effect.

**Designation of Mission Critical Travel for Unvaccinated Individuals**

SUBJECT: Implementation of Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance

In accordance with reference (a) fully vaccinated individuals are not restricted from official travel, both domestic and international. Individuals who are not fully vaccinated, or who decline to provide information about their vaccination status, are limited to mission-critical official travel, both domestic and international.

The following categories of official travel are designated as mission critical within the Department of the Navy (DON). Official travel by unvaccinated personnel, or those who decline to provide information about their vaccination status, is authorized for the following mission critical purposes:

- Permanent change of station (PCS) travel is authorized for dependents accompanying Service Members or civilian employees who are fully vaccinated or have a permanently approved exemption. Overseas screening and medical approval is still required per current policies.

- Unvaccinated Service Members reassigned from operational units are authorized PCS travel to non-deployable units. Unvaccinated dependents of these Service Members are also authorized to travel.

- Travel of dependents associated with an approved Early Return of Dependents authorization from an overseas post or station.

- Government funded emergency leave travel and emergency visitation travel.

- Travel of new recruits through reporting to the Recruit Training Command or Marine Corps Recruiting Depot.

- Travel by patients, as well as their authorized escorts and attendants, for purposes of medical treatment. Travel by medical providers for the purposes of medical treatment for Department of Defense (DoD) personnel and their families.

- Travel by Service Members and civilian personnel approved for retirement or separation. For Service Members, travel is authorized for purposes of taking transition leave.

- Travel by Service Members under the authority of a Chief of Mission and authorized by that Chief of Mission.

- Travel by Service Members and civilian personnel not under the authority of a Chief of Mission and ordered by the appropriate DoD official to evacuate an area threatened by unusual or emergency circumstances.

- Travel associated with new civilian hiring and management directed actions to include transfers, reassignments, management directed reassignments, and new civilian

2

accessions including formal entry-level civilian accession programs such as government-funded internships and fellowships.

- Travel by civilian employees complying with overseas tour rotation agreement requirements.

- Travel in support of mission critical maintenance operations for DON assets as well as the critical assets of other services, agencies, and international partnerships that support the mission of the DON. Mission critical maintenance operations are in direct support of DON ships, submarines, aircraft, information technology equipment and infrastructure as well as other critical equipment not otherwise listed.

- Travel by Service Members from an overseas post or station that are not eligible for involuntary extension or will surpass the 180-day limit for involuntary extension.

Minimizing the travel of unvaccinated individuals remains paramount. Where reasonably feasible alternatives to travel are available to achieve Service objectives, travel is not mission critical. The listed designations do not create an entitlement to travel by unvaccinated individuals.

This policy is applicable to the total force. Requests for official travel by unvaccinated personnel outside of the parameters expressed in this memo will be routed through the respective member's Service Chief to the Under Secretary of the Navy (UNSECNAV) via the Assistant Secretary of the Navy for Manpower and Reserve Affairs (ASN (M&RA)). The UNSECNAV is delegated approval authority. No further delegation is authorized.

## Updated Coronavirus Disease 2019 Guidance Related to Meetings

In accordance with reference (a), approval must be obtained in advance for any planned, in-person meetings, events, and conferences (referred to collectively herein as "meetings") sponsored by the DON with more than 50 participants, in a county or equivalent jurisdiction where the Centers for Disease Control and Prevention (CDC) COVID-19 Community Level is high. Approval authority remains with the UNSECNAV and no lower. Offices of the Secretary of the Navy, the Navy, Marine Corps, and all other organizational entities within the DON will submit requests through the respective chain of command to the UNSECNAV for approval via the ASN (M&RA). To the maximum extent practicable, requests should be submitted no later than 30 days from the planned start of the event to allow for proper coordination and routing.

For any in-person meetings in a county or equivalent jurisdiction where the CDC COVID-19 Community Level is high or medium, the meeting organizer will require all attendees, including Service Members and DoD civilian employees, to show a completed DD Form 3150, "Contractor Personnel and Visitor Certification of Vaccination." In extenuating circumstances, the UNSECNAV may approve exceptions for attendees who are not vaccinated. These exceptions will be requested through the respective chain of command to the UNSECNAV for approval via the ASN (M&RA). Organizers of approved meetings will require attendees to confirm proof of vaccination and, where exceptions are granted, organizers will

3

SUBJECT: Implementation of Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance

ensure that unvaccinated attendees meet the testing provisions of reference (a). All attendees will remain in compliance with the masking guidance within reference (h).

For purposes of this guidance, meetings do not include military training, exercise events, and operations. In addition, private social events at Morale, Welfare, and Recreation facilities or events held as part of Department of Defense Educational Activity schools functions on naval installations do not constitute meetings.

The DON remains committed to protecting our people. The Commandant of the Marine Corps and the Chief of Naval Operations shall clearly communicate the relevant contents of this memorandum to their Services. The ASN (M&RA) shall communicate the relevant contents of this memorandum to DON civilian personnel.

Carlos Del Toro

cc:
ACMC
VCNO
DUSN
AUDGEN
CHINFO
DMCS
DNS
JAG
DON CIO
NAVIG
NCIS
OCMO
OLA
OSBP
Echelon 1 and 2 Commands

4