# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| **NAVY SEALs 1-3,** *et al.,*<br><br>                              Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III** in his official capacity as United States Secretary of Defense, *et al.,*<br><br>                              Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION

### INTRODUCTION

On Friday evening, and after the close of business hours, Plaintiffs SEAL 1 and SEAL 10 filed an "Emergency Motion" seeking to have this Court order, by midnight Friday, the Navy to fly two Reserve Navy SEALs to Alaska so they may participate in wilderness survival training with SEAL Team 17. *See* Pls.' Emergency Motion, ECF No. 169. But the Supreme Court has stayed this Court's existing injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions," and that order controls the disposition of preliminary relief here. *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022). Even absent the Supreme Court's ruling in this case, a motion seeking to have a district court issue military orders to Navy SEALs is audacious and contrary to long standing precedent. *See Orloff v. Willoughby*, 345 U.S. 83, 92-93 (1953); *Harkness v. Sec'y of the Navy*, 858 F.3d 437, 443 (6th Cir. 2017) ("courts are generally reluctant to review claims involving military duty assignments"). Here, where Plaintiffs seek

to have the district court defy a Supreme Court order *issued in this case*, it is truly untenable.  Plaintiffs' motion should be denied.

## BACKGROUND

Defendants have had very little time in which to investigate Plaintiffs' allegations, but based on initial inquiry, it appears that Navy SEAL 1 and Navy SEAL 10 seek to attend wilderness survival training in Alaska for which they are not mission critical and for which they have not received a waiver. SEAL Team 17 had approved orders for them, inconsistent with higher level guidance from both the U.S. Navy and U.S. Special Operations Command, without seeking a mission critical waiver.  Upon realizing it was required that travel be mission critical and that there be a waiver, SEAL Team 17 cancelled the orders because the training mission for these two SEALs (and for another unvaccinated service member) was not mission critical.

As Plaintiffs have long been aware, DoD and Navy policy limits the official travel of unvaccinated personnel to "mission critical" travel.  *See, e.g.,* Defs.' App'x Opp'n to Order to Show Cause, Brown Decl. ¶ 7 & n.10, App008-009, ECF No. 111 (describing Deputy Secretary of Defense Memorandum from September 2021); Pls.' Ex. A, ECF No. 169 (Implementation of Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance, dated April 29, 2022).  Last week, Government counsel provided Plaintiffs with recent guidance, which reiterates that policy, provides the Secretary of the Navy's guidance on categories of travel that may be deemed mission critical, and reflects the ability to seek a policy waiver.  *See* Ex. 1, attached hereto, Powell Email Thread of May 31, 2022, App0001-0068 (attaching and describing recent guidance).  Consistent with the Secretary of the Navy's guidance that the "Chief of Naval Operations . . . clearly communicate the relevant contents of this [guidance] to [the Navy]," the Chief of Naval Operations issued consistent implementing guidance on June 2, 2022. *See* Ex. 2, attached hereto, NAVADMIN 130/22, App0069-

73.  Upon receiving the order from the Chief of Naval Operations on June 2, 2022, SEAL Team 17 realized the error and cancelled the orders for these two SEALs.

While as a general matter Navy Reservists are required to conduct 12 days of Annual Training ("AT") in a fiscal year, Reserve service members may fulfill their AT obligation through permissible duties as determined by the Chain of Command. *See generally* NAVRESPERSMAN 1571-010.[1]  A Reserve service member may also seek a waiver from AT for a particular fiscal year. NAVRESPERSMAN 1571-010; BUPERSINST 1001.39F ¶¶ 1301-04, https://www.mynavyhr.navy.mil/Portals/55/Reference/Instructions/BUPERS/1001.39.pdf.[2]

Reserve retirement credit is distinct from the fiscal year AT requirements.  A Reserve service member completes a "Good Year" for retirement purposes when they earn 50 retirement points in their anniversary year, which typically begins on the anniversary of their first day in the Reserve or date commissioned and ends the day prior to the anniversary.  A Reserve service member automatically receives 15 points a year for affiliation with the Reserve.  Additional retirement points may be obtained from several methods, including Inactive-Duty for Training (traditionally referred to as drills), AT, mobilization, schooling, performing funeral honors, or approved correspondence courses.  *See generally* BUPERSINST 1001.39F (prescribing various means to accumulate retirement points); Understanding a Good Year for Reserve Retirement (Aug. 21, 2020), https://www.navyreserve.navy.mil/News/Article-View-News/Article/2321081/understanding-a-good-year-for-reserve-retirement/.

---

[1]     https://www.navyreserve.navy.mil/Portals/35/Documents/RESPERMAN/1500%20Inactive%20Duty%20Training%20Annual%20Training/1571-010%20Annual%20Training%20and%20Active%20Duty%20Training.pdf

[2] Plaintiffs' counsel were informed last week that, in general, the Navy is not, as a blanket matter, barring Reservists from attending drill or annual training if they are unvaccinated.  Unvaccinated Reserve members may perform annual training, on-site, at supported commands depending upon travel restrictions and mission critical determinations related to duties contemplated during the training period.  There is additional guidance forthcoming soon, which may provide additional flexibility with respect to reserve duty for unvaccinated service members.  *See* Ex. 1, App0003.

