UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>     Plaintiffs,<br><br>  v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>     Defendants. | Case No. 4:21-cv-01236-O |

**REPLY IN SUPPORT OF EMERGENCY MOTION FOR ORDER REQUIRING COMPLIANCE WITH PRELIMINARY INJUNCTION**

  Contrary to Defendants' assertion, rescinding SEAL 1 and SEAL 10's orders to travel to attend mandatory Annual Training at the eleventh hour is not an assignment or operational decision. Admiral Lescher agrees, testifying that it is an "administrative action." Dkt. 87 at ¶ 15. DOJ cannot lawyer around that admission now. As explained in Plaintiffs' Emergency Motion raising this issue, Annual Training is mandatory for reservists to earn a "good year" and maintain good standing within the Navy Reserve. A reservist's failure to earn a good year can result in adverse consequences and eventual involuntary separation from the Navy; the two actions this Court's injunction clearly enjoins. Moreover, preventing a reservist from participating in Annual

1

Training is not an assignment or operational decision within the plain meaning of those terms. Assignment and operational decisions are discretionary decisions. But because Annual Training is a requirement, it is not discretionary. There is no "assignment" or "decision" made when it comes to whether a reservist must complete Annual Training. They must. Failure to complete Annual Training is unquestionably detrimental to a reservist's career.

Defendants' assertion that reservists may complete Annual Training by earning retirement points by other means is also specious. Inactive Duty for Training drills, mobilization, schooling, and funeral details each require orders and in many instances, travel authorization and funding. But according to the Navy's COVID-19 SOP #18, dated May 5, 2022, "individuals who are not fully vaccinated . . . are limited to mission-critical official travel." App.002. And according to Defendants, even attending Annual Training is not mission critical. Additionally, COVID-19 SOP #18 states "non-fully vaccinated Navy Reserve Personnel without approved COVID-19 vaccination exemptions are ineligible to telework," and "reschedules, telework, or authorized absences are not authorized for non-fully vaccinated Sailors" who wish to perform Inactive Duty for Training drills. App.002. Thus, the supposed alternative means of earning enough points to obtain a good year are unavailable to SEAL 1 and SEAL 10. That leaves correspondence courses as the only possible means of earning a good year. But the Navy has also been denying those opportunities as well. *See* forthcoming Resp. re: Compliance. Nor is it clear that there are adequate remote or correspondence opportunities to allow SEAL 1 and SEAL 10 to fulfill their requirements without penalty. And it also does not resolve the issue of SEALs 1 and 10's inability to participate in Annual Training, which will result in adverse consequences and will be detrimental to their career progression.

SEAL 1 and SEAL 10's commanding officer wanted them to go with the rest of the team

to complete Annual Training in Alaska, but his hands were tied by the Navy's absurd policy—which, notably, Defendants made no effort to explain or defend. App.004-005, App.007-008. Since the emergency motion was filed, SEAL 10 was offered the opportunity to complete his Annual Training locally in San Diego by SEAL Team 17. App.005. SEAL 10 is still working out the details and is unsure what he will be doing, but it seems as though he may be able to get credit for Annual Training, even though it seems he will not really be doing any "training." App.005. SEAL 1 has a different situation because he is not located near a SEAL command and his home base is a Naval Operations Service Center (NOSC). App.008. The commanding officer of SEAL Team 17 is working on getting approval for SEAL 1 to do annual training remotely so he can fulfill his requirement. App.008. It is unclear, however, how one can adequately do annual training to fulfill their role as a Navy SEAL remotely. ¶ 8. As Defendants previously admitted, "the arduous training necessary to prepare NSW personnel for these missions cannot be performed remotely." Dkt. 44-3 ¶ 14; *see also* Dkt. 43 at 2, 23 ("teleworking and physical distancing cannot be taken seriously as feasible options when conducing special warfare missions," and "'anti-guerrilla warfare' and 'intelligence-gathering behind enemy lines,' obviously are not amenable to telework.") (citation omitted). It is hard to see how SEAL 1 and SEAL 10 can maintain proficiency in certain mandatory skills (such as over-the-beach and rappelling) if they cannot physically participate in it, which is the whole point of Annual Training. App.005, App.008.

## CONCLUSION

Given that this is an *administrative* decision according to Admiral Lescher, that it is not based on any possible rational justification, and that denying this Annual Training to SEAL 1 and SEAL 10 at the last possible minute is clearly punitive and will jeopardize their good standing as reservists, Plaintiffs respectfully request that the Court order Defendants to honor SEAL 1 and SEAL 10's orders to travel to attend Annual Training. In the alternative, Defendants should provide SEAL 1 and SEAL 10 an alternative means of fulfilling their Reserve requirements without penalty.

Respectfully submitted.

Kelly J. Shackelford
　Texas Bar No. 18070950
Jeffrey C. Mateer
　Texas Bar No. 13185320
Hiram S. Sasser, III
　Texas Bar No. 24039157
David J. Hacker
　Texas Bar No. 24103323
Michael D. Berry
　Texas Bar No. 24085835
Justin Butterfield
　Texas Bar No. 24062642
Danielle Runyan *
　New Jersey Bar No. 027232004
Holly M. Randall *
　Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
　Texas Bar No. 24103325
Andrew B. Stephens
　Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

Attorneys for Plaintiffs

4

Jordan E. Pratt
  Florida Bar No. 100958\* \*\*
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

\*Admitted pro hac vice
\*\* Not yet admitted to the D.C. Bar but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

<pre />

Case 4:21-cv-01236-O   Document 173   Filed 06/07/22   Page 5 of 6   PageID 5250

Jordan E. Pratt
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice
** Not yet admitted to the D.C. Bar but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

## CERTIFICATE OF SERVICE

  I hereby certify that on June 7, 2022, I served the foregoing document on counsel of record for each party.

                 <u>/s/Heather Gebelin Hacker</u>
                 HEATHER GEBELIN HACKER