**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **NAVY SEALs 1-3**, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**LLOYD J. AUSTIN, III** in his official capacity as<br>United States Secretary of Defense, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**<u>DEFENDANTS' MEMORANDUM IN RESPONSE TO
MOTIONS FOR RELEASE FROM CLASS ACTION</u>**

**INTRODUCTION**

Pursuant to the Court's Order dated May 31, 2022 (Dkt. 164), Defendants respond to the Motions of Petty Officer First Class ("PO1") Caleb Johnson and PO1 Kevin Byrne for Release from Class Action (ECF Nos. 162, 163).

Defendants are moving forward with the administrative separations of PO1 Johnson and PO1 Byrne to address their desire to separate from the military (without waiving any objections to the definition and certification of the class). As set forth below, the Court should find that these individuals are no longer members of the class so that their administrative separation may proceed. As also set forth below, after consultations with class counsel, Defendants expect to promulgate new guidance specifically allowing for the administrative separation of individuals who wish to withdraw their Religious Accommodation Requests ("RARs").

By way of background, since the Court entered preliminary injunctive relief in this case, there has been a growing number of class members who, notwithstanding the relief entered by the Court,

wish, by some means, to be separated from the Navy.  Some have asked Defendants to accept the withdrawal of their RARs; others have just asked to continue with their separations from service. Defendants have been and are permitting voluntary separations and retirements to move forward where the individuals qualify to do so. Where individuals who wish to separate from the service but do not qualify for voluntary separation or retirement (because, for example, they still have service requirements remaining), current legal requirements do not permit them to "voluntarily" leave service; rather, the only available option is "involuntary separation" (a type of separation that applies to misconduct in most instances).  Because an involuntary separation for misconduct (even under Honorable conditions) may carry future adverse consequences, Defendants have been referring such individuals to class counsel for legal advice and temporarily avoiding taking administrative action, so the parties could attempt to reach an amicable resolution of the issue.

Counsel for the parties have been discussing this issue since early May, and based on those discussions, it appears that the parties now agree that class members who elect to receive an involuntary administrative separation may withdraw their RARs and move forward with those proceedings.  Accordingly, Defendants expect to promulgate new guidance specifically allowing for the involuntary administrative separation of individuals who wish to withdraw their RARs. Defendants expect that the new guidance will address the concerns of PO1 Johnson and PO1 Byrne as well as any other class members who no longer wish to be considered members of the class under the terms of the Court order.

## **BACKGROUND**

On January 3, 2022, this Court entered a preliminary injunction enjoining Defendants "from applying MANMED § 15-105(3)(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to Plaintiffs" and "from taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation."  Opinion, ECF No. 66, at 26 ("Op."), *U.S. Navy SEALs 1-26*

*v. Biden*, No. 21-cv-1236, ---F. Supp. 3d---, 2022 WL 34443, at *14 (N.D. Tex. Jan. 3, 2022).  On March 25, 2022, the Supreme Court granted the Government's application for a partial stay in this matter. *See Austin v. U.S. Navy SEALs 1-26*, No. 21A477, 142 S. Ct. 1301 (Mar. 25, 2022).  The Supreme Court granted the Government's request to stay that injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Austin v. U.S. Navy SEALs 1-26*, 2022 WL 882559.  The Government did not seek to stay the portion of the injunction that protects the plaintiffs from discipline or involuntary separation for remaining unvaccinated.[1]

The Court later certified a class of all Navy service members that have submitted an RAR, as well as subclasses of service members within the Navy Special Warfare community and service members who are Navy SEALs, and the Court issued a class-wide injunction, under which Defendants are enjoined from applying MANMED § 15-105(3)(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to members of the Navy Class and Subclasses.  ECF No. 140.  The Court also partially stayed that order to the same extent as the Court's first injunction was stayed by the Supreme Court.  In addressing Defendants' concerns that some class members may not desire the relief sought in this lawsuit, the Court stated that: "If—and indeed, if—such servicemembers exist, they may choose to get vaccinated, withdraw their religious accommodation requests, voluntarily separate, or proceed with retirement plans. The potential class members, then, are those who seek to remain in the Navy and refuse to compromise their religious beliefs (i.e., continue to forgo the vaccine)."  ECF No. 140, at 15.

