IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| U.S. NAVY SEALs 1-26, et al., | § | |
| | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01236-O |
| | § | |
| LLOYD J. AUSTIN, III, et al., | § | |
| | § | |
| | § | |
|   Defendants. | § | |

## ORDER

Before the Court are three Motions for Release from Class Action (ECF Nos. 162, 163, 180), filed May 27, May 31, and June 10, 2022. The three movants, purported Navy Class members, seek to voluntarily separate from the Navy for personal reasons. The Court ordered both Plaintiffs and Defendants to respond to movants' claims. ECF No. 164. They did so on June 8, 2022. *See* ECF No. 175, 177.

The Court's order certifying the class and granting class-wide injunctive relief contains the following language:

> Defendant[s] claim that some potential class members may prefer to litigate independently or avoid legal action altogether, "preferring to comply with a lawful order after their administrative claim is decided and maintain their military service without litigation, or . . . choose to leave the service or retire." Defs.' Class Cert. Resp. 22, ECF No. 120. If—and indeed, *if*—such servicemembers exist, they may choose to get vaccinated, withdraw their religious accommodation requests, voluntarily separate, or proceed with retirement plans. The potential class members, then, are those who seek to remain in the Navy and refuse to compromise their religious beliefs (i.e., continue to forgo the vaccine).

Order 15, ECF No. 140.

Plaintiffs argue the order expressly permits movants to voluntarily separate from the Navy. Pls.' Resp. 1, ECF No. 177. In the event the Court resolves the matter without hearing, Plaintiffs

have requested an order "requiring Defendants' compliance with the preliminary injunction by . . . allowing class members to choose to separate from the Navy (whether by "Involuntary Separation," "Voluntary Separation," or requirement per the Navy's terms)" among other unrelated requests. *Id.* at 8. Defendants largely agree—they argue "the Court should find that [the movants] are no longer members of the class so that their administrative separation may proceed." Defs.' Resp. 1, ECF No. 175. Defendants "expect to promulgate new guidance" allowing separation for those who withdraw their religious accommodation requests (and, by definition, are no longer class members). *Id.*

Accordingly, the Court **GRANTS** the Motions (ECF Nos. 162, 163, 180) because the three movants no longer fit within the class definition. Though at least two of the servicemembers are not currently eligible for voluntary separation due to outstanding service obligations, Defs.' Resp. 6, ECF No. 175, they may pursue involuntary administrative separation under honorable conditions. *See* NAVADMIN 256/21, part 2.a. Future servicemembers like movants may pursue separation without permission from the Court, because under the existing class certification language, those who "choose to get vaccinated, withdraw their religious accommodation requests, voluntarily separate, or proceed with retirement plans" are no longer class members. Order 15, ECF No. 140.

Having resolved the Motions, the Court finds that Plaintiffs' request for hearing should be and is hereby **DENIED.**

**SO ORDERED** on this **13th day** of **June, 2022**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

2