**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **NAVY SEALS 1-3,** et al.**,**<br><br>            Plaintiffs,<br><br>   v.<br><br>**LLOYD AUSTIN, III**, in his official capacity as<br>Secretary of Defense, *et al.*,<br><br>            Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' APPENDIX IN SUPPORT OF DEFENDANTS'
FIRST MOTION TO COMPEL**
Table of Appendix

| Bates Stamps | Exhibit | Description |
|---|---|---|
| App.000001–App.000274 | DEX1 | Email from A. Powell to A. Stephens, attaching 35 sets of Interrogatories (June 7, 2022). |
| App.000275–App.000557 | DEX2 | Email from A. Powell to A. Stephens, attaching 35 sets of Requests for Production ("RFPs") (June 10, 2022). |
| App.000558–App.000573 | DEX3 | SEAL1 Responses to Interrogatories (July 7, 2022). |
| App.000574–App.000589 | DEX4 | SEAL2 Responses to Interrogatories (July 7, 2022). |
| App.000590–App.000604 | DEX5 | SEAL3 Responses to Interrogatories (July 7, 2022). |
| App.000605–App.000623 | DEX6 | EOD1 Responses to Interrogatories (July 7, 2022). |
| App.000624–App.000629 | DEX7 | Non-Class Representative Plaintiffs' Responses to Interrogatories (July 7, 2022). |
| App.000630–App.000635 | DEX8 | Non-Class Representative Plaintiffs' Responses to RFPs (July 11, 2022). |
| App.000636–App.000648 | DEX9 | SEAL1 Responses to RFPs (July 11, 2022). |
| App.000649–App.000661 | DEX10 | SEAL2 Responses to RFPs (July 11, 2022). |
| App.000662–App.000674 | DEX11 | SEAL3 Responses to RFPs (July 11, 2022). |
| App.000675–App.000687 | DEX12 | EOD1 Responses to RFPs (July 11, 2022). |
| App.000688–App.000702 | DEX13 | Email Thread July 20-August 16, 2022 re: meet and confer |
| App.000703–App.000709 | DEX14 | SEAL2 Supplemental Responses to Interrogatories (August 12, 2022). |
| App.000710–App.000716 | DEX15 | Plaintiffs' Initial Disclosures (April 29, 2022). |
| App.000717–App.000778 | DEX16 | Excerpts from Redacted Transcript of PI Hearing, pages 1-40, 80-100 (Dec. 20, 2021). |

Dated: August 18, 2022                    Respectfully submitted,


                                                      BRIAN M. BOYNTON
                                                      Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/ s/ Amy E. Powell*
ANDREW E. CARMICHAEL (VA Bar. No. 76578)
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# DEX1

| From: | Powell, Amy (CIV) |
|---|---|
| To: | Andrew Stephens |
| Cc: | Carmichael, Andrew E. (CIV); Heather Hacker; Mike Berry; Danielle Runyan; Justin Butterfield; Holly Randall; Snyder, Cassandra M (CIV); Avallone, Zachary A. (CIV); Yang, Catherine M (CIV) |
| Subject: | RE: [EXTERNAL] RE: Navy SEALs 1-26 v. Biden, 4:21-cv-01236-O - Defs 1st Set of Interrogatories |
| Date: | Tuesday, June 07, 2022 2:25:09 PM |
| Attachments: | Defs" First Set of Interrogatories to Pls Navy Diver 1.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Diver 2.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Diver 3.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Explosive Ordinance Disposal Technician 1.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 1.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 2.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 3.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 4.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 5.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 6.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 7.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 8.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 9.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 10.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 11.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 12.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 13.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 14.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 15.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 16.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 17.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 18.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 19.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 20.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 21.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 22.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 23.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 24.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 25.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Seal 26.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Special Warfare Combatant Craft Crewman 1.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Special Warfare Combatant Craft Crewman 2.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Special Warfare Combatant Craft Crewman 3.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Special Warfare Combatant Craft Crewman 4.pdf |
| | Defs" First Set of Interrogatories to Pls Navy Special Warfare Combatant Craft Crewman 5.pdf |

Please see attached interrogatories, one set as to each Plaintiff.

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. Navy Diver 1**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Diver 1.

**INSTRUCTIONS**

1.        When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.     If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.     If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.     These interrogatories are to be deemed continuing to the full extent allowed by law.

5.     Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.     Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

3

6. "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7. "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Diver 1.

8. "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9. "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10. "**Each**" means each and every.

11. "**Date**" means day, month, and year.

12. "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13. "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14. "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000008

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                            Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney General

                                               ALEXANDER K. HAAS
                                               Director, Federal Programs Branch

                                               ANTHONY J. COPPOLINO
                                               Deputy Director

                                               */s/Amy E. Powell*
                                               ANDREW E. CARMICHAEL
                                               AMY E. POWELL
                                               Senior Trial Counsel

Defs.' Mot. to Compel App.000009

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY DIVER 2**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Diver 2.

**INSTRUCTIONS**

1.        When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

**DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

3

6.  "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.  "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Diver 2.

8.  "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.  "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10. "**Each**" means each and every.

11. "**Date**" means day, month, and year.

12. "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13. "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14. "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000016

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                          Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director, Federal Programs Branch

                                             ANTHONY J. COPPOLINO
                                             Deputy Director

                                             */s/Amy E. Powell*
                                             ANDREW E. CARMICHAEL
                                             AMY E. POWELL
                                             Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY DIVER 3**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Diver 3.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000021

6.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Diver 3.

8.        "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.        "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.        "**Each**" means each and every.

11.        "**Date**" means day, month, and year.

12.        "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.        "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.        "**Healthcare Provider**" means any entity or person that provided services for

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000024

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                           Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                           Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 1**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 1.

**INSTRUCTIONS**

1.     When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

   a.  type of document;

   b.  general subject matter;

   c.  date of the document; and

   d.  author(s), addressee(s), and recipient(s).

3

6.     "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.     "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 1.

8.     "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.     "**Each**" means each and every.

11.     "**Date**" means day, month, and year.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000031

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000032

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                    Respectfully submitted,

                                                       BRIAN M. BOYNTON
                                                       Principal Deputy Assistant Attorney General

                                                       ALEXANDER K. HAAS
                                                       Director, Federal Programs Branch

                                                       ANTHONY J. COPPOLINO
                                                       Deputy Director

                                                       */s/Amy E. Powell*
                                                       ANDREW E. CARMICHAEL
                                                       AMY E. POWELL
                                                       Senior Trial Counsel

Defs.' Mot. to Compel App.000033

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                     Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                     Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF U.S. NAVY SEAL 2

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 2.

## INSTRUCTIONS

1.     When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 2.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.     "**Each**" means each and every.

11.     "**Date**" means day, month, and year.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     **"Healthcare Provider"** means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000040

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.


Dated: June 7, 2022                              Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 ALEXANDER K. HAAS
                                                 Director, Federal Programs Branch

                                                 ANTHONY J. COPPOLINO
                                                 Deputy Director

                                                 */s/Amy E. Powell*
                                                 ANDREW E. CARMICHAEL
                                                 AMY E. POWELL
                                                 Senior Trial Counsel

Defs.' Mot. to Compel App.000041

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,**<br><br>    Plaintiffs,<br><br>  v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>    Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 3**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 3.

**INSTRUCTIONS**

1.    When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.     "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.     "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.     "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.     "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.     "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a. type of document;

        b. general subject matter;

        c. date of the document; and

        d. author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 3.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combat-ant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Spe-cial Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      **"Healthcare Provider"** means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these

interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-

terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to

subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily

life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or

vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-

scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-

taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-

empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000047

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000048

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                           Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Principal Deputy Assistant Attorney General

                                              ALEXANDER K. HAAS
                                              Director, Federal Programs Branch

                                              ANTHONY J. COPPOLINO
                                              Deputy Director

                                              */s/Amy E. Powell*
                                              ANDREW E. CARMICHAEL
                                              AMY E. POWELL
                                              Senior Trial Counsel

Defs.' Mot. to Compel App.000049

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SEAL 4**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 4.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

3

6. "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7. "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 4.

8. "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9. "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10. "**Each**" means each and every.

11. "**Date**" means day, month, and year.

12. "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13. "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14. **"Healthcare Provider"** means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be ex-empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000056

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 5**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 5.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

3

6.    "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.    "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 5.

8.    "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.    "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.    "**Each**" means each and every.

11.    "**Date**" means day, month, and year.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

**<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000064

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                          Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director, Federal Programs Branch

                                             ANTHONY J. COPPOLINO
                                             Deputy Director

                                             */s/Amy E. Powell*
                                             ANDREW E. CARMICHAEL
                                             AMY E. POWELL
                                             Senior Trial Counsel

Defs.' Mot. to Compel App.000065

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,** | |
| Plaintiffs, | Case No. 4:21-cv-01236-O |
| v. | |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, | |
| Defendants. | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF U.S. NAVY SEAL 6

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 6.

## INSTRUCTIONS

1.     When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1. "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2. "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3. "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4. "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5. "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

       a. type of document;

       b. general subject matter;

       c. date of the document; and

       d. author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 6.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.     "**Each**" means each and every.

11.     "**Date**" means day, month, and year.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

6

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                           Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Principal Deputy Assistant Attorney General

                                              ALEXANDER K. HAAS
                                              Director, Federal Programs Branch

                                              ANTHONY J. COPPOLINO
                                              Deputy Director

                                              */s/Amy E. Powell*
                                              ANDREW E. CARMICHAEL
                                              AMY E. POWELL
                                              Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| |
|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　Defendants. |

Case No. 4:21-cv-01236-O

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF U.S. NAVY SEAL 7

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 7.

### INSTRUCTIONS

1.　　When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

Defs.' Mot. to Compel App.000076

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000077

6.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 7.

8.        "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.        "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.       "**Each**" means each and every.

11.       "**Date**" means day, month, and year.

12.       "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.       "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.       **"Healthcare Provider"** means any entity or person that provided services for

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 8

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 8.

## INSTRUCTIONS

1.　　When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

       a.  type of document;

       b.  general subject matter;

       c.  date of the document; and

       d.  author(s), addressee(s), and recipient(s).

3

6.     "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.     "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 8.

8.     "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.    "**Each**" means each and every.

11.    "**Date**" means day, month, and year.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    **"Healthcare Provider"** means any entity or person that provided services for

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                Respectfully submitted,

                                                   BRIAN M. BOYNTON
                                                   Principal Deputy Assistant Attorney General

                                                   ALEXANDER K. HAAS
                                                   Director, Federal Programs Branch

                                                   ANTHONY J. COPPOLINO
                                                   Deputy Director

                                                   */s/Amy E. Powell*
                                                   ANDREW E. CARMICHAEL
                                                   AMY E. POWELL
                                                   Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 9

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 9.

## INSTRUCTIONS

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 9.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these

interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-

terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to

subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily

life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or

vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-

scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-

taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-

empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000095

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

6

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                               Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  ALEXANDER K. HAAS
                                                  Director, Federal Programs Branch

                                                  ANTHONY J. COPPOLINO
                                                  Deputy Director

                                                  */s/Amy E. Powell*
                                                  ANDREW E. CARMICHAEL
                                                  AMY E. POWELL
                                                  Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*


8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| |
|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, |
| Plaintiffs, |
| v. |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, |
| Defendants. |

Case No. 4:21-cv-01236-O

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SEAL 10**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 10.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

### DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a. type of document;

        b. general subject matter;

        c. date of the document; and

        d. author(s), addressee(s), and recipient(s).

3

6.    "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.    "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 10.

8.    "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.    "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.    "**Each**" means each and every.

11.    "**Date**" means day, month, and year.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider"** means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

6

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                          Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director, Federal Programs Branch

                                             ANTHONY J. COPPOLINO
                                             Deputy Director

                                             */s/Amy E. Powell*
                                             ANDREW E. CARMICHAEL
                                             AMY E. POWELL
                                             Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SEAL 11**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 11.

**INSTRUCTIONS**

1.　　　When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a. type of document;

        b. general subject matter;

        c. date of the document; and

        d. author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 11.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.     "**Each**" means each and every.

11.     "**Date**" means day, month, and year.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these

interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-

terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to

subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily

life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or

vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-

scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-

taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-

empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000111

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000112

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, |  |
| Plaintiffs, | Case No. 4:21-cv-01236-O |
| v. | |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, | |
| Defendants. | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 12**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 12.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

Defs.' Mot. to Compel App.000116

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

       a.  type of document;

       b.  general subject matter;

       c.  date of the document; and

       d.  author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 12.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.     "**Each**" means each and every.

11.     "**Date**" means day, month, and year.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider"** means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000120

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                          Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director, Federal Programs Branch

                                             ANTHONY J. COPPOLINO
                                             Deputy Director

                                             */s/Amy E. Powell*
                                             ANDREW E. CARMICHAEL
                                             AMY E. POWELL
                                             Senior Trial Counsel

Defs.' Mot. to Compel App.000121

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 13

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 13.

## INSTRUCTIONS

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000125

6.　　　"**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.　　　"**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 13.

8.　　　"**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combat-ant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Spe-cial Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.　　　"**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.　　　"**Each**" means each and every.

11.　　　"**Date**" means day, month, and year.

12.　　　"**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.　　　"**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.　　　"**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these

interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-

terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to

subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily

life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or

vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-

scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-

taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-

empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000128

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.


Dated: June 7, 2022                                Respectfully submitted,

                                                   BRIAN M. BOYNTON
                                                   Principal Deputy Assistant Attorney General

                                                   ALEXANDER K. HAAS
                                                   Director, Federal Programs Branch

                                                   ANTHONY J. COPPOLINO
                                                   Deputy Director

                                                   */s/Amy E. Powell*
                                                   ANDREW E. CARMICHAEL
                                                   AMY E. POWELL
                                                   Senior Trial Counsel

Defs.' Mot. to Compel App.000129

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>        Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 14

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 14.

## INSTRUCTIONS

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000133

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 14.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                   Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 15

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 15.

## INSTRUCTIONS

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000141

6.  "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.  "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 15.

8.  "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.  "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.  "**Each**" means each and every.

11.  "**Date**" means day, month, and year.

12.  "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.  "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.  "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

6

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Principal Deputy Assistant Attorney General

                                       ALEXANDER K. HAAS
                                       Director, Federal Programs Branch

                                       ANTHONY J. COPPOLINO
                                       Deputy Director

                                       */s/Amy E. Powell*
                                       ANDREW E. CARMICHAEL
                                       AMY E. POWELL
                                       Senior Trial Counsel

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 16**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 16.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.    "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.    "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

3

6.         "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.         "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 16.

8.         "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.         "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.        "**Each**" means each and every.

11.        "**Date**" means day, month, and year.

12.        "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.        "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.        "**Healthcare Provider"** means any entity or person that provided services for

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be ex-empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's re-quirement for you to receive the COVID-19 vaccination substantially burdens your religious be-liefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious be-liefs, including identification of all sources consulted (including written, recorded, or digital ma-terial, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000152

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 17

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 17.

## **INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 17.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

6

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.


Dated: June 7, 2022                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Principal Deputy Assistant Attorney General

                                       ALEXANDER K. HAAS
                                       Director, Federal Programs Branch

                                       ANTHONY J. COPPOLINO
                                       Deputy Director

                                       */s/Amy E. Powell*
                                       ANDREW E. CARMICHAEL
                                       AMY E. POWELL
                                       Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>        Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 18**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 18.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 18.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000167

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000168

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                    Respectfully submitted,

                                                       BRIAN M. BOYNTON
                                                       Principal Deputy Assistant Attorney General

                                                       ALEXANDER K. HAAS
                                                       Director, Federal Programs Branch

                                                       ANTHONY J. COPPOLINO
                                                       Deputy Director

                                                       /s/Amy E. Powell
                                                       ANDREW E. CARMICHAEL
                                                       AMY E. POWELL
                                                       Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 19

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 19.

### INSTRUCTIONS

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.  "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.  "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.  "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.  "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.  "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000173

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 19.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.     "**Each**" means each and every.

11.     "**Date**" means day, month, and year.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 20**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 20.

**INSTRUCTIONS**

1.     When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.    "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.    "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

       a. type of document;

       b. general subject matter;

       c. date of the document; and

       d. author(s), addressee(s), and recipient(s).

3

6.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 20.

8.        "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.        "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.       "**Each**" means each and every.

11.       "**Date**" means day, month, and year.

12.       "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.       "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.       "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

6

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Principal Deputy Assistant Attorney General

                                       ALEXANDER K. HAAS
                                       Director, Federal Programs Branch

                                       ANTHONY J. COPPOLINO
                                       Deputy Director

                                       */s/Amy E. Powell*
                                       ANDREW E. CARMICHAEL
                                       AMY E. POWELL
                                       Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 21**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 21.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.     "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.     "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.     "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.     "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.     "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

3

6.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 21.

8.        "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.        "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.        "**Each**" means each and every.

11.        "**Date**" means day, month, and year.

12.        "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.        "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.        **"Healthcare Provider"** means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000192

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                        Respectfully submitted,

                                                                    BRIAN M. BOYNTON
                                                                    Principal Deputy Assistant Attorney General

                                                                    ALEXANDER K. HAAS
                                                                    Director, Federal Programs Branch

                                                                    ANTHONY J. COPPOLINO
                                                                    Deputy Director

                                                                    */s/Amy E. Powell*
                                                                    ANDREW E. CARMICHAEL
                                                                    AMY E. POWELL
                                                                    Senior Trial Counsel

Defs.' Mot. to Compel App.000193

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*


8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SEAL 22**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 22.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

Defs.' Mot. to Compel App.000196

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.    "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.    "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000197

6.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 22.

8.        "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.        "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.        "**Each**" means each and every.

11.        "**Date**" means day, month, and year.

12.        "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.        "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.        "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000200

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.


Dated: June 7, 2022                                   Respectfully submitted,

                                                      BRIAN M. BOYNTON
                                                      Principal Deputy Assistant Attorney General

                                                      ALEXANDER K. HAAS
                                                      Director, Federal Programs Branch

                                                      ANTHONY J. COPPOLINO
                                                      Deputy Director

                                                      /s/Amy E. Powell
                                                      ANDREW E. CARMICHAEL
                                                      AMY E. POWELL
                                                      Senior Trial Counsel

Defs.' Mot. to Compel App.000201

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SEAL 23**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 23.

**INSTRUCTIONS**

1.　　　　When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

Defs.' Mot. to Compel App.000204

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000205

6.　　　"**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.　　　"**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 23.

8.　　　"**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.　　　"**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.　　　"**Each**" means each and every.

11.　　　"**Date**" means day, month, and year.

12.　　　"**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.　　　"**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.　　　"**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## **<u>INTERROGATORIES</u>**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these

interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-

terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to

subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily

life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or

vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-

scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-

taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-

empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000208

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                Plaintiffs,<br><br>   v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF U.S. NAVY SEAL 24

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 24.

## INSTRUCTIONS

1. When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.       "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.       "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.       "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.       "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

     a.  type of document;

     b.  general subject matter;

     c.  date of the document; and

     d.  author(s), addressee(s), and recipient(s).

3

6.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 24.

8.        "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.        "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.        "**Each**" means each and every.

11.        "**Date**" means day, month, and year.

12.        "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.        "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.        **"Healthcare Provider"** means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these

interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-

terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to

subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily

life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or

vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-

scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-

taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-

empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000216

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

<table>
<tr>
<td>

**U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,

Plaintiffs,

v.

**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,

Defendants.

</td>
<td>

Case No. 4:21-cv-01236-O

</td>
</tr>
</table>

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SEAL 25**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 25.

**INSTRUCTIONS**

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.    "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.    "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

       a.  type of document;

       b.  general subject matter;

       c.  date of the document; and

       d.  author(s), addressee(s), and recipient(s).

3

6.　　　"**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.　　　"**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 25.

8.　　　"**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.　　　"**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.　　"**Each**" means each and every.

11.　　"**Date**" means day, month, and year.

12.　　"**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.　　"**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.　　"**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000223

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                    Respectfully submitted,

                                                       BRIAN M. BOYNTON
                                                       Principal Deputy Assistant Attorney General

                                                       ALEXANDER K. HAAS
                                                       Director, Federal Programs Branch

                                                       ANTHONY J. COPPOLINO
                                                       Deputy Director

                                                       */s/Amy E. Powell*
                                                       ANDREW E. CARMICHAEL
                                                       AMY E. POWELL
                                                       Senior Trial Counsel

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF U.S. NAVY SEAL 26

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy SEAL 26.

## INSTRUCTIONS

1.　　　When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

### DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a. type of document;

    b. general subject matter;

    c. date of the document; and

    d. author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000229

6.　　　"**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.　　　"**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 26.

8.　　　"**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.　　　"**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.　　　"**Each**" means each and every.

11.　　　"**Date**" means day, month, and year.

12.　　　"**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.　　　"**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.　　　"**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.   The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

6

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                              Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 ALEXANDER K. HAAS
                                                 Director, Federal Programs Branch

                                                 ANTHONY J. COPPOLINO
                                                 Deputy Director

                                                 */s/Amy E. Powell*
                                                 ANDREW E. CARMICHAEL
                                                 AMY E. POWELL
                                                 Senior Trial Counsel

Defs.' Mot. to Compel App.000233

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.


*/s/ Amy E. Powell*


8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>                      Plaintiffs, <br><br>    v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>                      Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Special Warfare Combatant Craft Crewman 1.

**INSTRUCTIONS**

1.        When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 1.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000240

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                              Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 ALEXANDER K. HAAS
                                                 Director, Federal Programs Branch

                                                 ANTHONY J. COPPOLINO
                                                 Deputy Director

                                                 */s/Amy E. Powell*
                                                 ANDREW E. CARMICHAEL
                                                 AMY E. POWELL
                                                 Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 2**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Special Warfare Combatant Craft Crewman 2.

## INSTRUCTIONS

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.       "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.       "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.       "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.       "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

3

6.       "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.       "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 2.

8.       "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.       "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000247

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be ex-empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's re-quirement for you to receive the COVID-19 vaccination substantially burdens your religious be-liefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious be-liefs, including identification of all sources consulted (including written, recorded, or digital ma-terial, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                                    Respectfully submitted,

                                                       BRIAN M. BOYNTON
                                                       Principal Deputy Assistant Attorney General

                                                       ALEXANDER K. HAAS
                                                       Director, Federal Programs Branch

                                                       ANTHONY J. COPPOLINO
                                                       Deputy Director

                                                       */s/Amy E. Powell*
                                                       ANDREW E. CARMICHAEL
                                                       AMY E. POWELL
                                                       Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>          Plaintiffs, <br><br>     v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>          Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
TO PLAINTIFF U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 3**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Special Warfare Combatant Craft Crewman 3.

## INSTRUCTIONS

1.       When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

Defs.' Mot. to Compel App.000253

6.  "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.  "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 3.

8.  "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.  "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.  "**Each**" means each and every.

11.  "**Date**" means day, month, and year.

12.  "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.  "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.  "**Healthcare Provider**" means any entity or person that provided services for

Defs.' Mot. to Compel App.000254

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

Defs.' Mot. to Compel App.000255

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                          Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director, Federal Programs Branch

                                             ANTHONY J. COPPOLINO
                                             Deputy Director

                                             */s/Amy E. Powell*
                                             ANDREW E. CARMICHAEL
                                             AMY E. POWELL
                                             Senior Trial Counsel

Defs.' Mot. to Compel App.000257

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>        Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 4**

      Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Special Warfare Combatant Craft Crewman 4.

**<u>INSTRUCTIONS</u>**

      1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these interrogatories, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

  a.   type of document;

  b.   general subject matter;

  c.   date of the document; and

  d.   author(s), addressee(s), and recipient(s).

3

6.          "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.          "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 4.

8.          "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.          "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.        "**Each**" means each and every.

11.        "**Date**" means day, month, and year.

12.        "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.        "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.        "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000264

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 5**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiff Navy Special Warfare Combatant Craft Crewman 5.

## INSTRUCTIONS

1.      When asked to answer an interrogatory, the request is for information within your actual or constructive control.  Your answers must therefore include not only information availa-ble to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or super-vision, or acting on your behalf.

1

2.      If you cannot fully and completely answer an interrogatory, please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent allowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), you must sign a declaration affirming the accuracy of your answers to the interrogatories.

6.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

2

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1. "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2. "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3. "**Unit**" means the military command you were assigned to on the date you submitted your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

4. "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

5. "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

3

6.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

7.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 5.

8.      "**Plaintiff**s" (without specific designation) shall mean U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16, U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for

4

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these

interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these in-

terrogatories.

**INTERROGATORY NO. 3:**

Please describe in detail the nature of your religious beliefs, how and when you began to

subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily

life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or

vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, pre-

scription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—con-

taining, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**INTERROGATORY NO. 4:**

Please identify each individual who has assisted you in preparing your request to be ex-

empted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious

5

beliefs.

**INTERROGATORY NO. 5:**

Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**INTERROGATORY NO. 6:**

Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**INTERROGATORY NO. 7:**

Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**INTERROGATORY NO. 8:**

Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**INTERROGATORY NO. 9:**

Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**INTERROGATORY NO. 10:**

Please describe in detail each and every adverse consequence you claim to have suffered

Defs.' Mot. to Compel App.000272

as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation.  With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**INTERROGATORY NO. 11:**

Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 12:**

Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**INTERROGATORY NO. 13:**

Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

Dated: June 7, 2022                        Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Principal Deputy Assistant Attorney General

                                          ALEXANDER K. HAAS
                                          Director, Federal Programs Branch

                                          ANTHONY J. COPPOLINO
                                          Deputy Director

                                          */s/Amy E. Powell*
                                          ANDREW E. CARMICHAEL
                                          AMY E. POWELL
                                          Senior Trial Counsel

7

ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3346
Fax: (202) 616-8470
Email: Andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 7, 2022.

