## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**, | |
| Plaintiffs, | Case No. 4:21-cv-01236-O |
| v. | |
| **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, | |
| Defendants. | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO ANSWER DEFENDANTS' REQUESTS FOR ADMISSIONS

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. ii

TABLE OF AUTHORITIES ..................................................................................................... iii

INTRODUCTION ..................................................................................................................... 1

DISCOVERY STANDARDS ..................................................................................................... 3

DISCUSSION ........................................................................................................................... 4

   I.     Non-Class Representative Plaintiffs Should Not Be Required to Respond to Defendants' Requests for Admissions ................................................................................................ 4

   II.   The Court Should Sustain Class Counsel's Objections to RFAs 1 and 2 Because Named Plaintiffs Are Not Obligated to Consider EUA-type Vaccines. ................................................ 5

   III.    The Court Should Sustain Class Counsel's Objections to RFAs 4 Through 9 Because the Requests Are Beyond the Broad Scope of Relevancy. ....................................................... 10

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014) ........................................................ 14

*Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209 (M.D. Fla. 1993) ................................... 5

*Davis v. Fort Bend Cnty.*,765 F.3d 480 (5th Cir. 2014) ............................................................... 14

*Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 3343232 (E.D. Tex. Aug. 2, 2021) ................. 5

*Merrill v. Waffle House, Inc.*, 227 F.R.D. 467 (N.D. Tex. 2005) ................................................ 13

*Moussazadeh v. Tex. Dep't of Crim. Just.,* 703 F.3d 781 (5th Cir. 2020) ........................ 1, 12, 14

*Redus v. Univ. of the Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471 (W.D.

    Tex. Oct. 17, 2014) ................................................................................................................ 3

*Richmond v. SW Closeouts, Inc.*, No. 3:14-CV-4298-K, 2016 WL 3090672 (N.D. Tex. June 2,

    2016) ........................................................................................................................................ 3

*Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) ............................................. 10

*Sheldon v. Vermonty*, 204 F.R.D. 679 (D. Kan. 2001) ............................................................... 13

*Tagore v. United States,* 735 F.3d 324 (5th Cir. 2013) ............................................................... 13

*Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707 (1981) ........................................... 14

*Xcel Energy, Inc. v. U.S.*, 237 F.R.D. 416 (D. Minn. 2006) ........................................................ 4

## Statutes

10 U.S.C. §1107(a) .................................................................................................................. 6, 7

21 U.S.C. §360bbb-3 (e)(1)(A)(ii)(III) ........................................................................................ 6

## Other Authorities

"The pandemic is over," 60 Minutes (Sept. 18, 2022),

    https://www.youtube.com/watch?v=MIQz0fsX38U ................................................................ 8

Department of Defense Instruction 1300.17, *Religious Liberty in the Military Services* ............. 11

DOD Instruction 6200.02 .......................................................................................................... 8, 14

Oral Argument, *Doster v. Kendall*, No. 22-3497 (6th Cir. Jul. 25, 2022) .................................... 11

Sec'y. of Def. Memo. (Aug. 24, 2021) ........................................................................................... 7

*Section 564 of the Food, Drug, and Cosmetic Act*, 45 Op. O.L.C. (slip op.) (July 6, 2021) .......... 8

Tr. of Hr'g on Mot. for Prelim. Inj. ......................................................................................... 1, 12

**Rules**

Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 3

Fed. R. Civ. P. 36(a)(1) ................................................................................................................. 3

Fed. R. Civ. P. 36(a)(5) ................................................................................................................. 3

Fed. R. Civ. P. 36(a)(6) ................................................................................................................. 3

Fed. R. Civ. P. 37 .......................................................................................................................... 3

