IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**NAVY SEALs 1-3,** *et al.*,

             Plaintiffs,

   v.

**LLOYD J. AUSTIN, III** in his official capacity as United States Secretary of Defense, *et al.*,

             Defendants.

Case No. 4:21-cv-01236-O

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO ANSWER DEFENDANTS' REQUESTS FOR ADMISSIONS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ........................................................................................................................................ 1

I.      Plaintiffs have abandoned their General Objections. .......................................................... 1

II.     The non-class-representative Plaintiffs must answer Defendants' RFAs. ...................... 2

III.    The class-representative Plaintiffs must answer Defendants' RFAs promptly ............. 4

        A.      RFAs 1 and 2 ................................................................................................................ 4

        B.      RFAs 4 through 9 ........................................................................................................ 6

CONCLUSION ..................................................................................................................................... 7

**TABLE OF AUTHORITIES**

**CASES**

*Antoninetti v. Chipotle, Inc.*,
  No. 06-cv-2671, 2011 WL 2003292 (S.D. Cal. May 23, 2011)..................................................4

*Austin v. U.S. Navy SEALs 1-26*,
  142 S. Ct. 1301 (2022) ................................................................................................................2

*Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*,
  951 F.3d 248 (5th Cir. 2020) ......................................................................................................2

*Collier v. BrightPoint, Inc.*,
  No. 1:12-cv-1016, 2013 WL 652448 (S.D. Ind. Feb. 21, 2013) .................................................3

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
  No. 04-498, 2006 WL 2588710 (D.D.C. Sept. 7, 2006).............................................................4

*Earl v. Boeing Co.*,
  No. 4:19-cv-507, 2021 WL 3343232 (E.D. Tex. Aug. 2, 2021)..................................................3

*Garner v. Martin Marietta Materials, Inc.*,
  No. 1:20-cv-1167, 2021 WL 4993487 (W.D. Tex. Oct. 27, 2021) .............................................1

*Gonzales v. O Centro Espirita Beneficient Uniao do Vegetal*,
  546 U.S. 418 (2006)....................................................................................................................6

*Heller v. City of Dallas*,
  303 F.R.D. 466 (N.D. Tex. 2014) ...............................................................................................1

*In re Carbon Dioxide Indus. Antitrust Litig.*,
  155 F.R.D. 209 (M.D. Fla. 1993) ...............................................................................................3

*In re Folding Carton Antitrust Litig.*,
  83 F.R.D. 260 (N.D. Ill. 1979)....................................................................................................3

*In re Vitamins Antitrust Litig.*,
  198 F.R.D. 296 (D.D.C. 2000) ...................................................................................................3

*Moreno v. Autozone, Inc.*,
  No. C-05-4432, 2007 WL 2288165 (N.D. Cal. Aug. 3, 2007)....................................................4

*Moussazadeh v. Texas Department of Criminal Justice*,
  703 F.3d 781 (5th Cir. 2012) ......................................................................................................7

*New Doe Child #1 v. Cong. of U.S.*,
   891 F.3d 578 (6th Cir. 2018) ................................................................................................. 5

*Nichols v. Enterasys Networks, Inc.*,
   495 F.3d 185 (5th Cir. 2007) ................................................................................................. 2

*Oklevueha Native Am. Church of Haw., Inc. v. Lynch*,
   828 F.3d 1012 (9th Cir. 2016) ............................................................................................... 5

*Safe Home Sec., Inc. v. Phila. Indem. Ins. Co.*,
   581 F. Supp. 3d 794 (N.D. Tex. Sept. 15, 2021) .................................................................... 1

*SEC v. Brady*,
   238 F.R.D. 429 (N.D. Tex. 2006) .......................................................................................... 1

*Tagore v. United States*,
   735 F.3d 324 (5th Cir. 2013) ............................................................................................ 6, 7

*Thomas v. Review Board of Indian Employment Security Division*,
   450 U.S. 707 (1981) ............................................................................................................... 7

