## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3;** on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**, <br><br>                    Plaintiffs, <br><br>          v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL FACTUAL DEVELOPMENTS RELATED TO THEIR PENDING MOTIONS TO COMPEL

Defendants assert that "Named Plaintiffs like SWCC 3 are actively litigating these cases as full parties, and as such, they are required to comply with their discovery obligations under Rule 26." ECF No. 210 at 2. But Defendants once again fail to acknowledge that they have yet to "demonstrate a 'particularized need to obtain information not available from the class representatives.' *See In re Carbon* [*Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993)]. The party seeking discovery of non-class representatives bears the burden of proof as to why the discovery is necessary. *See Egana v. Blair's Bail Bonds, Inc.*, No. CV 17-5899, 2018 WL

10593649, at *4 (E.D. La. May 29, 2018). To show a particularized need, some courts have required defendants to prove: '(1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known to the defendants.' *Id.* (citing *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)), and *Clark v. Universal Builders*, 501 F.2d 324, 340-41 (7th Cir. 1974))." ECF No. 198 at 5.

Simply because SWCC 3 and other non-class representative Plaintiffs provide Class Counsel with relevant evidence throughout the course of this litigation that is reasonably related to Plaintiffs' claims and worthy of notification to the arbiters of this matter does not *ipso facto* create an obligation for those individuals to actively participate in the discovery process. This is particularly true in this instance because the endorsement letter from SWCC 3's commander is directly related to Plaintiffs' defense on appeal of the original preliminary injunction that was awarded to the individual Plaintiffs, to include SWCC 3, on January 3, 2022, ECF No. 66 – an issue that is presently under consideration by the Fifth Circuit. While Defendants inaccurately refer to SWCC 3's commander's endorsement as SWCC 3's declaration, the *letter from SWCC 3's commander* explains, in significant detail, all of the reasons why SWCC 3's religious accommodation request should be approved. This fact is relevant because it directly relates to the former Vice Chief of Naval Operations Admiral William K. Lescher's June 30, 2022 deposition testimony where he testified that the commander's view would be important to the decision of whether a religious accommodation request should be granted:

> Q       Before the break, I had asked you questions about individualized assessments, do you recall that, of religious and other types of exemption requests for COVID-19 vaccine?

A        Right.

Q        Do you recall that?

A        Case by case, sure.

Q        In your testimony, I believe that - - that you said, and correct me if I'm wrong, that - - that the commanders would be in the best position to make those types of risk assessments.  Is that - - is that right?

A        It depends on what type of risk assessment we're talking about.  So specifically in the context of religious accommodations?

Q        Yes.  Or - -  or in the context of a medical exemption from a vaccine requirement.

A        Right.

         So the concept of a central adjudication, as the Navy has put in place for religious accommodations, is to bring consistency to those determinations.  So the commander starts the process with the individual, and then the ultimate decision is done with a consolidated decision authority.

Q        Do you know of any religious accommodation requests that have been recommended for approval by commanders?

A        Again, not being in that process, I do not.

Q        Okay. Do you know on what basis - - if you were to review a religious accommodation request and a commander were to recommend approval of that request, what - - what types of factors would you look to to determine whether you would also approve it or reach a different conclusion that it should be denied?

A        So, hypothetically speaking, I always would go to the standard first; what are the standards? What are the guidance? In this case, I believe the legal standard is compelling interest, and is the most effective tool. In terms of weighing a request that was favorably endorsed by the commander, I believe I would then look at that broader standard.

         The commander may have a local perspective in terms of a specific unit. Say, for example, the commander was on a ship who was undergoing depo maintenance, not deploying any time soon, a commander might be inclined to say - - as the commander makes that local risk benefit judgment we talked about, that the benefit to the individual outweighs the mission risk that the commander sees.

At the consolidated level, it's possible that that individual - - in my case, I would look more broadly.

And the question would be in that - - that type of context maybe a limited duration religious accommodation that recognizes the fact that the risk calculus changes as that local context changes, as that ship comes out of depo maintenance back into a more operational posture for deploying with other countries, with other members. That might be a different calculus.

ECF No. 196-1 at 31 (Tr. 69:2-71:21).

SWCC 3's endorsement letter from his commander fails to support Defendant's claim that there is a particularized need for the non-class representative Plaintiffs to participate in the discovery process. Not only have Defendants failed to explain how the letter supports their general conclusion that discovery from the non-class representative Plaintiffs is necessary, but the letter falls into the category of "information that . . . is already known to the [D]efendants." ECF No. 198 at 5. SWCC 3's commander is within Defendants' direct sphere of influence, qualifying the endorsement letter as information that is already known to Defendants. It is also information that is directly relevant to the issues raised by the Defendants on appeal to the Fifth Circuit. As such, this evidence is by no means the smoking gun that Defendants claim. Thus, because Defendants have still failed to satisfy their burden of proof as to why discovery from the non-class representative Plaintiffs is necessary, and for all of the reasons Plaintiffs asserted in their responses to Defendants' motions to compel, ECF Nos. 198 and 206, as class members, the non-class representative Plaintiffs "[are] 'not required to do anything. [They] may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for [their] protection.' [*Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 3343232, at *2 (E.D. Tex. Aug. 2, 2021)]."

Respectfully submitted this 12th day of December, 2022.

/s/ Danielle A. Runyan
KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
JUSTIN BUTTERFIELD
  Texas Bar No. 24062642
DANIELLE A. RUNYAN *
  New Jersey Bar No. 027232004
HOLLY M. RANDALL
  Texas Bar No. 24128002
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
jbutterfield@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

JORDAN E. PRATT *
  Washington D.C. Bar No. 90001376
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave. NW, Ste. 1410
Washington, D.C. 20004
Tel: (202) 921-4105
jpratt@firstliberty.org

*Admitted pro hac vice.

HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022, I electronically filed the foregoing document

through the Court's ECF system, which will notify all counsel of record of such filing.


/s/ Danielle A. Runyan
DANIELLE A. RUNYAN