IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **NAVY SEALs 1-3,** *et al.*,<br><br>                Plaintiffs,<br><br>  v.<br><br>**LLOYD J. AUSTIN, III** in his official capacity as United States Secretary of Defense, *et al.*,<br><br>                Defendants. | Case No. 4:21-cv-01236-O |

## JOINT MOTION TO TEMPORARILY STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR 30-DAY EXTENSION OF DEADLINES IN THE AMENDED SCHEDULING ORDER

### INTRODUCTION

The parties jointly request that the Court temporarily stay this action, other than the mootness briefing and the scheduled mediation, or, in the alternative, extend for thirty (30) days the deadlines set forth in the Amended Scheduling Order, ECF No. 220. Defendants have moved to dismiss this case as moot in light of the rescission of the challenged DoD COVID-19 vaccine requirement. Plaintiffs disagree that the case is moot. But due to the impending trial date and corresponding discovery demands, the parties respectfully move for an order temporarily staying this action, except for the ongoing mootness briefing and the upcoming mediation on March 23, pending the Court's decision on the mootness issue. In the alternative, the parties request an order extending for thirty (30) days the deadlines set forth in the January 23, 2023 Amended Scheduling Order, ECF No. 220,

1

to allow the parties to potentially resolve the case at mediation without unnecessarily expending additional resources.[1]

## BACKGROUND

The general factual and procedural background in this matter is set forth in the pending briefing on mootness. ECF Nos. 221-27, 230. (Plaintiffs' surreply in that briefing is due March 8, 2023. ECF No. 231.) As relevant here, the discovery and trial schedule is governed by the May 24, 2022 Scheduling Order, ECF No. 158, as modified by the January 30, 2023 Amended Scheduling Order, ECF No. 220. Of note, discovery closes April 21, dispositive motions are due April 28, pretrial disclosures are due May 10, expert objections are due May 15, other pretrial materials are due May 25, and trial is set for the four-week docket beginning June 19. The Defendants' experts have been disclosed, several depositions have been noticed, and written discovery continues.

In accordance with this schedule, the parties have substantial discovery obligations in the coming weeks, and anticipate that the Court will need to resolve several pending and anticipated discovery disputes in the next several weeks under the current schedule. A substantial amount of discovery and motions practice can be expected to proceed in the immediate days ahead, absent a stay to consider the question of mootness and to identify what issues remain for which discovery might be appropriate.

## ARGUMENT

The Court should stay proceedings to promote judicial economy and to conserve the parties' and the Court's resources. While the parties disagree about the impact of the rescission on this case,

---

[1] Other district courts handling class actions related to the armed services' vaccination requirement have stayed proceedings and discovery disputes pending resolution of mootness. Order, ECF No. 277, *Col. Fin. Mgmt. Off. v. Austin*, No. 8:22-cv-1275-SDM-TGW (M.D. Fla. Jan. 20, 2023); Order, ECF No. 216, *Pilot v. Austin*, No. 8:22-cv-1278-SDM-TGW (M.D. Fla. Jan. 27, 2023); Notation Order, *Doster v. Kendall*, 1:22-cv-00084-MWM (Mar. 3, 2022).

resolution of the mootness issues before the Court will substantially affect future litigation, and that resolution can then be incorporated into any required discovery, briefing and trial preparation.

This Court has the power to stay discovery because a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). District courts are to "weigh competing interests and maintain an even balance" in deciding whether to issue a stay. *Landis*, 299 U.S. at 254.

Here, the parties agree that a temporary stay, or a 30-day extension of the deadlines in the Amended Scheduling Order, is appropriate. If a stay or a 30-day extension of deadlines is not entered, the parties anticipate anywhere from 8 to 16 depositions (including depositions of senior government officials) and substantial other discovery will occur in the next several weeks, and the Court may need to resolve several discovery-related motions in advance of summary judgment and trial. A brief stay or a 30-day extension of deadlines while the Court considers mootness will not prejudice the parties, and will conserve the resources of the parties and the Court. In addition, the parties agree to continue with the scheduled mediation on March 23, 2023. Accordingly, the requested relief will further the orderly course of justice and preserve the resources of the parties and the Court.

## **CONCLUSION**

For the foregoing reasons, the Court should stay all proceedings in this matter pending the Court's ruling on mootness (excepting the scheduled mediation and mootness briefing), or, in the alternative, extend for thirty (30) days the deadlines set forth in the January 30, 2023 Amended Scheduling Order, ECF No. 220.

Dated: March 6, 2023                                          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Amy E. Powell*
ANDREW E. CARMICHAEL (VA Bar. No. 76578)
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
LIAM C. HOLLAND
CASSANDRA M. SNYDER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: Amy.Powell@usdoj.gov

*Counsel for Defendant*