IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **NAVY SEALs 1-3,** *et al.*,<br><br>      Plaintiffs,<br><br> v.<br><br>**LLOYD J. AUSTIN, III** in his official capacity as United States Secretary of Defense, *et al.*,<br><br>      Defendants. | Case No. 4:21-cv-01236-O |

**<u>DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL BRIEF RE: FIFTH CIRCUIT DECISION</u>**

**INTRODUCTION**

Plaintiffs have sought to enjoin enforcement of the Navy's COVID-19 vaccination directive against Sailors who had sought religious accommodations. Regardless of whether Plaintiffs once raised cognizable claims in support of the prospective relief sought in this case, Congress ultimately intervened and directed Defendants to rescind the challenged policies before this Court reached a decision on the merits. The Fifth Circuit held that the Navy's actions obeying a newly enacted federal statute "moot a dispute over the lawfulness of military vaccine mandates" but permitted Plaintiffs a further opportunity to demonstrate to this Court that their claims fall into the mootness exception for those capable of repetition, yet evading review. *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672, 675 (5th Cir. 2023). Plaintiffs have failed to provide evidence sufficient to satisfy that exception. And Plaintiffs appear to have abandoned their arguments related to a hypothetical damages claim—a claim not properly before the Court—to remedy past harms. This case is moot and should be dismissed without prejudice for lack of subject matter jurisdiction.

**ARGUMENT**

I.  **The Amended Complaint Does Not Allege That Defendants Maintain a Policy or Practice of Denying Religious Accommodation Requests Other Than Those Related to COVID-19 Vaccination.**

The Navy no longer maintains a process to address requests for religious accommodations from the COVID-19 vaccine directive because there is no longer a mandate that Sailors be vaccinated against COVID-19. Plaintiffs do not dispute this fact. Rather, Plaintiffs contend that this case is not moot because they might seek some other kind of religious accommodation in the future and speculate that those too might be denied under some other purported accommodation denial policy. ECF No. 253 at 2-3. But even if Plaintiffs could establish standing for such a

1

hypothetical future injury (which they cannot), this claim is both outside the scope of this case and otherwise baseless.

In *Bongiovanni v. Austin*, 2023 WL 4352445 (M.D. Fla. July 5, 2023), the court summarily rejected the same argument when it was made by several class members:

> Plaintiffs next contend that the case is not moot because the same policies and procedures for evaluating [religious accommodation requests ("RARs")] remain in place. . . . But in the Complaint, Plaintiffs do not challenge the RAR process as a whole or assert that the RAR process is defective with regard to other requests for accommodations. Plaintiffs oppose the alleged policy of denying all RARs that sought an exemption from the Vaccine Mandate. . . . Because the Vaccine Mandate no longer exists, there can be no policy of denying all RARs to enforce that mandate.

*Id.* *8.

The *Bongiovanni* court's reasoning applies to the rest of the class as well. In this case, Plaintiffs allege that "Defendants' policy and practice is to deny all Religious Accommodation requests concerning the COVID-19 Vaccine Mandate." Am. Compl. ¶ 53. There is no allegation, let alone evidence, that any other Navy policy is accompanied by a lack of "meaningful religious accommodations." *See Bongiovanni*, 2023 WL 4352445, at *10.[1]

Nor are the Amended Complaint's allegations sufficient to make out a prima facie case under the Religious Freedom Restoration Act ("RFRA") or the Free Exercise Clause with respect to hypothetical policies other than required COVID-19 vaccination. "The sincerity of a plaintiff's belief in a particular religious practice is an essential part of the plaintiff's prima facie case under

---

[1] Insofar as Plaintiffs are referring to the standard operating procedures ("SOPs") that this Court has previously criticized, ECF No. 66 at 10, those were "developed in order to efficiently process the unprecedented influx of religious accommodation requests related to the COVID-19 vaccine requirement," Second Declaration of Gareth J. Healy ¶ 4 (ECF No. 227, App015), not accommodations from any other Navy policy. In any event, the SOPs were "permanently discontinued" in February. *Id.* ¶ 6 (ECF No. 227, App016). Unsurprisingly, Plaintiffs cite no evidence that the SOPs have been applied to process any religious accommodation request—COVID-19 vaccination-related or otherwise—in the past seven months.

