IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **NAVY SEALs 1-3,** *et al.*,<br><br>                              Plaintiffs,<br><br>     v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense, *et al.*,<br><br>                              Defendants. | Case No. 4:21-cv-01236-O |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully provide notice that the Supreme Court granted the Government's petition for vacatur under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) in *Kendall v. Doster*, No. 23-154, 2023 WL 8531840 (Mem) (U.S. Dec. 11, 2023).

The plaintiffs in *Doster*, like Plaintiffs here, are military service members who had sought religious accommodations under the Religious Freedom Restoration Act from the now-defunct military COVID-19 vaccination requirements.  The district court in *Doster* granted a preliminary injunction covering a class of Airmen serving in the Air Force, similar to the injunction that this Court granted covering a class of Sailors in the Navy.  The Sixth Circuit affirmed the district court's preliminary injunction orders and entered judgment.  *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022).  A few weeks after that decision, Congress enacted the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (NDAA), Pub L. No. 117-263, 136 Stat. 2395, which the President signed into law on December 23, 2022.  Section 525 of the NDAA directed the Secretary of Defense to rescind, within 30 days, the "mandate that members of the Armed Forces be vaccinated against COVID-19."  § 525, 136 Stat. 2571-2572.

After the Secretary of Defense promptly complied with Congress's directive, the Government filed a petition for rehearing with the Sixth Circuit, for the limited purpose of requesting that the court vacate the preliminary injunctions as moot.  The Sixth Circuit denied rehearing.  In an unsigned order, the court stated that "the district court should review this mootness

question in the first instance." *Doster v. Kendall*, 65 F.4th 792, 793 (Mem) (6th Cir. Apr. 17, 2023). The court also stated that it had alternatively concluded that "even if the preliminary injunctions were now moot, that fact would not provide a basis for the 'extraordinary remedy of vacatur' of the panel's opinion." *Id*.

On August 16, 2023, the Government filed a petition for a writ of certiorari with the Supreme Court. In particular, the Government requested that the Supreme Court grant the petition for a writ of certiorari, vacate the judgment of the court of appeals, and remand with instructions to direct the district court to vacate its orders as moot under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). On December 11, 2023, the Supreme Court granted the petition. *Kendall v. Doster*, No. 23-154, 2023 WL 8531840 (Mem) (U.S. Dec. 11, 2023).

The Supreme Court's decision granting the Government's petition for vacatur in *Doster* confirms that this Court should dismiss this case as moot.

Dated: December 12, 2023                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel

*/s/ Liam C. Holland*
LIAM C. HOLLAND (Admitted in New York)
Trial Attorney
ANDREW E. CARMICHAEL
Senior Trial Counsel
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4964
Fax: (202) 616-8470
Email: liam.c.holland@usdoj.gov

*Counsel for Defendants*