UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3**; on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>                Plaintiffs,<br><br>   v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                Defendants. | Case No. 4:21-cv-01236-O |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

      The Supreme Court's decision granting the Government's petition for vacatur in *Kendall v. Doster*, No. 23-154, 2023 WL 8531840 (Mem) (U.S. Dec. 11, 2023) in no way confirms that this Court should dismiss this case as moot. The Supreme Court determined only that "the case is remanded to the United States Court of Appeals for the Sixth Circuit with instructions to direct the District Court to vacate as moot its *preliminary injunctions*." *Id*. (emphasis added).

      On the issue of vacatur, the distinction between *Doster* and this case is that the "Sixth Circuit affirmed the district court's preliminary injunction orders and entered judgment" before Congress enacted the Defense Authorization Act for Fiscal Year 2023 (NDAA), Pub L. No. 117-

263, 136 Stat. 2395, which the President signed into law on December 23, 2022, and then denied the Government's subsequent request for rehearing "for the limited purpose of requesting that the court vacate the preliminary injunctions as moot." Dkt. 260; *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022). In this case, however, the Fifth Circuit already dismissed the "interlocutory appeal as moot because the Navy's vaccine policies challenged here have been rescinded and because no exception to mootness applies." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 676 (5th Cir. 2023). The Fifth Circuit then further determined that "[t]here is no need to vacate the preliminary injunctions because they no longer have any practical effect on the parties. '[I]f the case remains alive in the district court, it is sufficient to dismiss the appeal without directing that the injunction order be vacated.'" *Id*.

As for the remainder of this case, for the reasons stated in Plaintiffs' September 12, 2023 supplemental briefing to this Court, while an argument that there is still a need for injunctive relief against the Mandate itself may be foreclosed, a live controversy still exists because (1) the effects of the Mandate and the discriminatory treatment the Class Members are subject to because of the Mandate still linger, and (2) even if no further harm to Plaintiffs was occurring, Defendants' challenged conduct is capable of repetition yet evades review. Dkt. 253. The Supreme Court's decision granting the Government's petition for vacatur in *Doster* has no practical effect on these issues that must still be resolved by this Court.

1

Respectfully submitted this 14th day of December, 2023.

/s/ Danielle A. Runyan
KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
MICHAEL D. BERRY
  Texas Bar No. 24085835
DANIELLE A. RUNYAN
  Texas Bar No. 24134548
HOLLY M. RANDALL
  Texas Bar No. 24128002
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
mberry@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2023, I electronically filed the foregoing document through the Court's ECF system and will serve a copy on each of the Defendants according to the Federal Rules of Civil Procedure.

/s/ Danielle A. Runyan
DANIELLE A. RUNYAN