IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| US. NAVY SEALS 1-26, ET AL. | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-CV-1236-O |
| | § | |
| LLOYD J. AUSTIN, III, ET AL., | § | |
|     Defendant. | § | |

## ORDER SETTING DATE FOR MEDIATION

Pursuant to the Order [doc. 268] referring this matter to the undersigned for a mediation, the parties have agreed to the mediation taking place on April 3, 2024.

Therefore, it is **ORDERED** that a mediation is set for **Wednesday, April 3, 2024, beginning at 9:30 a.m.**, at which time, counsel and the parties should report to the Eldon B. Mahon United States Courthouse, 501 West 10th Street, Fort Worth, Texas, Courtroom No. 508. Each party and its counsel shall be bound by the Rules for Mediation, attached as Exhibit A hereto.

It is further **ORDERED** that each party shall submit[1] to the chambers of the undersigned a completed Confidential Mediation Information Sheet, a copy which is attached at Exhibit B to this order, no later than **12:00 noon on Monday, April 1, 2024.**

    **SIGNED** March 11, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[1] The document shall not be filed with the clerk but shall be submitted to the chambers of the undersigned, which is located in Room 520 of the Eldon B. Mahon United States Courthouse, either in person or via email to cureton_orders@txnd.uscourts.gov. The document will only be viewed by the undersigned and his staff and will not be shared with any other parties.

**EXHIBIT A**

**RULES FOR MEDIATION OR SETTLEMENT CONFERENCE**

1.      **Definition of Settlement Conference.**  Settlement conference or mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them.  The mediator may suggest ways of resolving the dispute but may not impose his own judgment on the issues for that of the parties.

2.      **Agreement of Parties.**  Whenever the parties have agreed to a settlement conference or mediation, they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to have a settlement conference or mediation.

3.      **Consent to Mediator.**  The parties consent to the appointment of the individual named as mediator in their case.  The Mediator shall act as an advocate for resolution and shall use his or her best efforts to assist the parties in reaching a mutually acceptable settlement.

4.      **Conditions Precedent to Serving as Mediator.**  The Mediator will only serve in cases in which the parties are represented by attorneys, unless directed otherwise by the District Court Judge.  The Mediator shall not serve as a mediator in any dispute in which he or she has any financial or personal interest in the result of the settlement conference or mediation.  Prior to accepting an appointment, the Mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties.  In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5.      **Authority of Mediator.**  The Mediator does not have the authority to decide any issue for the parties but will attempt to facilitate the voluntary resolution of the dispute by the parties.  The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement.  If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice.  Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

6.      **Commitment to Participate in Good Faith.**  While no one is asked to commit to settle his case in advance of the mediation or settlement conference, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

7.      **Parties Responsible for Negotiating Their Own Settlement Conference.**  The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them.  The Mediator, as an advocate for the settlement conference or mediation, will use every effort to facilitate the negotiations of the parties.  The Mediator does not warrant or represent that settlement will result from the settlement conference or mediation process.

8.      **Authority of Representatives.  PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT, including a representative from an insurance company if an insurance company is involved in the decision-making process.**  The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

9.      **Time and Place of Settlement Conference.**  The Mediator shall fix the time of each mediation or settlement conference session.  The settlement conference or mediation shall be held at the office of the Mediator, or at any other convenient location agreeable to the Mediator and the parties, as the Mediator shall determine.

10.     **Identification of Matters in Dispute.**  Prior to the first scheduled settlement conference or mediation session, each party shall provide the Mediator and all attorneys of record with a Confidential Settlement Conference or Mediation Information Sheet on the form provided by the Mediator setting forth its position with regard to the issues that need to be resolved.

At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented.  The Mediator may require any party to supplement such information.

11.     **Privacy.**  Settlement conference or mediation sessions are private.  The parties and their representatives must attend settlement conference or mediation sessions.  Other persons may attend only with the permission of the parties and with the consent of the Mediator.

12.     **Confidentiality.**  Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the settlement conference or the mediation shall not be divulged by the Mediator.  All records, reports or other documents received by a mediator while serving in that capacity shall be confidential.  The Mediator shall not be compelled to divulge such records or to testify in regard to the settlement conference or mediation in any adversary proceeding or judicial forum.  Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the settlement conference or mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding:  a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute;  b) admissions made by another party in the course of the settlement conference or mediation proceedings;  c) proposals made or views expressed by the Mediator; or  d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

13.     **No Stenographic Record.**  There shall be no stenographic record of the settlement conference or mediation process.

14.     **Termination of Settlement Conference.**  The settlement conference or mediation shall be terminated:  a) by the execution of a settlement agreement by the parties;  b) by declaration of the Mediator to the effect that further efforts at the settlement conference or mediation are no longer worthwhile; or  c) after the completion of one full settlement conference or mediation session, by a written declaration of a party or parties to the effect that the settlement conference or mediation  proceedings are terminated.

15.     **Exclusion of Liability.**  The Mediator is not a necessary or proper party in judicial proceedings relating to the  settlement conference or mediation.  Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any settlement conference or mediation conducted under these rules.

16.     **Interpretation and Application of Rules.**  The Mediator shall interpret and apply these rules.

17.     **Fees and Expenses.**  The parties shall agree upon the amount of Mediator's daily fee prior to the settlement conference or mediation and he shall be paid in advance of each settlement conference day.  (There is no daily fee in a settlement conference or mediation performed by a U.S. Magistrate Judge.)  The expenses of witnesses for either side shall be paid by the party producing such witnesses.  All other expenses of the settlement conference or mediation, including fees and expenses of the Mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.

**EXHIBIT B**

**CONFIDENTIAL SETTLEMENT CONFERENCE OR MEDIATION INFORMATION SHEET**
**(For Settlement Conferences/Mediations Before United States Magistrate Judge Jeffrey L. Cureton)**

1. Case Number and Style (including party association, i.e., defendant, plaintiff):

2. Settlement Conference/Mediation Date:

3. Trial Date (if set):

4. Names, addresses, and telephone numbers of you and your client (identifying attorney(s) and authorized representative(s) that will be attending the Settlement Conference/Mediation:

5. Names, addresses, and telephone numbers of non-parties, if any (identifying attorney(s) and authorized representative(s) that will be attending the Settlement Conference/Mediation):

6. State the nature of your client's claims, defenses, and/or counterclaims.

7. What relief is sought by your client?

8. What are the primary disputed issues of law or fact in this case, from your perspective?

9. What is the status of settlement negotiations?

10. Do you have sufficient information to form a realistic settlement position? If not, what other information is needed?

11. What is the status of discovery?

12. Are there any motions pending before the Court?

13. Is there any other information that you believe Judge Cureton needs to know to facilitate the Settlement Conference/Mediation?

14. If you desire, you may attach a short (two page maximum) confidential Settlement Conference/Mediation statement.