SEAL 10 has already been informed that there are additional AT opportunities available near where he resides in San Diego, CA. And while the Government is not aware of any immediate similar plan for SEAL 1, there is also nothing in the motion that suggests he will be unable to conduct AT prior to September 30, 2022, or that any adverse action is imminent or likely. In fact, SEAL Team 17 is committed to ensuring both SEALs complete their AT consistent with higher guidance, and will ensure opportunities are identified for them to do so.

## **ARGUMENT**

**The Challenged Action Does Not Violate the Injunction and is Squarely Within the Actions Specifically Permitted by the Supreme Court's Stay Order.**

On January 3, 2022, this Court entered a preliminary injunction enjoining Defendants "from applying MANMED § 15-105(3)(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to Plaintiffs" and "from taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation." *U.S. Navy SEALs 1-26 v. Biden*, No. 4:21-cv-01236-O, ---F. Supp. 3d---, 2022 WL 34443, at *14 (N.D. Tex. Jan. 3, 2022), *stay denied pending appeal*, 27 F.4th 336 (5th Cir. 2022), *stay granted*, 142 S. Ct. 1301 (2022). On March 25, 2022, the Supreme Court granted the Government's application for a partial stay in this matter. *See Navy SEALs 1-26*, 142 S. Ct. 1301. The Supreme Court granted the Government's request to stay that injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Id.* at 1301. The Government did not seek to stay the portion of

the injunction that protects Plaintiffs from discipline[3] or involuntary separation for remaining unvaccinated.[4]

Plaintiffs do not explain how the assignment decision they describe (disapproval of orders to conduct a specific training mission) could conceivably run afoul of this Court's injunction, as stayed by the Supreme Court. Even prior to the Supreme Court's action, this Court acknowledged that "Judges are not given the task of running . . . the Navy." *U.S. Navy SEALs 1-26 v. Biden*, 2022 WL 34443, at *4 (quoting *Orloff*, 345 U.S. at 93). While the Court found that the application of specific policies were justiciable (over the Government's objection), the Court did not impose judicial oversight over every decision made with respect to these Plaintiffs.

And to the extent the original injunction covered the decision here, a decision as to whether SEAL 1 and SEAL 10 may attend a specific training mission falls squarely within the Supreme Court's order. The disapproval of the participation of specific service members in a specific training mission is not discipline or separation; rather, it is undeniably an assignment and operational decision. Defendants are permitted to consider vaccination status in making deployment, assignment, and other operational decisions. A decision to send (or not to send) specific SEALs to wilderness survival training in Alaska cannot possibly fall outside that category.

Plaintiffs argue that the Supreme Court's stay order is not applicable because Admiral Lescher described canceling travel orders as an administrative action. But military travel orders themselves are military duty assignments. Here, Plaintiffs are not just asking this Court to order the Navy to approve

---

[3] The Navy defined "disciplinary proceedings" in its' stay request as proceedings initiated pursuant to the Uniform Code of Military Justice (UCMJ). These proceedings include courts-martial and Article 15 (non-judicial punishment (NJP)) as implemented under Part V of the Manual for Courts-Martial. For members refusing the COVID-19 vaccine, the Vice Chief of Naval Operations (VCNO) is the sole disposition authority for courts-martial and NJP. ECF No. 86 at 1, n.1.

[4] The Court later issued a class-wide injunction, under which Defendants are enjoined from applying MANMED § 15-105(3)(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to members of the Navy Class and Subclasses. It is also partially stayed to the same extent as the first order.

(and pay for) their travel on a commercial airplane, but to order the Navy to assign them to wilderness survival training once they reach their designated travel location. Such training assignments fall squarely within the bounds of the Supreme Court's stay. *See Navy SEALs 1-26*, 142 S. Ct. at 1302 (Kavanaugh, J. concurring) ("As the Court has long emphasized, moreover, the 'complex, subtle, and professional decisions as to the composition, *training*, equipping, and control of a military force are essentially professional military judgments.'") (quoting *Gilligan* v. *Morgan*, 413 U.S. 1, 10 (1973) (emphasis added)). Plaintiffs therefore invite the Court to defy the explicit terms of the Supreme Court's order, and issue military orders for two service members to complete a particular training mission. The Court is foreclosed from entering any such relief.

Finally, it bears noting that Plaintiffs are not facing any apparent injury whatsoever, much less irreparable harm, as a result of this assignment decision. The motion sets forth no reason (much less *evidence*) that would suggest why foregoing this trip to Alaska constitutes irreparable harm, or that this trip is the only means for SEAL 1 or SEAL 10 to conduct annual training. As set forth above, there is more than one way to complete AT requirements. Nor does the motion set forth any reason to believe that these individuals will suffer any consequences for being unable to attend this particular training. Nor does it set forth any reason to think they will not complete a "Good Year" for retirement purposes, given the multiple options for completion of a Good Year. And there is no indication that they have been threatened with any adverse action whatsoever. Plaintiffs' desire to fulfill their AT obligation by attending a specific training in Alaska is not an emergency, and the frustration of their desire to attend wilderness survival training now is not a violation of the injunction.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Emergency Motion.

Dated: June 6, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Amy E. Powell*
ANDREW E. CARMICHAEL (VA Bar. No. 76578)
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*