---

[1] The Navy defined "disciplinary proceedings" in its stay request as proceedings initiated pursuant to the Uniform Code of Military Justice (UCMJ).  These proceedings include courts-martial and Article 15 (non-judicial punishment (NJP)) as implemented under Part V of the Manual for Courts-Martial. For members refusing the COVID-19 vaccine, the Vice Chief of Naval Operations (VCNO) is the sole disposition authority for courts-martial and NJP.  ECF No. 86 at 1.

In order to comply with the Court's order granting class-wide injunctive relief, the Navy issued NAVADMIN 083/22 on March 30, 2022, which suspended all adverse administrative consequences for failure to become fully vaccinated as required.   Ex. 1, Decl. of Captain Mery-Angela Sanabria Katson ("Kaston Decl.") ¶ 4, App004.   The suspension only applied to Navy service members who submitted requests for religious accommodation from the COVID-19 vaccine, whereas adverse administrative consequences continued to apply to Navy service members who did not submit such requests.   *Id.*   NAVADMIN 083/22 further stated that additional guidance concerning the implementation of the Navy vaccine mandate would be provided at a later date.   *Id.*

On April 22, 2022, the Navy issued NAVADMIN 102/22, which provided greater detail concerning both voluntary and involuntary administrative separation processing for Navy service members who had submitted RARs that were denied or disapproved on appeal.   Katson Decl. ¶ 5, App004-005.  NAVADMIN 102/22 explained that the Navy would permit voluntary separations to continue, and service members who submitted requests for religious accommodation were permitted to cancel or amend previous voluntary retirement requests.   *Id.*   The policy suspended officer and enlisted involuntary separation processing and prohibited the issuance of separation paperwork for members with approved separation notices.   *Id.*   Commands were directed to inform the appropriate personnel office in cases where service members awaiting separation still desired to separate, but the NAVADMIN did not direct specific action at that time.   *Id.*

The distinction between "voluntary" and "involuntary" separation is a legal difference based on statute and regulation.   Any person who joins the United States armed forces incurs a required period of obligated service.   *See* 10 U.S.C. §651(a).   For enlisted service members, like PO1 Johnson and PO1 Kevin Byrne, separation from the armed forces is governed by Title 10, Chapter 59 – Separation.   In accordance with 10 U.S.C. § 1169, "[n]o regular enlisted member of an armed force may be discharged before [their] term of service expires, except – (1) as prescribed by the Secretary

concerned; (2) by sentence of a general or special court martial; or (3) as otherwise provided by law." Accordingly, except in limited circumstances, there is no authorized basis for an enlisted service member to voluntarily separate prior to completing their obligated service. A service member with a current service obligation who declines to become fully vaccinated for COVID-19, as required by NAVADMIN 190/21, is therefore processed for separation using involuntary separation procedures. Kaston Decl. ¶ 13, App009.

The failure to become fully vaccinated is a violation of the Uniform Code of Military Justice (UCMJ) Article 92, and involuntary administrative separations for service members due to vaccine refusal are processed by reason of misconduct. Kaston Decl. ¶ 13, App009. Although the basis for separation is by reason of misconduct, it is expected that the vast majority of Navy separations for vaccine refusal will be with an Honorable characterization of service. *Id.*

NAVADMIN 083/22 and NAVADMIN 102/22 were implemented to ensure the Navy complied with the Court's order by not involuntarily separating members of the certified class or subclasses. However, the Navy has been working on a formal policy regarding how service members within the class may voluntarily "exit the class" by withdrawing their RAR. Kaston Decl. ¶ 9, App009. As an interim measure, and because an involuntary separation for misconduct (even under Honorable conditions) may carry future adverse consequences, the Navy referred questions from class members who could be subject to involuntary separation regarding the withdrawal of RARs to class counsel. *Id.* The Navy was later notified that class counsel had been informing service members who wished to pursue an involuntary separation that such legal advice was not within the scope of their legal representation. *Id.*

On May 27, 2022, and May 31, 2022, two putative class members petitioned the Court for relief concerning their membership in the certified Navy Class. Specifically, PO1 Kevin Byrne requested to be "[released] by name from the class action lawsuit," ECF No. 162, and PO1 Class

Caleb Johnson requested to rescind his religious accommodation request and appeal in order to "exit the class and be separated." ECF No. 163. On that same day, the Court ordered a response to these service members claims regarding the Navy's interpretation of the Court's order certifying the class and granting class-wide injunctive relief. ECF No. 16.