*/s/ Amy E. Powell*

8

# DEX2

| From: | Powell, Amy (CIV) |
|---|---|
| To: | Andrew Stephens |
| Cc: | Carmichael, Andrew E. (CIV); Heather Hacker; Mike Berry; Danielle Runyan; Justin Butterfield; Holly Randall; Snyder, Cassandra M (CIV); Avallone, Zachary A. (CIV); Yang, Catherine M (CIV) |
| Subject: | RE: [EXTERNAL] RE: Navy SEALs 1-26 v. Biden, 4:21-cv-01236-O - Defs 1st Set of RFPs |
| Date: | Friday, June 10, 2022 4:14:42 PM |
| Attachments: | Defs" First Set of RFPs to Pls Navy Diver 1.pdf |
| | Defs" First Set of RFPs to Pls Navy Diver 2.pdf |
| | Defs" First Set of RFPs to Pls Navy Diver 3.pdf |
| | Defs" First Set of RFPs to Pls Navy Explosive Ordinance Disposal Technician 1.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 1.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 2.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 3.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 4.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 5.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 6.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 7.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 8.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 9.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 10.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 11.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 12.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 13.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 14.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 15.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 16.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 17.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 18.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 19.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 20.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 21.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 22.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 23.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 24.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 25.pdf |
| | Defs" First Set of RFPs to Pls NAVY SEAL 26.pdf |
| | Defs" First Set of RFPs to Pls Navy Special Warfare Combatant Craft Crewman 1.pdf |
| | Defs" First Set of RFPs to Pls Navy Special Warfare Combatant Craft Crewman 2.pdf |
| | Defs" First Set of RFPs to Pls Navy Special Warfare Combatant Craft Crewman 3.pdf |
| | Defs" First Set of RFPs to Pls Navy Special Warfare Combatant Craft Crewman 4.pdf |
| | Defs" First Set of RFPs to Pls Navy Special Warfare Combatant Craft Crewman 5.pdf |

Please see attached requests for production, one set as to each Plaintiff.

Regards,


Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov



**From:** Powell, Amy (CIV)
**Sent:** Tuesday, June 07, 2022 2:25 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>
**Cc:** Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Heather Hacker
<heather@hackerstephens.com>; Mike Berry <mberry@firstliberty.org>; Danielle Runyan

<drunyan@firstliberty.org>; Justin Butterfield <jbutterfield@firstliberty.org>; Holly Randall
<hrandall@firstliberty.org>; Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Avallone,
Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: Navy SEALs 1-26 v. Biden, 4:21-cv-01236-O - Defs 1st Set of
Interrogatories

Please see attached interrogatories, one set as to each Plaintiff.

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

<table>
<tr><td>

**U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,

Plaintiffs,

v.

**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,

Defendants.

</td><td>

Case No. 4:21-cv-01236-O

</td></tr>
</table>

### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY DIVER 1

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Diver 1.

### INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.     "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.     "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.     "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.     "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Diver 1.

7.     "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000282

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000283

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD compo-

nent, you may produce a fully executed DD Form 2870 authorizing release of the requested rec-

ords to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                          Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Principal Deputy Assistant Attorney General

                                              ALEXANDER K. HAAS
                                              Director, Federal Programs Branch

                                              ANTHONY J. COPPOLINO
                                              Deputy Director

                                              */s/Amy E. Powell*
                                              ANDREW E. CARMICHAEL
                                              AMY E. POWELL
                                              Senior Trial Counsel
                                              ZACHARY A. AVALLONE
                                              COURTNEY D. ENLOW
                                              CATHERINE M. YANG
                                              Trial Attorneys
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, N.W.
                                              Washington, DC 20005
                                              Tel: (919) 856-4013
                                              Fax: (202) 616-8470
                                              Email: amy.powell@usdoj.gov

                                              *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY DIVER 2**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Diver 2.

**INSTRUCTIONS**

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

Defs.' Mot. to Compel App.000287

corporation, unincorporated association, partnership, sole proprietorship, business, or other or-
ganization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give,
to the extent known, the person's name, present or last known address and telephone number,
and the present or last known place of employment.  Once a person has been identified in accord-
ance with this subparagraph, only the name of that person need be listed in response to subse-
quent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to
the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to
Navy Seal 1 in this action, including those served concurrently with this set of requests for pro-
duction.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of
these interrogatories shall mean Plaintiff Navy Diver 2.

7.      "**Plaintiffs**'" (without specific designation) shall mean the plaintiffs currently pro-
ceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S.
Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL
7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S.
Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy
SEAL 16,

Defs.' Mot. to Compel App.000288

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000290

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022                              Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  ALEXANDER K. HAAS
                                                  Director, Federal Programs Branch

                                                  ANTHONY J. COPPOLINO
                                                  Deputy Director

                                                  */s/Amy E. Powell*
                                                  ANDREW E. CARMICHAEL
                                                  AMY E. POWELL
                                                  Senior Trial Counsel
                                                  ZACHARY A. AVALLONE
                                                  COURTNEY D. ENLOW
                                                  CATHERINE M. YANG
                                                  Trial Attorneys
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, N.W.
                                                  Washington, DC 20005
                                                  Tel: (919) 856-4013
                                                  Fax: (202) 616-8470
                                                  Email: amy.powell@usdoj.gov

                                                  *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>    Defendants. | Case No. 4:21-cv-01236-O |

### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY DIVER 3

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Diver 3.

### INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Diver 3.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.    "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.    "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000298

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>     Plaintiffs,<br><br> v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>     Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY EXPLOSIVE ORDINANCE DISPOSAL TECHNICIAN 1**

  Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Explosive Ordinance Disposal Technician 1.

**INSTRUCTIONS**

  1.  When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Explosive Ordinance Disposal Technician 1.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000306

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000307

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD compo-

nent, you may produce a fully executed DD Form 2870 authorizing release of the requested rec-

ords to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                        Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Director, Federal Programs Branch

                                            ANTHONY J. COPPOLINO
                                            Deputy Director

                                            */s/Amy E. Powell*
                                            ANDREW E. CARMICHAEL
                                            AMY E. POWELL
                                            Senior Trial Counsel
                                            ZACHARY A. AVALLONE
                                            COURTNEY D. ENLOW
                                            CATHERINE M. YANG
                                            Trial Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, N.W.
                                            Washington, DC 20005
                                            Tel: (919) 856-4013
                                            Fax: (202) 616-8470
                                            Email: amy.powell@usdoj.gov

                                            *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>           Plaintiffs, <br><br>    v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>           Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 1

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 1.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.        "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.        "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

5.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 1.

7.        "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                                     Respectfully submitted,

                                                         BRIAN M. BOYNTON
                                                         Principal Deputy Assistant Attorney General

                                                         ALEXANDER K. HAAS
                                                         Director, Federal Programs Branch

                                                         ANTHONY J. COPPOLINO
                                                         Deputy Director

                                                         */s/Amy E. Powell*
                                                         ANDREW E. CARMICHAEL
                                                         AMY E. POWELL
                                                         Senior Trial Counsel
                                                         ZACHARY A. AVALLONE
                                                         COURTNEY D. ENLOW
                                                         CATHERINE M. YANG
                                                         Trial Attorneys
                                                         United States Department of Justice
                                                         Civil Division, Federal Programs Branch
                                                         1100 L Street, N.W.
                                                         Washington, DC 20005
                                                         Tel: (919) 856-4013
                                                         Fax: (202) 616-8470
                                                         Email: amy.powell@usdoj.gov

                                                         *Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>          Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>          Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 2

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 2.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

     a.   type of document;

     b.   general subject matter;

     c.   date of the document; and

     d.   author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 2.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy

SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25,

U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special

Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2,

U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant

Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1,

U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attor-

neys, agents, representatives, employees, or to anyone subject to your control or supervision, or

acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-

1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at

Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice

versa. Verbs shall be construed as though they were in the past tense, the present and the future

Defs.' Mot. to Compel App.000321

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000323

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>                    Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

## <u>DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 3</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 3.

## <u>INSTRUCTIONS</u>

1.        When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

    3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

    4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

    5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

    6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 3.

    7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

Defs.' Mot. to Compel App.000329

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000330

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000331

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>        Plaintiffs, <br><br>v. <br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>        Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 4**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 4.

**INSTRUCTIONS**

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 4.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

Defs.' Mot. to Compel App.000336

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000338

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,** | |
| Plaintiffs, | Case No. 4:21-cv-01236-O |
| v. | |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, | |
| Defendants. | |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 5

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 5.

### INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.     If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.     These document production requests are to be deemed continuing to the full extent allowed by law.

4.     Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.     Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

### DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.     "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.    "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.    "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 5.

7.    "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy
SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25,
U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special
Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2,
U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant
Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1,
U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attor-
neys, agents, representatives, employees, or to anyone subject to your control or supervision, or
acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-
1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at
Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for
medical, psychological, physical, or emotion ailments or limitations, including without limitation
any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,
psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice
versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| |
|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, |

                         Plaintiffs,

    v.

**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,

                         Defendants.

Case No. 4:21-cv-01236-O

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 6

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 6.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 6.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD compo-

nent, you may produce a fully executed DD Form 2870 authorizing release of the requested rec-

ords to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022                              Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 ALEXANDER K. HAAS
                                                 Director, Federal Programs Branch

                                                 ANTHONY J. COPPOLINO
                                                 Deputy Director

                                                 */s/Amy E. Powell*
                                                 ANDREW E. CARMICHAEL
                                                 AMY E. POWELL
                                                 Senior Trial Counsel
                                                 ZACHARY A. AVALLONE
                                                 COURTNEY D. ENLOW
                                                 CATHERINE M. YANG
                                                 Trial Attorneys
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street, N.W.
                                                 Washington, DC 20005
                                                 Tel: (919) 856-4013
                                                 Fax: (202) 616-8470
                                                 Email: amy.powell@usdoj.gov

                                                 *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 7

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 7.

### INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

      a.   type of document;

      b.   general subject matter;

      c.   date of the document; and

      d.   author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 7.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000362

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000363

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 8

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 8.

## INSTRUCTIONS

1.　　When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other or-

ganization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give,

to the extent known, the person's name, present or last known address and telephone number,

and the present or last known place of employment.  Once a person has been identified in accord-

ance with this subparagraph, only the name of that person need be listed in response to subse-

quent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to

the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to

Navy Seal 1 in this action, including those served concurrently with this set of requests for pro-

duction.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of

these interrogatories shall mean Plaintiff Navy SEAL 8.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently pro-

ceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S.

Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7,

U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy

SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

Defs.' Mot. to Compel App.000368

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

Defs.' Mot. to Compel App.000369

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000370

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000371

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                        Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Director, Federal Programs Branch

                                            ANTHONY J. COPPOLINO
                                            Deputy Director

                                            */s/Amy E. Powell*
                                            ANDREW E. CARMICHAEL
                                            AMY E. POWELL
                                            Senior Trial Counsel
                                            ZACHARY A. AVALLONE
                                            COURTNEY D. ENLOW
                                            CATHERINE M. YANG
                                            Trial Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, N.W.
                                            Washington, DC 20005
                                            Tel: (919) 856-4013
                                            Fax: (202) 616-8470
                                            Email: amy.powell@usdoj.gov

                                            *Counsel for Defendants*

Defs.' Mot. to Compel App.000372

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                  Plaintiffs,<br><br>   v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                  Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 9

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 9.

## INSTRUCTIONS

1.     When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 9.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8. "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9. "**Each**" means each and every.

10. "**Date**" means day, month, and year.

11. "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12. "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13. "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14. **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15. The singular form of any word shall also be construed as the plural, and vice versa. Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000378

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                                    Respectfully submitted,

                                                        BRIAN M. BOYNTON
                                                        Principal Deputy Assistant Attorney General

                                                        ALEXANDER K. HAAS
                                                        Director, Federal Programs Branch

                                                        ANTHONY J. COPPOLINO
                                                        Deputy Director

                                                        */s/Amy E. Powell*
                                                        ANDREW E. CARMICHAEL
                                                        AMY E. POWELL
                                                        Senior Trial Counsel
                                                        ZACHARY A. AVALLONE
                                                        COURTNEY D. ENLOW
                                                        CATHERINE M. YANG
                                                        Trial Attorneys
                                                        United States Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        1100 L Street, N.W.
                                                        Washington, DC 20005
                                                        Tel: (919) 856-4013
                                                        Fax: (202) 616-8470
                                                        Email: amy.powell@usdoj.gov

                                                        *Counsel for Defendants*

Defs.' Mot. to Compel App.000380

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 10

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 10.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

a.  type of document;

b.  general subject matter;

c.  date of the document; and

d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 10.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

Defs.' Mot. to Compel App.000384

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8. "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9. "**Each**" means each and every.

10. "**Date**" means day, month, and year.

11. "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12. "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13. "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14. **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15. The singular form of any word shall also be construed as the plural, and vice versa. Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000387

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>                  Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>                  Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF U.S. NAVY SEAL 11**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 11.

**INSTRUCTIONS**

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 11.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000394

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000395

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>                 Plaintiffs, <br><br>     v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>                 Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 12

      Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 12.

## INSTRUCTIONS

      1.      When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.     "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.     "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

5.     "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.     "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 12.

7.     "**Plaintiffs**'" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.　　"**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.　　"**Each**" means each and every.

10.　　"**Date**" means day, month, and year.

11.　　"**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.　　"**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.　　"**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.　　**"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.　　The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000402

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

Defs.' Mot. to Compel App.000404

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>                    Plaintiffs,<br><br>    v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 13**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 13.

**INSTRUCTIONS**

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.       "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.       "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

5.       "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.       "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 13.

7.       "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.      "**Date**" means day, month, and year.

11.      "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.      The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000410

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*


8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF U.S. NAVY SEAL 14**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 14.

**INSTRUCTIONS**

1.　　　　When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.       If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.       These document production requests are to be deemed continuing to the full extent allowed by law.

4.       Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.       Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these requests for production, the following definitions apply:

1.        "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.       "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 14.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000418

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

<table>
<tr>
<td>

**U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,**

Plaintiffs,

v.

**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,

Defendants.

</td>
<td>

Case No. 4:21-cv-01236-O

</td>
</tr>
</table>

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 15

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 15.

## INSTRUCTIONS

1.       When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

Defs.' Mot. to Compel App.000423

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.    "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.    "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 15.

7.    "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.    "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.    "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

Defs.' Mot. to Compel App.000425

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000426

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 16

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 16.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## <u>DEFINITIONS</u>

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 16.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000434

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

Defs.' Mot. to Compel App.000436

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 17

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 17.

### INSTRUCTIONS

1.　　　　When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 17.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.      "**Date**" means day, month, and year.

11.      "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.      The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000443

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>    Plaintiffs,<br><br>  v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>    Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 18

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 18.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.       "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.       "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.       "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.       "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 18.

7.       "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy

SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25,

U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special

Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2,

U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant

Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1,

U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.      "**Date**" means day, month, and year.

11.      "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.      The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000450

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000451

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                                   Respectfully submitted,

                                                      BRIAN M. BOYNTON
                                                      Principal Deputy Assistant Attorney General

                                                      ALEXANDER K. HAAS
                                                      Director, Federal Programs Branch

                                                      ANTHONY J. COPPOLINO
                                                      Deputy Director

                                                      */s/Amy E. Powell*
                                                      ANDREW E. CARMICHAEL
                                                      AMY E. POWELL
                                                      Senior Trial Counsel
                                                      ZACHARY A. AVALLONE
                                                      COURTNEY D. ENLOW
                                                      CATHERINE M. YANG
                                                      Trial Attorneys
                                                      United States Department of Justice
                                                      Civil Division, Federal Programs Branch
                                                      1100 L Street, N.W.
                                                      Washington, DC 20005
                                                      Tel: (919) 856-4013
                                                      Fax: (202) 616-8470
                                                      Email: amy.powell@usdoj.gov

                                                      *Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*


8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
**PLAINTIFF U.S. NAVY SEAL 19**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 19.

**INSTRUCTIONS**

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.     If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.     These document production requests are to be deemed continuing to the full extent allowed by law.

4.     Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.     Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.     "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

Defs.' Mot. to Compel App.000455

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

a.   type of document;

b.   general subject matter;

c.   date of the document; and

d.   author(s), addressee(s), and recipient(s).

5.    "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.    "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 19.

7.    "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000458

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022                         Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Director, Federal Programs Branch

                                             ANTHONY J. COPPOLINO
                                             Deputy Director

                                             */s/Amy E. Powell*
                                             ANDREW E. CARMICHAEL
                                             AMY E. POWELL
                                             Senior Trial Counsel
                                             ZACHARY A. AVALLONE
                                             COURTNEY D. ENLOW
                                             CATHERINE M. YANG
                                             Trial Attorneys
                                             United States Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street, N.W.
                                             Washington, DC 20005
                                             Tel: (919) 856-4013
                                             Fax: (202) 616-8470
                                             Email: amy.powell@usdoj.gov

                                             *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*


8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                         Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                         Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 20

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 20.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.   type of document;

        b.   general subject matter;

        c.   date of the document; and

        d.   author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 20.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8. "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9. "**Each**" means each and every.

10. "**Date**" means day, month, and year.

11. "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12. "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13. "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14. "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15. The singular form of any word shall also be construed as the plural, and vice versa. Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000466

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        ALEXANDER K. HAAS
                                        Director, Federal Programs Branch

                                        ANTHONY J. COPPOLINO
                                        Deputy Director

                                        */s/Amy E. Powell*
                                        ANDREW E. CARMICHAEL
                                        AMY E. POWELL
                                        Senior Trial Counsel
                                        ZACHARY A. AVALLONE
                                        COURTNEY D. ENLOW
                                        CATHERINE M. YANG
                                        Trial Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, N.W.
                                        Washington, DC 20005
                                        Tel: (919) 856-4013
                                        Fax: (202) 616-8470
                                        Email: amy.powell@usdoj.gov

                                        *Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,**<br><br>        Plaintiffs,<br><br>    v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>        Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 21

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 21.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other or-
ganization or entity.

      3.       "**Identify**" or "**identifies**" when used in reference to an individual means to give,
to the extent known, the person's name, present or last known address and telephone number,
and the present or last known place of employment.  Once a person has been identified in accord-
ance with this subparagraph, only the name of that person need be listed in response to subse-
quent discovery requesting identification of that person.

      4.       "**Identify**" or "**identifies**" when used in reference to a document means to give, to
the extent known, the

          a.   type of document;

          b.   general subject matter;

          c.   date of the document; and

          d.   author(s), addressee(s), and recipient(s).

      5.       "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to
Navy Seal 1 in this action, including those served concurrently with this set of requests for pro-
duction.

      6.       "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of
these interrogatories shall mean Plaintiff Navy SEAL 21.

      7.       "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently pro-
ceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S.
Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7,
U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy
SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

Defs.' Mot. to Compel App.000472

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000475

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,** | |
| Plaintiffs, | Case No. 4:21-cv-01236-O |
| v. | |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, | |
| Defendants. | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 22**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 22.

**INSTRUCTIONS**

1.      When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

corporation, unincorporated association, partnership, sole proprietorship, business, or other or-
ganization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give,
to the extent known, the person's name, present or last known address and telephone number,
and the present or last known place of employment.  Once a person has been identified in accord-
ance with this subparagraph, only the name of that person need be listed in response to subse-
quent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to
the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to
Navy Seal 1 in this action, including those served concurrently with this set of requests for pro-
duction.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of
these interrogatories shall mean Plaintiff Navy SEAL 22.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently pro-
ceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S.
Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7,
U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy
SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

Defs.' Mot. to Compel App.000480

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.  "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.  "**Each**" means each and every.

10. "**Date**" means day, month, and year.

11. "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12. "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13. "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14. "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15. The singular form of any word shall also be construed as the plural, and vice versa. Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000482

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000483

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 23

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 23.

## INSTRUCTIONS

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.      "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other or-
ganization or entity.

3.       "**Identify**" or "**identifies**" when used in reference to an individual means to give,
to the extent known, the person's name, present or last known address and telephone number,
and the present or last known place of employment.  Once a person has been identified in accord-
ance with this subparagraph, only the name of that person need be listed in response to subse-
quent discovery requesting identification of that person.

4.       "**Identify**" or "**identifies**" when used in reference to a document means to give, to
the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.       "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to
Navy Seal 1 in this action, including those served concurrently with this set of requests for pro-
duction.

6.       "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of
these interrogatories shall mean Plaintiff Navy SEAL 23.

7.       "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently pro-
ceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S.
Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7,
U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy
SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000490

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                        Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Director, Federal Programs Branch

                                            ANTHONY J. COPPOLINO
                                            Deputy Director

                                            */s/Amy E. Powell*
                                            ANDREW E. CARMICHAEL
                                            AMY E. POWELL
                                            Senior Trial Counsel
                                            ZACHARY A. AVALLONE
                                            COURTNEY D. ENLOW
                                            CATHERINE M. YANG
                                            Trial Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, N.W.
                                            Washington, DC 20005
                                            Tel: (919) 856-4013
                                            Fax: (202) 616-8470
                                            Email: amy.powell@usdoj.gov

                                            *Counsel for Defendants*

Defs.' Mot. to Compel App.000492

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

## <u>DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 24</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 24.

## <u>INSTRUCTIONS</u>

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 24.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.      "**Date**" means day, month, and year.

11.      "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.      "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.      "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.      "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.      The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000498

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000499

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                                   Respectfully submitted,

                                                      BRIAN M. BOYNTON
                                                      Principal Deputy Assistant Attorney General

                                                      ALEXANDER K. HAAS
                                                      Director, Federal Programs Branch

                                                      ANTHONY J. COPPOLINO
                                                      Deputy Director

                                                      */s/Amy E. Powell*
                                                      ANDREW E. CARMICHAEL
                                                      AMY E. POWELL
                                                      Senior Trial Counsel
                                                      ZACHARY A. AVALLONE
                                                      COURTNEY D. ENLOW
                                                      CATHERINE M. YANG
                                                      Trial Attorneys
                                                      United States Department of Justice
                                                      Civil Division, Federal Programs Branch
                                                      1100 L Street, N.W.
                                                      Washington, DC 20005
                                                      Tel: (919) 856-4013
                                                      Fax: (202) 616-8470
                                                      Email: amy.powell@usdoj.gov

                                                      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 25

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 25.

## INSTRUCTIONS

1.　　　When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other or-
ganization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give,
to the extent known, the person's name, present or last known address and telephone number,
and the present or last known place of employment.  Once a person has been identified in accord-
ance with this subparagraph, only the name of that person need be listed in response to subse-
quent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to
the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to
Navy Seal 1 in this action, including those served concurrently with this set of requests for pro-
duction.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of
these interrogatories shall mean Plaintiff Navy SEAL 25.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently pro-
ceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S.
Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7,
U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy
SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy
SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25,
U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special
Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2,
U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant
Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1,
U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attor-
neys, agents, representatives, employees, or to anyone subject to your control or supervision, or
acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-
1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at
Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for
medical, psychological, physical, or emotion ailments or limitations, including without limitation
any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,
psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice
versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000507

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>          Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>          Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SEAL 26**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy SEAL 26.

**INSTRUCTIONS**

1.     When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.        "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.        "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.   type of document;

    b.   general subject matter;

    c.   date of the document; and

    d.   author(s), addressee(s), and recipient(s).

5.        "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.        "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy SEAL 26.

7.        "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

Defs.' Mot. to Compel App.000512

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000515

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SPECIAL COMBATANT CRAFT CREWMAN 1**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Special Warfare Combatant Craft Crewman 1.

**INSTRUCTIONS**

1.      When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 1.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

Defs.' Mot. to Compel App.000520

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000522

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000523

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

Defs.' Mot. to Compel App.000524

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3,**<br><br>                    Plaintiffs,<br><br>       v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SPECIAL COMBATANT CRAFT CREWMAN 2**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Special Warfare Combatant Craft Crewman 2.

**INSTRUCTIONS**

1.        When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3. "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4. "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

  a. type of document;

  b. general subject matter;

  c. date of the document; and

  d. author(s), addressee(s), and recipient(s).

5. "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6. "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 2.

7. "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including: U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.      "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

Defs.' Mot. to Compel App.000529

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000531

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                          Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Principal Deputy Assistant Attorney General

                                              ALEXANDER K. HAAS
                                              Director, Federal Programs Branch

                                              ANTHONY J. COPPOLINO
                                              Deputy Director

                                              */s/Amy E. Powell*
                                              ANDREW E. CARMICHAEL
                                              AMY E. POWELL
                                              Senior Trial Counsel
                                              ZACHARY A. AVALLONE
                                              COURTNEY D. ENLOW
                                              CATHERINE M. YANG
                                              Trial Attorneys
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, N.W.
                                              Washington, DC 20005
                                              Tel: (919) 856-4013
                                              Fax: (202) 616-8470
                                              Email: amy.powell@usdoj.gov

                                              *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>          Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>          Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SPECIAL COMBATANT CRAFT CREWMAN 3**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Special Warfare Combatant Craft Crewman 3.

**INSTRUCTIONS**

1.        When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

> a.  type of document;
>
> b.  general subject matter;
>
> c.  date of the document; and
>
> d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 3.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy

SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25,

U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special

Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2,

U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant

Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1,

U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attor-

neys, agents, representatives, employees, or to anyone subject to your control or supervision, or

acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-

1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at

Dkt. No. 84 in this action.

14.    **"Healthcare Provider"** means any entity or person that provided services for

medical, psychological, physical, or emotion ailments or limitations, including without limitation

any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist,

psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice

versa.  Verbs shall be construed as though they were in the past tense, the present and the future

4

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000538

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**, <br><br>                              Plaintiffs, <br><br>      v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>                              Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF U.S. NAVY SPECIAL COMBATANT CRAFT CREWMAN 4

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Special Warfare Combatant Craft Crewman 4.

## INSTRUCTIONS

1.       When asked to produce a document, the request is for information within your actual or constructive control.  Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.    If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.    These document production requests are to be deemed continuing to the full extent allowed by law.