## INTRODUCTION

The Court should deny Defendants' motion to compel Plaintiffs to answer Defendants' Requests for Admission ("RFA"), because (1) in class action litigation courts do not require non-class representatives to answer discovery, (2) RFAs 1 and 2 seek information about vaccines Defendants cannot compel Plaintiffs to take and Defendants have failed to prove a compelling interest for the mandate, and (3) RFAs 4 through 9 seek answers beyond the broad scope of discovery. The class representative Plaintiffs, SEALs 1 through 3 and EOD 1 ("Named Plaintiffs"), satisfied their obligations under Federal Rule of Civil Procedure 36 when they timely objected to RFAs 1, 2, and 4 through 9 on the basis that they are "not reasonably related to any claim or defense in this case." While Defendants creatively frame the issue before this Court as Plaintiffs refusing to comply with their discovery obligations, the reality is that the information sought by Defendants is a continuation of their uninhibited fishing expedition into all aspects of the Plaintiffs' religious beliefs and practices—facts the Court already recognized are "generally presumed or easily established." Dkt. 140 at 11 (citing *Moussazadeh v. Tex. Dep't of Crim. Just.*, 703 F.3d 781 (5th Cir. 2020)); *see also* Tr. of Hr'g on Mot. for Prelim. Inj. 47:8-48:9.

First, Defendants cannot compel the non-class representative Plaintiffs ("Plaintiffs") originally named in this action to answer discovery questions. As Plaintiffs explained in their Response in Opposition to Defendants' first Motion to Compel, dated September 2, 2022, in class action litigation, only the Named Plaintiffs must respond to discovery. Permitting Defendants to conduct discovery of all Plaintiffs who were originally named in this action nullifies the efficiency of this class action litigation. Requiring all Plaintiffs to respond is also disproportionate to the needs of this case.

Second, in response to RFAs 1 and 2, Class Counsel explained that Defendants may only mandate COVID-19 vaccines "that receive full licensure from the Food and Drug Administration [("FDA")]." Defs.' Mot. To Compel Pls. to Answer Defs.' Reqs. For Admis. at App.000216-000217, 000227-000228, 000238-000239, 000250-000251 (hereinafter "Defs.' App."). Because the Novavax vaccine is under Emergency Use Authorization ("EUA") and the World Health Organization ("WHO") listed vaccines, other than Pfizer and Moderna, do not have FDA licensure, they cannot be mandated as a matter of law, and service members are under no obligation to consider them. This is especially true now that the President of the United States has declared an end to the COVID-19 public health emergency, stating on public television that "the pandemic is over." For these reasons, the Court should sustain Class Counsel's continuing objections to RFAs 1 and 2.

Third, for RFAs 4 through 9, Class Counsel objected on the basis that "it is immaterial whether Plaintiff previously received [other vaccines]" (RFAs 4 through 6) or have taken ibuprofen, aspirin, or Tylenol within the past five years (RFAs 7 through 9) because only the COVID-19 vaccine is the subject of this litigation. Defs.' App. at 000218-000222, 000229-000233, 000240-000244, 000251-000255. Defendants claim that the purpose of RFAs 4 through 9 is to determine "the nature and scope of [Plaintiffs'] stated religious beliefs and objections to COVID-19 vaccines," Dkt. 204 at 14, and to "shed light on whether [Plaintiffs'] stated convictions are religious in nature or whether those convictions have been sincerely invoked," Dkt. 204 at 16. Defendants also claim that Plaintiffs' answers to those RFAs "may also suggest that taking such products does not, in fact, impose a substantial burden on Plaintiff's religious beliefs," and that they "may be pertinent to whether any other COVID-19 vaccines could serve as a less-restrictive alternative for Plaintiffs." Dkt. 204 at 15, 16. Despite Defendants' reasoning, RFAs 4 through 9

do not fall within the broad scope of relevancy because there is no possibility that the information sought may be relevant to the claim or defense of any party for the variety of reasons Class Counsel explained in support of each specific objection. Defs.' App. at 000218-000222, 000229-000233, 000240-000244, 000251-000255. Therefore, the Court should sustain these continuing objections to RFAs 4 through 9.

Accordingly, the Court should deny Defendants' motion to compel answers to the RFAs.

## DISCOVERY STANDARDS

Federal Rule of Civil Procedure 37 provides for the filing of motions to compel discovery responses and states that a party seeking discovery may move for an order compelling discovery against another party when the latter has failed to answer an interrogatory under Rule 37. However, "Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admissions." *Richmond v. SW Closeouts, Inc.*, No. 3:14-CV-4298-K, 2016 WL 3090672, at *6 (N.D. Tex. June 2, 2016). Courts have, however, addressed motions to compel admissions by treating them as requests for the Court to overrule the responding party's objections to the request for admission. *See, e.g., Redus v. Univ. of the Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471, at *9 (W.D. Tex. Oct. 17, 2014).