*U.S. Navy SEALs 1-26 v. Biden*,
   27 F.4th 336 (5th Cir. 2022) .................................................................................................. 2

**STATUTES**

10 U.S.C. § 1107a .......................................................................................................................... 5, 6

**RULES**

Fed. R. .Civ. P. 36(a)(5) .................................................................................................................. 1

Fed. R. .Civ. P. 36(a)(6) .................................................................................................................. 1

**OTHER AUTHORITIES**

3 Newberg and Rubenstein on Class Actions (6th ed. 2022) ........................................................ 4

**INTRODUCTION**

For over three months, Plaintiffs have sought to avoid their discovery obligations by refusing to answer Defendants' first set of requests for admissions ("RFAs") based on improper and unjustifiable objections. They have now failed to defend the sufficiency of these objections in opposing Defendants' motion to compel Plaintiffs to answer Defendants' RFAs. *See* Memo. in Supp. of Defs.' Mot. to Compel Pls. to Answer Defs.' RFAs ("Mot."), ECF No. 204. The Court should therefore order Plaintiffs to answer RFAs 1 and 2 and 4 through 9 pursuant to Federal Rule of Civil Procedure 36(a)(6).

**ARGUMENT**

**I.    Plaintiffs have abandoned their General Objections.**

As explained in Defendants' motion, *see* Mot. at 5–7, none of Plaintiffs' "General Objections" can satisfy Rule 36(a)(5)'s specificity requirement. These "[b]road-based, non-specific objections" would be "almost impossible to assess on their merits," *see SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006), as they fail to "show specifically how each . . . request is overly broad, unduly burdensome, or oppressive," *see Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). Indeed, these "General Objections" are so patently insufficient that even Plaintiffs offer no serious attempt to defend them. *See* Pls.' Resp. in Opp. to Defs.' Mot. to Compel Pls. to Answer Defs.' RFAs ("Opp."), at 4 n.1, 5 n.2, ECF No. 206 (asserting only that Plaintiffs "stand on each and every General Objection"). Plaintiffs have thus abandoned these objections by failing to respond to Defendants' arguments regarding their sufficiency under Rule 36. *See, e.g.*, *Garner v. Martin Marietta Materials, Inc.*, No. 1:20-cv-1167, 2021 WL 4993487, at *2 (W.D. Tex. Oct. 27, 2021) (granting motion to compel a discovery response because plaintiff failed to respond to the defendant's arguments, thus abandoning any objection); *see also Safe Home Sec., Inc. v. Phila. Indem. Ins. Co.*, 581 F. Supp. 3d 794, 798 (N.D. Tex. Sept. 15, 2021) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citation

1

omitted)); *accord Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 259 n.4 (5th Cir. 2020); *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007).

## II. The non-class-representative Plaintiffs must answer Defendants' RFAs.

The Plaintiffs who are not class representatives remain parties to this action, *see* Am. Compl. ¶¶ 16-23, ECF No. 84, and are therefore subject to discovery under Rule 26, *see* Mot. at 7–12. These Plaintiffs maintain, however, that they need not respond to any discovery because they are the "equivalent" of absent members of the class. *See* Opp. at 4–5. But these Plaintiffs have hardly been absent or passive in this litigation, and thus their broad-based objection to all of Defendants' RFAs fails on its own terms.

As explained in Defendants' motion, *see* Mot. at 1, 8 & n.3, the non-class-representative Plaintiffs have put their testimony directly at issue in this litigation, which the Court has already relied upon in granting them relief. In seeking and receiving emergency relief from this Court, Plaintiffs submitted declarations from all of the individual Plaintiffs, some more than once and some in connection with motions post-dating class certification. *See id.* Plaintiffs even continue to rely on the non-class-representative Plaintiffs' testimony in ongoing appellate proceedings, Br. of Appellee at 9–10, 17, 38–39, 52–55, *U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077 (5th Cir. Aug. 22, 2022), and both the Fifth Circuit and a dissenting Supreme Court justice relied on it as well in assessing the propriety of this Court's preliminary-injunction order, *see U.S. Navy SEALs 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022); *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1303-04 (2022) (Alito, J., dissenting). Defendants intend to prove that the Court's preliminary assessment of the likelihood of success on the merits was incorrect, and Defendants are entitled to discovery of the non-class-representative Plaintiffs who have put their own testimony at issue.