. . . RFRA." *Tagore v. United States*, 735 F.3d 324, 328 (5th Cir. 2013), *abrogated on other grounds by Groff v. DeJoy*, 600 U.S. 447 (2023). But Plaintiffs' complaint identifies no particular religious practice other than COVID-19 vaccine abstention. Plaintiffs have alleged that they "each object to receiving a COVID-19 vaccination based on their sincerely held religious beliefs," such as "divine instruction not to receive the [COVID-19] vaccine." Am. Compl. ¶¶ 27, 30. Plaintiffs have not demonstrated what specific "contested exercise" remains before the Court. *See Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2422 (2022). There is none. And that is especially true for each absent class member. *See* ECF No. 140 at 11-12 (concluding "all potential class members" demonstrated a sincere belief that is religious in nature by finding that each had a "chaplain's memorandum" regarding the sincerity of their COVID-19 vaccine abstention beliefs).[2] Accordingly, neither RFRA nor the Free Exercise Clause continues to provide a viable cause of action to address abstract grievances over hypothetical requests for religious accommodations from future policies. Plaintiffs do not show "that any of them will be injured by any new [post-rescission] action or policy. That makes any dispute here purely hypothetical." *Coker v. Austin*, --- F. Supp. 3d ---, 2023 WL 5625486, at *3 (N.D. Fla. Aug. 25, 2023). "'[A] federal court . . . is not the proper forum to press' general complaints about the way in which the government goes about its business." *Allen v. Wright*, 468 U.S. 737, 760 (1984) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983)).

---

[2] "[T]he fact that a review of religious sincerity may not be demanding does not mean it is a non-existent requirement or non-essential for Rule 23 purposes." *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 935 (5th Cir. 2023).

3

**II.     Plaintiffs' Allegations of Past Harm Do Not Suffice for Prospective Relief.**

Past harms do not save this case from mootness because the operative complaint seeks prospective relief and this is a class action certified under Federal Rule of Civil Procedure 23(b)(2). Plaintiffs complain that absent class members have endured a number of career-related harms in the past, such as "missed opportunities to promote, train, and fulfill milestone positions[.]" ECF No. 253 at 3-4.  Putting aside whether a proper case seeking relief that would remedy these past injuries would be justiciable, because Plaintiffs do not seek retrospective relief, Am. Compl., Prayer for Relief, these issues do not save this case from mootness.  As Judge Pittman persuasively explained:

> Now that the Mandate "is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020).  And Plaintiffs identify no threat of imminent future harm from the Mandate.  Plaintiffs allege only past harm—deprivation of their constitutional right to free exercise of their religion, missed opportunities for promotion and training, and reputational damage—resulting from the Mandate.  Any such harm will not suffice for declaratory relief.  *See Bauer [v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)] (holding that a claim for declaratory relief is moot because the plaintiff alleged only past injuries).

*Jackson v. Mayorkas*, No. 4:22-cv-0825-P, 2023 WL 5311482, at *2 (N.D. Tex. Aug. 17, 2023); *see also Coker*, 2023 WL 5625486, at *4 ("[E]ven if any Plaintiff suffered a lingering harm based on refusing to get vaccinated, it would still be unclear how the court can afford effectual relief because there remains no mandate to declare unlawful or enjoin.").[3]

---

[3] Plaintiffs are wrong to assert that "there is no policy stating that vaccination status cannot be considered in promotions and non-operational assignments." ECF No. 253 at 4.  On February 24, 2023, the Secretary of the Navy directed that "future selection board convening orders and precepts [must] include language ensuring the boards do not consider any adverse information related solely to COVID-19 vaccine refusal in cases in which an accommodation was requested." ECF No. 230-2 at 2.  And Plaintiffs are in no position to complain that "no one reviewing a servicemember's file will know whether that sailor" had been vaccinated, ECF No. 253 at 4, given that they have previously complained that "adverse information" that would disclose vaccination status "still exists in personnel files," ECF No. 235 at 5.  In any event, Plaintiffs are not precluded

### III. Plaintiffs Have Not Met Their Burden of Demonstrating that the Mootness Exception for Capable of Repetition Yet Evading Review Applies.