Neither PO1 Byrne nor PO1 Johnson are currently eligible for a voluntary separation. PO1 Byrne's End of Active Obligated Service ("EAOS") is October 6, 2023, and PO1 Johnson's EAOS is October 15, 2023. Katson Decl. ¶ 11 n 4, App008. Nor have either amassed the requisite years of service to qualify for a military retirement. *Id.*

Government and class counsel have been conferring for the past month regarding how to handle the circumstances of class members who wish to be separated from the Navy through involuntary separation proceedings. *See* Ex.'s 2 & 3, attached hereto, Powell Email Threads of May 26, 2022—May 31, 2022 and May 10, 2022—May 11, 2022, App014-025. As of May 31, 2022, it appears that the parties agree that the Court's class-wide injunction order permits a class member to withdraw their RAR and seek to be involuntarily separated from the Navy. Ex. 2 at 1-4, App015-018. Accordingly, the Navy is preparing to issue guidance permitting service members to withdraw their RARs in order to exit the class, based on the mutual understanding between government counsel and class counsel concerning the language included in the Court's order. Katson Decl. ¶ 9. Service members who so seek to exit the class by withdrawing their RARs will again be subject to involuntary administrative separation processing. *Id.* The forthcoming Navy policy will include a mandatory acknowledgment documenting the service member's understanding that withdrawing the RAR may subject him or her to involuntary administrative separation as required by NAVADMINs 190/21, 225/21, and 256/21. *Id.* The new policy is expected to be issued soon after the Court resolves this matter. *Id.* At that time, the Navy will move forward with the involuntary separations of PO1 Caleb Johnson and PO1 Kevin Byrne, and other similarly situated service members, on the understanding

that they are no longer members of the class, consistent with the Court's order. *Id*.; *see also* ECF No. 140, at 15.

## **ARGUMENT**

Federal Rule of Civil Procedure 23(b)(2) allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id*. As the Supreme Court explained, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class" and "does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id*. In light of the indivisible nature of a (b)(2) class and injunction, the "procedural protections attending the (b)(3) class—predominance, superiority, mandatory notice, and the right to opt out" are deemed unnecessary in a (b)(2) class. *Id*. Accordingly Rule 23(b)(2) does not afford class members an automatic right to opt out.

The Fifth Circuit has held that a "district court acting under its Rule 23(d)(2) discretionary power, may require that an opt-out right and notice thereof be given should it believe that such a right is desirable to protect the interests of the absent class members," even in a (b)(2) class. *Ayers v. Thompson*, 358 F.3d 356, 375 (5th Cir. 2004); *see also* Fed. R. Civ. P. 23(d)(2) (providing the district court general authority to "alter[] or amend[]" orders for conducting the class action). "Typically, such cases involve hybrid Rule 23(b)(2) class actions, in which individual monetary relief for certain class members is sought in addition to class-wide injunctive or declaratory relief," and in such cases "there has been more concern with protecting the due process rights of the individual class members to

ensure they are aware of the opportunity to receive the monetary relief to which they are entitled." *Id.* at 376; *see also Penson v. Terminal Transport Co.*, 634 F.2d 989, 994 (5th Cir. 1981) (same); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1554 (11th Cir. 1986) (finding opt-out at certification stage improper).