4.    Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.    Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.     "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.    "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

2

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.      "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

    a.  type of document;

    b.  general subject matter;

    c.  date of the document; and

    d.  author(s), addressee(s), and recipient(s).

5.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.      "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 4.

7.      "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.    "**Date**" means day, month, and year.

11.    "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.    "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.    "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.    **"Healthcare Provider"** means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.    The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

Defs.' Mot. to Compel App.000545

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

5

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

Defs.' Mot. to Compel App.000547

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

Dated: June 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.


*/s/ Amy E. Powell*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **U.S. NAVY SEALs 1–3**, on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTSTO PLAINTIFF U.S. NAVY SPECIAL COMBATANT CRAFT CREWMAN 5

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiff Navy Special Warfare Combatant Craft Crewman 5.

## INSTRUCTIONS

1.　　　　When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

1

2.      If you cannot produce a requested document (including, *inter alia*, because it was lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so.  To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these requests for production, the following definitions apply:

1.       "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form, such as (but not limited to) text messages, email, posts on social media, and posts on blogs, internet message boards, chat rooms, or other public fora) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

2.      "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person,

Defs.' Mot. to Compel App.000551

corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

3.    "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.    "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

5.    "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Navy Seal 1 in this action, including those served concurrently with this set of requests for production.

6.    "**You**," "**your**," "**Plaintiff**," (without specific designation) for the purposes of these interrogatories shall mean Plaintiff Navy Special Warfare Combatant Craft Crewman 5.

7.    "**Plaintiffs'**" (without specific designation) shall mean the plaintiffs currently proceeding anonymously in this action, including:  U.S. Navy SEAL 1, U.S. Navy SEAL 2, U.S. Navy SEAL 3, U.S. Navy SEAL 4, U.S. Navy SEAL 5, U.S. Navy SEAL 6, U.S. Navy SEAL 7, U.S. Navy SEAL 8, U.S. Navy SEAL 9, U.S. Navy SEAL 10, U.S. Navy SEAL 11, U.S. Navy SEAL 12, U.S. Navy SEAL 13, U.S. Navy SEAL 14, U.S. Navy SEAL 15, U.S. Navy SEAL 16,

3

U.S. Navy SEAL 17, U.S. Navy SEAL 18, U.S. Navy SEAL 19, U.S. Navy SEAL 20, U.S. Navy SEAL 21, U.S. Navy SEAL 22, U.S. Navy SEAL 23, U.S. Navy SEAL 24, U.S. Navy SEAL 25, U.S. Navy SEAL 26, U.S. Navy Explosive Ordinance Disposal Technician 1, U.S. Navy Special Warfare Combatant Craft Crewman 1, U.S. Navy Special Warfare Combatant Craft Crewman 2, U.S. Navy Special Warfare Combatant Craft Crewman 3, U.S. Navy Special Warfare Combatant Craft Crewman 4, U.S. Navy Special Warfare Combatant Craft Crewman 5, U.S. Navy Diver 1, U.S. Navy Diver 2, and U.S. Navy Diver 3.

8.     "**And**" and "**or**" shall be construed conjunctively and disjunctively.

9.     "**Each**" means each and every.

10.     "**Date**" means day, month, and year.

11.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

12.     "**This action**" shall refer to *Navy SEALs 1-3, et al. v. Austin, et al.*, No. 4:21-cv-1236 (N.D. Tex.).

13.     "**Complaint**" shall refer to the First Amended Class Action Complaint filed at Dkt. No. 84 in this action.

14.     "**Healthcare Provider**" means any entity or person that provided services for medical, psychological, physical, or emotion ailments or limitations, including without limitation any physician, endocrinologist, physician's assistant, nurse, osteopath, holistic healer, therapist, psychologist, psychiatrist, counselor, hospital, clinic, pharmacist or medical institution.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future

Defs.' Mot. to Compel App.000553

tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents identified in response to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to, correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REQUEST FOR PRODUCTION NO. 6**

To the extent not included in your request for religious accommodation or appeal, any

Defs.' Mot. to Compel App.000554

and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

6

**REQUEST FOR PRODUCTION NO. 10:**

In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action.  The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf


Dated: June 10, 2022                              Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  ALEXANDER K. HAAS
                                                  Director, Federal Programs Branch

                                                  ANTHONY J. COPPOLINO
                                                  Deputy Director

                                                  */s/Amy E. Powell*
                                                  ANDREW E. CARMICHAEL
                                                  AMY E. POWELL
                                                  Senior Trial Counsel
                                                  ZACHARY A. AVALLONE
                                                  COURTNEY D. ENLOW
                                                  CATHERINE M. YANG
                                                  Trial Attorneys
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, N.W.
                                                  Washington, DC 20005
                                                  Tel: (919) 856-4013
                                                  Fax: (202) 616-8470
                                                  Email: amy.powell@usdoj.gov

                                                  *Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on June 10, 2022.

*/s/ Amy E. Powell*

8

# DEX3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26; U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**, <br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

## PLAINTIFF U.S. NAVY SEAL 1'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff U.S. Navy SEAL 1 ("Plaintiff") responds to Defendants' First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.  All information that is responsive to each interrogatory below has been provided, and if any information has been withheld, this fact will be stated in the applicable interrogatory response.

1

2.      By making the accompanying responses and objections to Defendants' interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the interrogatories and responses to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## <u>GENERAL OBJECTIONS</u>

1.      Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2

2.       Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.       Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, all and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

3

## <u>OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>

1.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

4

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**RESPONSE NO. 1:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: I was assisted by my legal counsel and Father John Houck, the Chaplain at Navy Operational Support Center FTW, in preparing the responses to these Interrogatories.

**INTERROGATORY NO. 2:** Please identify all documents that you consulted in preparing your responses to these interrogatories.

**RESPONSE NO. 2:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I reviewed the following documents in preparing the responses to these Interrogatories:

1. the court filings and court orders related to this case;

2. the Bible;

3. the Congregation for the Doctrine of the Faith (CDF), "Note on the Morality of Using Some Anti-COVID-19 Vaccines," December 17, 2020;

4. Pontifical Academy for Life, "Moral reflections on vaccines prepared from cells derived from aborted human fetuses," June 9, 2005;

5. CDF, "Instruction *Dignitas Personae* on Certain Bioethical Questions," September 8, 2008;

5

6. United States Conference of Catholic Bishops (USCCB), "Ethical and Religious Directives for Catholic Health Care Services," 6th ed. (Washington, DC: USCCB Publishing, 2018);

7. Catechism of the Catholic Church (Vatican City: Libreria Editrice Vaticana, 1993).

**INTERROGATORY NO. 3**: Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**RESPONSE NO. 3:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, unclear, seeks information that is already possessed by Defendants and is disproportionate to the needs of this case.  The Interrogatory is overly broad and irrelevant because it seeks information regarding Plaintiff's religious beliefs and practices that are not reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's religious beliefs and practices would place an undue burden on Plaintiff that is disproportionate to the needs of this case. Furthermore, the interrogatory is unclear because it relies on the undefined term "nature" or "nature of" in relation to Plaintiffs' religious beliefs. Additionally, Plaintiff's religious beliefs on matters unrelated to the COVID-19 vaccine are unlikely to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession.

6

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: The information sought by Defendants is detailed in my Religious Accommodation Request, which was submitted to Defendants in September 2021 and is therefore already in their possession.  See also my declaration dated November 22, 2021. Additionally, as an active and practicing Catholic baptized into the Catholic Church since infancy, my faith has grown stronger in the past several years.

**INTERROGATORY NO. 4:** Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 4:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: I was assisted by my legal counsel and Father John Houck, the Chaplain at Navy Operational Support Center FTW, in preparing my Religious Accommodation Request.

**INTERROGATORY NO. 5:** Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 5:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, and seeks information that is already possessed by Defendants.  The Interrogatory is overly broad and irrelevant to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff

7

that is disproportionate to the needs of this case. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I consulted the documents listed in response to Interrogatory No. 2.

**INTERROGATORY NO. 6:** Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**RESPONSE NO. 6:** Plaintiff objects to this Interrogatory to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the clergy privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request, which was submitted to Defendants in September 2021 and is therefore already in their possession.  See also my declaration dated November 22, 2021.

**INTERROGATORY NO. 7:** Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**RESPONSE NO. 7:** Plaintiff objects to this Interrogatory to the extent it is duplicative of the information sought by Interrogatory No. 6, seeks information that is already possessed by Defendants, and seeks information that is protected by the clergy privilege.  Plaintiff further objects to this Interrogatory because it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request, which Defendants already possess. See also my declaration dated November 22, 2021.

**INTERROGATORY NO. 8:** Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**RESPONSE NO. 8:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 5. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, I consulted the documents listed in response to Interrogatory No. 2.

**INTERROGATORY NO. 9:** Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**RESPONSE NO. 9:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove compelling government interest. Plaintiff also objects to

9

this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

**INTERROGATORY NO. 10:** Please describe in detail each and every adverse consequence you claim to have suffered as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**RESPONSE NO. 10:** Plaintiff objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Furthermore, the burden of responding to this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see my declaration dated December 16, 2021.  Additionally, I have been forbidden from travelling to complete Annual Training with my Command or to complete drills and training with my command.

**INTERROGATORY NO. 11:** Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

10

**RESPONSE NO. 11:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means of furthering its compelling government interest. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.  Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

**INTERROGATORY NO. 12**: Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**RESPONSE NO. 12:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 11.  Plaintiff also objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means of furthering its compelling government interest. Plaintiff further objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably

11

related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see response to Interrogatory No. 11.

**INTERROGATORY NO. 13:** Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

**RESPONSE NO. 13:** Plaintiff objects to this Interrogatory because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Interrogatory is overly broad and irrelevant because it seeks information regarding each and every Healthcare Provider from whom medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

12

I declare under the penalties of perjury that the foregoing Responses to Defendants' First

Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

SEAL ONE

SEAL 1

13

Respectfully submitted this 7th day of July 2022.

Objections  by:

<table>
<tr>
<td>

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
Danielle A. Runyan *
 New Jersey Bar No. 027232004
Holly M. Randall *
 Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org


JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org


*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

</td>
<td>

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

</td>
</tr>
</table>

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I served a copy of SEAL 1's Responses and Objections to Defendants' First Set of Interrogatories on each of the Defendants according to the Federal Rules of Civil Procedure.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX4

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26; U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5;** and **U.S. NAVY DIVERS 1-3**, <br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

### PLAINTIFF U.S. NAVY SEAL 2'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff U.S. Navy SEAL 2 ("Plaintiff") responds to Defendants' First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.  All information that is responsive to each interrogatory below has been provided, and if any information has been withheld, this fact will be stated in the applicable interrogatory response.

1

2.      By making the accompanying responses and objections to Defendants' interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the interrogatories and responses to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2

2.        Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.        Plaintiff objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.        Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, all and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.        Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

3

## <u>OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>

1.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

4

## <u>RESPONSES TO INTERROGATORIES</u>

**INTERROGATORY NO. 1:** Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**RESPONSE NO. 1:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: I was assisted by my legal counsel in preparing the responses to these Interrogatories.


**INTERROGATORY NO. 2:** Please identify all documents that you consulted in preparing your responses to these interrogatories.

**RESPONSE NO. 2:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I reviewed the following documents in preparing the responses to these Interrogatories:

1. the court filings and court orders related to this case;

2. Plaintiff's Religious Accommodation Request and corresponding enclosures;

3. the Bible (RSV 2nd Catholic Edition);

4. the Congregation for the Doctrine of the Faith (CDF), "Note on the Morality of Using Some Anti-COVID-19 Vaccines," December 17, 2020;

5. Catechism of the Catholic Church (Vatican City: Libreria Editrice Vaticana, 1993).

**INTERROGATORY NO. 3**: Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**RESPONSE NO. 3:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, unclear, seeks information that is already possessed by Defendants and is disproportionate to the needs of this case.  The Interrogatory is overly broad and irrelevant because it seeks information regarding Plaintiff's religious beliefs and practices that are not reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's religious beliefs and practices would place an undue burden on Plaintiff that is disproportionate to the needs of this case. Furthermore, the interrogatory is unclear because it relies on the undefined term "nature" or "nature of" in relation to Plaintiffs' religious beliefs. Additionally, Plaintiff's religious beliefs on matters unrelated to the COVID-19 vaccine are unlikely to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: The information sought by Defendants is detailed in my Religious Accommodation Request, which was submitted to Defendants in October 2021, and my declaration dated November 19, 2021.

6

**INTERROGATORY NO. 4:** Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 4:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: I was not assisted by anyone in preparing my Religious Accommodation Request.


**INTERROGATORY NO. 5:** Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 5:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, and seeks information that is already possessed by Defendants.   The Interrogatory is overly broad and irrelevant to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I consulted the documents listed in response to Interrogatory No. 2.

7

**INTERROGATORY NO. 6:** Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**RESPONSE NO. 6:** Plaintiff objects to this Interrogatory to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the clergy privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request, which was submitted to Defendants in October 2021. Additionally, I would refer Defendants to my responses to Interrogatories No. 3 and 8.

**INTERROGATORY NO. 7:** Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**RESPONSE NO. 7:** Plaintiff objects to this Interrogatory to the extent it is duplicative of the information sought by Interrogatory No. 6, seeks information that is already possessed by Defendants, and seeks information that is protected by the clergy privilege. Plaintiff further objects to this Interrogatory because it calls for a legal conclusion.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request, which was submitted to Defendants in October 2021, and my declaration dated November 19, 2021.

**INTERROGATORY NO. 8:** Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written,

8

recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**RESPONSE NO. 8:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 5. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, I consulted the documents listed in response to Interrogatory No. 2.  Additionally, I attended the Rite of Christian Initiation for Adults (RCIA) in 2013 and 2014 at Sacred Heart Church in Coronado, CA. This event was foundation in forming my current beliefs.  I also interact with my confessors/priests regularly at least monthly, and our conversations are always focused on the fidelity of my faith and interaction with the world. My faith and conscience are constantly growing and enriched by the trials I face in my daily life.


**INTERROGATORY NO. 9:** Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**RESPONSE NO. 9:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove compelling government interest. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants

from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

**INTERROGATORY NO. 10:** Please describe in detail each and every adverse consequence you claim to have suffered as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**RESPONSE NO. 10:** Plaintiff objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Furthermore, the burden of responding to this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see the transcript from the December 20, 2021 hearing in this matter.  Additionally, I face the threat of losing the livelihood my single income family depends on to survive.

**INTERROGATORY NO. 11:** Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**RESPONSE NO. 11:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means

10

of furthering its compelling government interest. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.  Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

**INTERROGATORY NO. 12**: Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**RESPONSE NO. 12:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 11.  Plaintiff also objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means of furthering its compelling government interest. Plaintiff further objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

11

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see response to Interrogatory No. 11.

**INTERROGATORY NO. 13:** Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

**RESPONSE NO. 13:** Plaintiff objects to this Interrogatory because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Interrogatory is overly broad and irrelevant because it seeks information regarding each and every Healthcare Provider from whom medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

12

I declare under the penalties of perjury that the foregoing Responses to Defendants' First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

SEAL 2

Respectfully submitted this 7th day of July 2022.

Objections by:

| | |
|---|---|
| KELLY J. SHACKELFORD<br>    Texas Bar No. 18070950<br>JEFFREY C. MATEER<br>    Texas Bar No. 13185320<br>HIRAM S. SASSER, III<br>    Texas Bar No. 24039157<br>DAVID J. HACKER<br>    Texas Bar No. 24103323<br>MICHAEL D. BERRY<br>    Texas Bar No. 24085835<br>JUSTIN BUTTERFIELD<br>    Texas Bar No. 24062642<br>Danielle A. Runyan *<br>  New Jersey Bar No. 027232004<br>Holly M. Randall *<br>  Oklahoma Bar No. 34763<br>FIRST LIBERTY INSTITUTE<br>2001 W. Plano Pkwy., Ste. 1600<br>Plano, Texas 75075<br>Tel: (972) 941-4444<br>jmateer@firstliberty.org<br>hsasser@firstliberty.org<br>dhacker@firstliberty.org<br>mberry@firstliberty.org<br>jbutterfield@firstliberty.org<br>drunyan@firstliberty.org<br>hrandall@firstliberty.org<br><br>JORDAN E. PRATT<br>    Florida Bar No. 100958*  **<br>FIRST LIBERTY INSTITUTE<br>227 Pennsylvania Ave., SE<br>Washington, DC 20003<br>Tel: (972) 941-4444<br>jpratt@firstliberty.org<br><br>*Admitted pro hac vice.<br>** Not yet admitted to the D.C. Bar, but<br>admitted to practice law in Florida. Practicing<br>law in D.C. pursuant to D.C. Court of<br>Appeals Rule 49(c)(8) under the supervision<br>of an attorney admitted to the D.C. Bar. | /s/ Andrew B. Stephens<br>HEATHER GEBELIN HACKER<br>    Texas Bar No. 24103325<br>ANDREW B. STEPHENS<br>    Texas Bar No. 24079396<br>HACKER STEPHENS LLP<br>108 Wild Basin Road South, Suite 250<br>Austin, Texas 78746<br>Tel.: (512) 399-3022<br>heather@hackerstephens.com<br>andrew@hackerstephens.com<br><br>*Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2022, I served a copy of SEAL 2's Responses and Objections to Defendants' First Set of Interrogatories on each of the Defendants according to the Federal Rules of Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

15

# DEX5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>        Plaintiffs,<br><br>   v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>        Defendants. | Case No. 4:21-cv-01236-O |

**PLAINTIFF U.S. NAVY SEAL 3's RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff U.S. Navy SEAL 3 ("Plaintiff") responds to Defendants' First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

1.   Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. All information that is responsive to each interrogatory below has been provided, and if any information has been withheld, this fact will be stated in the applicable interrogatory response.

1

2.     By making the accompanying responses and objections to Defendants' interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the interrogatories and responses to be relevant or material to the subject matter of this action.

3.     Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.     Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.     Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1.     Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

Defs.' Mot. to Compel App.000592

2.      Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

Defs.' Mot. to Compel App.000593

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

4

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**RESPONSE NO. 1:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: I was assisted by my legal counsel in preparing my responses to these Interrogatories.

**INTERROGATORY NO. 2:** Please identify all documents that you consulted in preparing your responses to these interrogatories.

**RESPONSE NO. 2:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I reviewed the following documents in preparing my responses to these Interrogatories: my Religious Accommodation Request dated October 16, 2021 and my Appeal dated December 27, 2021, both of which Defendants already possess.

**INTERROGATORY NO. 3:** Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the

5

COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**RESPONSE NO. 3:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, unclear, seeks information that is already possessed by Defendants and is disproportionate to the needs of this case. The Interrogatory is overly broad and irrelevant because it seeks information regarding Plaintiff's religious beliefs and practices that are not reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's religious beliefs and practices would place an undue burden on Plaintiff that is disproportionate to the needs of this case. Furthermore, the interrogatory is unclear because it relies on the undefined term "nature" or "nature of" in relation to Plaintiffs' religious beliefs. Additionally, Plaintiff's religious beliefs on matters unrelated to the COVID-19 vaccine are unlikely to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, or from documents or information in Defendants' possession.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: The information sought by Defendants is detailed in my Religious Accommodation Request dated October 16, 2021, which Defendants already possess. See also my declaration dated November 22, 2021 and the December 20, 2021 hearing transcript.

**INTERROGATORY NO. 4:** Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 4:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: No one other than my legal counsel assisted me in preparing my Religious Accommodation Request dated October 16, 2021.

**INTERROGATORY NO. 5:** Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 5:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, and seeks information that is already possessed by Defendants. The Interrogatory is overly broad and irrelevant to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I consulted the Douay-Rheims Bible, the Congregation for the Doctrine of the Faith, and the Catechism of the Catholic Church.

**INTERROGATORY NO. 6:** Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

7

**RESPONSE NO. 6:** Plaintiff objects to this Interrogatory to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the clergy privilege.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request dated October 16, 2021, which Defendants already possess. See also my declaration dated November 22, 2021 and the December 20, 2021 hearing transcript.

**INTERROGATORY NO. 7:** Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**RESPONSE NO. 7:** Plaintiff objects to this Interrogatory to the extent it is duplicative of the information sought by Interrogatory No. 6, seeks information that is already possessed by Defendants, and seeks information that is protected by the clergy privilege. Plaintiff further objects to this Interrogatory because it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request dated October 16, 2021, which Defendants already possess. See also my declaration dated November 22, 2021 and the December 20, 2021 hearing transcript.

**INTERROGATORY NO. 8:** Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written,

recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**RESPONSE NO. 8:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 5. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see my response to Interrogatory No. 5.

**INTERROGATORY NO. 9:** Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**RESPONSE NO. 9:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove compelling government interest. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

Defs.' Mot. to Compel App.000599

**INTERROGATORY NO. 10:** Please describe in detail each and every adverse consequence you claim to have suffered as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**RESPONSE NO. 10:** Plaintiff objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Furthermore, the burden of responding to this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see the transcript from the December 20, 2021 hearing in this matter.

**INTERROGATORY NO. 11:** Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**RESPONSE NO. 11:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means of furthering its compelling government interest. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Defs.' Mot. to Compel App.000600

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

**INTERROGATORY NO. 12**: Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**RESPONSE NO. 12:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 11. Plaintiff also objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means of furthering its compelling government interest. Plaintiff further objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see response to Interrogatory number 11.

**INTERROGATORY NO. 13:** Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

11

**RESPONSE NO. 13:** Plaintiff objects to this Interrogatory because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Interrogatory is overly broad and irrelevant because it seeks information regarding each and every Healthcare Provider from whom medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

I declare under the penalties of perjury that the foregoing Responses to Defendants' First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

SEAL 3

Dated: July 7, 2022

12

Respectfully submitted this 7th day of July 2022.

Objections by:

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I served a copy of SEAL 3's Responses and Objections to Defendants' First Set of Interrogatories on each of the Defendants according to the Federal Rules of Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **U.S. NAVY SEALs 1-3**; on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26; U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and U.S. **NAVY DIVERS 1-3**,<br><br>     Plaintiffs,<br><br>  v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE; CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>     Defendants. | | Case No. 4:21-cv-01236-O |

## PLAINTIFF U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1's RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff U.S. Navy Explosive Ordnance Disposal Technician 1 ("Plaintiff") responds to Defendants' First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. All information that is responsive to each interrogatory below has been provided, and if any information has been withheld, this fact will be stated in the applicable interrogatory response.

2.      By making the accompanying responses and objections to Defendants' interrogatories, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the interrogatories and responses to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from

those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**RESPONSE NO. 1:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: I was assisted by my legal counsel in preparing my responses to these interrogatories.

**INTERROGATORY NO. 2:** Please identify all documents that you consulted in preparing your responses to these interrogatories.

**RESPONSE NO. 2:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I reviewed the following documents in preparing my responses to these interrogatories: my Religious Accommodation Request dated August 17, 2021 and my Appeal, both of which Defendants already possess, as well as the Holy Bible (ESV).

**INTERROGATORY NO. 3**: Please describe in detail the nature of your religious beliefs, how and when you began to subscribe or adhere to these religious beliefs, and how you practice these beliefs in your daily life, including, in particular, how you identify and avoid the use, consumption, or ingestion of, or vaccination with, products—including, but not limited to, foods, consumer goods, cosmetics, prescription or over-the-counter medications, or vaccines other than the COVID-19 vaccine—containing, manufactured or developed with, and/or tested using aborted fetal tissue or cells.

**RESPONSE NO. 3**: Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, unclear, seeks information that is already possessed by Defendants and is disproportionate to the needs of this case. The Interrogatory is overly broad and irrelevant because it seeks information regarding Plaintiff's religious beliefs and practices that are not reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's religious beliefs and practices would place an undue burden on Plaintiff that is disproportionate to the needs of this case. Furthermore, the interrogatory is unclear because it relies on the undefined term "nature" or "nature of" in relation to Plaintiffs' religious beliefs. Additionally, Plaintiff's religious beliefs on matters unrelated to the COVID-19 vaccine are unlikely to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or

more accessible to Defendants from Defendants' own files or from documents or information in Defendants' possession.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: The information sought by Defendants is detailed in my Religious Accommodation Request dated August 17, 2021, which Defendants already possess. See also my declaration dated November 18, 2021 and the December 20, 2021 hearing transcript.

**INTERROGATORY NO. 4:** Please identify each individual who has assisted you in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 4:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: No one other than me prepared my Religious Accommodation Request dated August 17, 2021.

**INTERROGATORY NO. 5:** Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

Defs.' Mot. to Compel App.000613

**RESPONSE NO. 5:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, and seeks information that is already possessed by Defendants. The Interrogatory is overly broad and irrelevant to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I consulted the Holy Bible, Navy Religious Accommodation Guide, BUPERINST 1730.11A, DODI 1300.17, MILPERSMAN 1730-020, SECNAVINST 1730.8B, BUMEDINST 6230.15B, MANMED 15-105, Study: Twenty Seven Years of Pharmaceutical Industry Criminal and Civil Penalties: 1991 through 2017, Article: MIT & Harvard Study Suggests mRNA Vaccine Might Permanently Alter DNA After All, Case # 2015-831539-DM: Matheson vs. Schmitt: Deposition of Stanley A. Plotkins, M.D., Article: Big 3 U.S. drug distributors, Johnson & Johnson reach landmark $26 billion opioid settlement.

**INTERROGATORY NO. 6:** Please describe in detail each and every reason why you believe receiving a COVID-19 vaccination is contrary to your religious beliefs.

**RESPONSE NO. 6:** Plaintiff objects to this Interrogatory to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the clergy privilege. Subject to and without waiving the foregoing objection, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request dated August 17, 2021, which Defendants already possess. See also my declaration dated November 18, 2021 and the December 20, 2021 hearing transcript.

**INTERROGATORY NO. 7:** Please describe in detail each and every reason why you believe DoD and the Navy's requirement for you to receive the COVID-19 vaccination substantially burdens your religious beliefs.