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Fed. R. Civ. P. 26(b)(1) relating to: facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). Rule 36(a)(5) requires that "[t]he grounds for objecting to a request must be stated," and Rule 36(a)(6) provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection" and that, "[u]nless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(5), (a)(6). "When passing on a motion to determine the

sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections." *Xcel Energy, Inc. v. U.S.*, 237 F.R.D. 416, 421 (D. Minn. 2006) (citation omitted).

**DISCUSSION**

I.     **Non-Class Representative Plaintiffs Should Not Be Required to Respond to Defendants' Requests for Admissions.**

A quick comparison of Defendants' prior briefing in support of their First Motion to Compel to the briefing in support of this Motion reveal that Defendants merely repeat the arguments raised in their First Motion. *Compare* Memorandum in Support of Defendants' Motion to Compel, Dkt. 192 at 5–9 *and* Defendants' Reply Memorandum in Support of Defendants' Motion to Compel, Dkt. 199 at 1–4 *with* Motion at 7–12. Indeed, Plaintiffs asked Defendants to wait for the Court to rule on the First Motion before filing this Motion to avoid the exact repetition of arguments now presented to the Court by Defendants, but they refused.  Defendants' arguments are just as erroneous now as they were the first time Defendants made them. For the reasons stated in Plaintiffs' Response to the First Motion, which Plaintiffs hereby fully incorporate by reference, Defendants are not entitled to discovery from Plaintiffs[1]. *See* Plaintiffs' Response in Opposition to Defendants' Motion to Compel, Dkt. 198 at 3–6.

In sum, this Court's certification of a class transformed the nature of this case. "By declining to continue holding himself out as a putative class representative, upon certification, [a non-class representative plaintiff] would 'be on equal footing with all other non-representative class members as an absent class member.'" *Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 3343232, at *2 (E.D. Tex. Aug. 2, 2021); (quoting *In re Carbon Dioxide Indus. Antitrust Litig.*,

---

[1] Plaintiffs do not waive and hereby stand on each and every General Objection asserted in their August 15, 2022 Responses and Objections to Defendants' First Set of Requests for Admissions. Defs.' App. 000260-0000261.

4

155 F.R.D. 209, 211 (M.D. Fla. 1993)). As the equivalent of absent class members, the Plaintiffs

are not required to do anything related to this litigation. *Earl*, 2021 WL 3343232, at *2.  Allowing

Defendants to obtain discovery from them despite the certification of a class would nullify the very

benefits that led Plaintiffs to move for class certification in the first place. *Id.* Further, Defendants

failed to show a particularized need for the information sought by their RFAs or why responses

from only the Named Plaintiffs are insufficient. *See In re Carbon*, 155 F.R.D. at 212. For these

reasons and those previously raised by Plaintiffs in response to the First Motion, this Court should

deny Defendants' attempt to improperly obtain discovery from all Plaintiffs.

II.     **The Court Should Sustain Class Counsel's Objections to RFAs 1 and 2 Because Named Plaintiffs Are Not Obligated to Consider EUA-type Vaccines.**

        In RFAs 1 and 2, Defendants ask the Named Plaintiffs to admit their unwillingness to

accept the Novavax COVID-19 vaccine or travel to another country to receive any WHO-listed

COVID-19 vaccine that was developed without use of fetal cell lines, respectively. Defs.' App.

000216-000217, 000227-000228, 000238-000239, 000250-000251. As stated in Class Counsel's

objections, the Named Plaintiffs cannot admit or deny those requests because only vaccines that

have received full licensure from the FDA can be mandated by Defendants, and the Novavax and

WHO-listed vaccines "have not received full licensure from the FDA." *Id*. Pursuant to that

reasoning, Class Counsel timely and properly objected to RFAs 1 and 2 on the basis that the

requests are "not reasonably related to any claim or defense in this case." *Id*. Class Counsel stands

on those objections and specifically incorporates each and every privilege objection asserted in

Plaintiffs' responses to the RFAs[2] for the reasons set forth in more detail below.

---

[2] Named Plaintiffs do not waive and hereby specifically incorporate into each and every response to RFAs 1 through 9 each and every General Objection asserted in their August 15, 2022 Responses and Objections to Defendants' First Set of Requests for Admissions. Defs.' App. 000216, 000227, 000238, 000249.