In support of their claim that they are excused from all discovery, the non-class-representative Plaintiffs rely on two district court decisions declining to compel discovery of plaintiffs who were

treated as absent class members. *See* Opp. at 4–5. But those decisions are inapposite. For example, in *In re Carbon Dioxide Industry Antitrust Litigation,* 155 F.R.D. 209 (M.D. Fla. 1993), the district court declined to compel discovery of plaintiffs not chosen as class representatives after several existing cases were consolidated into a new matter. There, however, the defendants failed to object to early statements that discovery would be limited to class representatives, and the defendants did not argue that they needed individualized discovery.[1] *Id.* at 212. But neither of those considerations is present here. Nor is there any indication that the district court in that case had previously relied on the testimony of the individuals who it excused from discovery, which is also true of Plaintiffs' other cited authority. *See Earl v. Boeing Co.*, No. 4:19-cv-507, 2021 WL 3343232, at *2 (E.D. Tex. Aug. 2, 2021) (permitting plaintiff who was not participating at all to convert himself to an absent class member). In any event, Plaintiffs' authorities appear to be outliers, as courts routinely refuse to excuse non-class-representative plaintiffs from their discovery obligations. *See, e.g.*, Mot. at 10–11 (collecting cases); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave discovery limited to the portion . . . the plaintiffs selected."); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 306 (D.D.C. 2000) (permitting non-representative class plaintiffs to dismiss action only if they first respond to discovery as requested); *Collier v. BrightPoint, Inc.*, No. 1:12-cv-1016, 2013 WL 652448, at *3 (S.D. Ind. Feb. 21, 2013) ("It is difficult for the Court to find that Mr. Lee is a mere absent class member in this case, where he is actively injecting himself into the proceeding. . . .").

But even if the Court were to treat the non-class-representative Plaintiffs as absent class members, they would still be subject to discovery. As Defendants have explained, *see* Mot. at 11, absent

---

[1] The district court also recognized "that any party exercising the right to proceed independently by opting out of the class will be subject to discovery." *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. at 212 n.1. Thus far, one Plaintiff who remains in this action has opted out of the class by withdrawing his religious-accommodation request.

3

class members who intentionally inject themselves into litigation (as these Plaintiffs have) are typically subject to discovery. *See, e.g., Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, No. 04-498, 2006 WL 2588710, at *1 (D.D.C. Sept. 7, 2006) (approving discovery of absent class members who submitted declarations); *Antoninetti v. Chipotle, Inc.*, No. 06-cv-2671, 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011) (explaining that the rules regarding discovery of absent class members are especially flexible "where the proposed deponents have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation"); *Moreno v. Autozone, Inc.*, No. C-05-4432, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (allowing discovery of "absent class members who have injected themselves into the class certification motion by filing factual declarations"); *see also* 3 Newberg and Rubenstein on Class Actions § 9:12 (6th ed. 2022) ("Several courts have concluded that class members who have 'injected themselves' into the litigation—for example, by filing declarations or being listed as witnesses by plaintiffs' counsel—are subject to discovery."). Moreover, even if the Court were to accept Plaintiffs' contention that absent class members (or those treated as such) are not subject to discovery unless a defendant demonstrates a need, Defendants have made such a showing, *see* Mot. at 8–10, and Plaintiffs have made no effort to rebut it.