Plaintiffs have failed to demonstrate that the military's COVID-19 vaccination requirement is capable of repetition yet evading review. Again, that exception to mootness "applies where '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *U.S. Navy SEALs 1-26*, 72 F.4th at 675 (quoting *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020)).

The Fifth Circuit has stressed that Plaintiffs bear not only the burden of persuasion, but also "the burden of proving both prongs." *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010). Naturally, that burden requires Plaintiffs to "rely on evidence" to make each showing. *See id*. at 217. Plaintiffs' initial supplemental brief raises no new meaningful evidence or argument in support of either prong, ECF No. 253 at 5-6, let alone the type of evidence needed to apply this "exceptional" doctrine. *Empower Texans*, 977 F.3d at 370 (citation omitted). For the reasons Defendants and other courts have already provided, Plaintiffs' arguments are without merit. *See* ECF No. 254 at 14-16; *see also, e.g., Jackson*, 2023 WL 5311482, at *5.

---

from showing any selection board or anyone else that they once sought a religious accommodation from the now-defunct COVID-19 vaccine requirement. *See, e.g.* 10 U.S.C. § 614(b) ("An officer eligible for consideration by a [promotion] selection board. . . may send a written communication to the board, . . . calling attention to any matter concerning himself that the officer considers important to his case."); BUPERSINST 1430.16G, encl. (1), ¶ 1106a (providing that enlisted candidates for promotion to paygrades E-7 through E-9 may submit signed letters to the board "address[ing] any information that the candidate considers important.").

### IV.     Plaintiffs' Fee Argument is Premature.

Plaintiffs' argument in favor of attorneys' fees is not properly before the Court. Plaintiffs assert that they "are undoubtedly the prevailing party and are thus entitled to their attorneys' fees under 42 U.S.C. § 1988(b)." ECF No. 253 at 6-7. But "[a] claim for attorney's fees and related nontaxable expenses must be made by motion[.]" Fed. R. Civ. P. 54(d)(2)(A). No such motion is pending. After an order of dismissal, Defendants would not object to mediation regarding the issue of fees. *E.g.,* Order, *Colonel Financial Mgmt. Officer v. Austin*, No. 8:22-cv-1275-SDM-TGW, ECF No. 301 (M.D. Fla. July 28, 2023).

### **CONCLUSION**

The Court should dismiss the Amended Complaint as moot.[4]

---

[4] Last week, in another lawsuit related to the military's defunct COVID-19 vaccination directive, the Honorable Judge James Wesley Hendrix granted in part and denied in part the Government's motion to dismiss. *Schelske v. Austin*, No. 6:22-cv-00049-H, 2023 WL 5986462 (N.D. Tex. Sept. 14, 2023). In *Schelske*, five individuals—four service members and Tyler Chrisman, a former Army Solider who was involuntarily separated—raised claims related to the rescinded COVID-19 vaccination directive. The court recognized that "[t]o date, no court has denied a motion to dismiss and found that a live controversy remains with respect to any challenge to the constitutionality of the rescinded mandate." *Id*. at *5. The court also recognized that the Fifth Circuit's "binding precent" in this case "largely dictate[d] the outcome" for the service member plaintiffs. *Id*. at *6. The court found that "only Plaintiff Chrisman—who maintains a standalone claim because he remains separated from the Army—has alleged an injury due to the defendants' prior enforcement of the vaccine mandate that, if substantiated, can be remedied by the [c]ourt at this time." *Id*. at *17. The Government respectfully disagrees with the *Schelske* court's reasoning as to Mr. Chrisman's claims. But that reasoning has no bearing here because no Plaintiff or Class Member was involuntarily separated (unless they withdrew their RAR and requested it).

Dated: September 19, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel

*/s/ Liam C. Holland*
Liam C. Holland (Admitted in New York)
Trial Attorney
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
CASSANDRA M. SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

7