Here, the Court created a non-opt-out (b)(2) class for Navy service members who wish to be accommodated for religious reasons with respect to the COVID-19 vaccination requirement. ECF 140, at 15. The Court also provided several methods for service members to effectively opt-out of the class at any time. Class members can "choose to get vaccinated, withdraw their religious accommodation requests, voluntarily separate, or proceed with retirement plans." *Id.* The remaining class members are "those who seek to remain in the Navy and refuse to compromise their religious beliefs (i.e., continue to forgo the vaccine)." *Id.*[2]

Shortly after the Court issued the class-wide injunction, the Navy promulgated NAVADMINs 83/22 and 102/22. Katson Decl. ¶¶ 4-5, App004-005. These NAVADMINs paused involuntary administrative separations for Navy service members who had submitted RARs but allowed for voluntary separations and retirements for eligible service members. *Id.* But, as noted, a voluntary separation is a legal term of art that is defined by statute and regulation. *Id.* ¶ 6, App005. Because a person who joins the armed forces incurs a required period of obligated service, a service member typically cannot voluntarily separate from the military without first fulfilling that term of obligated service. *Id.* Accordingly, as a general matter, service members with continued obligated service who have been separated for refusal to receive the COVID-19 vaccine have been processed for separation

---

[2] As set forth in Defendants' Opposition to Class Certification, Defendants continue to maintain that the class is not properly certified. *See generally* ECF No. 120. The recent requests by putative class members to opt out of the class further underscore the individualized nature of plaintiffs' RFRA claims and the failure of the class to satisfy Rule 23(b)(2)'s fundamental requirement "that final injunctive relief is appropriate regarding the class as a whole." Fed. R. Civ. P. 23(b)(2). *See also Wal-Mart*, 564 U.S. at 360; *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 841 (5th Cir. 2012) (vacating class certified under Rule 23(b)(2) where relief would "require individualized determinations").

using involuntary administrative separation procedures (even though they may elect to waive their rights to administrative separation proceedings). *Id.*

Prior to the movants filing their letters with the Court, the Navy became aware that several class members who are not eligible for either a voluntary separation or a voluntary retirement still desired to be involuntary separated from the Navy pursuant to involuntary administrative separation procedures. *Id.* ¶ 8, App005-006. Those service members were directed to contact class counsel for questions concerning the Court's order. *Id.* Although Defendants understood that the Court's order permitted a service member to withdraw their RAR, no existing policy outlined a procedure for such a withdrawal. *Id.* The Navy wanted to ensure that any service member pursuing this course of action was knowingly and voluntarily withdrawing their RAR after receiving legal advice from class counsel. *Id.* This course of action was complicated, however, when it became clear that class counsel was informing these service members that such legal advice was not within the scope of their legal representation. *Id.*

In the meantime, government counsel and class counsel have had several discussions pertaining to the language of the Court's order regarding the withdrawal of class member RARs. *See* Ex.'s 2 & 3, App014-025. Based on a mutual understanding between government counsel and class counsel that service members may withdraw their RARs and elect to proceed with involuntary separation proceedings, the Navy is prepared to issue guidance specifically permitting service members to withdraw their RARs in order to exit the class and explaining that service members who seek to exit the class by withdrawing their RARs will again be subject to involuntary administrative separation processing. Katson Decl. ¶ 9, App006. The anticipated Navy policy would include a mandatory acknowledgment documenting the service member's understanding that withdrawing their RAR may subject him or her to involuntary administrative separation as required by NAVADMINs 190/21, 225/21, 256/21, and 283/21. *Id.* The Navy anticipates releasing this guidance soon after the Court

resolves this matter.  *Id.*  At that time, after their RARs have been withdrawn, the Navy will move forward with the involuntary separations of PO1 Byrne and PO1 Johnson, and other similarly situated service members, on the understanding that they are no longer members of the class.  *Id.*

Accordingly, the Court should find that class members who would be subject to involuntary separation for refusing to comply with the COVID-19 vaccination requirement but who no longer wish to move forward with their RAR are no longer class members and do not need the Court's permission to opt out.  The Navy plans to move forward with their separation as soon as the paperwork is complete, and no further action by the Court is required.

## CONCLUSION

For the foregoing reasons, the Court should resolve the motion of PO1 Byrne and PO1 Johnson by finding that these individuals are no longer class members under the terms of the Court's previous order and thus do not need to "opt-out" of the class.

Dated: June 8, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Andrew E. Carmichael*
ANDREW E. CARMICHAEL (VA Bar. No. 76578)
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM C. HOLLAND
CASSANDRA M. SNYDER
CATHERINE YANG
Trial Attorney
United States Department of Justice

10

Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*