**RESPONSE NO. 7:** Plaintiff objects to this Interrogatory to the extent it is duplicative of the information sought by Interrogatory No. 6, seeks information that is already possessed by Defendants, and seeks information that is protected by the clergy privilege. Plaintiff further objects to this Interrogatory because it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: the information sought by Defendants is detailed in my Religious Accommodation Request

Defs.' Mot. to Compel App.000615

dated August 17, 2021, which Defendants already possess. See also my declaration dated November 18, 2021 and the December 20, 2021 hearing transcript.

**INTERROGATORY NO. 8:** Please describe in detail all research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources), the dates of consultation, and the substance of the information consulted.

**RESPONSE NO. 8:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 5. Plaintiff further objects to this Interrogatory to the extent that it seeks information protected by the attorney client privilege, clergy privilege, or other applicable privilege. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see my response to Interrogatory No. 5.

**INTERROGATORY NO. 9:** Please explain in detail each and every reason why you believe DoD and the Navy do not have a compelling government interest in ensuring you receive a COVID-19 vaccination.

**RESPONSE NO. 9:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove compelling government interest. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

**INTERROGATORY NO. 10:** Please describe in detail each and every adverse consequence you claim to have suffered as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**RESPONSE NO. 10:** Plaintiff objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents

or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Furthermore, the burden of responding to this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see the transcript from the December 20, 2021 hearing in this matter.


**INTERROGATORY NO. 11:** Please describe in detail each and every means available to prevent you from being infected or ill with COVID-19 that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**RESPONSE NO. 11:** Plaintiff objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means of furthering its compelling government interest. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Defs.' Mot. to Compel App.000618

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see Plaintiffs' briefing in this matter.

**INTERROGATORY NO. 12:** Please describe in detail each and every means available to prevent the spread of COVID-19 within your unit that you believe are less restrictive than the COVID-19 vaccine, and why you believe they are effective.

**RESPONSE NO. 12:** Plaintiff objects to this Interrogatory to the extent that it is duplicative of the information sought by Interrogatory No. 11. Plaintiff also objects to this Interrogatory because it calls for a legal conclusion and the burden is on Defendants to prove that the COVID-19 vaccine is the least restrictive means of furthering its compelling government interest. Plaintiff further objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Additionally, this Interrogatory is irrelevant to the extent it seeks information that is not reasonably related to any claim or defense in this case and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see response to interrogatory number 11.

**INTERROGATORY NO. 13:** Please identify each and every Healthcare Provider from whom you have received medical evaluation, treatment, care, or medication, at any time within the last five years, and the nature of the medical evaluation, treatment, care, or medication sought and provided.

**RESPONSE NO. 13:** Plaintiff objects to this Interrogatory because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Interrogatory is overly broad and irrelevant because it seeks information regarding each and every Healthcare Provider from whom medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

I declare under the penalties of perjury that the foregoing Responses to Defendants' First

Set of Interrogatories are true and correct to the best of my knowledge, information and belief.



_EOD 1_
EOD 1


Dated: July 7, 2022

Defs.' Mot. to Compel App.000621

Respectfully submitted this 7th day of July 2022.

Objections by:

KELLY J. SHACKELFORD
   Texas Bar No. 18070950
JEFFREY C. MATEER
   Texas Bar No. 13185320
HIRAM S. SASSER, III
   Texas Bar No. 24039157
DAVID J. HACKER
   Texas Bar No. 24103323
MICHAEL D. BERRY
   Texas Bar No. 24085835
JUSTIN BUTTERFIELD
   Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT
   Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
   Texas Bar No. 24103325
ANDREW B. STEPHENS
   Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I served a copy of EOD 1's Responses and Objections to Defendants' First Set of Interrogatories on each of the Defendants according to the Federal Rules of Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>                    Plaintiffs,<br><br>         v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**NON-CLASS REPRESENTATIVE PLAINTIFFS'**
**(NAVY SEALS 4-26; U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT**
**CREWMEN 1-5; and U.S. NAVY DIVERS 1-3) OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Non-Class Representative Plaintiffs (Navy

SEALs 4-26; U.S. Navy Special Warfare Combatant Craft Crewmen 1-5; and U.S. Navy Divers

1-3) ("Plaintiffs") object to Defendants' First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

1.      By making the accompanying objections to Defendants' interrogatories, Plaintiffs do not

waive, and hereby expressly reserve, their right to assert any and all additional objections on any

and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.

1

Further, Plaintiffs make the following objections herein without in any way implying that they consider the interrogatories to be relevant or material to the subject matter of this action.

2.      Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1.      Plaintiffs object to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiffs object to all discovery requests to any individuals who are not class representatives.  Individualized discovery is not available in Rule 23 class actions.  *See Kervin v. Supreme Serv. & Specialty Co., Inc.*, No. CV 15-01172, 2016 WL 8257256, at *3 (E.D. La. May 24, 2016) (stating "[i]ndividualized discovery is not generally allowed in a Rule 23 class action"); *McGrath v. City of Philadelphia*, No. CIV. A. 92-4570, 1994 WL 45162, at *3 (E.D. Pa. Feb. 10, 1994) (stating "[i]t is well established that individualized discovery . . . is inappropriate in a class action lawsuit"); *Adkins v. Mid-Am. Growers, Inc.*, 141 F.R.D. 466, 468 (N.D. Ill. 1992) ("[T]he ideas of a class action and individualized discovery do not fit together well. Federal Rule of Civil Procedure 23 states '[o]ne or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable . . . . If joinder of all parties is impracticable, propounding discovery like interrogatories, depositions, and requests to produce on an individual basis is even more impracticable.").  Such requests are not only unduly burdensome but would also yield the same results as discovery requests to the class representatives.

2

3.      Plaintiffs object to each and every interrogatory presented in Defendants' First Set of Interrogatories with each and every general objection set forth above.  Plaintiffs do not waive their right to amend their objections.

3

Respectfully submitted this 7th day of July 2022.

Objections by:

KELLY J. SHACKELFORD
   Texas Bar No. 18070950
JEFFREY C. MATEER
   Texas Bar No. 13185320
HIRAM S. SASSER, III
   Texas Bar No. 24039157
DAVID J. HACKER
   Texas Bar No. 24103323
MICHAEL D. BERRY
   Texas Bar No. 24085835
JUSTIN BUTTERFIELD
   Texas Bar No. 24062642
Danielle A. Runyan *
   New Jersey Bar No. 027232004
Holly M. Randall *
   Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT
   Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
   Texas Bar No. 24103325
ANDREW B. STEPHENS
   Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I served a copy of the Non-Class Representative Plaintiffs' Objections to Defendants' First Set of Interrogatories on each of the Defendants according to the Federal Rules of Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

5

# DEX8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**, <br><br>　　　　　　　　Plaintiffs, <br><br>　　v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**NON-CLASS REPRESENTATIVE PLAINTIFFS'**
**(NAVY SEALS 4-26; U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT**
**CREWMEN 1-5; and U.S. NAVY DIVERS 1-3) OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Non-Class Representative Plaintiffs (Navy

SEALs 4-26; U.S. Navy Special Warfare Combatant Craft Crewmen 1-5; and U.S. Navy Divers

1-3) ("Plaintiffs") object to Defendants' First Set of Requests for Production as follows:

**PRELIMINARY STATEMENT**

1.　　　By making the accompanying objections to Defendants' requests for production, Plaintiffs

do not waive, and hereby expressly reserve, their right to assert any and all additional objections

on any and all grounds including, but not limited to, competency, relevancy, materiality, and

1

privilege. Further, Plaintiffs make the following objections herein without in any way implying that they consider the requests for production to be relevant or material to the subject matter of this action.

2.      Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1.      Plaintiffs object to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiffs object to all discovery requests to any individuals who are not class representatives.  Individualized discovery is not available in Rule 23 class actions.  *See Kervin v. Supreme Serv. & Specialty Co., Inc.*, No. CV 15-01172, 2016 WL 8257256, at *3 (E.D. La. May 24, 2016) (stating "[i]ndividualized discovery is not generally allowed in a Rule 23 class action"); *McGrath v. City of Philadelphia*, No. CIV. A. 92-4570, 1994 WL 45162, at *3 (E.D. Pa. Feb. 10, 1994) (stating "[i]t is well established that individualized discovery . . . is inappropriate in a class action lawsuit"); *Adkins v. Mid-Am. Growers, Inc.*, 141 F.R.D. 466, 468 (N.D. Ill. 1992) ("[T]he ideas of a class action and individualized discovery do not fit together well. Federal Rule of Civil Procedure 23 states '[o]ne or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable . . . . If joinder of all parties is impracticable, propounding discovery like interrogatories, depositions, and requests to produce on an individual basis is even more impracticable.").  Such requests are

2

not only unduly burdensome but would also yield the same results as discovery requests to the class representatives.

3.      Plaintiffs object to each and every request for production presented in Defendants' First Set of Requests for Production with each and every general objection set forth above.  Plaintiffs do not waive their right to amend their objections.

Respectfully submitted this 11th day of July 2022.


Kelly J. Shackelford
  Texas Bar No. 18070950
Jeffrey C. Mateer
  Texas Bar No. 13185320
Hiram S. Sasser, III
  Texas Bar No. 24039157
David J. Hacker
  Texas Bar No. 24103323
Michael D. Berry
  Texas Bar No. 24085835
Justin Butterfield
  Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
First Liberty Institute
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org


Jordan E. Pratt
  Florida Bar No. 100958*  **
First Liberty Institute
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org


*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
Heather Gebelin Hacker
  Texas Bar No. 24103325
Andrew B. Stephens
  Texas Bar No. 24079396
Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022, I served a copy of the Non-Class Representative Plaintiffs' Objections to Defendants' First Set of Requests for Production on each of the Defendants according to the Federal Rules of Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

### PLAINTIFF U.S. NAVY SEAL 1'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff U.S. Navy SEAL 1 ("Plaintiff") responds to Defendants' First Set of Requests for Production as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.  All information that is responsive to each request for production below has been provided, and if any information has been withheld, this fact will be stated in the applicable response.

2.      By making the accompanying responses and objections to Defendants' requests for production, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests for production and responses to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to each request for production that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and request for production to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Plaintiff objects to each instruction, definition, and request for production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such request for production would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such request for production is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, all and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

## <u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1**: Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REPONSE TO REQUEST FOR PRODUCTION NO. 1:** Plaintiff objects to this Request for Production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Plaintiff also objects to this Request being overbroad and unduly burdensome because there is no time limitation on the scope of the request. Plaintiff further objects to the extent that the information requested is not reasonably related to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff additionally objects to the extent that the information requested is protected from disclosure by the attorney-client privilege and the clergy privilege and not in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, see Plaintiff's Religious Accommodation Request, which was submitted to Defendants in September 2021, which Defendants possess. See also Plaintiff's response to Interrogatory No. 5, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 2**: Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REPONSE TO REQUEST FOR PRODUCTION NO. 2:** Plaintiff objects to this Request for Production to the extent it seeks documents protected by the attorney-client or work product privileges.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 2, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 3**: Any and all documents identified in response to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 3:** See Plaintiff's Responses to Defendants' First Set of Interrogatories, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 4**: Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request for Production No. 3.  Plaintiff also objects to this Request to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 2, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 5**: Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to,

correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REPONSE TO REQUEST FOR PRODUCTION NO. 5:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–4.  Plaintiff also objects to this Request for Production because it seeks information protected by the clergy privilege.  Plaintiff further objects to this Request for Production to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this Request for Production to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, see Plaintiff's responses to Interrogatory Nos. 5 and 6, dated July 7, 2022.


**REQUEST FOR PRODUCTION NO. 6:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REPONSE TO REQUEST FOR PRODUCTION NO. 6:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–5.  Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.  Plaintiff

further objects because August 1, 2019 to the present is an arbitrary timeframe that is not reasonably related to any claim or defense in this case.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 6, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 7:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REPONSE TO REQUEST FOR PRODUCTION NO. 7:** Plaintiff objects to this Request for Production to the extent it is duplicative of Requests No. 1–6.  Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 7, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REPONSE TO REQUEST FOR PRODUCTION NO. 8:** Plaintiff objects to this Request for Production because it is overly broad, unduly burdensome, and seeks irrelevant information.  It is

overbroad because it seeks all social media posts related to Plaintiff's relief with no limitations related to the beliefs that are the subject of this action.  Because there are no limitations, this Request also seeks irrelevant information.  Additionally, Plaintiff objects to the Request for Production to the extent it is duplicative of Requests No. 1–7.  Plaintiff also objects to this Request for Production to the extent it seeks information protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objections, Plaintiff is not in possession of documents relevant to this request.


**REQUEST FOR PRODUCTION NO. 9:** Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REPONSE TO REQUEST FOR PRODUCTION NO. 9**: Plaintiff objects to this Request for Production because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Request for Production is overly broad and irrelevant because it seeks information regarding medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical

history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:** In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

**REPONSE TO REQUEST FOR PRODUCTION NO. 10:** See Plaintiff's objections to Requestion No. 9, above.

Respectfully submitted this 11th day of July 2022.

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org


JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org


*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022, I served a copy of SEAL 1's Responses to Defendants' First Set of Requests for Production on each of the Defendants according to the Federal Rules of Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX10

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>      Plaintiffs,<br><br> v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>      Defendants. | Case No. 4:21-cv-01236-O |

## PLAINTIFF U.S. NAVY SEAL 2'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff U.S. Navy SEAL 2 ("Plaintiff") responds to Defendants' First Set of Requests for Production as follows:

## PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. All information that is responsive to each request for production below has been provided, and if any information has been withheld, this fact will be stated in the applicable response.

2.      By making the accompanying responses and objections to Defendants' requests for production, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests for production and responses to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to each request for production that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and request for production to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Plaintiff objects to each instruction, definition, and request for production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such request for production would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such request for production is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, all and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REPONSE TO REQUEST FOR PRODUCTION NO. 1:** Plaintiff objects to this Request for Production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.  Plaintiff also objects to this Request being overbroad and unduly burdensome because there is no time limitation on the scope of the request.  Plaintiff further objects to the extent that the information requested is not reasonably related to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff additionally objects to the extent that the information requested is protected from disclosure by the attorney-client privilege and the clergy privilege and not in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, see Plaintiff's Religious Accommodation Request, which was submitted to Defendants in October 2021.   See also Plaintiff's response to Interrogatory No. 5, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 2**: Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REPONSE TO REQUEST FOR PRODUCTION NO. 2:** Plaintiff objects to this Request for Production to the extent it seeks documents protected by the attorney-client or work product privileges.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 2, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 3**: Any and all documents identified in response to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 3:** See Plaintiff's Responses to Defendants' First Set of Interrogatories, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 4**: Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request for Production No. 3. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 2, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 5**: Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to,

correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REPONSE TO REQUEST FOR PRODUCTION NO. 5:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–4.  Plaintiff also objects to this Request for Production because it seeks information protected by the clergy privilege.  Plaintiff further objects to this Request for Production to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this Request for Production to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, see Plaintiff's responses to Interrogatory Nos. 5 and 6, dated July 7, 2022.


**REQUEST FOR PRODUCTION NO. 6:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REPONSE TO REQUEST FOR PRODUCTION NO. 6:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–5.  Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.  Plaintiff

further objects because August 1, 2019 to the present is an arbitrary timeframe that is not reasonably related to any claim or defense in this case.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 6, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 7:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REPONSE TO REQUEST FOR PRODUCTION NO. 7:** Plaintiff objects to this Request for Production to the extent it is duplicative of Requests No. 1–6. Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 7, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REPONSE TO REQUEST FOR PRODUCTION NO. 8:** Plaintiff objects to this Request for Production because it is overly broad, unduly burdensome, and seeks irrelevant information. It is

overbroad because it seeks all social media posts related to Plaintiff's beliefs with no limitations related to the beliefs that are the subject of this action. Because there are no limitations, this Request also seeks irrelevant information. Additionally, Plaintiff objects to the Request for Production to the extent it is duplicative of Requests No. 1–7. Plaintiff also objects to this Request for Production to the extent it seeks information protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objections, Plaintiff is not in possession of documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 9:** Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REPONSE TO REQUEST FOR PRODUCTION NO. 9:** Plaintiff objects to this Request for Production because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Request for Production is overly broad and irrelevant because it seeks information regarding medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical

history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:** In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

**REPONSE TO REQUEST FOR PRODUCTION NO. 10:** See Plaintiff's objections to Requestion No. 9, above.

Respectfully submitted this 11th day of July 2022.

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022, I served a copy on each of the Defendants according

to the Federal Rules of Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX11

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>               Plaintiffs,<br><br>   v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>               Defendants. | Case No. 4:21-cv-01236-O |

## PLAINTIFF U.S. NAVY SEAL 3'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff U.S. Navy SEAL 3 ("Plaintiff") responds to Defendants' First Set of Requests for Production as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.  All information that is responsive to each request for production below has been provided, and if any information has been withheld, this fact will be stated in the applicable response.

2.      By making the accompanying responses and objections to Defendants' requests for production, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests for production and responses to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to each request for production that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and request for production to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Plaintiff objects to each instruction, definition, and request for production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such request for production would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such request for production is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, all and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

<u>**RESPONSES TO REQUESTS FOR PRODUCTION**</u>

**REQUEST FOR PRODUCTION NO. 1**: Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REPONSE TO REQUEST FOR PRODUCTION NO. 1:** Plaintiff objects to this Request for Production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Plaintiff also objects to this Request being overbroad and unduly burdensome because there is no time limitation on the scope of the request. Plaintiff further objects to the extent that the information requested is not reasonably related to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff additionally objects to the extent that the information requested is protected from disclosure by the attorney-client privilege and the clergy privilege and not in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, see Plaintiff's Religious Accommodation Request dated October 16, 2021, which Defendants possess. See also Plaintiff's response to Interrogatory No. 5, dated July 7, 2022.


**REQUEST FOR PRODUCTION NO. 2**: Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REPONSE TO REQUEST FOR PRODUCTION NO. 2:** Plaintiff objects to this Request for Production to the extent it seeks documents protected by the attorney-client or work product privileges.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory Nos. 2 and 5, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 3**: Any and all documents identified in response to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 3:** See Plaintiff's Responses to Defendants' First Set of Interrogatories, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 4**: Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request for Production No. 3. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 2, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 5**: Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to,

correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REPONSE TO REQUEST FOR PRODUCTION NO. 5:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–4.  Plaintiff also objects to this Request for Production because it seeks information protected by the clergy privilege.  Plaintiff further objects to this Request for Production to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this Request for Production to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 5, dated July 7, 2022.


**REQUEST FOR PRODUCTION NO. 6:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REPONSE TO REQUEST FOR PRODUCTION NO. 6:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–5.  Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.  Plaintiff

further objects because August 1, 2019 to the present is an arbitrary timeframe that is not reasonably related to any claim or defense in this case.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 6, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 7:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REPONSE TO REQUEST FOR PRODUCTION NO. 7:** Plaintiff objects to this Request for Production to the extent it is duplicative of Requests No. 1–6. Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 7, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REPONSE TO REQUEST FOR PRODUCTION NO. 8:** Plaintiff objects to this Request for Production because it is overly broad, unduly burdensome, and seeks irrelevant information. It is

overbroad because it seeks all social media posts related to Plaintiff's beliefs with no limitations related to the beliefs that are the subject of this action.   Because there are no limitations, this Request for Production also seeks irrelevant information.   Additionally, Plaintiff objects to the Request for Production to the extent it is duplicative of Requests No. 1–7.   Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objection, Plaintiff does not engage in social media.

**REQUEST FOR PRODUCTION NO. 9:** Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REPONSE TO REQUEST FOR PRODUCTION NO. 9**: Plaintiff objects to this Request for Production because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Request for Production is overly broad and irrelevant because it seeks information regarding medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical

history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:** In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

**REPONSE TO REQUEST FOR PRODUCTION NO. 10:** See Plaintiff's objections to Request for Production No. 9, above.

Respectfully submitted this 11th day of July 2022.

KELLY J. SHACKELFORD
   Texas Bar No. 18070950
JEFFREY C. MATEER
   Texas Bar No. 13185320
HIRAM S. SASSER, III
   Texas Bar No. 24039157
DAVID J. HACKER
   Texas Bar No. 24103323
MICHAEL D. BERRY
   Texas Bar No. 24085835
JUSTIN BUTTERFIELD
   Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org

*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but admitted to practice law in Florida. Practicing law in D.C. pursuant to D.C. Court of Appeals Rule 49(c)(8) under the supervision of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
   Texas Bar No. 24103325
ANDREW B. STEPHENS
   Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I served a copy of SEAL 3's Responses to Defendants' First Set of Requests for Production on each of the Defendants according to the Federal Rules of Civil Procedure.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　　　　Defendants. | Case No. 4:21-cv-01236-O |

**PLAINTIFF U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1'S**
**RESPONSES AND OBJECTIONS TO DEFENDANTS'**
**FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff U.S. Navy Explosive Ordnance Disposal Technician 1 ("Plaintiff") responds to Defendants' First Set of Requests for Production as follows:

**PRELIMINARY STATEMENT**

1.　　Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. All information that is

responsive to each request for production below has been provided, and if any information has been withheld, this fact will be stated in the applicable response.

2.     By making the accompanying responses and objections to Defendants' requests for production, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests for production and responses to be relevant or material to the subject matter of this action.

3.     Plaintiff will produce responsive documents only to the extent that such documents are in Plaintiff's possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

4.     Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.     Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to each request for production that is overly broad, unduly burdensome, not reasonably related to any claim or defense, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and request for production to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, clergy privilege, marital privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.      Plaintiff objects to each instruction, definition, and request for production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Responding to such request for production would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such request for production is substantially the same or less for Defendants as for Plaintiff. This objection encompasses, but is not limited to, all transcripts produced in this matter, all correspondence between the Plaintiff and Defendants, all and other information provided by Defendants to Plaintiff. All such documents and information will not be produced.

5.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiff objects to each instruction, definition, and request for production to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to the definition of the terms "document" or "record" to the extent it seeks to compel Plaintiff to produce documents possessed or controlled by "Plaintiffs' attorneys, agents, and representatives." Plaintiff will interpret these terms to refer to documents within his custody, possession, or control.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Any and all documents identified in Plaintiffs' initial disclosures in this action, without regard to date limitations.

**REPONSE TO REQUEST FOR PRODUCTION NO. 1:** Plaintiff objects to this Request for Production as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.  Plaintiff also objects to this Request being overbroad and unduly burdensome because there is no time limitation on the scope of the request.  Plaintiff further objects to the extent that the information requested is not reasonably related to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff additionally objects to the extent that the information requested is protected from disclosure by the attorney-client privilege and the clergy privilege and not in Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, see Plaintiff's Religious Accommodation Request dated August 17, 2021, and his Appeal, which Defendants possess.  See also Plaintiff's response to Interrogatory No. 5, dated July 7, 2022.


**REQUEST FOR PRODUCTION NO. 2**: Any and all documents used, consulted or referred to in preparing any and all of the declarations you have submitted in this action, including but not limited to declarations submitted in connection with the Plaintiffs' Motion for a Preliminary Injunction, the Plaintiffs' Motion for a Protective Order, and the Plaintiffs' Motion for an Order to Show Cause.

**REPONSE TO REQUEST FOR PRODUCTION NO. 2:** Plaintiff objects to this Request for Production to the extent it seeks documents protected by the attorney-client or work product privileges.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory Nos. 2 and 5, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 3**: Any and all documents identified in response to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 3:** See Plaintiff's Responses to Defendants' First Set of Interrogatories, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 4**: Any and all documents used, consulted or referred to in responding to Defendants' interrogatories in this action.

**REPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request for Production No. 3. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney client privilege, clergy privilege, other applicable privilege, and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 2, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 5**: Any and all documents used or consulted in forming your religious beliefs regarding the COVID-19 vaccination, including, but not limited to,

correspondence with religious leaders or organizations, and with persons or organizations opposed to COVID-19 vaccination.

**REPONSE TO REQUEST FOR PRODUCTION NO. 5:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–4.  Plaintiff also objects to this Request for Production because it seeks information protected by the clergy privilege.  Plaintiff further objects to this Request for Production to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this Request for Production to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, see Plaintiff's responses to Interrogatory No. 5, dated July 7, 2022.


**REQUEST FOR PRODUCTION NO. 6:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding your sincerely held religious beliefs from the time period August 1, 2019 to the present.

**REPONSE TO REQUEST FOR PRODUCTION NO. 6:** Plaintiff objects to this Request for Production to the extent it is duplicative of Request Nos. 1–5.  Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.  Plaintiff

further objects because August 1, 2019 to the present is an arbitrary timeframe that is not reasonably related to any claim or defense in this case.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 6, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 7:** To the extent not included in your request for religious accommodation or appeal, any and all documents that describe, relate, refer to, reflect, or support the allegations in the Complaint regarding the substantial burden posed by DoD and the Navy's COVID-19 vaccination requirement on your sincerely held religious beliefs.

**REPONSE TO REQUEST FOR PRODUCTION NO. 7:** Plaintiff objects to this Request for Production to the extent it is duplicative of Requests No. 1–6.  Plaintiff also objects to this Request for Production to the extent it seeks information that is already possessed by Defendants or seeks information that is protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objections, see Plaintiff's response to Interrogatory No. 7, dated July 7, 2022.

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD/Navy's COVID-19 vaccination requirement.

**REPONSE TO REQUEST FOR PRODUCTION NO. 8:** Plaintiff objects to this Request for Production because it is overly broad, unduly burdensome, and seeks irrelevant information.  It is

overbroad because it seeks all social media posts related to Plaintiff's beliefs with no limitations related to the beliefs that are the subject of this action.  Because there are no limitations, this Request also seeks irrelevant information.  Additionally, Plaintiff objects to the Request for Production to the extent it is duplicative of Requests No. 1–7.  Plaintiff also objects to this Request for Production to the extent it seeks information protected by the attorney-client, work product, and/or clergy privilege.