As Class Counsel stated in support of their August 15, 2022, objections, "[a]ccording to the Department of Defense's August 24, 2021, vaccine mandate, 'Mandatory vaccination against COVID-19 will only use COVID-19 vaccines that receive *full licensure* from the Food and Drug Administration (FDA), in accordance with FDA-approved labeling and guidance.'" *Id*. (emphasis added). Vaccinations that are not fully licensed by the FDA cannot be mandated for military service members as a matter of law. *See* 10 U.S.C. §1107(a). Under section 1107, there is also no obligation for the Named Plaintiffs to consider taking anything other than a vaccine that has received full licensure from the FDA.[3] Yet Defendants argue that "RFAs 1 and 2 are clearly relevant to Plaintiffs' claims and defenses" because the Department of Defense mandate "provides that '[s]ervice members that are voluntarily immunized with a COVID-19 vaccine under FDA Emergency Use Authorization or World Health Organization Emergency Use Listing . . . are considered fully vaccinated.' Sec'y of Def. Memo. (Aug. 24, 2021)." Dkt. 204 at 13.

While the voluntary taking of an EUA vaccine, such as Novavax[4], would satisfy Defendants' mandate, Defendants are currently powerless under federal law to require the Named Plaintiffs to take a vaccine that does not have full FDA licensure. 10 U.S.C. §1107(a). When an FDA-unapproved vaccine is authorized for emergency use, military service members are to be informed "of the option to accept or refuse administration of the product . . . ." 21 U.S.C. §360bbb-3 (e)(1)(A)(ii)(III); *see* 10 U.S.C. § 1107(a). That requirement "may be waived only by the President only if the President determines, in writing, that complying with such requirement is not in the interests of national security." 10 U.S.C. §1107(a). The Department of Defense previously

---

[3] Novavax and all WHO-listed vaccines, other than Moderna and Pfizer, have not received full licensure from the FDA. U.S. Food and Drug Administration, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/covid-19-vaccines (last visited Nov. 2, 2022).

[4] In addition to Novavax being EUA, Named Plaintiffs noted in their September 2, 2022 Response to Defendants' Motion to Compel that publicly available information suggests that fetal cell lines may have been used during the testing phase of the vaccine. Given the factual issue present, it would be improper at this time to require the Named Plaintiffs to admit or deny this statement on behalf of thousands of Class Members. Dkt. 198 at 9.

"inform[ed] [the Department of Justice] that it has understood 10 U.S.C. § 1107(a) to mean that DOD may not require service members to take an EUA product that is subject to the condition regarding the option to refuse, unless the President exercises the waiver authority contained in section 1107a." *Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization*, 45 Op. O.L.C. (slip op.) (July 6, 2021)[5]; *see also* DOD Instruction 6200.02.

To date, President Biden has not waived the right to refuse any of the EUA COVID-19 vaccines. In fact, the President made the opposite statements, recently declaring to a worldwide audience that "the [COVID-19] pandemic is over." President Biden: "The pandemic is over," 60 Minutes (Sept. 18, 2022), https://www.youtube.com/watch?v=MIQz0fsX38U. Without presidential waiver, Defendants lack legal authority to require the Named Plaintiffs—or any sailors, for that matter—to take the vaccines mentioned in RFAs 1 and 2. And by Defendants' own account, it is prudent for the Named Plaintiffs to refrain from considering EUA-type vaccines, just as "[i]t is reasonable for the military to await FDA approval, as that process 'provides additional confidence and comfort in the safety of [a vaccine].'" Dkt 43 at 25. Thus, it is entirely irrelevant whether the Named Plaintiffs would take any of these unauthorized vaccines because they have a statutory right to refuse them.