**III.    The class-representative Plaintiffs must answer Defendants' RFAs promptly.**

    **A.    RFAs 1 and 2**

RFAs 1 and 2 ask Plaintiffs to admit whether they are willing to take the Novavax vaccine or any COVID-19 vaccines appearing on the World Health Organization's ("WHO") Emergency Use Listing. *See* Mot. at 12. As Plaintiffs concede, *see* Opp. at 6, taking any of these presently available vaccines would bring a Plaintiff into compliance with the military's COVID-19 vaccination requirement. *See* Mot. at 13. Accordingly, a Plaintiff's admission that he or she is willing to receive a COVID-19 vaccine other than the Pfizer or Moderna vaccines would bear directly on whether an order to become vaccinated against COVID-19 substantially burdens that Plaintiff's religious beliefs.

4

*See, e.g.*, *New Doe Child #1 v. Cong. of U.S.*, 891 F.3d 578, 590–91 (6th Cir. 2018) (feasible alternatives are relevant to the substantial-burden analysis); *Oklevueha Native Am. Church of Haw., Inc. v. Lynch*, 828 F.3d 1012, 1016–17 (9th Cir. 2016) (same). Although Plaintiffs continue to maintain that RFAs 1 and 2 are unrelated to any claims or defenses in this matter, *see* Opp. at 5, their arguments on that score are unavailing.

*First*, contrary to what Plaintiffs suggest, RFAs 1 and 2 are not based on an "*assumption[]*" that "the Novavax and WHO-listed vaccines would not substantially burden [Plaintiffs'] religious beliefs." *See id.* at 8. Rather, these RFAs ask Plaintiffs whether they are willing to take any of these vaccines to help Defendants *determine* whether there are alternative means of complying with the military's COVID-19 vaccination requirement that will accommodate a Plaintiff's religious beliefs. *See New Doe Child #1*, 891 F.3d at 590. And the fact that it is still "inconclusive" whether any Plaintiff believes that *all* available COVID-19 vaccines impinge upon their religious convictions, *see* Opp. at 8, is precisely why Defendants have requested Plaintiffs' answers to RFAs 1 and 2.

*Second*, Plaintiffs contend that it doesn't matter whether they are willing to take any COVID-19 vaccines other than the Pfizer and Moderna vaccines because none are fully licensed by the FDA, and thus, they argue, 10 U.S.C. § 1107a prohibits DoD from requiring that Plaintiffs take them. *See* Opp. at 5–7. But the scope of DoD's authority under § 1107a is beside the point.[2] Plaintiffs challenge the military's COVID-19 vaccination requirement under RFRA, not § 1107a. Therefore, to prevail on their RFRA claims, Plaintiffs must show, among other things, that the obligation to become vaccinated against COVID-19 substantially burdens their sincerely held religious beliefs. Plaintiffs acknowledge that they can comply with the military's vaccination requirement by receiving the Novavax vaccine or any vaccine appearing on the WHO's Emergency Use Listing, and nothing in § 1107a prevents a

---

[2] Section 1107a places a narrow condition on DoD's authority by requiring a presidential "waiver" of a notification requirement when the military seeks to require service members to take products authorized only for "emergency use" without providing certain information. *See* § 1107a(a).

5

Plaintiff from taking one of these vaccines if it will accommodate his or her religious beliefs. Section 1107a thus does not impact the substantial-burden inquiry that RFAs 1 and 2 seek to advance.