Subject to and without waiving the foregoing objections, Plaintiff is not in possession of documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 9:** Please produce each and every document that refers, reflects, or relates to your medical evaluation, treatment, care, or medication by a Healthcare Provider, at any time within the last five years, including all medical records of such care, and all medical records reflecting your receipt of vaccinations (without regard to date).

**REPONSE TO REQUEST FOR PRODUCTION NO. 9**: Plaintiff objects to this Request for Production because it is overbroad, unduly burdensome, irrelevant, arbitrary, and disproportionate to the needs of this case. The Request for Production is overly broad and irrelevant because it seeks information regarding medical evaluation, treatment, care, or medication has been received without any explanation of how this information is reasonably related to any claim or defense in this case. Responding to such an uninhibited fishing expedition into all aspects of Plaintiff's medical history places an undue burden on Plaintiff that is disproportionate to the needs of this case. Additionally, the request for Plaintiff's medical history from the past five years is an arbitrary timeframe that is not reasonably related to any claim or defense in this case. Plaintiff's medical

history over the past five years is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 10:** In lieu of producing medical records described in RFP 9 that are held by a DoD component, you may produce a fully executed DD Form 2870 authorizing release of the requested records to Government counsel in this action. The DD Form 2870 can be found here:

https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd2870.pdf

**REPONSE TO REQUEST FOR PRODUCTION NO. 10:** See Plaintiff's objections to Request for Production No. 9, above.

Respectfully submitted this 11th day of July 2022.

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org


JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org


*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I served a copy of EOD 1's Responses to Defendants'

First Set of Requests for Production on each of the Defendants according to the Federal Rules of

Civil Procedure.


/s/ Andrew B. Stephens
ANDREW B. STEPHENS

# DEX13

| From: | Powell, Amy (CIV) |
|---|---|
| To: | Andrew Stephens; Carmichael, Andrew E. (CIV); Avallone, Zachary A. (CIV); Snyder, Cassandra M (CIV); Yang, Catherine M (CIV) |
| Cc: | Heather Hacker; Danielle Runyan; Holly Randall; David Hacker; Mike Berry; Ryan Gardner |
| Subject: | RE: Navy Seals 1-26 v. Biden - meet and confer |
| Date: | Tuesday, August 16, 2022 4:45:00 PM |
| Attachments: | image001.png |

Andrew:

**This email is intended to memorialize our call today.  Please let me know if anything is inaccurate or omitted.**

We do intend to move to compel discovery on the following issues (probably tomorrow or Thursday), and wanted to walk through the issues to make sure we have Plaintiffs' position and are at an impasse.  If anything changes with respect to Plaintiffs' position, please let me know. We are happy to continue discussing, even if we have already filed a motion.

- Defendants intend to move to compel responses from **named, non-class representative Plaintiffs**, both to support our arguments on the merits and a potential motion to decertify.   Plaintiffs oppose such a motion and do not have a proposed compromise.

- Defendants intend to move to compel responses to **Interrogatories 3, 6, 7, and 9**, which point to Plaintiffs' Religious Accommodation Requests (RARs) without answering the interrogatories.  On the call, I emphasized Defendants' position – which is both that we can take discovery related to sincerity, and that all of these are broader than just sincerity – the information goes to burden, alternatives, less restrictive means, and other issues.  The parties agreed we are at an impasse.

- Defendants intend to move to compel responses to **Interrogatories 5 and 8** because they rely only on Interrogatory 2.  Defendants position is that Plaintiffs did not adequately search for information responsive to 5 & 8 (to include, for example, a description of "research, inquiry and other methods you used to determine that DoD and the Navy's COVID-19 vaccination requirement is contrary to your religious beliefs, including identification of all sources consulted (including written, recorded, or digital material, authorities, experts, or individuals, as well as verbal sources)".  Plaintiffs' believe their response are now complete and also stand on their objections on anything related to the sincerity of their beliefs.

- Defendants intend to move to compel responses to **Interrogatories 9, 11, 12**, which are akin to contention interrogatories explicitly permitted by the Rules.  Plaintiffs expressed some willingness to do later responses to these, at the end or after the close of discovery.  I think we need some response now (to reflect whatever information Plaintiffs have personally at this time), with the expectation that they may be supplemented later.  While I think that puts us much closer to a compromise on this issue, and we may yet be able to reach agreement, absent supplementation, I think we need to go ahead and file the motion.

- Defendants intend to move to compel responses to **Interrogatory 10.**  Plaintiffs supplemented with respect to one plaintiff, but that supplementation is incomplete because we need a full listing of the adverse consequences that Plaintiffs believe they have experience through or as a result of the RAR process (because we are likely to dispute that they are a consequence of the RARs).  You stated Plaintiffs would not be providing further supplementation.

- **Documents to be produced in general** --  Defendants previously had agreed to forego production of: the various versions of the Bible cited, any publicly available Navy policy documents, and any publicly available document to which Plaintiffs could provide a website

link, and Plaintiffs said they would provide any supplements by August 12, 2022. Defendants are willing to limit the request still further to exclude: (1) any document that Plaintiffs can specifically identify as previously produced or submitted in this action (with reference to bates number or ECF and page number); and (2) the RARs as submitted, provided we can reach agreement about what those are such that the completeness and authenticity won't suddenly be challenged late in the process. Accordingly, we are not currently going to move to compel the RARs themselves (on the understanding the parties are likely to be able to reach some agreement on that, even though we have not worked out a process yet).

- **Initial Disclosures:** Plaintiffs position is that they don't have anything else in the categories described by the initial disclosures, beyond the RARs and the policy documents described above. We are skeptical Plaintiffs have conducted an adequate search, given the breadth with which those categories were described: "Documents related to Named Plaintiffs' religious accommodation requests"; "Documents related to the fifty-point standard operating procedure used by Vice Admiral Nowell and his staff."; and "Documents related to the Navy's policies and procedures concerning religious accommodation requests." And the types of documents relied on at the PI hearing, that included emails and the like. If Defendants move to compel on this issue, we will state that Plaintiffs oppose.

- Defendants intend to move to compel **documents related to interrogatories.** Where the rog responses cite interrogatories but do not produce the relevant documents, we are moving to compel anything outside the limited categories we are foregoing as described above. Plaintiffs have, for example, cited some articles and not produced them. If those articles are something already on the record or produced, we'll take page number, bates number, etc. We also think the rog responses are inadequate, which means the RFPs citing them are inadequate. You stated that Plaintiffs would not be providing supplementation.

- Defendants intend to move to compel responses to **RFP 8 – social media**. After the previous call, I asked you to confirm the search done and that there were really no responsive documents, and you responded by saying you were standing on relevance objections. Today, Plaintiffs confirmed that they have not conducted a search and are relying on their relevance objections. We are at an impasse.

- Defendants intend to move to compel responses to both the interrogatory and the RFPs regarding **Medical Information**, and I described generally our position. You indicated that Plaintiffs may be willing to sign the consent form, which seems likely to resolve the request (because it is likely that DoD holds most or all of the information we would need). In light of timing, I think we need to go ahead and get the motion to compel on file this week, but please be aware that signing the consent form will likely resolve the motion to compel medical information with respect to any Plaintiff who signs.

Related to the discussion about production of RARs, we had a tangential discussion about the administrative records. We have produced certified administrative records for 7 plaintiffs who have received final action because they received an initial denial and did not file an appeal. We are working on the records for those few plaintiffs who have finally adjudicated appeals. We cannot do *certified* records for those who have pending RARs or appeals (because there is no final agency action for which we can complete and certify a record). You asked whether their RAR adjudication files would contain information Plaintiffs do not have. I'm not sure, because Plaintiffs have not produced what they have, but I pointed you to the produced records as an example of what the certified records would include.

Separately, I would hope to soon begin scheduling depositions to take place in October, if not

sooner, instead of trying to cram everything in at the very end of the discovery period.  But that means getting meaningful written discovery responses quite soon here.


Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Monday, August 15, 2022 11:35 AM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>; Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry <mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** [EXTERNAL] RE: Navy Seals 1-26 v. Biden - meet and confer


230 EST works

Andrew

---

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Monday, August 15, 2022 10:21 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>; Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry <mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** RE: Navy Seals 1-26 v. Biden - meet and confer


Can we say 230pm (eastern) tomorrow?  I'm pretty flexible from 2-4, if not.  I don't think this will take long; I just want to make sure we accurately represent Plaintiffs' positions.


Amy

---

**From:** Andrew Stephens <andrew@hackerstephens.com>

**Sent:** Monday, August 15, 2022 10:52 AM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV)
<Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>;
Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;
Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry
<mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** [EXTERNAL] RE: Navy Seals 1-26 v. Biden - meet and confer

Amy,

Yes, we're happy to discuss again.  We can't do make today work but are available tomorrow
(Tuesday) afternoon if there's a time that works for you all.

Thanks,

Andrew

**Andrew B. Stephens**
Partner

HACKERSTEPHENS LLP
www.hackerstephens.com

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or
authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any
information contained in the message. If you have received the message in error, please advise the sender by replying or by
phone at (512) 399-3022 and delete the message.

---

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Sunday, August 14, 2022 11:09 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Carmichael, Andrew E. (CIV)
<Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>;
Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;
Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry
<mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** RE: Navy Seals 1-26 v. Biden - meet and confer

Andrew:

I received only the supplemented interrogatory responses from SEAL2 on Friday.  While I suspect

that means we are at an impasse on virtually all of the issues below, I would like to speak once more to make sure we understand Plaintiffs' position before we move to compel.  Are you available Monday afternoon for a call?

Amy

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Wednesday, August 03, 2022 7:39 PM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV)
<Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>;
Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;
Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry
<mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** [EXTERNAL] RE: Navy Seals 1-26 v. Biden - meet and confer

Amy, responses to the issues raised in your email are below in red text.  If you would like to discuss please let us know.

Andrew

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Monday, August 1, 2022 2:42 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Carmichael, Andrew E. (CIV)
<Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>;
Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;
Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry
<mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** RE: Navy Seals 1-26 v. Biden - meet and confer

Thanks, Andrew.  If you can get back to us the middle of the week, we can hold off on filing a motion to compel until we have had a chance to review.

Regards
Amy

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Monday, August 01, 2022 3:40 PM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV)
<Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>;
Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV)

<Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;
Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry
<mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** [EXTERNAL] RE: Navy Seals 1-26 v. Biden - meet and confer

Amy,

We are still working on a response to the issues in your email and hope have that to you by middle
of the week.  Apologies for not getting back to you sooner.

Andrew

**Andrew B. Stephens**
Partner

HACKERSTEPHENS LLP
www.hackerstephens.com

This message contains information that may be confidential and privileged. Unless you are the intended recipient (or
authorized to receive for the intended recipient), you may not use, copy, or disclose to anyone the message or any
information contained in the message. If you have received the message in error, please advise the sender by replying or by
phone at (512) 399-3022 and delete the message.

---

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Friday, July 29, 2022 11:07 AM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Carmichael, Andrew E. (CIV)
<Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>;
Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;
Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry
<mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** RE: Navy Seals 1-26 v. Biden - meet and confer

Andrew:

Any update on these?  We are planning on moving to compel on the issues set forth in the email
below.  Please let us know Plaintiffs' position, today if possible.

Thanks
Amy

Amy Elizabeth Powell

Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Wednesday, July 27, 2022 1:50 PM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>; Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry <mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** [EXTERNAL] RE: Navy Seals 1-26 v. Biden - meet and confer

We're working on it but don't have an estimate yet re timing.

Andrew

---

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Wednesday, July 27, 2022 12:02 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>; Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry <mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** RE: Navy Seals 1-26 v. Biden - meet and confer

Andrew:

Do you have any updated on Plaintiffs' discovery responses?  Or can you tell me when and what you expect to supplement?  We can talk again if that would be helpful, but my questions are laid out in the email below.

Thanks
Amy

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice

150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Powell, Amy (CIV)
**Sent:** Thursday, July 21, 2022 5:06 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Carmichael, Andrew E. (CIV)
<Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>;
Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;
Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry
<mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** RE: Navy Seals 1-26 v. Biden - meet and confer

Andrew:

This email is intended to memorialize our conversation today.  Please let me know if I have misstated
or omitted anything.  We are hoping to nail down our areas of disagreement by next week so that
we can determine whether and in which respects a motion to compel might be necessary.

Discovery of Non-Class Representative Plaintiffs.  I asked whether there was any room for
compromise on this issue, because we might be willing to not depose some of them, if we got
comprehensive written discovery from all of them.  Plaintiffs' position depends on the scope of the
discovery sought from them. They might be willing to submit to some document discovery, but not
depositions.  We are not likely to give up depositions of the non-class representative plaintiffs
entirely, but might be willing to limit them.  We both agreed to circle back on this one next week.
We stand on our objection to discovery sought from the Non-Class Representative Plaintiffs. The
Court has recognized that SEALs 1, 2, 3, and EOD 1 are representative of the Class, and that
"Plaintiffs claims are . . . capable of class-wide resolution." Dkt. 140. Further, "[t]he Court need not
consider the sincerity of each individual's beliefs prior to certification. *Id.* (citing *Bear Creek Bible
Church v. EEOC,* No. 4:18-cv-00824, 2021 WL 5449038 (N.D. Tex. Nov. 22, 2021)). Therefore, any
discovery sought of the Non-Class Representative Plaintiffs is irrelevant so long as a class is certified.

Privilege Assertions.  You confirmed that no specific information was being withheld as a result of
the clergy privilege or other named privileges. No specific information has been withheld under the
clergy or other privileges, but we expressly reserve the right to assert these and other relevant
objections in this action.

Scope.  You confirmed that nothing was being withheld pursuant to your objection related to
information outside plaintiffs' custody or control. No specific information has been withheld as
outside Plaintiffs' custody or control.

<u>Interrogatory Responses that Refer to the RAR.</u>  We had a long discussion about the interrogatory responses that refer to the RAR, and my questions about whether they were really complete.  You thought many of them (including Rog 3) seek information not relevant to the claims.  I explained Defendants' position that Rog 3 is relevant to evaluating the asserted sincere religious belief and the burden on it.   Plaintiffs are going to stand on objections regarding discovery into the sincerity of their beliefs.  For Rog 7, you had not interpreted it to encompass alleged adverse actions that burden religious beliefs.  We did, but it seems possible that Dfendants' concerns with respect to Rog 7 may be satisfied by supplementation of the responses to Rog 10.   Otherwise, it seems likely that we are at impasse, and will likely move to compel on this portion of the interrogatories.  (To be clear, the concern is broader than rogs 3 and 7, but applies each time plaintiffs' referred to the RAR rather than answer the question completely.   See, e.g., Responses to Rogs 3, 6-8.)  We stand on our objections that any information sought pertaining to the sincerity of the Class Rep Plaintiffs' religious beliefs are irrelevant and not reasonably related to any claim or defense in this case.  We will not be providing additional information on this point beyond what is already detailed in the declarations submitted in briefing and the Class Rep Plaintiffs' RARs. The Court recognized that "'[s]incerity is generally presumed or easily established,' and court must handle that sincerity inquiry 'with a light touch, or judicial shyness.'" Dkt. 140 (citing *Moussazadeh v. Tex. Dep't of Crim. Just.*, 703 F.3d 781, 791-92 (5th Cir. 2020); *see also* Tr. of Hr'g on Mot. for Prelim. Inj. 47:8-48:9. Furthermore, it is an undisputed material fact that each of the Class Rep Plaintiffs' beliefs were determined to be sincere by Navy chaplains pursuant to the Navy's own RAR process.  And as Admiral Lescher stated during his deposition (page 75, lines 11-16), he has no reason to doubt the sincerity of the Plaintiffs' religious beliefs underlying their RARs.  Regarding ROG 7, while we may not agree that updated responses to ROG 10 will resolve Defendants' concerns about the responses to ROG 7, we can address any concerns on this point, if any, after the Class Rep Plaintiffs supplement their responses to ROG 10, as applicable. We expect to provide Defendants with supplemented answers, if any, no later than August 12, 2022.

<u>Rogs 5 & 8.</u>  You believe Plaintiffs' responses are complete but will check to be sure.  (Ideally we could get confirmation or supplementation next week, but let me know if you need more time, and if so, specifically how much).  We expect to provide Defendants with supplemented answers, if any, no later than August 12, 2022.

<u>Rog 10</u>.  Plaintiffs intend to supplement this response with a description of adverse consequences.  (Ideally we could get supplementation next week, but let me know if you need more time, and if so, specifically how much).  Consistent with our response above, we expect to provide Defendants with supplemented answers, if any, no later than August 12, 2022.

<u>Rogs 9, 11 &12</u>.  We spoke about Rogs 11& 12.  Plaintiffs' concern is that these questions about less restrictive means and other mitigation measures ask for a legal conclusion and the burden is on Defendants to prove this prong of the test.  I explained Defendants' position that Plaintiffs could still have discoverable information on the topic, especially because the Rogs are framed as needing to understand what Plaintiffs' opinions and beliefs on the issues.  (Looking over my notes, it also appears that FRCP 33(a)(2) specifically seems to permit this sort of rog.)  Plaintiffs are going to circle back on this one.  (Ideally we could get supplementation next week, but let me know if you need

more time, and if so, specifically how much). I would like to add Rog 9 to this list for your consideration.  It similar raises an issue (compelling interest) on which Plaintiffs might claim to have relevant information (based on their testimony at the PI hearing) and the interrogatory response instead refers to the briefing.  We stand on our objection that ROGs 9, 11, and 12 call for a legal conclusion that is the Defendants' burden to prove. Notwithstanding that objection, the interrogatories are irrelevant because they seek information that is not reasonably related to any claim or defense in this case.  At this time, Defendants have provided no explanation that would alter our objections. Information regarding the compelling interest and least restrictive means analysis is readily available to the Defendants. We direct the Defendants to our previous briefing in this matter and the hearing transcript from Dec. 20, 2022 for an analysis of RFRA's burdens of proof.

Medical Information.  I asked whether any compromise was available here.  We would be willing to start with the waiver for the military records (and/or maybe limit it to the class reps and some selection of the other plaintiffs).  Plaintiffs are still looking at this and don't have an answer yet.  Please let me know Plaintiffs' position next week.  We stand on our objection that ROG 13 seeks information irrelevant to the case and requests information from an arbitrary timeframe, as this case concerns only the COVID-19 vaccine. See Tr. of Hr'g on Mot. for Prelim. Inj. 47:15-16. Defendants have provided no reasonable explanation of how this information would be relevant to any claim or defense in this case.

Production of Documents.  Plaintiffs seemed to be willing to produce documents that aren't publicly available, but you wanted to go back and look more specifically at what docs need to be produced. I emphasized that we need a reasonable date by which production will occur.  You'll get back to us. (Ideally we could get supplementation next week, but let me know if you need more time, and if so, specifically how much).  If there are any relevant documents that are not publicly available, Plaintiffs expect to produce those no later than August 12, 2022.

RFP 1.  I asked for confirmation that Plaintiffs don't have anything else that falls in the categories described in their initial disclosures – e.g., documents about/referring to RARs, etc.  Plaintiffs weren't sure and would check, but thought we should ask something more specific given the potential breadth of those categories.  We would be willing to accept the Plaintiffs' copy of the RARs and the SOP, other documents related to the SOP or RARs in Plaintiffs' custody or control.  Let us know what you think next week.  The RAR process is Defendants' process and the RARs relied upon by Defendants are the versions that would be most relevant to any claim or defense in this case.  If there are relevant available documents responsive to RFP 1, we expect to produce those no later than August 12, 2022.

RFP 8.  You indicated a belief that there are no public documents/social media posts but agreed to go back and ask again, both to confirm as to any public posts and also as to any non-public (i.e., restricted to friends) posts.  We stand by our objection that this interrogatory seeks irrelevant information.  Additionally, Defendants have provided no explanation of how any information sought by this interrogatory is reasonably related to any claim or defense in this case, particularly if the information sought is not public in nature.

You also asked whether there are reasonable limits we can impose on depositions.  I said, maybe?

We're not willing to give up anything at this early stage, especially without comprehensive written discovery responses, but later we might be willing to limit time or number if appropriate.  We should also, if depositions go forward, try to schedule them together in batches.  We are open to future discussions regarding depositions.

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Andrew Stephens <andrew@hackerstephens.com>
**Sent:** Wednesday, July 20, 2022 4:27 PM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>; Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry <mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** [EXTERNAL] RE: Navy Seals 1-26 v. Biden - meet and confer

Anytime tomorrow 12pm-3pm CST works

Andrew

---

**From:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Sent:** Wednesday, July 20, 2022 3:24 PM
**To:** Andrew Stephens <andrew@hackerstephens.com>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Cc:** Heather Hacker <heather@hackerstephens.com>; Danielle Runyan <drunyan@firstliberty.org>;

Holly Randall <hrandall@firstliberty.org>; David Hacker <dhacker@firstliberty.org>; Mike Berry <mberry@firstliberty.org>; Ryan Gardner <rgardner@firstliberty.org>
**Subject:** RE: Navy Seals 1-26 v. Biden - meet and confer

Counsel:

We are considering whether to file a motion to compel with respect to your discovery responses to date, and request a meet and confer by telephone.  Is there a good time tomorrow afternoon between 1-4pm (eastern) or Friday morning?  We would like to get any motion on file next week.

Topics for discussion include:

- Non-class representative plaintiffs.  Defendants believe that discovery of non-class representative plaintiffs is appropriate here.  While some courts have limited discovery of absent class members, others have not, and there are several reasons to believe discovery of these named plaintiffs is warranted regardless of whether the Court would limit such discovery in general:
    - They are not absent; they are named parties.  They are thus subject to discovery under Rule 26.
    - Many of them have submitted testimony in this action, and the Court relied on it to date.
    - Discovery is proportionate to the needs of the case here because Defendants intend to prove that the consideration of religious exemptions is and should be individualized here, by showing through the individual circumstances of named plaintiffs, that not all class members have a substantially burdened sincere belief,  and that the government has a compelling interest in the vaccination of particular individuals that cannot be satisfied by less restrictive means
    - Class certification was done without the benefit of discovery, and the Court's order includes numerous factual errors.  Accordingly, Defendants eventually intend, with the benefit of discovery, to move to decertify the class, and are entitled to discovery.
- Some of the interrogatory and RFP responses invoke the "clergy privilege."  But it is unclear whether you are withholding any information on those grounds?  Eg – refusing to identify people who assisted in preparation of the RAR or interrogatory responses? Or refusing to produce responsive documents that reflect communication with clergy?  If so, we will need a privilege log and a better explanation of the basis for the invocation of the privilege.  I have similar questions about other privilege invocations.
- Plaintiffs make a general objection to interrogatories regarding "attorneys, agents, or representatives," stating that they are only producing material within their own custody or control.  And a similar but not identical objection to the RFPs. Obviously, information in the possession of an attorney, agent, or representative is within the plaintiff's control in most instances.  Is there responsive material that Plaintiffs are withholding on this ground?  It is unclear, and seems like an improper general objection under the circumstances
- Many of the interrogatory responses refer solely to the RAR request in ways that seem questionable or incomplete.
    - For example, Rog 3 asks how Plaintiffs incorporate their beliefs regarding fetal stem cells into other aspects of their life.  RARs do not seem to address that. That is fine if the answer is that they don't incorporate it into the rest of their life, or only insofar as mentioned in the RAR.  But to the extent the Plaintiffs have some explanation, it needs to be addressed here.  (SEAL 3 refers cryptically to the hearing transcript, without citation to page or line numbers, but that transcript seems to make clear that there is additional information beyond what is in the RAR.)
    - For another example, Rog 7 asks about instances of substantial burden.  It seems unlikely that the RAR is a complete answer to this question.  For example, Plaintiffs have previously alleged that being removed from deployable

positions and reassigned, or missing training, etc., are instances of substantial burden. If plaintiffs are now conceding that those are not substantial burdens, that's fine with us, but if there are other factual bases for arguing substantial burden with respect to ANY plaintiff, they need to list it here.
  - Other examples in the Rogs
- Rogs 5 and 8 ask about sources consulted in forming certain conclusions. Plaintiffs list only a selection of written source material. Is this complete? Because it seems surprising that they would not have consulted additional people/websites/sources. If these responses are not a comprehensive response, please supplement promptly.
- Rog 10 asks about adverse consequences. Again, can you confirm these are a complete listing of all adverse consequences? Eg – SEAL 3 refers only to the hearing transcript. Does the hearing contain all instances of adverse consequences? He was not asked for a comprehensive listing at the hearing. If these responses are not a comprehensive response, please supplement promptly.
- Rogs 11 and 12 ask for Plaintiffs' description of any less restrictive means available and/or other COVID mitigation measures that are equally effective, and the response is along the lines of "see briefing." We take this to mean that these witnesses have no information about less restrictive means and are relying solely on legal argument and/or other witnesses as to this standard. Is that correct? If not, please supplement.
- Medical Information (Rog 13, RFPs 9,10): We believe this information goes to both sincerity and substantial burden. There is a Privacy Act protective order in place to avoid any public airing of medical information. It seems likely that many Plaintiffs have routinely accepted medical care that was tested or developed using fetal stem cells. I would note that Plaintiffs have requested far more invasive information regarding non-parties to this case.
- Identification of Documents. In several instances, plaintiffs list entire books or other voluminous material as documents they consulted. Please identify with precision what was consulted.
- Plaintiffs list different translations of the Bible. We have no objection to that, but wonder whether you would like to propose a particular translation to cite, to the extent we need to cite it in proceedings/depositions/etc?
- Production of Documents. Plaintiffs do not produce documents or identify a date for production of responsive documents, despite having identified some such documents. See, e.g., responses to RFP 2. We are willing to forego production of certain items, including the Bible, any Navy policy documents, and any duplicate documents. (Ie – several plaintiffs list the same documents – we only request one copy, even if multiple plaintiffs list it). But we request immediate production of all other responsive documents, or we may need to seek relief from the court.
- RFP 1 – initial disclosures included "documents related to Plaintiffs' RaR requests", "documents related to the 50-point SOP" and "documents related to the "Navy's policies and procedures." Plaintiffs have identified their RARs (which we would still like them to produce, so that we can compare to what defendants have – discovery is intended to avoid surprises like plaintiffs submitting a document at summary judgment that is different than what is in Defendants' files.). And nothing else. The categories identified in the initial disclosures seem far broader. Why is there no additional production contemplated here?
- RFP 8 - SEALs 1& 2 and EOD1 say there are no responsive documents, whereas SEAL 3 says he does not engage in social media (but doesn't say there are no responsive documents) – in each case, is that because there is no social media accounts or no posts on these subjects? Can you describe the searches done? Were there any past posts that were deleted or lost?