Despite the fact that Defendants cannot mandate EUA-type vaccines and that the Named Plaintiffs are under no obligation to consider them, Defendants argue in this motion that answers to RFAs 1 and 2 would resolve the question of "whether there are less-restrictive means . . . available to accommodate Plaintiffs' beliefs," and that "[a]dmissions would determine whether or

---

[5] Available at:
https://www.justice.gov/olc/file/1415446/download#:~:text=Section%20564(e)(1,to%20an%20emergency%20use%20authorization.

not the class-representative Plaintiffs' religious beliefs would be burdened by other presently available vaccines." Dkt. 204 at 13. But those arguments are based on two separate, distinct, and improper assumptions: (1) that the Novavax and WHO-listed vaccines would not substantially burden the Named Plaintiffs' religious beliefs, which is entirely inconclusive at this stage of the litigation and cannot be resolved on this motion, *see* Footnote 4, and (2) that Defendants have demonstrated a compelling government interest under RFRA and the First Amendment that justifies burdening the Named Plaintiffs' religious beliefs and practices in the first place. For the reasons set forth below, it is further irrelevant for the Named Plaintiffs to answer RFAs 1 and 2.

Ten months after this Court awarded Plaintiffs injunctive relief, Defendants still cannot demonstrate the existence of a compelling interest as to these particular service members. Absent a compelling government interest, there is no basis for the Named Plaintiffs to consider whether other vaccinations would accommodate and not substantially burden their religious beliefs. As this Court stated in its Order on Preliminary Injunction, "[t]he Court concludes that Defendants have not demonstrated a compelling interest justifying the substantial burden imposed on the Plaintiffs' religious beliefs. Therefore, there is no need to discuss narrow tailoring." Dkt. 66 at 17.

At the inception of this litigation, Defendants argued that "the Government's compelling interest [is] in minimizing the risk that a service member will experience illness or need to quarantine during deployment on a special warfare operation, thereby frustrating the Navy's success on critical missions." Dkt. 43 at 22. The support for this argument was that "symptoms of even mild cases of COVID-19 will affect military readiness and hamper the effectiveness of these most-critical missions." *Id*. at 23. Defendants relied on the Supreme Court's holding in *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020), that "[s]temming the spread of COVID-19 is unquestionably a compelling interest," and that "the Navy has a vital interest in

maximizing the effectiveness of Naval Special Warfare operations against U.S. enemies and minimizing the risk of error in these critical operations." Dkt. 43 at 21. But as evidenced by the following examples, it has become increasingly clear that Defendants' purported "compelling government interest" continues to be nothing more than mere lip service. By Defendants' own account, their compelling government interest has no basis in fact, and as a matter of law, Defendants have made it clear that they operate under the misguided assumption that the Executive Branch is under no obligation to comply with RFRA's statutory requirements as a matter of course.

First, Defendants' compelling government interest argument fails because it is entirely unsupported by facts. The most recent example was provided on July 15, 2022, when Defendant Secretary Carlos Del Toro served Plaintiffs with an updated verified response to Plaintiffs' Interrogatory 10, which asked "[f]or each Navy Servicemember listed in your response to Interrogatory No. 1, identify whether the servicemember was deployed on a ship and developed severe symptoms that required the ship to return to port . . ." Pls.' App. 0027-0032. As part of the response, Defendant Del Toro admitted that even 100% vaccination does not achieve the military's alleged compelling government interest by way of the following example:

> The USS Milwaukee experienced an outbreak of COVID-19 in January 2022. The crew was 100% vaccinated and all individuals who tested positive were either asymptomatic or experienced only minor symptoms. None were hospitalized. The ship was quarantined for 15 days at Naval Station Guantanamo Bay, Cuba, which resulted in one cancelled training evolution.

Pls.' App. 0030. If fully vaccinated crews are contracting COVID-19, and, as a result, quarantining in other countries and cancelling training, Defendants' "compelling interest" in minimizing COVID-19 illness or need to quarantine during deployment is hardly being achieved—even with 100% vaccinated crews.

Second, on October 18, 2022, during oral argument before the Sixth Circuit Court of Appeals in *Doster v. Kendall*, the Department of Justice admitted that the Executive Branch believes it may ignore RFRA's application to the vaccine mandate until an individual sues.[6] Oral Argument at 18:38-18:55, *Doster v. Kendall*, No. 22-3497 (6th Cir. Jul. 25, 2022).[7] In fact, the Executive Branch views RFRA as a statute that "does not require the government to take any particular process." *Id*. Not only does this admission fly in the face of the express language and intent of RFRA and Defendants' own acknowledgement of its required compliance with the statute pursuant to Department of Defense Instruction 1300.17, *Religious Liberty in the Military Services*, September 1, 2020, but it is further evidence that Defendants never even considered their legal obligations under RFRA before denying Plaintiffs' requests for religious accommodations. This, again, is entirely consistent with this Court's previous determination in its Order on Preliminary Injunction dated January 3, 2022, that "[t]he Navy provides a religious accommodation process, but by all accounts, it is theater." Dkt. 66 at 1.