*Third*, Plaintiffs maintain that "there is no basis" for asking them to admit whether alternative vaccines "would accommodate . . . their religious beliefs" unless Defendants can first show a compelling government interest in their vaccination. *See* Opp. at 8. But that has it exactly backwards: To establish a prima facie case under RFRA, a Plaintiff must demonstrate that Defendants' challenged actions substantially burden their sincerely held religious beliefs. *Tagore v. United States*, 735 F.3d 324, 330 (5th Cir. 2013); *accord Gonzales v. O Centro Espirita Beneficent Uniao do Vegetal*, 546 U.S. 418, 428–29 (2006). Only if a Plaintiff can first establish a prima face case will Defendants bear "the burden of demonstrating a compelling interest as part of its affirmative defense at trial on the merits." *Gonzales*, 546 U.S. at 429; *accord Tagore*, 735 F.3d at 330. Plaintiffs thus waste a considerable portion of their brief attempting to challenge Defendants' compelling interest in requiring Plaintiffs' vaccination against COVID-19, *see* Opp. at 8–10, an issue wholly irrelevant to determining the sufficiency of Plaintiffs' objections to RFAs 1 and 2.

### B.   RFAs 4 through 9

RFAs 4 through 9 ask Plaintiffs to admit whether they have taken certain vaccines or medications that were developed or tested using fetal cell lines, the very grounds upon which most Plaintiffs have objected to certain COVID-19 vaccines, *see* Mot. at 14–15. But Plaintiffs have refused to answer these RFAs on relevance grounds. *See id.* at 14. Their arguments in this regard are meritless.

*First*, Plaintiffs contend that RFAs 4 through 9 "have nothing to do with" their "specific religious objections to the COVID-19 vaccines at issue in this case." *See* Opp. at 12. But as already explained, *see* Mot. at 14–15, most Plaintiffs alleged in support of their religious-accommodation requests and re-alleged in this litigation that certain COVID-19 vaccines impinge upon their religiously motivated opposition to abortion because those vaccines were allegedly tested using fetal cell lines.

6

That particular religious objection would seem to apply equally to other vaccines and medications that are similarly connected to fetal cell lines, including those listed in RFAs 4 through 9. Thus, whether a Plaintiff has taken any of these products may indicate whether he or she has drawn a religious distinction between those products and the COVID-19 vaccines to which they now object.[3] It may also be probative of whether the Plaintiff has sincerely invoked his or her religious beliefs in opposing COVID-19 vaccines, and whether vaccination does, in fact, substantially burden those beliefs.

*Second*, Plaintiffs maintain that, even if the nature, scope, and sincerity of their precise religious beliefs are relevant to their RFRA claims and Defendants' defenses, inquiring about them is improper under Fifth Circuit precedent. *See* Opp. at 12. But Plaintiffs misconstrue the authorities they cite. Indeed, contrary to what Plaintiffs suggest, the Fifth Circuit in *Tagore* explained that a plaintiff's "specific religious practice *must* be examined" (as opposed to "the general scope" of a "religious tenet[]"). 735 F.3d at 328 (emphasis added). RFAs 4 through 9 do exactly that by asking each Plaintiff to admit certain matters that may elucidate the contours of their own particular religious convictions. Moreover, because Defendants are in no way asking the Court to assess the reasonableness or logic of any Plaintiff's religious beliefs, Plaintiffs' reliance on *Moussazadeh v. Texas Department of Criminal Justice*, 703 F.3d 781 (5th Cir. 2012), and *Thomas v. Review Board of Indian Employment Security Division*, 450 U.S. 707 (1981), is misplaced.

## CONCLUSION

The Court should grant Defendants' motion, find Plaintiffs' objections to Defendants' RFAs 1 and 2 and 4 through 9 to be insufficient, and, pursuant to Rule 36(a)(6), order all Plaintiffs to answer those RFAs within two weeks.

Dated: November 18, 2022                    Respectfully submitted,

---

[3] Plaintiffs continue to press their argument that they have already "established" the sincerity of their religious objections to the COVID-19 vaccine. *See* Opp. at 11. But for reasons already explained in Defendants' motion, *see* Mot. at 16, that is wrong as both a legal and factual matter.

7

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Jody D. Lowenstein*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
CODY T. KNAPP (NY #5715438)
JODY D. LOWENSTEIN (MT #55816869)
ZACHARY A. AVALLONE
LIAM C. HOLLAND
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Counsel for Defendants*