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013

Email:  amy.powell@usdoj.gov

# DEX14

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**, <br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | Case No. 4:21-cv-01236-O |

## PLAINTIFF U.S. NAVY SEAL 2's FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff U.S. Navy SEAL 2 ("Plaintiff") provides these First Supplemental Responses and Objections to Defendants' First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff refers Defendants to and incorporates herein each and every paragraph of the Preliminary Statement, General Objections, and Objections to Instructions and Definitions set forth in Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories dated July 7, 2022.

1

**FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 5:** Please identify all documents that you consulted in preparing your request to be exempted from DoD's and the Navy's COVID-19 vaccination requirement based on your religious beliefs.

**RESPONSE NO. 5:** Plaintiff objects to this Interrogatory because it is overbroad, irrelevant, unduly burdensome, and seeks information that is already possessed by Defendants.  The Interrogatory is overly broad and irrelevant to the extent that it seeks information that is not reasonably related to any claim or defense in this case, which would place a burden on Plaintiff that is disproportionate to the needs of this case. Plaintiff also objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: I consulted the documents listed in response to Interrogatory No. 2.  Additionally, I consulted the United States Catholic Catechism for Adults by the United States Conference of Catholic Bishops (8th Print, October 2012) and the Ignatius Catholic Study Bible New Testament (Second Catholic Edition RSV) (Ignatius Press, January 13, 2010).

**INTERROGATORY NO. 10:** Please describe in detail each and every adverse consequence you claim to have suffered as a result of your request for religious accommodation, including the reasons why you believe it to be a result of the request for religious accommodation. With respect to each alleged consequence, identify at least relevant dates, documents, witnesses, and events.

**RESPONSE NO. 10:** Plaintiff objects to this interrogatory to the extent it seeks information that is readily or more accessible to Defendants from Defendants' own files, from documents or

2

information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiff. Furthermore, the burden of responding to this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: see the transcript from the December 20, 2021 hearing in this matter.  Additionally, I face the threat of losing the livelihood my single income family depends on to survive.  And because of the Navy's travel restrictions for unvaccinated individuals, I was unable to travel to Fort Bragg, North Carolina to complete my Advance Tactical Paramedic training. I was thus unable to maintain the specific medic qualification.

3

I declare under the penalties of perjury that the foregoing First Supplemental Responses to Defendants' First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

SEAL 2

Dated: August 12, 2022

Respectfully submitted this 12th day of August 2022.

Objections by:

| | |
|---|---|
| /s/ Danielle A. Runyan | HEATHER GEBELIN HACKER |
| KELLY J. SHACKELFORD | Texas Bar No. 24103325 |
| Texas Bar No. 18070950 | ANDREW B. STEPHENS |
| JEFFREY C. MATEER | Texas Bar No. 24079396 |
| Texas Bar No. 13185320 | HACKER STEPHENS LLP |
| HIRAM S. SASSER, III | 108 Wild Basin Road South, Suite 250 |
| Texas Bar No. 24039157 | Austin, Texas 78746 |
| DAVID J. HACKER | Tel.: (512) 399-3022 |
| Texas Bar No. 24103323 | heather@hackerstephens.com |
| MICHAEL D. BERRY | andrew@hackerstephens.com |
| Texas Bar No. 24085835 | |
| JUSTIN BUTTERFIELD | *Attorneys for Plaintiffs* |
| Texas Bar No. 24062642 | |
| Danielle A. Runyan * | |
| New Jersey Bar No. 027232004 | |
| Holly M. Randall | |
| Texas Bar No. 24128002 | |
| FIRST LIBERTY INSTITUTE | |
| 2001 W. Plano Pkwy., Ste. 1600 | |
| Plano, Texas 75075 | |
| Tel: (972) 941-4444 | |
| jmateer@firstliberty.org | |
| hsasser@firstliberty.org | |
| dhacker@firstliberty.org | |
| mberry@firstliberty.org | |
| jbutterfield@firstliberty.org | |
| drunyan@firstliberty.org | |
| hrandall@firstliberty.org | |
| | |
| JORDAN E. PRATT | |
| Florida Bar No. 100958*  ** | |
| FIRST LIBERTY INSTITUTE | |
| 227 Pennsylvania Ave., SE | |
| Washington, DC 20003 | |
| Tel: (972) 941-4444 | |
| jpratt@firstliberty.org | |
| | |
| *Admitted pro hac vice. | |
| ** Not yet admitted to the D.C. Bar, but | |
| admitted to practice law in Florida. Practicing | |
| law in D.C. pursuant to D.C. Court of | |
| Appeals Rule 49(c)(8) under the supervision | |
| of an attorney admitted to the D.C. Bar. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I served a copy of SEAL 2's First Supplemental Responses and Objections to Defendants' First Set of Interrogatories on each of the Defendants according to the Federal Rules of Civil Procedure.

/s/ Danielle A. Runyan
DANIELLE A. RUNYAN

6

# DEX15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| **U.S. NAVY SEALs 1–3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; U.S. **NAVY SEALS 4–26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1–5**; and **U.S. NAVY DIVERS 1–3**,<br><br>                    Plaintiffs,<br><br>         v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

**PLAINTIFFS' INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv), Plaintiffs United States Navy SEALs 1–3 and United States Navy Explosive Ordnance Disposal Technician 1 ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Plaintiffs United States Navy SEALs 4–26, United States Navy Special Warfare Combatant Craft Crewman 1–5, and United States Navy Divers 1–3 ("Individual Plaintiffs") provide the following initial disclosures to Defendants Lloyd J. Austin, III, in his official capacity; United States Department of Defense; and Carlos Del Toro, in his official capacity.

These Initial Disclosures are made based on information currently available to Plaintiffs and are subject to further supplementation or modification as more information becomes available.

Defs.' Mot. to Compel App.000711

By making these Initial Disclosures, Plaintiffs are not representing that they are identifying every document, tangible thing or witness relevant to this class action lawsuit. These Initial Disclosures are not intended to waive or prejudice any privileges or objections that Plaintiff may have to any outstanding or subsequent discovery requests.

**I.      Rule 26(a)(1)(A)(i) Witnesses**

Plaintiffs identify and incorporate by reference all individuals listed in Defendants' pleadings, all individuals who have submitted declarations or affidavits in support of Defendants' claims or defenses, all individuals who are listed in Defendants' Initial Disclosures, any individual who is deposed in this lawsuit, any expert designated by any party in this lawsuit, and any individual who is mentioned in any of the discovery responses or documents produced in this lawsuit. In addition, Plaintiffs disclose the following individuals:

1. Named Plaintiffs **SEALs 1-3** and **EOD 1** have knowledge relevant to the following:

    a.  The facts set forth in the operative complaint;

    b.  The Navy's COVID-19 Vaccine Mandate;

    c.  The Navy's denial of religious accommodations for the COVID-19 Vaccine Mandate;

    d.  The Navy's policies and procedures; and

    e.  General matters related to this case.

    Named Plaintiffs SEALs 1-3 and EOD 1 may be contacted through Plaintiffs' counsel:

    Heather G. Hacker
    Andrew Stephens
    Hacker Stephens LLP
    108 Wild Basin Rd. South, Suite 250
    Austin, TX 78746
    (512) 399-3022
    heather@hackerstephens.com
    andrew@hackerstephens.com

Defs.' Mot. to Compel App.000712

2. **Lieutenant Daniel Franklin** has knowledge relevant to his personal experience seeking a religious accommodation from the COVID-19 vaccine. Lieutenant Franklin may be contacted through Plaintiffs' counsel:

   Heather G. Hacker
   Andrew Stephens
   Hacker Stephens LLP
   108 Wild Basin Rd. South, Suite 250
   Austin, TX 78746
   (512) 399-3022
   heather@hackerstephens.com
   andrew@hackerstephens.com

3. **Lieutenant Commander Erik V. De Sousa** has knowledge relevant to his personal experience seeking a religious accommodation from the COVID-19 and working with civilian employees. Lieutenant Commander De Sousa may be contacted through Plaintiffs' counsel:

   Heather G. Hacker
   Andrew Stephens
   Hacker Stephens LLP
   108 Wild Basin Rd. South, Suite 250
   Austin, TX 78746
   (512) 399-3022
   heather@hackerstephens.com
   andrew@hackerstephens.com

4. **Commander Robert A. Green** has knowledge about the fifty-point standard operating procedure used by Vice Admiral Nowell and his staff. Commander Green may be contacted through Plaintiffs' counsel:

   Heather G. Hacker
   Andrew Stephens
   Hacker Stephens LLP
   108 Wild Basin Rd. South, Suite 250
   Austin, TX 78746
   (512) 399-3022
   heather@hackerstephens.com
   andrew@hackerstephens.com

## II.   Rule 26(a)(1)(A)(ii) Documents and Tangible Things

Plaintiffs identify and incorporate by reference all documents submitted or cited by Plaintiffs in their pleadings in this case and any additional documents identified during the course

3

of discovery. In addition, Plaintiffs identify the following categories of documents and tangible things in their possession, custody, or control that Plaintiffs may use to support their allegations in this case:

1. Documents related to Named Plaintiffs' religious accommodation requests.

2. Documents related to the fifty-point standard operating procedure used by Vice Admiral Nowell and his staff.

3. Documents related to the Navy's policies and procedures concerning religious accommodation requests.

## III.    Rule 26(a)(1)(A)(iii) Damages

Other than attorneys' fees, Plaintiffs make no claim for monetary damages.

## IV.    Rule 26(a)(1)(A)(iv) Insurance

Not applicable.

## V.    Supplementation

Plaintiffs' Initial Disclosures are made without prejudice to Plaintiffs' right to change, amend or supplement these answers, and without prejudice to Plaintiffs' rights to assert privileges or objections to any of Defendants' discovery requests, and without prejudice to Plaintiffs' rights to introduce at trial such additional evidence and documents as may be warranted by the facts in this lawsuit.

[Signatures on following page]

4

Respectfully submitted this 29th day of April, 2022.

KELLY J. SHACKELFORD
   Texas Bar No. 18070950
JEFFREY C. MATEER
   Texas Bar No. 13185320
HIRAM S. SASSER, III
   Texas Bar No. 24039157
DAVID J. HACKER
   Texas Bar No. 24103323
MICHAEL D. BERRY
   Texas Bar No. 24085835
JUSTIN BUTTERFIELD
   Texas Bar No. 24062642
Danielle A. Runyan *
  New Jersey Bar No. 027232004
Holly M. Randall *
  Oklahoma Bar No. 34763
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org


JORDAN E. PRATT
  Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org


*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

/s/ Andrew B. Stephens
HEATHER GEBELIN HACKER
   Texas Bar No. 24103325
ANDREW B. STEPHENS
   Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I served Plaintiffs' Initial Disclosures on Defendants

in accordance with the Federal Rules of Civil Procedure.

/s/ Andrew B. Stephens
ANDREW B. STEPHENS

6

# DEX16

Defs.' Mot. to Compel App.000717

```
 1

 2                    IN THE UNITED STATES DISTRICT COURT

 3                   FOR THE NORTHERN DISTRICT OF TEXAS

 4                          FORT WORTH DIVISION

 5   U.S. NAVY SEALs 1-26;       )
                                 )   CASE NO. 4:21-cv-01236-O
 6   U.S. NAVY SPECIAL WARFARE;  )
                                 )   FORT WORTH, TEXAS
 7   COMBATANT CRAFT CREWMEN     )
     1-5; and                    )
 8                               )
     U.S. NAVY DIVERS 1-3,       )
 9                               )
          Plaintiffs,            )
10                               )
     VS.                         )
11                               )
     JOSEPH R. BIDEN, JR., in    )
12   his official capacity as    )
     President of the United     )
13   States of America; LLOYD J.)
     AUSTIN, III, individually   )
14   and in his official         )
     capacity as United States   )
15   Secretary of Defense;       )
     UNITED STATES DEPARTMENT OF)
16   DEFENSE; CARLOS DEL TORO,   )
     individually and in his     )
17   official capacity as United)
     States Secretary of the     )
18   Navy,                       )
                                 )
19        Defendants.            )

20

21                          VOLUME 1 OF 1

22                       DECEMBER 20, 2021

23              TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE REED C. O'CONNOR
24           UNITED STATES DISTRICT COURT JUDGE

25
```

Defs.' Mot. to Compel App.000718

```
 1
       A P P E A R A N C E S:
 2

 3     FOR THE PLAINTIFFS:  HEATHER HACKER
                            ANDREW STEPHENS
 4                          HACKER STEPHENS, LLP
                            108 Wild Basin Road South, Suite 250
 5                          Austin, Texas  78746
                            512.399.3022
 6
                            MICHAEL BERRY
 7                          FIRST LIBERTY INSTITUTE
                            2001 W. Plano Parkway, S-1600
 8                          Plano, Texas  75075
                            Telephone:  972.941.4457
 9

10     FOR THE DEFENDANTS:  AMY POWELL
                            U.S. DEPARTMENT OF JUSTICE
11                          150 Lafayette Street, Suite 2100
                            Raleigh, North Carolina 27601
12                          Telephone:  919.856.4013

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Defs.' Mot. to Compel App.000719

```
1                    I N D E X

2   PLAINTIFFS' WITNESSES:

3   NAVY SEAL 3
```

```
4        Direct Examination by Mr. Stephens...........09

5        Cross-Examination by Ms. Powell..............40

6        Redirect Examination by Mr. Stephens.........48

7   NAVY SEAL 2

8        Direct Examination by Mr. Stephens...........50

9        Cross-Examination by Ms. Powell..............65

10       Redirect Examination by Mr. Stephens.........75

11       Recross Examination by Ms. Powell............77

12  NAVY SEAL EOD 1

13       Direct Examination by Mr. Stephens...........80

14       Cross-Examination by Ms. Powell..............92

15       Redirect Examination by Mr. Stephens........100
```

```
16

17

18

19

20

21

22

23

24

25
```

Defs.' Mot. to Compel App.000720

                    E X H I B I T S

PLAINTIFFS' EXHIBITS:

 Plantiffs' Exhibit 1 ...........................19

 Plantiffs' Exhibit 3 ...........................24

 Plantiffs' Exhibit 5 ...........................25

 Plantiffs' Exhibit 6 ...........................34

 Plantiffs' Exhibit 7 ...........................34

 Plantiffs' Exhibit 8 ...........................34

 Plantiffs' Exhibit 9 ...........................35

 Plantiffs' Exhibit 10 ..........................36

 Plantiffs' Exhibit 11 ..........................37

 Plantiffs' Exhibit 12 ..........................38

 Plantiffs' Exhibit 13 ..........................38

 Plantiffs' Exhibit 14...........................50

 Plantiffs' Exhibit 15...........................55

 Plantiffs' Exhibit 16...........................57

 Plantiffs' Exhibit 17 ..........................58

 Plantiffs' Exhibit 18 ..........................59

 Plantiffs' Exhibit 19 ..........................60

Defs.' Mot. to Compel App.000721

E X H I B I T S

PLAINTIFFS' EXHIBITS - CONTINUED

Plantiffs' Exhibit 20 ...........................61

Plantiffs' Exhibit 21 ...........................62

Plantiffs' Exhibit 22 ...........................87

Plantiffs' Exhibit 23 ...........................87

Plantiffs' Exhibit 24 ...........................87

Plantiffs' Exhibit 25 ...........................87

Plantiffs' Exhibit 26 .........................101

Defs.' Mot. to Compel App.000722

```
 1                   P R O C E E D I N G S

 2                          oOo

 3          THE COURT:  I will now call case U.S. Navy SEALs,

 4   1 through 26, against President Joe Biden and others, case

 5   number 4:21-CV-1236.

 6          All right.  So we will start with the plaintiffs.

 7   You all can identify yourself for the record, please.

 8          MS. HACKER:  Morning, your Honor.  My name is

 9   Heather Hacker, and I represent the plaintiffs.

10          MR. STEPHENS:  Good morning, Judge.  My name is

11   Andrew Stephens.  I'm one of a Miss Hacker's law partner,

12   also representing the plaintiffs.

13          THE COURT:  Very good.

14          Mr. Berry.

15          MR. BERRY:  Morning, your Honor.  Michael Berry,

16   also representing the plaintiffs.

17          THE COURT:  Thank you, Mr. Berry.

18          And counsel for the defense?

19          MS. POWELL:  Amy Powell for the Department of

20   Justice in the official capacity defendants.

21          THE COURT:  Very good.  Thank you.

22          All right.  So why don't we get started, and I

23   will turn the floor over to whoever is taking the lead for

24   the plaintiffs to make their presentation.

25          MR. STEPHENS:  Yes, Judge, Andrew Stephens for the
```

Defs.' Mot. to Compel App.000723

 1    plaintiffs.  We have several of the plaintiffs here, United

 2    States Navy SEAL 2, United States Navy SEAL 3, and United

 3    States Navy Explosive Ordnance Disposal Technician 1, that

 4    we would like to call to assist and testify for the Court's

 5    benefit, as well as for the record.

 6            And they are here, as you know you've entered an

 7    order -- a protective order concerning their identities.

 8    There are parts of their testimony that may involve

 9    sensitive or confidential information that we think would be

10    best to be presented to the Court under seal.

11            If that's not possible, it may make it difficult

12    for them to openly discuss and answer some of the questions.

13    So we'd respectfully ask that, for the purposes of their

14    testimony, the Court seal the courtroom.

15            If that's not possible, I would ask for just a

16    brief recess to confer with them and determine whether they

17    would still be willing to testify.

18            THE COURT:  Okay.  What do you say?

19            MS. POWELL:  Your Honor, we were not informed that

20    plaintiffs would be bringing witnesses for live testimony at

21    all.  So we would object to that in the first instance.

22            And we certainly object to closing the courtroom,

23    given that we think it's improper for them to be proceeding

24    anonymously at this point.

25            THE COURT:  Okay.  What we will do then is call

Defs.' Mot. to Compel App.000724

1   the witnesses, ask the -- either ask the nonsensitive or

2   secure information now, and then they -- to the extent they

3   feel that providing any answer would be classified as

4   sensitive, they need to just make note of that, not provide

5   it.

6          And then we will take up getting the information

7   that you feel needs to be introduced to support your motion

8   that is sensitive in some fashion, we'll delay doing that

9   until later in the proceeding.

10         MR. STEPHENS:  Okay.  Judge, and may I briefly

11  confer with our first witness to make sure that he's

12  comfortable --

13         THE COURT:  Yes, of course.

14         MR. STEPHENS:  -- testifying in open court.

15         Your Honor, the plaintiffs would call United

16  States Navy SEAL 3 to testify.

17         THE COURT:  Very good.

18         Sir, would you raise your hand to be sworn?

19     (The oath was administered.)

20         THE WITNESS:  I swear.

21         THE COURT:  Okay.  Very good.  You can come have a

22  seat up here.

23         MR. STEPHENS:  Your Honor, we have a number of

24  exhibits that we intend to offer.  These exhibits are

25  unredacted.  And so as we offer them, we would also offer

Defs.' Mot. to Compel App.000725

```
 1    them under seal.

 2                  THE COURT:  Yes.

 3                  MR. STEPHENS:  There may be a point after the

 4    hearing in which we can confer with the government's counsel

 5    to determine whether we can redact portions of this, replace

 6    the exhibits.

 7                  THE COURT:  Very good.

 8                  MR. STEPHENS:  So they could be unsealed.

 9                       DIRECT EXAMINATION

10    (BY MR. STEPHENS:)

11        Q.   Good morning, sir.

12             I will refer to you as United States Navy SEAL 3,

13    as you've been identified in this lawsuit.

14             And that is who you have been identified as; is

15    that correct?

16        A.   That's correct.

17        Q.   And are you currently an active duty United States

18    Navy SEAL?

19        A.   Yes.

20        Q.   And what is your rank?

21        A.   E6.

22        Q.   Okay.  And are you a petty officer --

23        A.   That's correct.

24        Q.   -- is that how I could refer to you and you'd

25    understand that that's my reference to what your rank is
```

Defs.' Mot. to Compel App.000726

1    currently?

2         A.   Yes, sir.

3         Q.   And you are a plaintiff in this lawsuit; is that

4    right?

5         A.   Yes, sir.

6         Q.   When did you first join the United States Navy?

7         A.   2012.

8         Q.   I'm sorry, I couldn't hear your answer to the

9    question.  So I may ask you to repeat occasionally if I

10   don't hear.  2000 and what year?

11        A.   2012.

12        Q.   2012.

13             And why did you decide to join the United States

14   Navy?

15        A.   To support and defend the Constitution of the

16   United States.

17        Q.   And when did you decide that you were interested

18   in becoming a United States Navy SEAL?

19        A.   Early childhood age, sir.

20        Q.   And so that's something that you had wanted to do

21   for a very long time?

22        A.   Yes, sir.

23        Q.   When did you attend BUD/S?

24        A.   Early 2012.

25        Q.   And what is BUD/S?

Defs.' Mot. to Compel App.000727

1    A.   BUD/S is Basic Underwater Demolition SEAL

2    training.  It entails the basics of our training to become a

3    United States Navy SEAL.

4    Q.   Okay.  And after -- did you graduate from BUD/S?

5    A.   Yes, sir.

6    Q.   And at that point, did you become a United States

7    Navy SEAL?

8    A.   No.  After that we had to follow our training of

9    SEAL qualification training.  That's an extension of our

10   training.  And then we would officially be United States

11   Navy SEALs, sir.

12   Q.   And what is the Navy SEAL Trident?

13   A.   It is -- it's a pin as a designator, but it's also

14   to us more than that.  It's a symbol of our -- kind of the

15   trials and tribulations that we had gone through to earn and

16   to serve our country.

17   Q.   And you received your Navy SEAL Trident; is that

18   correct?

19   A.   Yes, sir.

20   Q.   And do you still have that Trident?

21   A.   Yes, sir.

22   Q.   And does it still have the same significance to

23   you today as it did when it was first awarded to you?

24   A.   Yes, sir.

25   Q.   After you became a United States Navy SEAL, were

Defs.' Mot. to Compel App.000728

```
1    you deployed?

2         A.   Yes, sir.

3         Q.   Where have you been deployed?

4              And when I ask questions -- when I ask you

5    specific questions that may implicate sensitive areas or

6    missions that you were involved in, I would just ask you to

7    try to answer those generally without reference to any

8    confidential or secret information?

9              THE COURT:  Do you understand that?  That if

10   there's a need for you to provide classified or sensitive

11   information, we will do that using a different method.

12             And so, don't answer right now, that would provide

13   any of that information.  If you can answer it some general,

14   global way that doesn't do that, feel free to do that.

15             THE WITNESS:  Yes, your Honor.

16             I deployed several times East Africa, South

17   America, and Europe.

18   (BY MR. STEPHENS:)

19        Q.   Did those deployments involve -- and if you can

20   answer this -- did those deployments involve any combat

21   deployments?

22        A.   Some of them, yes.

23        Q.   And what position are you in now as a Navy SEAL?

24             Where are you stationed, and what are your duties?

25        A.   I'm stationed in Mississippi.  As of now, I am an
```

Defs.' Mot. to Compel App.000729

```
 1    instructor for a medical course.

 2         Q.   Okay.  And that's part of the --

 3              Is that part of the United States Navy SEAL

 4    programs's training command?

 5         A.   Yes.

 6         Q.   So I would like to bring us to the lawsuit that

 7    we're involved in or that you are involved in as a

 8    plaintiff, involving the Navy's and the military's COVID-19

 9    vaccine mandate.

10              I would like to start just by asking you when you

11    first learned about the military's vaccine mandate?

12         A.   Around early 2021.

13         Q.   Did you have concerns at that time about the

14    military potentially mandating that service members receive

15    the vaccine?

16         A.   Can you repeat the question?  I'm having a hard

17    time understanding.

18         Q.   Did you have concerns about whether the military

19    or about how such a mandate might affect you as a service

20    member?

21         A.   Before or after the mandate had been implemented?

22         Q.   Well, around the time that you learned about the

23    vaccine mandate potentially being implemented by the

24    military?

25         A.   I did, yes.
```

Defs.' Mot. to Compel App.000730

```
1          Q.   Okay.  And what was the nature of those concerns?

2               Were they religious concerns?

3          A.   Yes.

4          Q.   And did you have, at that time, religious

5     objections to receiving the COVID-19 vaccine?

6          A.   Yes, sir.

7          Q.   Okay.  And do you still hold those religious

8     objections today?

9          A.   Yes, sir.

10         Q.   And could you, without going into too much detail

11    for the Court -- because it's in your declarations and some

12    of the documents we will see in detail -- could you just

13    generally describe the nature of your religious objections

14    to the COVID-19 vaccine?

15         A.   As a traditional Catholic, I believe it is morally

16    wrong.  It would be a sin against God.  I've come to my

17    conscience to believe that it is with the teachings of

18    Christ.

19         Q.   Okay.  And when you learned about the vaccine

20    mandate itself, did you meet with anyone, a chaplain perhaps

21    about your concerns?

22         A.   Yes, sir.

23         Q.   And were you told in early October that, if you

24    did not receive the COVID-19 vaccine, that you would be

25    disqualified from special operations?
```

Defs.' Mot. to Compel App.000731

```
 1        A.   Yes, sir.