The Court should deny Defendants' motion to compel answers to RFAs 1 and 2.

**III.     The Court Should Sustain Class Counsel's Objections to RFAs 4 Through 9 Because the Requests Are Beyond the Broad Scope of Relevancy.**

In RFAs 4 through 9, Defendants ask the Named Plaintiffs to admit that they received the rubella, varicella, and Hepatitis A vaccines (RFAs 4 through 6) and to admit that they have taken ibuprofen, aspirin, and Tylenol within the last five years (RFAs 7 through 9). Defendants assert that the purpose of each of these RFAs is to "determine the nature and scope of [Plaintiffs'] stated

---

[6] During oral argument, the Court asked, "Is it the Executive Branch's position that you don't have to worry about RFRA until somebody sues?" Defendant's counsel responded, "More or less, yes. RFRA itself is not a record review statute and does not require the government to take any particular process." Oral Argument at 18:38-18:55, *Doster v. Kendall*, No. 22-3497 (6th Cir. Jul. 25, 2022).

[7] Available at https://www.opn.ca6.uscourts.gov/internet/court_audio/aud2.php?link=recent/10-19-2022%20-%20Wednesday/22-3497%20Hunter%20Doster%20v%20Frank%20Kendall%20et%20al.mp3&name=22-3497%20Hunter%20Doster%20v%20Frank%20Kendall%20et%20al.

10

religious beliefs and objections to COVID-19 vaccines" and to "shed light on whether [Plaintiffs'] stated convictions are religious in nature or whether those convictions have been sincerely invoked." Dkt. 204 at 15-16. Defendants also claim that Plaintiffs' answers to those RFAs "may also suggest that taking such products does not, in fact, impose a substantial burden on Plaintiff's religious beliefs," and that they "may be pertinent to whether any other COVID-19 vaccines could serve as a less-restrictive alternative for Plaintiffs." Dkt 204 at 16.

For each of these RFAs, Class Counsel timely and properly objected on the basis that "it is immaterial whether Plaintiff previously received [other vaccines]" or took ibuprofen, aspirin, or Tylenol because only the COVID-19 vaccine is the subject of this litigation, thereby rendering the RFAs 4 through 9 "not reasonably related to any claim or defense in this case." Defs.' App. 000218-222; 000229-234; 000240-244; 000251-255; *see also* Tr. of Hr'g on Mot. for Prelim. Inj. 47:15-48:3. Class Counsel's stated support for these objections is that "it has already been established that Plaintiff's religious objections to taking the COVID-19 vaccine are sincere. The Court recognized that '[s]incerity is generally presumed or easily established,' and the court must handle that sincerity inquiry 'with a light touch, or judicial shyness.' Dkt. 140 (citing *Moussazadeh v. Tex. Dep't of Crim. Just.,* 703 F.3d 781, 791-92 (5th Cir. 2020)); *see also* Tr. of Hr'g on Mot. for Prelim. Inj. 47:8-48." Defs.' App. 000218-222; 000229-234; 000240-244; 000251-255. Class Counsel also noted that "[i]t is . . . an undisputed material fact that Named Plaintiffs' beliefs were determined to be sincere by a Navy chaplain pursuant to the Navy's own Religious Accommodation Request ("RAR") process." *Id*. Class Counsel provided the example that "as Admiral Lescher stated during his June 30, 2022 deposition (page 75, lines 11-16), he has no reason to doubt the sincerity of the Plaintiffs' religious beliefs underlying their RARs." *Id*. For the following reasons, Class Counsel continues to stand on these objections.