 2        Q.   And were you concerned at that time such that you

 3   decided that you would pursue a religious exemption or

 4   religious accommodation from the Navy's vaccine mandate?

 5        A.   Yes, sir, I had begun the process.

 6        Q.   Okay.  And the time frame that we are talking

 7   about is some time in October; is that right?

 8             September, October of 2021?

 9        A.   Yes, sir.

10        Q.   And so COVID had been an issue, it had been in the

11   United States since early 2020 at that point, right?

12        A.   Yes, sir.

13        Q.   So it's something that you, in your duties, on

14   your missions have been dealing with and had been dealing

15   with since early 2020?

16        A.   Yes, sir.

17        Q.   And your mission and your duties have been

18   accomplished successfully since 2020; is that fair to say?

19        A.   Yes, sir.

20        Q.   In October of 2020, were you seeking any type of

21   medical treatment or any other services for yourself in

22   connection with your prior deployments or your positions?

23        A.   Yes, sir.

24        Q.   And what was the nature, if you're comfortable

25   discussing it in open court, the nature of the treatment you
```

Defs.' Mot. to Compel App.000732

1    were seeking?

2        A.   During this time in October I was seeking

3    treatment for TBI issues, traumatic brain injury issues, and

4    PTSD, as well, and orthopedic as well.

5        Q.   Okay.  And so where were you intending to seek and

6    receive that treatment?

7        A.   The TBI and the PTSD treatment, sir?

8        Q.   Yes.

9        A.   Boston, Massachusetts.

10        Q.   And is there a facility or program in Boston that

11    you particularly wanted to receive those services from or

12    through?

13        A.   Yes, it was formally called Home Base.  It is

14    called Home Base.

15        Q.   Okay.  And so did you --

16        In early October were you notified that you could,

17    in fact, or that you had a spot offered to you to travel to

18    Boston to obtain those services at Home Base?

19        A.   Yes.

20        Q.   And did you raise that with your chain of command?

21        A.   I did, yes.

22        Q.   Was there any pushback or did your chain of

23    command raise any questions about your ability to travel to

24    obtain the TBI and PTSD treatment because you had not

25    received the vaccine at that point?

Defs.' Mot. to Compel App.000733

1       A.   Yes.

2       Q.   And what were you told about what you would have

3 to do if you wanted to go to Home Base in Boston to obtain

4 PTSD and TBI treatment?

5       A.   I was told that I would need approval from the

6 SOCOM commander, sir.

7       Q.   Okay.  And I know there are quite a few acronyms

8 in the military and so I'll ask you, when you use one, if

9 you could clarify, just so that we can understand.

10       The SOCOM commander is in what role within your

11 command structure?

12       Is he high up?

13       A.   Yes, he is.

14       Q.   How high up would he be?

15       A.   He is -- so SOCOM stands for United States Special

16 Operations command.  He's someone that I will probably never

17 see in my career unless -- unless I've done many years in

18 the service or just happen to come across him.  He's very

19 high up.

20       Q.   So he's a four star general; is that right?

21       A.   Yes, sir.

22       Q.   Okay.  And so you told your immediate command that

23 you wanted to go and had been accepted to go receive TBI and

24 PTSD treatment in Boston and the response was that, because

25 you are unvaccinated, you would have to get a four star

Defs.' Mot. to Compel App.000734

1    general to approve it; is that fair?

2        A.   Yes, sir.

3        Q.   Were you able to --

4             What did you do next, after you were told that?

5        A.   I immediately canceled my flights and I began to

6    ask for more amplifying information regarding the subject,

7    sir.

8        Q.   Okay.  Were you also told that you needed to

9    submit a religious accommodation request?

10            And I can bring up a do you mean -- Brian, if you

11   could bring up plaintiffs' Exhibit No. 1 -- and it should

12   show up on the screen in front of you.  This has been marked

13   as plaintiffs' Exhibit 1.

14            Does this refresh your recollection as to whether

15   you had been asked and had submitted a religious

16   accommodation at that time?

17       A.   Yes, sir.

18       Q.   And so, even though you submitted a religious

19   accommodation, you were still told you needed to get four

20   star general approval because you were unvaccinated; is that

21   correct?

22       A.   Yes, sir.

23       Q.   And is this document, plaintiffs' Exhibit 1,

24   something that you -- an email that you sent, right?

25       A.   Say that again.

Zoie Williams, RMR, RDR, FCRR
United States District Court
(817)850-6630

Defs.' Mot. to Compel App.000735

1     Q.  It's an email that you sent, is that right, where

2 you submitted the accommodation?

3     A.  Yes.

4     MR. STEPHENS:  Your Honor, we would offer

5 plaintiffs' Exhibit 1.  Again, we would offer it under seal.

6     THE COURT:  That will be admitted.  Yes.

7     MR. STEPHENS:  And each of the documents that I am

8 offering would be offered under seal today.

9     THE COURT:  Yes, that will be admitted.

10   (Plantiffs' Exhibit 1 was admitted into evidence.)

11     MS. POWELL:  Your Honor, just to be clear, we

12 continue to object to proceeding anonymously and under seal.

13     THE COURT:  Proceeding anonymously, and then you

14 said something else that I didn't hear.

15     MS. POWELL:  Under seal.

16     THE COURT:  Under seal.  Right.  Okay.

17     Well, the anonymous issue is briefed and it's

18 either ripe or about to be ripe.  So we won't change

19 anything today, but I will admit this under SEAL, at least

20 temporarily.

21     MS. POWELL:  I understand.

22     THE COURT:  And then we will, since we're sort of

23 on the fly here, and then we will determine whether it

24 should remain under seal going forward.

25     MS. POWELL:  Understood.

Defs.' Mot. to Compel App.000736

```
 1                MR. STEPHENS:  And Judge, again, we're happy to

 2    work with the government to redact and replace the sealed

 3    documents, to the extent that's possible.

 4                THE COURT:  Very good.  Thank you.

 5                MR. STEPHENS:  Brian, could you bring up

 6    plaintiffs' Exhibit No. 2?

 7    (BY MR. STEPHENS:)

 8         Q.   Mr. Navy SEAL 3, I'm showing you a document that's

 9    been marked as plaintiffs' Exhibit No. 2, and this is an

10    email chain that you were copied on.

11                Do you recall this email chain?

12                Brian, if you could scroll down.

13         A.   Yes, I do.

14         Q.   And this email chain is on or around

15    October 7th or 8th, 2021; is that right?

16                MS. POWELL:  Your Honor, objection again.  Just on

17    the basis I've never seen this before.

18                THE COURT:  Okay.  Well, overruled for now.  We

19    will conditionally admit all of this to the extent it needs

20    to be stricken later, we will do so.

21    (BY MR. STEPHENS:)

22         Q.   So you can answer this.  This is an email chain

23    that you were copied on and sent several emails; is that

24    correct?

25         A.   Yes.
```

Defs.' Mot. to Compel App.000737

```
 1          Q.   All right.  And is this an email chain that

 2    pertains to you being told that you had to seek approval

 3    from the SOCOM general to get TBI and PTSD treatment?

 4          A.   Yes, it is.

 5          Q.   If you need to direct our audio visual assistant

 6    to scroll down or anything to see additional parts of it,

 7    that's fine.

 8          A.   Yeah, can you scroll down, please?

 9               THE COURT:  Is there a way to compact that just a

10    bit because it's off screen to some degree?  I mean, I have

11    a copy -- here you go.  Why don't you just take my copy.

12               MR. STEPHENS:  Actually, we can give the witness a

13    copy as well.

14               THE WITNESS:  Thank you, your Honor.  I can see

15    here.

16               THE COURT:  All right.

17    (BY MR. STEPHENS:)

18          Q.   We're on px2, so it's behind tab two.

19               THE COURT:  Do you recognize that email chain?

20               THE WITNESS:  Yes, your Honor, I do.

21    (BY MR. STEPHENS:)

22          Q.   And, sir, this email chain reflects a

23    communication that you sent that pertained to being told

24    about having to seek approval from a four star general; is

25    that right?
```

Defs.' Mot. to Compel App.000738

1          A.    Yes, sir.

2          Q.    And did you work to find a way, despite being

3    informed of that, to obtain approval to seek such treatment?

4          A.    I did, yes.

5          Q.    And how did you do that?

6          A.    Upon hearing the order, I immediately sent the

7    emails as a request for more information.  This was also

8    during a four-day weekend.  It was time sensitive, as I

9    wanted to seek this medical treatment.

10               And upon reviewing the documents, in looking

11   through them myself, I had found an exemption to the policy

12   that applied to me that would allow me to go and attend this

13   course.

14         Q.    Right.

15               So they had told you you can't get PTSD treatment

16   unless you get four star general approval.  They didn't

17   provide you any information to help you find a way to get

18   that.  You just figured it out yourself; is that fair to

19   say?

20         A.    Yes, sir.

21         Q.    So ultimately you were able to go; is that right?

22         A.    That is correct.

23         Q.    And while you were there, your religious

24   accommodation that you had submitted on October 7th was

25   still pending, is that right, or it had been submitted?

Defs.' Mot. to Compel App.000739

```
 1          A.   It had been submitted on my end.  Yes, sir.

 2          Q.   Okay.  Could you turn to plaintiffs' Exhibit

 3     No. 3.

 4               While you were in Boston receiving PTSD, TBI

 5     treatment, were you contacted about your religious

 6     accommodation request?

 7          A.   Yes, I was.

 8          Q.   And what was the nature of what was told to you

 9     when you were contacted?

10          A.   The first issue that was being brought up about my

11     religious accommodation was that, as you can reference here

12     on the screen, that I needed to submit or sign a Page 13 in

13     order to submit my religious accommodation.

14          Q.   Okay.  And so they had rejected or they, let's

15     say, kicked back your religious accommodation request for

16     certain reasons?

17          A.   I wouldn't say rejected.

18          Q.   Right.

19          A.   They were trying to follow procedure, to my

20     understanding.  And before they had finalized it, they

21     needed me to sign that Page 13.

22          Q.   Okay.  And were you surprised or to be contacted

23     while you were on leave obtaining medical treatment?

24          A.   Yes.

25          Q.   And why were you surprised by that?
```

Defs.' Mot. to Compel App.000740

```
 1        A.   Part of the treatment was to step away from the

 2   stress and get away from work and learn how to deal with

 3   stress.  And I was surprised, after talking to my command,

 4   how important this was, that they continued to add the

 5   stress onto my life while I was seeking treatment very early

 6   in the morning, until very late in the afternoon.

 7             MR. STEPHENS:  Okay.  Your Honor, would offer

 8   plaintiffs' Exhibit No. 3 into the record.

 9             THE COURT:  Okay.  That will be admitted.

10        (Plaintiffs' Exhibit 3 was admitted into evidence.)

11   (BY MR. STEPHENS:)

12        Q.   Sir, could you turn to plaintiffs' Exhibit No. 4

13   in the binder in front of you?

14             Have you seen this document before?

15        A.   Yes.

16        Q.   And could you describe for the Court generally

17   what this document is?

18        A.   This is my religious accommodation that I had

19   submitted through my command.

20        Q.   So this is the request that you submitted asking

21   for a waiver from the U.S. Navy's vaccine mandate --

22   COVID-19 vaccine mandate?

23        A.   Correct.

24        Q.   Okay.  And in this document, if the Court wanted

25   additional information about the basis for your religious
```

Defs.' Mot. to Compel App.000741

         1    beliefs and religious objection, this is a document in which
         2    you lay that out; is that correct?
         3         A.   That is correct.
         4         Q.   And does it also contain information, a statement
         5    about meetings and information from the chaplain you met
         6    with?
         7         A.   Correct.  That would be in the enclosure one and
         8    two and seven.
         9         Q.   In your recollection, or as reflected in this
        10    document, does -- was your request fully supported by the
        11    chaplain and those materials that were submitted?
        12         A.   Yes.
        13              MR. STEPHENS:  Your Honor, we will offer
        14    plaintiffs' Exhibit No. 4.
        15              THE COURT:  That will be admitted.
        16         (Plaintiffs' Exhibit 4 was admitted into evidence.)
        17    (BY MR. STEPHENS:)
        18         Q.   So the date on plaintiffs' Exhibit 4 is
        19    October 16th.  Do you see that in the top right corner?
        20         A.   I do.
        21         Q.   And so, that's after you were contacted and asked
        22    and dealt with reformatting and resubmitting it while you
        23    were on leave, right?
        24         A.   Correct.
        25         Q.   If you turn to plaintiffs' Exhibit No. 5 in the

Defs.' Mot. to Compel App.000742

```
1    binder, what is this document?

2              And I can direct you to the top line, where it

3    says, first endorsement.

4         A.   This is the endorsement from the commander at

5    advanced training command.

6         Q.   Okay.  So after you submitted, pursuant to Navy

7    policy the religious accommodation request, it then gets

8    forwarded up the chain of command; is that correct?

9         A.   That is correct.

10        Q.   And so your accommodation request from

11   October 16th went up the chain of command to the commanding

12   officer of Naval Special Warfare advanced training command;

13   is that correct?

14        A.   Yes.

15        Q.   And so that individual then reviewed your request

16   and was asked to provide a recommendation to approve or

17   disapprove it; is that right?

18        A.   Correct.

19        Q.   Okay.  And then this document was prepared by that

20   individual, the commanding officer of Naval Special Warfare

21   advanced training command; is that right?

22        A.   Yes.

23        Q.   Okay.  And in this document, what did the

24   commanding officer recommend as to your religious

25   accommodation request?
```

Defs.' Mot. to Compel App.000743

       1          A.   He recommended approval.

       2          Q.   So he reviewed what you had submitted and his

       3     recommendation sent up the chain is it should be approved;

       4     is that right?

       5          A.   Correct.

       6          Q.   Okay.  And is that -- that's shown in line one, or

       7     sorry, paragraph one about halfway down; do you see that?

       8          A.   I do.

       9          Q.   And then, if we look at paragraph 2B at the bottom

      10     of this page, he also laid out the rationale for

      11     recommending approval of your request; is that right?

      12          A.   That's correct.

      13          Q.   And at the bottom in paragraph 2B, it says, the

      14     training environment often requires close quarters contact

      15     for prolonged periods of time.  However, successful

      16     mitigation measures have been implemented since the onset of

      17     COVID-19 to ensure the safety of staff and students; do you

      18     see that?

      19          A.   I do.

      20          Q.   And do you agree with that statement and that

      21     conclusion by your commanding officer?

      22          A.   I do.

      23          Q.   And that would be based on your experience

      24     mitigating COVID-19 since it's onset in 2020; is that right?

      25          A.   That's correct.

Defs.' Mot. to Compel App.000744

```
1        Q.   If we turn to the next page of that exhibit,

2   that's marked plaintiffs' Exhibit 5, in paragraph 2D, the

3   commanding officer, your commanding officer, talks about the

4   number of religious accommodation requests that had been

5   submitted up the chain of command, up your chain of command,

6   and he talks about the cumulative impact of those; do you

7   see that?

8        A.   I do.

9        Q.   And in his opinion, he says that the cumulative

10  impact of repeated accommodations of religious practices of

11  a similar nature would mean my command is still able to

12  safely accomplish its mission and protect the health and

13  safety of its members; is that right?

14            MS. POWELL:  Objection, your Honor.  This witness

15  doesn't seem to have any special knowledge about the content

16  of this document.

17            THE COURT:  Would you say that one more time, I'm

18  sorry.

19            MS. POWELL:  Sorry.  Objection, foundation.  The

20  witness doesn't seem to have any special knowledge about the

21  truth of the contents of this document.

22            THE COURT:  Okay.  Very good.

23            That's what the document says; is that right?

24            THE WITNESS:  Yes, your Honor.

25            THE COURT:  Okay.
```

Defs.' Mot. to Compel App.000745

```
 1                MR. STEPHENS:  Yes, your Honor.  The statement,
 2   the document is the foundation for my next question, which
 3   is that, would you agree with that statement based on your
 4   experience since the onset of COVID-19 in 2020?
 5                MS. POWELL:  Objection to whether this witness has
 6   any personal knowledge.
 7                THE COURT:  Based upon your experience, you can
 8   answer that question.
 9                THE WITNESS:  I do.
10   (BY MR. STEPHENS:)
11       Q.   The individual who wrote this endorsement of your
12   religious accommodation, commanding officer Naval Special
13   Warfare advanced training command, where does he fall in the
14   chain of command?
15            How high up is he?
16       A.   In layman's terms, he's my boss's boss.
17       Q.   Okay.  And then what are his job responsibilities?
18            Is he in charge of SEAL training?
19       A.   Yes, he's in charge of advanced training for Navy
20   SEALs.
21       Q.   Okay.  And what types of training programs does he
22   oversee?
23       A.   Specifics?
24       Q.   You don't have to give specifics as to any
25   confidential, sensitive information.  Just, generally, types
```

Defs.' Mot. to Compel App.000746

```
 1    of programs, if you can answer that.  If not, I'll move on.

 2          A.   He's in charge of east coast, west coast training

 3    for SEAL teams to be ready for deployment and force

 4    readiness.

 5          Q.   Okay.  And so based on your knowledge of those job

 6    duties and those types of training programs, would he be in

 7    a position to understand the impact that a religious

 8    accommodation from a vaccine mandate would or would not have

 9    on the command?  On those training programs?

10          MS. POWELL:  Objection as to foundation and

11    expertise, your Honor.

12          THE COURT:  Overruled.

13          You can answer based upon your understanding of

14    his role.

15          THE WITNESS:  I believe so, yes.

16    (BY MR. STEPHENS:)

17          Q.   At the bottom of the second page of this document,

18    first endorsement, below the signature line, it says, copied

19    to; do you see that?

20          A.   I do.

21          Q.   And your name is listed there; is that right?

22          A.   That is correct.

23          Q.   And the date of this document was October 17th,

24    2021; is that right?

25          A.   That's correct.
```

Defs.' Mot. to Compel App.000747

1      Q.   And at that time, you actually weren't given a

2  copy of this document, were you?

3      A.   No.

4      Q.   And so, in October, after you submitted your

5  religious accommodation request and your commanding officer

6  had recommended approval, you had no idea at that point that

7  there had been a recommended approval, right?

8      A.   Can you say that one more time?

9      Q.   Yeah.  You weren't given a copy of this.  So you

10  didn't know that your religious accommodation request had

11  been recommended to be approved; is that right?

12      A.   I had not received the endorsement notes.

13      Q.   Right.

14      A.   But I had been notified.

15          Correction.  I had been notified disapproved, and

16  I was not aware that my commanding officer had recommended

17  approval.

18      Q.   Right.

19          And so -- and you didn't know that because, for

20  one reason, the government didn't give you a copy of this

21  first endorsement that was favorable to your request?

22      A.   That's correct, they never did.

23          MR. STEPHENS:  Your Honor, we would offer

24  plaintiffs' Exhibit No. 5 into evidence.

25          THE COURT:  That will be admitted.

Defs.' Mot. to Compel App.000748

1          (Plaintiffs' Exhibit 5 was admitted into evidence.)

2     (BY MR. STEPHENS:)

3          Q.   During this time of October of 2021, after you had

4     submitted your religious accommodation request, what were

5     you experiencing within your command and with respect to

6     your job duties?

7          A.   What specific time frame?

8               Was it before or after I had returned from

9     treatment -- medical treatment?

10         Q.   Once you returned from treatment.

11         A.   The command took a step to take me off as an

12     instructor.  It wasn't permanently, but it was to get me

13     ready for separation.

14         Q.   Okay.  And so you were removed from your duty as

15     a -- your training duty; is that right?

16              Or as a lead of that command?

17         A.   Correct.

18         Q.   And how were you informed of that?

19         A.   I was notified from a coworker while I was

20     attending the treatment facility in Boston.

21         Q.   Okay.  So you were on leave, and while you were on

22     leave receiving treatment in Boston, your coworker said that

23     he was taking over your job?  That's the first you heard of

24     that?

25         A.   That's correct.

Defs.' Mot. to Compel App.000749

```
 1        Q.   And that's after you had submitted your religious

 2   accommodation.

 3             Was there any discussion that you had with your

 4   superior about whether that was related to it?

 5        A.   This was before I formally submitted my religious

 6   accommodation, because it had gotten kicked back.

 7             And can you repeat the second half of that

 8   question, please?

 9        Q.   Right.

10             So you were reassigned or someone took over your

11   position.  You had already informed the command and

12   submitted your religious accommodation, right?

13        A.   Yes.

14        Q.   Okay.  In plaintiffs' Exhibit No. 6, let me turn

15   to that, and I'll also ask you to refer, to look to

16   plaintiffs' Exhibit No. 7.

17             In these email chains, were these email chains you

18   were involved with or that you were copied on or sent or

19   received where there was a discussion about what you

20   testified being an issue with formatting and needing to

21   resubmit the request?

22        A.   That's correct.

23             MR. STEPHENS:  Your Honor, we would offer

24   plaintiffs' Exhibits 6 and 7 into evidence.

25             THE COURT:  They will be admitted.
```

Defs.' Mot. to Compel App.000750

```
 1              (Plaintiffs' Exhibits 6 and 7 were admitted into

 2        evidence.)

 3   (BY MR. STEPHENS:)

 4        Q.   Sir, could you please turn to plaintiffs' Exhibit

 5   No. 8.  Could you describe what this document is for the

 6   Court?

 7        A.   This document is the second endorsement from the

 8   commodore recommending disapproval of my religious

 9   accommodation.

10        Q.   Okay.  And this is a document that was sending a

11   request up the chain of command; is that right?

12        A.   Correct.

13        Q.   And it recommends disapproval, but it doesn't have

14   any rationale for that; is that right?

15        A.   That is correct.

16        Q.   So it differs in that regard from the exhibit we

17   looked at where approval was recommended, right?

18        A.   Yes.

19        Q.   Okay.

20             MR. STEPHENS:  Your Honor, we would offer

21   plaintiffs' Exhibit 8 into evidence.

22             THE COURT:  It will be admitted.

23        (Plaintiffs' Exhibit 8 was admitted into evidence.)

24   (BY MR. STEPHENS:)

25        Q.   Sir, could you turn to plaintiffs' Exhibit 9.
```

Defs.' Mot. to Compel App.000751

1          With reference to this document at plaintiffs'

2     Exhibit 9, while your religious accommodation was pending,

3     were you provided with resources regarding or information

4     regarding separation from the military?

5          A.   I was.

6          Q.   And so in this email chain, plaintiffs' Exhibit 9,

7     you were being provided with information about separation,

8     despite having a religious accommodation pending at the

9     time; is that right?

10         A.   That's correct.

11         Q.   And at that time, had you had had discussions or

12    been informed by others as to whether there was any chance

13    that your religious accommodation would be approved?

14         A.   No, I had not.

15         Q.   Turning to --

16              MR. STEPHENS:  Your Honor, we would offer

17    plaintiffs' Exhibit 9.

18              THE COURT:  That will be admitted.

19         (Plantiffs' Exhibit 9 was admitted into evidence.)

20    (BY MR. STEPHENS:)

21         Q.   Turning to Exhibit 10, is this an email you

22    received about, the subject line, consequences for service

23    members they may face if they're not fully vaccinated?

24         A.   It is, yes.

25         Q.   Did you receive that email from your command while

Defs.' Mot. to Compel App.000752

```
 1     your religious accommodation was pending, right?

 2               Before you had received an approval or denial -- a

 3     final approval or denial?

 4          A.   That is correct.

 5               MR. STEPHENS:  Your Honor, we offer plaintiffs'

 6     Exhibit 10 into evidence.

 7               THE COURT:  That will be admitted.

 8          (Plaintiffs' Exhibit 10 was admitted into evidence.)

 9     (BY MR. STEPHENS:)

10          Q.   Turning to Exhibit 11, this is a letter sent to

11     you that's dated November 22nd, 2021; do you see that?

12          A.   I do.

13          Q.   Okay.  And what is this document?

14          A.   This is my disapproval from the Chief of Naval

15     Operations.

16          Q.   Okay.  And so this is the document or is this a

17     document you received that, in fact, denied your religious

18     accommodation request; is that right?

19          A.   That is correct.

20          Q.   And it's from the chief of naval operations?

21          A.   That is correct.

22          Q.   What is his role with respect to religious

23     accommodation requests from the COVID-19 vaccine mandate?