11

While "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party," as a general matter, RFAs 4 through 9 are entirely irrelevant and have no bearing on the claims and defenses at issue in this litigation. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). Defendants' inquiries in RFAs 4 through 9 will not provide Defendants with the insight they desire regarding "the nature and scope of [Plaintiffs'] stated religious beliefs and objections to COVID-19 vaccines," or "whether [Plaintiffs'] stated convictions are religious in nature or . . . have been sincerely invoked" because the questions have nothing to do with the Named Plaintiffs' specific religious objections to the COVID-19 vaccines at issue in this case. Dkt. 140 at 15, 16.

Even if the inquiries were considered to be relevant, the Fifth Circuit has already determined that inquiries such as these improperly probe "the general scope of [the Named Plaintiffs'] applicable religious tenets," *Tagore v. United States,* 735 F.3d 324, 328 (5th Cir. 2013), and "improperly focus upon the nature of the activity itself," *Davis v. Fort Bend Cnty*.,765 F.3d 480, 485 (5th Cir. 2014), which in this instance is the Named Plaintiffs' general participation or nonparticipation in vaccination and the taking of other medications that allegedly have ties to aborted fetal cell tissue. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 724-25 (2014); *Thomas v. Review Bd. of Ind. Emp't Sec. Div*., 450 U.S. 707, 715 (1981) ("We see, therefore, that Thomas drew a line, and it is not for us to say that the line he drew was an unreasonable one.").

Moreover, the Named Plaintiffs' religious beliefs need not be consistent or logical. Their beliefs may be inconsistent to the outside observer, but fully consistent with their current religious beliefs and practices. As the Fifth Circuit recognizes, "[i]ndividuals may practice their religion in any way they see fit, 'and it is not for the Court to say it is an unreasonable one.' A showing of

12

sincerity does not necessarily require strict doctrinal adherence to standards created by organized religious hierarchies." *Moussazadeh v. Texas Dep't of Crim. Justice,* 703 F.3d 781, 791 (5th Cir. 2012) (internal citation omitted). And considering Defendants' own definition of "religious practice" falls squarely in line with binding precedent—and focuses on the *individual's* beliefs and practices—there is no question that Class Counsel's objections should be sustained.[8]

Defendants' claims that Plaintiffs' answers to RFAs 4 through 9 "may also suggest that taking such products does not, in fact, impose a substantial burden on Plaintiff's religious beliefs," and that they "may be pertinent to whether any other COVID-19 vaccines could serve as a less-restrictive alternative for Plaintiffs," again assumes that Defendants have demonstrated a compelling government interest in vaccinating the individual Plaintiffs in the first place. Dkt 204 at 16. In response to those arguments, the Named Plaintiffs fully incorporate by reference their applicable argument in Section II, above.

## CONCLUSION

In conclusion, this Court should deny Defendants' Motion to Compel Plaintiffs to Answer Defendants' Requests for Admissions.

---

[8] The definition of "religious practice" in DoDI 6200.02 is "[a]n action, behavior, or course of conduct constituting individual expressions of religious beliefs, whether or not compelled by, or central to, the religion concerned."

Respectfully submitted this 4th day of November, 2022.

/s/ Danielle A. Runyan
KELLY J. SHACKELFORD
   Texas Bar No. 18070950
JEFFREY C. MATEER
   Texas Bar No. 13185320
HIRAM S. SASSER, III
   Texas Bar No. 24039157
DAVID J. HACKER
   Texas Bar No. 24103323
MICHAEL D. BERRY
   Texas Bar No. 24085835
JUSTIN BUTTERFIELD
   Texas Bar No. 24062642
Danielle A. Runyan *
   New Jersey Bar No. 027232004
Holly M. Randall
   Texas Bar No. 24128002
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org


JORDAN E. PRATT
   Florida Bar No. 100958*  **
FIRST LIBERTY INSTITUTE
227 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (972) 941-4444
jpratt@firstliberty.org


*Admitted pro hac vice.
** Not yet admitted to the D.C. Bar, but
admitted to practice law in Florida. Practicing
law in D.C. pursuant to D.C. Court of
Appeals Rule 49(c)(8) under the supervision
of an attorney admitted to the D.C. Bar.

HEATHER GEBELIN HACKER
   Texas Bar No. 24103325
ANDREW B. STEPHENS
   Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2022, I electronically filed the foregoing document through the Court's ECF system and will serve a copy on each of the Defendants according to the Federal Rules of Civil Procedure.

/s/ Danielle A. Runyan
DANIELLE A. RUNYAN