24          A.   He is, I believe, part of the CCDA, which is --

25     off the top of my head, I can't give you the correct
```

Defs.' Mot. to Compel App.000753

```
 1    nomenclature for that acronym.
 2         Q.   In the denial that you received from the CCDA,
 3    deputy chief of naval operations denying your religious
 4    accommodation request, was there any information in that
 5    denial specific to your request, or was it general language
 6    about the impact on the military?
 7         A.   It was not specific to my request, I believe.
 8    Very general.
 9         Q.   Okay.  Has anyone in your chain of command told
10    you whether your religious accommodation would be approved?
11         A.   No.  No, we did talk about if it happened, but the
12    general consensus was that they were coming back disapproved
13    across the board.
14         Q.   Okay.  And do you have any reason to believe that
15    it might be approved?
16         A.   No.
17         Q.   On appeal?
18         A.   No.
19              MR. STEPHENS:  Your Honor, we would offer
20    plaintiffs' Exhibit 11.
21              THE COURT:  That will be admitted.
22         (Plaintiffs' Exhibit 11 was admitted into evidence.)
23    (BY MR. STEPHENS:)
24         Q.   I'd ask you to turn to Exhibits 12 and 13.
25              These are two email chains from December of 2021;
```

Defs.' Mot. to Compel App.000754

     1     do you see that?

     2          A.   I do.

     3          Q.   And are these emails that you were involved with

     4     that pertain to an appeal of the denial that you received?

     5          A.   Yes, they are.

     6          Q.   And so, did you receive, in early December, a copy

     7     of the first endorsement that recommended approval of your

     8     religious accommodation request?

     9          A.   I did not.

    10          MR. STEPHENS:  Your Honor, we will offer

    11     plaintiffs' Exhibits 12 and 13.

    12          THE COURT:  They will be admitted.

    13          (Plantiffs' Exhibits 12 and 13 was admitted into

    14          evidence.)

    15     (BY MR. STEPHENS:)

    16          Q.   Ask you to turn to plaintiffs' Exhibit 14.

    17          And is this a document you've seen before?

    18          A.   It is.

    19          Q.   Do you refer to this or is it referred to in the

    20     military as a Page 13?

    21          A.   We do, yes.

    22          Q.   What is a Page 13 or Page 13 counseling?

    23          A.   It's a way to address current changes within the

    24     command that hadn't really been put to doctrine yet.  It's

    25     more to inform the service member.  Doesn't necessarily mean

Defs.' Mot. to Compel App.000755

 1    they agree with it, but it's just to inform them that

 2    they've been counseled on the contents.

 3         Q.   Okay.  And this document was presented to you in

 4    December of 2021, December 16; is that right?

 5         A.   That is correct.

 6         Q.   And were you asked to sign it?

 7         A.   I was told to sign it.

 8         Q.   Okay.  And you were told to sign it, why, for

 9    purposes of submitting an appeal?

10         A.   That is correct.  I was told, if I did not sign

11    it, I would not be able to submit my religious accommodation

12    appeal.

13         Q.   And I may have asked you this, but have you

14    submitted an appeal?

15         A.   I have not yet.

16         Q.   Okay.  If you did, do you think it would be

17    decided in your favor?

18         A.   Personally, I do not.

19         Q.   Okay.  And you've never heard of an appeal of

20    religious accommodation denial ever being approved, have

21    you?

22         A.   Concerning the COVID-19 vaccination mandate, no, I

23    have not.

24         Q.   Since submitting your religious accommodation

25    request, do you feel that you've suffered adverse

Defs.' Mot. to Compel App.000756

```
 1    consequences in your job?

 2         A.   I do.

 3         Q.   Do you feel that since submitting your religious

 4    accommodation that there's been intimidation or coercion by

 5    the United States Navy to try to get you to agree to take

 6    the vaccine?

 7         A.   I do.

 8         Q.   Based on your experience with respect to the

 9    COVID-19 vaccine mandate, do you feel that the Navy has made

10    you or presented you with choosing between sacrificing your

11    religious beliefs or sacrificing your career as a United

12    States Navy SEAL?

13         A.   I do.

14         MR. STEPHENS:  Your Honor, we will pass the

15    witness.

16                         CROSS-EXAMINATION

17    (BY MS. POWELL:)

18         Q.   A couple points of clarification to begin with.

19    One is, I'm pretty sure you testified that you learned about

20    the vaccine mandate in early 2021; is that correct?

21         A.   I learned that it was going -- possibly was going

22    to happen, but not until August, I believe it was not

23    mandated then.

24         Q.   So the mandate issue from the secretary in August,

25    did you become aware of that then, that there was a mandate
```

Defs.' Mot. to Compel App.000757

```
 1    email about TAPPS, or is there anything else?

 2         A.   For me personally, no.

 3         Q.   Okay.

 4              MS. POWELL:  That's all I have.

 5              MR. STEPHENS:  No further questions on this

 6    witness, Judge.

 7              THE COURT:  Okay.  You may step down.  Thank you.

 8              MR. STEPHENS:  We have one more witness that will

 9    be -- I promise that one will be quick, but there is one

10    more.

11              Plaintiffs call United States navy explosive

12    ordnance disposal technician one.

13              THE COURT:  Would you raise your hand to be sworn?

14         (The oath was administered.)

15              THE WITNESS:  I do, your Honor.

16                        DIRECT EXAMINATION

17    (BY MR. STEPHENS:)

18         Q.   Good morning, sir.

19         A.   Morning, sir.

20         Q.   You've been designated in this lawsuit as United

21    States Navy explosive ordnance disposal technician one, and

22    I'll refer to you as eod1 during this testimony, if you will

23    understand what I mean by that acronym?  Is that okay?

24         A.   Yes, sir.

25         Q.   And you are in fact a plaintiff in this lawsuit,
```

Defs.' Mot. to Compel App.000758

1    right?

2         A.   I am.

3         Q.   You're employed by the United States Navy; is that

4    correct?

5         A.   That is correct.

6         Q.   And what is your duty and what is your rank?

7              What is your rank and what are your duties?

8         A.   I'm an E8, senior chief petty officer.  I'm

9    currently at Nasco EOD as an instructor and as a division

10   head.

11        Q.   What does EOD do?

12        A.   Explosive ordnance disposal.  So we dispose of

13   ordnance items, IUDs, bombs, in every environment in support

14   of special operations.

15        Q.   How long have you been in the United States Navy?

16        A.   Since 2007.

17        Q.   What types have you deployed during the time

18   you've been in the Navy?

19        A.   I've been to Afghanistan.  I've been to Bahrain

20   and east coast of Africa and South Korea.

21        Q.   And in those deployments, were those combat zone

22   deployments?

23        A.   Yes, one of them was.

24        Q.   Have you deployed since early 2020, during the

25   course of COVID-19 pandemic?

Defs.' Mot. to Compel App.000759

```
 1           A.   Yes, sir.

 2           Q.   Where did you deploy?

 3           A.   South Korea in support of special operations

 4    command in Korea.

 5           Q.   I'm going to come back to that deployment, but I

 6    also want to ask, one of the issues in this lawsuit, you've

 7    been here for the testimony we've discussed the COVID-19

 8    vaccine mandate.  Are you familiar with that?

 9           A.   Yes, sir.

10           Q.   Okay.  And do you have religious objections to the

11    COVID-19 vaccine mandate?

12           A.   I do.

13           Q.   Could you generally summarize those religious

14    objections for the Court?

15           A.   Yes, sir.  My religious objections to vaccines in

16    general and the COVID-19 vaccine is based off first

17    Thessalonians 5:19 that says, "Do not quench the spirit, do

18    not despise prophecy, but test everything.  Hold firm to

19    what is good and abstain from every form of evil."

20                I have four issues with vaccines in general.

21    Moral issues with pharmaceutical companies, specifically,

22    with the mRNA restructuring what an infinite God has made by

23    finite humans.

24                THE COURT:  Could you just slow down just a bit?

25                THE WITNESS:  Yes, sir.
```

Defs.' Mot. to Compel App.000760

```
 1                  THE COURT:  And talk in that microphone where your

 2      voice projects a little bit.

 3                  THE WITNESS:  Yes, sir.

 4                  To get back to that, so restructuring what a

 5      infinite God has made by finite humans.  Having chemicals,

 6      harmful substances, including DNA that is not human,

 7      entering my body, which is an abomination.  And then fetal

 8      cell in any part of vaccines.

 9      (BY MR. STEPHENS:)

10          Q.   When you learned about the COVID-19 vaccine

11      mandate mandated by the Navy, did you begin the process of

12      seeking a religious accommodation to obtain an exemption

13      from that vaccine requirement?

14          A.   Yes, sir.

15          Q.   And what did that process entail?

16          A.   That process entailed meeting with the chaplain,

17      meeting with medical, having a meeting with my commanding

18      officer, executive officer, and command master chief.

19                  And then that submission of the religious

20      accommodation then would go to my commanding officer which

21      would then go to the chief of naval operations.

22          Q.   Okay.  Did you encounter any administrative type

23      difficulties in the course of that process for submitting

24      your accommodation request?

25          A.   I did.  I'm at a joint command.  Our chaplain is
```

Defs.' Mot. to Compel App.000761

```
 1    Army.  So I went through our Army chaplain to get the

 2    endorsement that was required for the religious

 3    accommodation.  The religious accommodation was sent to the

 4    commanding officer, and then subsequently sent to the chief

 5    of naval operations.

 6         It was then returned because I had an Army

 7    chaplain endorsing me as opposed to a Navy chaplain.  I then

 8    had to make a few phone calls to find a chaplain's office

 9    that would actually take the time to go through my

10    endorsement.

11         And then once I was able to find that chaplain, he

12    endorsed me, and then the package went back up to the chief

13    of naval operations.

14    Q.   Okay.  The binder in front of you has several

15    exhibits, and I would like you to look at starting with tab

16    22.  And if you could go ahead and look at 22, 23, and 24.

17         Those are the ones -- and then 25.  Those are the

18    ones I'm going to ask you about first.

19         And when you've had a chance to look through

20    those, please let me know.

21    A.   I've had a chance to look through them.

22    Q.   Okay.  And what are those documents?

23    A.   These are documents that I submitted to my

24    command.

25    Q.   Okay.  And this was your request for accommodation
```

Defs.' Mot. to Compel App.000762

                                                                          85

 1    for an exemption from the vaccine mandate; is that right?

 2         A.    Yes, sir.

 3         Q.    Okay.  Similar to the prior witnesses the Court

 4    has heard from, this was supported by statements from the

 5    chaplains supporting your request; is that right?

 6         A.    Yes, sir.

 7         Q.    After you submitted your request on or around the

 8    middle of August 2021, did you have a meeting with anyone to

 9    discuss that request?

10              Or it may have been before, on or around the time

11    you submitted your request?

12         A.    I did.  After submitting the request, I had a

13    meeting with my commanding officer, executive officer, and

14    command master chief.

15         Q.    Okay.  And what was the nature of the discussion

16    at that meeting?

17         A.    That meeting was to discuss my religious

18    accommodation, the standing that my commanding officer was

19    taking on that accommodation, which was denying it.  And

20    then we proceeded to discuss force and mission readiness at

21    the command.

22              And then we got into a conversation about, if that

23    accommodation was approved, once I leave the current command

24    that I am at, I would have to reapply for a religious

25    accommodation.

86

```
 1                   I was then told that, if that happens, and I would
 2        be up to rotate, that they probably could not find a place
 3        for me within the community as a senior enlisted member.
 4             Q.   Did you feel at that meeting that you were being
 5        intimidated or coerced into agreeing to receive the vaccine?
 6             A.   I believe I was being coerced into receiving the
 7        vaccine.  I think with being a senior member, there was not
 8        a lot of fear pushing into that, but it was more of driving
 9        me, career oriented, and basically being in fear of not
10        having a job once leaving the command.
11             Q.   Was there a comment made to you about being a
12        martyr?
13             A.   There was.
14             Q.   What was that?
15             A.   I was asked if -- with my religious beliefs, if I
16        thought that martyrs would be remembered.
17             Q.   Was your religious accommodation request denied
18        initially by the CCDA or the authority for deciding your
19        request?
20             A.   It was.
21             Q.   And that denial letter was one of the documents in
22        Exhibits 22 through 25; is that right?
23             A.   Yes, it is.
24             Q.   Okay.
25                  MR. STEPHENS:  Your Honor, we would offer
```

Defs.' Mot. to Compel App.000764

1    plaintiffs' Exhibits 22, 23, 24, and 25 into evidence.

2              THE COURT:  They will be admitted.

3         (Plantiffs' Exhibits 22, 23, 24, and 25 were admitted

4         into evidence.)

5    (BY MR. STEPHENS:)

6         Q.   Did you submit an appeal of the initial denial or

7    the denial of your accommodation request?

8         A.   Yes, I did.

9         Q.   Okay.  And when was that appeal submitted?

10        A.   I believe that appeal was submitted on or around

11   October 20th, maybe October 21st.

12        Q.   And you have not received any indication or any

13   decision on that appeal; is that right?

14        A.   I have not.

15        Q.   Okay.  Do you know of anyone who has been granted

16   a religious accommodation through the appeal process?

17        A.   I have not.

18        Q.   Okay.  Has any adverse action been taken against

19   you since submitting your religious accommodation with

20   respect to your job duties or your position in your command?

21        A.   There has not.

22        Q.   Okay.  Are you still in the same position that you

23   were in at your command prior to submitting your request?

24        A.   I am not.

25        Q.   Okay.  And why is that?

Defs.' Mot. to Compel App.000765

```
1        A.   So the gentleman that is in charge of training and

2   assigning manpower within the schoolhouse is a friend of

3   mine.  And my position, because it was time consuming, he

4   made the decision to go ahead and replace me with another

5   lead chief petty officer to give me time to prepare for what

6   has been pushed to me as inevitable, that I will be

7   separated from the military.

8        Q.   Okay.  Do you have personal experience in your

9   command since early 2020 with mitigating the effects of

10  COVID-19 while successfully completing missions?

11       A.   Yes.

12       Q.   And I'd asked you whether you had deployed since

13  early 2020, and I believe you said you had; is that right?

14       A.   That is correct.

15       Q.   On that deployment, were you deployed to a

16  location in the world where COVID-19 was a significant issue

17  or where the COVID-19 pandemic existed?

18       A.   Yes.

19       Q.   Okay.  What types of duties did your command

20  undertake on that deployment?

21       A.   So I was the leading chief petty officer.  So I

22  was the enlisted team member for explosive ordnance disposal

23  task element in South Korea.

24            As far as the duties that I performed, some of

25  that is confidential, but we were there in support of
```

Zoie Williams, RMR, RDR, FCRR
United States District Court
(817)850-6630

Defs.' Mot. to Compel App.000766

```
1     special operations command Korea.

2         Q.   Okay.  There have been a number of declarations

3     that were submitted by the defendants in this case.  Several

4     of which I provided to you to review before your testimony

5     today.  One was a declaration by an individual, last name

6     Stanley; do you recall that?

7         A.   Yes, sir.

8         Q.   And in that declaration --

9              Brian, could you bring up a copy of that

10    declaration?

11             Is this one of the declarations that you reviewed?

12        A.   Yes, sir.

13        Q.   Okay.  And this declaration of Major Scott

14    Stanley.

15             And Brian, if you scroll down to paragraph seven.

16             Major Stanley here in this declaration is talking

17    about the effects of COVID-19 on certain missions, including

18    deployments to the area where you were deployed since COVID;

19    is that correct?

20        A.   That is correct.

21        Q.   And based on your personal experience on that

22    deployment, do you think Major Stanley's account of the

23    impacts of COVID were accurate, or did you experience

24    something different on the ground?

25        A.   I experienced something different on the ground in
```

Defs.' Mot. to Compel App.000767

1     regards to special operations command Korea.

2          Q.   Okay.  And what did you experience?

3          A.   During that time, we were -- where my location

4     was, I was an hour south of Daegu which was, at the time,

5     the second -- South Korea was the second highest cases of

6     COVID.  We took a brief pause to assess the risk, to figure

7     out what mitigations needed to be put in place to

8     effectively and efficiently accomplish the mission.

9               We had a brief lull, and then we continued to

10    carry out missions, carry out exercises in compliance with,

11    at the time, CDC guidelines of masking, social distancing,

12    general hygiene, staying home when you're not feeling well.

13         Q.   Okay.  So would it be fair to say, at least in

14    your opinion, that the mission was accomplished

15    successfully, and that those mitigation tactics were

16    effective?

17         A.   Without a doubt.

18         Q.   If you turn in your binder to tab 26.

19              Brian, would you bring up Exhibit 26?  In

20    particular, the second page of this document.

21              Do you recognize this document?

22         A.   Yes, sir.

23         Q.   And what is it?

24         A.   This is a deployment joint service accommodation

25    medal award from special operations command Korea.

Defs.' Mot. to Compel App.000768

```
1         Q.   And why did you receive this joint service

2    accommodation medal?

3              For what type of service and when?

4         A.   From January 2nd, 2020 to July, 2020.  And this

5    was for the missions and the execution of our tasks during

6    that deployment.

7         Q.   And so this pertains to your deployment to Korea

8    that you were just testifying about?

9         A.   That is correct.

10        Q.   Not only, in your opinion, did you successfully

11   complete that mission, but you also received an award for

12   that; is that right?

13        A.   That is correct.

14        Q.   I had asked you questions about you being

15   reassigned by the individual who took over your position.

16   Do you recall that?

17        A.   Do you recall the question?

18        Q.   I'd asked you some questions about that?

19        A.   Yes, I do recall them.

20        Q.   Do you know whether that individual who took over

21   your position at the command had received the COVID-19

22   vaccine?

23        A.   Yes, he had.

24        Q.   He had.

25             And then did he contracted COVID-19 despite having
```

Defs.' Mot. to Compel App.000769

```
 1    had the vaccine?

 2         A.   Yes, within a few weeks of taking over my

 3    position, he did.

 4              MR. STEPHENS:   Your Honor, I will pass the

 5    witness.

 6                        CROSS-EXAMINATION

 7    (BY MS. POWELL:)

 8         Q.   When did you become aware of the DOD vaccine

 9    mandate?

10         A.   I believe it was in August timeframe, ma'am.

11         Q.   The secretary of defense issued the mandate for

12    the COVID-19 vaccine around August 24th, but he said he was

13    going to do it before that.

14              Am I correct that you made your religious

15    accommodation exemption request before the

16    August 24th order?

17         A.   Yes, ma'am, that is correct.

18         Q.   And your exemption request is broader than the

19    COVID-19 vaccine, correct?

20         A.   Yes, ma'am.

21         Q.   Is it for all vaccines?

22         A.   It is all, for mandatory and routine vaccines.

23         Q.   Oh.  You testified that you had some difficulty

24    getting the paperwork because you had to speak to a Navy

25    chaplain as well; is that correct?
```

Defs.' Mot. to Compel App.000770

93

```
1          A.   That is correct.  I had to speak to multiple

2     chaplains to find one that would make time to speak with me.

3          Q.   Got it.

4               And once they did, were you able to submit your

5     paperwork?

6          A.   Yes, ma'am.

7          Q.   I notice in the exhibit we just looked at, which I

8     think is 23, plaintiffs' Exhibit 23, this initial

9     endorsement that you described --

10              Well, first let's talk about this document a

11    little bit.  It says it's from commanding officer naval

12    explosive ordnance disposal; is that correct?

13              And who is that person in your chain of command?

14         A.   Yes, ma'am, that is correct.  That is my

15    commanding officer.  He is a captain.

16         Q.   And do you know about how many people he oversees?

17         A.   It is a joint command.  I would only be

18    speculating.

19         Q.   Okay.

20         A.   But it's well over 200.

21         Q.   And those 200-ish or about there people, so

22    presumably, that commanding officer has a broader view into

23    that group of people than you do, would you say?

24              Knows more about the activity of the command

25    overall?
```

Defs.' Mot. to Compel App.000771

```
 1          A.   I think that it depends on the division, right?
 2    So for my division that I am a senior enlisted of that
 3    division, I very much so have my finger on the pulse
 4    regarding that more so.
 5          Q.   That makes sense.
 6          A.   So I would be the one that would be informing the
 7    commanding officer of what is happening in my division.
 8          Q.   Understood.
 9               But for other divisions, do you have your finger
10    on the pulse of other divisions as well?
11          A.   I do not.
12          Q.   Okay.  Now, your commanding officer here actually
13    recommended approval in part, correct?
14          A.   Yes, in part.
15          Q.   And disapproval in part?
16          A.   That is correct.
17          Q.   Have you received a denial?
18          A.   For --
19          Q.   For the request.
20          A.   For the religious accommodation, I have.
21          Q.   Did you make another request?
22          A.   I made an appeal.
23          Q.   Okay.  Right.  Sorry.  That was going to be my
24    next question.
25               Have you appealed?
```

Defs.' Mot. to Compel App.000772

```
1          A.   Yes, I have appealed.

2          Q.   And has your appeal been denied?

3          A.   No, it has not.

4          Q.   Has your appeal been granted?

5          A.   No, it has not.

6          Q.   Are you aware of any appeals that have been

7     denied?

8          A.   No, I am not.

9          Q.   Have you received notice that you are being

10    processed for separation?

11         A.   I have not.

12         Q.   Have you received notice of particular

13    disciplinary action against you?

14         A.   No, ma'am.

15         Q.   You described before the nature of your religious

16    objections to the COVID vaccine.  I want to make sure I

17    understand each part.

18              First one is, that the vaccine changes the body,

19    is that unfair?

20         A.   I'm not a medical expert.  From what I have looked

21    through, every decision that I make in regards to this is

22    very much so spirit led through prayer.

23              It is, from what I have seen, there is,

24    specifically within mRNA, that there have been things that

25    are found that could lead to restructuring DNA.
```

Defs.' Mot. to Compel App.000773

```
 1              I believe that God, what scripture says is that he

 2    is an infinite God, that he is the intelligent creator, and

 3    for us to rely on finite humans to adjust what an infinite

 4    God has made is in direct conflict and deeply concerns me as

 5    a Christian.

 6         Q.   Understood.

 7              And I'm not going to ask questions about the

 8    religious end of that and whether you would object to such a

 9    vaccine.

10              I am going to ask a question about how you came to

11    the conclusion that it changes human DNA?

12         A.   Again, this is through research that I do on my

13    own.  I'm not a medical expert, but anything that would

14    affect what God has created, whether it be medically told to

15    me, if it is a conviction that is led by the Holy Spirit, as

16    I stated in first Thessalonian 5:19, if I quench the holy

17    spirit, I am in sin.

18              We, or me as a Christian, the Holy Spirit convicts

19    me.  That is my compass.  It influences what I do.  And so

20    for anything to potentially compromise that, for me to not

21    act on those Holy Spirit led convictions, I am in sin.  The

22    scripture is very clear about that.

23         Q.   Again, I'm just asking before the first part.  Is

24    your objection not based on the fact that it would change

25    DNA?
```

Defs.' Mot. to Compel App.000774

1          A.    I'm confused on what you're asking.

2          Q.    Sorry.  When you first told me, when you first

3     spoke, I thought you said you objected to the mRNA vaccine

4     because it changed human DNA and you are religiously opposed

5     to that and you went on in some detail about that.

6               I'm only interested in the first part of that.

7     Your conclusion that it changes human DNA.  Is that an

8     inaccurate reflection of your understanding of the vaccine?

9          A.    That is an accurate reflection of my understanding

10    of the vaccine.

11         Q.    Okay.  So if it did not change human DNA, you

12    would not object to it on that basis?

13         A.    On that basis, but there are other bases that I

14    object to it on.

15         Q.    Sure.  And the second was it contains harmful

16    substances; is that correct?

17         A.    Just for clarification, are we talking

18    specifically COVID-19, or are we talking about my religious

19    accommodations for all vaccines?

20         Q.    Let's talk about the COVID-19 vaccine for now.  I

21    think let's start there at the very least.

22               Do you believe that the COVID-19 vaccine contains

23    harmful substances?

24         A.    To my knowledge, yes.

25         Q.    To what?

Defs.' Mot. to Compel App.000775

```
 1          A.   To my knowledge, yes.  I'm not a medical expert,
 2     so I don't know.  I mean, again, it's research that I do.
 3          Q.   And what are those harmful substances?
 4               MR. STEPHENS:  Your Honor, I've let this go on a
 5     while.  He has testified about what he believes.  Basis in
 6     scripture for those beliefs impacting and guiding his
 7     decision as to seeking religious accommodation.  To try to
 8     cross-examine him on the nature of those beliefs, I don't
 9     think is relevant.
10               THE COURT:  Okay.  Sustained.
11     (BY MS. POWELL:)
12          Q.   You were asked questions about the Stanley
13     declaration.  Do you know what Major Stanley's role is?
14          A.   Not that I recall.  If I looked at the
15     declaration, I could read what his role is.
16          Q.   Sure.  If you don't know, that answer is fine.  We
17     will leave it there.
18               Are you accusing Major Stanley of lying?
19          A.   No, ma'am.
20          Q.   You're testifying just about your experience,
21     correct?
22          A.   That is correct.
23          Q.   And you feel, based on your experience, that you
24     accomplished your one mission successfully?
25          A.   I had multiple missions that were accomplished
```

Defs.' Mot. to Compel App.000776

 1   successfully.

 2        Q.   Sorry.  In the area that Major Stanley was talking

 3   about?

 4        A.   Again, I feel like this is kind of broad.

 5             Are we talking south Korea specifically?

 6        Q.   Yes.  You commented on his declaration?

 7        A.   Okay.

 8        Q.   That you had a mission that was accomplished

 9   successfully there.

10             Was there more than one there that was

11   accomplished successfully?

12        A.   So if you are talking about the deployment being

13   successful, it was.  Within the deployment, there are

14   multiple missions that take place.

15        Q.   And how broad a view do you have into overall

16   force readiness in South Korea?

17        A.   In regards to special operations?

18        Q.   No.  In regards to the military forces in South

19   Korea?

20        A.   I can't answer what conventional forces were

21   doing.

22        Q.   Okay.

23             MS. POWELL:  All right.  I think that's all my

24   questions for this witnesses.  Thank you.

25   ///

Defs.' Mot. to Compel App.000777

```
 1                    REDIRECT EXAMINATION

 2   (BY MR. STEPHENS:)

 3       Q.   Sir, when you were in Korea, you were just asked

 4   some questions about the scope of the mission you performed

 5   there.  While you were there, did you facilitate 37

 6   unilateral air surface and maritime engagements?

 7       A.   Yes, I did.

 8       Q.   And did you have flawless execution of 76 joint

 9   service engagements resulting in over 18,000 manhours of

10   training?

11       A.   Yes, I did.

12       Q.   And did you participate in, were you in command of

13   11 high-risk evolutions with 21 different United States and

14   Republic of Korea partner forces?

15       A.   Yes, I was.

16       Q.   Did you do all that while safely navigating

17   restricted movements and distancing requirements in light of

18   COVID-19?

19       A.   Yes, I did.

20       Q.   All that's, in fact, stated in the joint service

21   commendation medal that you were awarded; is that right?

22       A.   Yes, sir.

23            MR. STEPHENS:  And your Honor, we would offer

24   plaintiffs' Exhibit 26, and I will pass the witness.

25            THE COURT:  That will be admitted.
```

Defs.' Mot. to Compel App.000778