## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN P. SPENCE, individually and as a representative of a class of similarly situated, and on behalf of the AMERICAN AIRLINES, INC. 401(k) PLAN and the AMERICAN AIRLINES, INC. 401(k) PLAN FOR PILOTS, | § § § § § § § | |
| Plaintiff, | § § | Case No. 4:23-cv-00552-O |
| v. | § § | |
| AMERICAN AIRLINES, INC., et al, | § § | |
| Defendants. | § § § | |

**APPENDIX IN SUPPORT OF UNOPPOSED MOTION TO AMEND THE CLASS DEFINITION FOR SETTLEMENT PURPOSES, TO PRELIMINARILY APPROVE THE CLASS ACTION SETTLEMENT, TO APPROVE THE FORM AND MANNER OF NOTICE AND TO SET A DATE FOR A FAIRNESS HEARING**

| EX. NO | DESCRIPTION | Appendix Pages |
|---|---|---|
| 1 | Settlement Agreement | APPX.0002 |
| 1-A | Proposed Order Granting Preliminary Approval | APPX.0024 |
| 1-B | Proposed Class Notice | APPX.0028 |
| 1-C | Joint Stipulation of Dismissal | APPX.0034 |
| 2 | Declaration of Heather G. Hacker in Support of Unopposed Motion to Amend the Class Definition for Settlement Purposes, to Preliminarily Approve the Class Action Settlement, to Approve the Form and Manner of Notice, and to Set a Date for a Fairness Hearing | APPX.0038 |

# EXHIBIT
# 1

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS In *U.S. Navy SEALS 1-26 v. Biden*, 4:22-cv-01236-O (N.D. Tex.)

In the civil action captioned *U.S. Navy SEALS 1-26 v. Biden*, 4:22-cv-01236-O (N.D. Tex.) ("the Civil Action"), Plaintiffs—Navy service members who submitted a religious accommodation request concerning the now rescinded Department of Defense ("DoD") COVID-19 vaccination requirement—allege that the rescinded COVID-19 vaccination requirement, the Navy's policies implementing that requirement, and the Navy's policies and practices concerning religious accommodation requests violate their rights under the Religious Freedom Restoration Act (RFRA) and the First Amendment of the Constitution.  In the interest of resolving all claims in the Civil Action without the expense, delay, and inconvenience of further litigation of the issues raised in the Civil Action, and in reliance upon the representations, mutual promises, covenants, and obligations set out in this Settlement Agreement ("Agreement"), and for good cause and valuable consideration also set out in this Settlement Agreement, the parties, through their undersigned counsel of record, hereby stipulate and agree as follows:

## I.    GENERAL PROVISIONS

### A. Recitals

1.  On November 9, 2022, Plaintiffs filed a Complaint alleging that the DoD's COVID-19 vaccination requirement and the Navy's policies implementing that requirement violated RFRA, the First Amendment, and the Administrative Procedure Act (APA).  Dkt. No. 1.

2.  On January 3, 2022, Plaintiffs were granted a preliminary injunction enjoining Defendants from "applying MANMED § 15-105([4])(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to Plaintiffs.  Defendants [were] also enjoined from taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation. Mot. 2-3, ECF No. 15."  Dkt. 66 at 26.

1

3.  On January 24, 2022, Plaintiffs United States Navy SEALs 1-3 and United States Navy Explosive Ordnance Disposal Technician, on behalf of themselves and all others similarly situated, filed a First Amended Class Action Complaint against Defendants Secretary of Defense, Secretary of the Navy, and the United States Department of Defense (collectively "Defendants"), again alleging that the DoD's COVID-19 vaccination requirement and the Navy's policies implementing that requirement violated RFRA and the First Amendment.  Dkt. No. 84.  Plaintiffs dropped their APA claim and all claims against individual-capacity Defendants.  *Id.*

4.  On February 28, 2022, the Fifth Circuit denied Defendants' emergency motion for a partial stay of the preliminary injunction order. *See U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022); Dkt. 135.

4.  On March 25, 2022, the Supreme Court of the United States partially stayed the district court's January 3, 2022 preliminary injunction "insofar as it preclude[d] the Navy from considering [U.S. Navy SEALs 1-26, U.S. Navy Special Warfare Combatant Craft Crewmen 1-5, U.S. Navy Explosive Ordnance Disposal Technician 1, and U.S. Navy Divers 1-3's] vaccination status in making deployment, assignment, and other operational decisions."  *See Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022); Dkt. 139.

5.  On March 28, 2022, the district court granted, in part, Plaintiffs' Motion For Class Certification and granted Plaintiffs' Motion for Class-Wide Preliminary Injunction enjoining Defendants from "applying MANMED § 15-503([4])(n)(9); NAVADMIN 225/21; Trident Order #12; and NAVADMIN 256/21 to members of the Navy Class and Subclasses."  Dkt. 140 at 27. The district court immediately stayed its own injunction "insofar as it precludes the Navy from considering [class members'] vaccination status in making deployment, assignment, and other operational decisions."  Dkt. No. 140 at 27 (quoting *U.S. Navy SEALs 1-26*, 142 S. Ct. at 1301).

6.    The district court defined the class and two subclasses as follows: (a) a class of all members of the United States Navy who are subject to the Navy's COVID-19 Vaccine Mandate and who have submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate ("Navy Class"); (b) a subclass of all members of the Navy Class who are assigned to Naval Special Warfare or Naval Special Operations, who are subject to the Navy's COVID-19 Vaccine Mandate, and who have submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate ("Naval Special Warfare/Operations Subclass"); (c) a subclass of all members of the Navy Class who are United States Navy SEALs, who are subject to the Navy's COVID-19 Vaccine Mandate, and who have submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate ("Navy SEALs Subclass"). *See* Dkt. No. 140 at 5-6.

7.    Defendants appealed both preliminary injunction orders.

8.    On December 23, 2022, during the pendency of the Civil Action and the appeals of the preliminary injunctions and class certification order, the President signed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA") into law. Section 525 directed the Secretary of Defense, within 30 days, to rescind the August 2021 memorandum requiring vaccination of service members against COVID-19.

9.    On January 10, 2023, the Secretary of Defense rescinded the mandate as directed.  Dkt. No. 214-1. The rescission memorandum directed that currently serving service members who sought an exemption may not be "separated solely on the basis of their refusal to receive the COVID-19 vaccination" and further directed the Services to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id*.

3

10. On January 11, 2023, the Navy cancelled its implementation of the August 2021 vaccination requirement.

11. On February 3, 2023, the Navy changed the language of MANMED § 15-105(4)(n)(9) to remove any distinction between service members who are unvaccinated for religious reasons as opposed to medical reasons to align with the practice previously described by the Force Medical Officer of Naval Warfare Command.

12. On February 24, 2023, the Secretary of the Navy rescinded all COVID-19 vaccine mandates directed by subordinate echelons of command within the Department of the Navy. The Secretary further directed that all Sailors or Marines who previously submitted an accommodation request or appeal solely for exemption from the COVID-19 vaccine will remain in service with no adverse action related to their COVID-19 vaccine refusal.

13. In February 2023, the Navy permanently discontinued the use of the staffing procedure it used to manage religious accommodation requests for the DoD COVID-19 vaccination requirement cited by the district court when granting Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. 66 at 4; Dkt. 227 at 3.

14. On July 6, 2023, the Fifth Circuit held that the Navy's appeal of the two preliminary injunctions orders were moot because the "vaccine policies challenged . . . ha[d] been rescinded and . . . no exception to mootness applie[d]." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 676 (5th Cir. 2023). The Fifth Circuit stated that the "default rule of mootness applie[d]" because the Navy, "[o]beying a newly enacted federal statute, . . . rescinded its COVID-19 mandate. Then it revoked each of the implementing policies addressed by the preliminary injunction." *Id.* at 672.

15. On February 26, 2024, the district court granted in part and denied in part Defendant's Assertion of Mootness. Dkt. 262. The district court found that Plaintiffs' claims for preliminary

4

and permanent injunctive relief prohibiting Defendants from enforcing the COVID-19 vaccine requirement are moot due to recission of the challenged conduct. *Id.* at 18. But the district court found that Plaintiffs' claims for relief arising out of a broader religious accommodations policy may continue. *Id.*

**B. Definitions**

16. The defined terms set forth below, and as otherwise defined herein, will have the meanings ascribed to them for the purposes of this Settlement Agreement.

a. "Adverse information related to non-compliance with the COVID-19 Mandate" means a negative notation in the Service member's yearly Evaluation (NAVPERS 1616/26 for E6 and below) or Fitness Report and Counseling Record (NAVPERS 1610/2 for E7 – O6).

b. "Change 2 to BUPERSINST 1730.11A" means the next sequential update to BUPERSINST 1730.11A following Change 1 to BUPERSINST 1730.11A, dated March 11, 2022.

c. "Civil Action" means the civil action captioned *U.S. NAVY SEALs 1-26 v. Biden*, 4:21-cv-01236-O (N.D. Tex.) and in certain filings referred to as *U.S. NAVY SEALs 1-3 v. Austin*, 4:21-cv-01236-O (N.D. Tex.).

d. "Class" means all members of the United States Navy who were subject to the Navy's COVID-19 Vaccine Mandate and who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate or who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate and were separated from the Navy, even if the request was withdrawn. A member of the Class is a "Class Member."

e. "Class Counsel" means Heather Gebelin Hacker, Hacker Stephens LLP, 108 Wild Basin Road, Suite 250, Austin, Texas 78746; Andrew Bowman Stephens, Hacker Stephens LLP, 108 Wild Basin Road South, Suite 250, Austin, Texas 78746; Jeffrey C. Mateer, First Liberty Institute,

5

2001 W. Plano Parkway, Suite 1600, Plano, Texas 75075; David Jonathan Hacker, First Liberty Institute, 2001 W. Plano Parkway, Suite 1600, Plano, Texas 75075; Danielle A. Runyan, First Liberty Institute, Suite 1600, Plano, Texas 75075; Hiram Stanley Sasser, III, First Liberty Institute, 2001 W Plano Parkway, Suite 1600, Plano Texas 75075; Holly Mischelle Randall, First Liberty Institute, 2001 W. Plano Parkway, Suite 1600, Plano, Texas 75075; Kelly J. Shackelford, First Liberty Institute, 2001 W Plano Parkway, Suite 1600, Plano, Texas 75075.

f. "Class Representatives" means and includes the individuals who have been proceeding in the Civil Action under the pseudonyms United States Navy SEAL 1, United States Navy SEAL 2, United States Navy SEAL 3, and United States Navy Explosive Ordnance Disposal Technician 1.

g. "COVID-19 Vaccine Mandate," "Navy's COVID-19 Vaccine Mandate" and "COVID-19 Mandate" each means the requirement that members of the Armed Forces be vaccinated against COVID-19, issued in the Secretary of Defense's memorandum dated August 24, 2021, titled "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members," and which was rescinded under the Secretary of Defense's memorandum dated January 10, 2023, titled "Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces."

h. "Defendants" means Lloyd J. Austin, III, in his official capacity as United States Secretary of Defense; United States Department of Defense; and Carlos Del Toro, in his official capacity as United States Secretary of the Navy; or their successors.

i. "DD-214" means a Department of Defense DD Form 214, Certificate of Release or Discharge from Active Duty.

j. "District Court" and "Court" mean the United States District Court for the Northern District of Texas, unless the context indicates otherwise.

6

k. "Effective date" or "effective date of this Agreement" means the date as of which, if the Agreement is not void or voided, no timely appeals may be taken from the Court's order granting final approval of this Agreement, and as of which any and all timely appeals of such order have been resolved.

l. "Final approval" means that the Court has entered an order approving this Settlement Agreement under Federal Rule of Civil Procedure 23(e).

m. "Formal counsel" means a counseling or warning on a NAVPERS 1070/613 form.

n. "Parties" means and refers to Named Plaintiffs and Defendants.

o. "Plaintiffs" or "Named Plaintiffs" means and includes the Class Representatives and the individuals who have been proceeding in the Civil Action under the pseudonyms United States Navy SEAL 3, United States Navy SEAL 4, United States Navy SEAL 5, United States Navy SEAL 6, United States Navy SEAL 7, United States Navy SEAL 8, United States Navy SEAL 9, United States Navy SEAL 10, United States Navy SEAL 11, United States Navy SEAL 12, United States Navy SEAL 13, United States Navy SEAL 14, United States Navy SEAL 15, United States Navy SEAL 16, United States Navy SEAL 17, United States Navy SEAL 18, United States Navy SEAL 19, United States Navy SEAL 20, United States Navy SEAL 21, United States Navy SEAL 22, United States Navy SEAL 23, United States Navy SEAL 24, United States Navy SEAL 25, United States Navy SEAL 26, United States Navy Special Warfare Combatant Craft Crewman 1, United States Navy Special Warfare Combatant Craft Crewman 2, United States Navy Special Warfare Craft Crewman 3, United States Navy Special Warfare Craft Crewman 4, United States Navy Special Warfare Craft Crewman 5, United States Navy Diver 1, United States Navy Diver 2, and United States Navy Diver 3.

p.  "Precept" means the written instructions the Secretary of the Navy is authorized to issue to a U.S. Navy selection board pursuant to Department of Defense Instruction 1320.14.

q. "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Class, the period for objections and the date, time and location of the Fairness Hearing, substantially in the form attached hereto as Attachment A.

r. "U.S. Navy" has the same meaning as "The Navy" in 10 U.S.C. § 8062.

**C. Agreements**

17.  Defendants agree to re-review the personnel records of all Class Members to ensure that the U.S. Navy has permanently removed records indicating administrative separation processing or proceedings, formal counseling, and non-judicial punishment actions taken against the Class Members solely on the basis of non-compliance with the COVID-19 Vaccine Mandate and adverse information related to non-compliance with the COVID-19 Vaccine Mandate.  The U.S Navy agrees to complete this review within nine months of the Effective Date of this Agreement and agrees to notify Class Counsel when this review is complete.

18. Defendants agree that the U.S. Navy will review the personnel records of all Class Members who were separated from the Navy to ensure that any Class Member who was discharged solely on the basis of non-compliance with the COVID-19 Vaccine Mandate has a reenlistment code on their DD-214 of RE1 or RE1A (Eligible for Enlistment) and that the U.S. Navy will remove any indication from that service member's records that he or she was discharged for misconduct.  The U.S. Navy agrees to complete this review and any necessary removals within one year of the Effective Date of this Agreement and Defendants agree to notify Class Counsel when this review is complete.

8

19. Defendants agree to include language in the precepts for the U.S. Navy Fiscal Year ("FY") 25, FY 26, and FY 27 selection board convening orders.  The exact content of the language is within the discretion of the U.S. Navy but shall provide that the boards must not consider any adverse information related solely to COVID-19 vaccine refusal in cases in which a religious accommodation was requested.

20. Defendants agree that the U.S. Navy will issue a Change 2 to BUPERSINST 1730.11A within seven days of the Effective Date of this Agreement that removes the words on page 10 "[i]n case of requests for waivers of uniform or grooming standards only" to make clear that a religious accommodation request that was previously denied may be resubmitted due to a Sailor's change in physical, operational, or geographical environment, or at any time when there is a change to pertinent policy.  The U.S. Navy agrees not to change this provision for a period of at least three years from the Effective Date of this Agreement, and if it generally changes or updates the instruction during that period, it will include the aforementioned provision permitting resubmission of religious accommodation requests when there is a change in a Sailor's physical, operational, or geographical environment, or at any time when there is a change to pertinent policy.

21. Defendants agree that the U.S. Navy will post the following information on its public website within six months of the Effective Date of this Agreement, and to be posted for at least one year thereafter: "The United States Navy supports diverse expressive activities, to include religious expression, and recognizes that through inclusion we are a better military and stronger nation for it. Accommodation of sincerely held religious beliefs are a pillar of the Navy's commitment to treating all Sailors with dignity and respect. The Navy works to support each Sailor's religious practices to the broadest extent possible within the bounds of military readiness,

9

unit cohesion, good order, discipline, health and safety. Discrimination on the basis of religion is contrary to the Navy's core values of honor, courage, and commitment."

22. Defendants agree that the U.S. Navy will prominently post information regarding religious accommodation requests on its public website, within six months of the Effective Date of this Agreement, and to be posted for at least three years thereafter.  The exact content of the information shall be within the U.S. Navy's discretion, but will (1) advise service members of their rights to request religious accommodations, including but not limited to, the process for doing so, the right to receive a timely response to a religious accommodation request, the prohibition on discriminatory treatment of service members based on the submission of a religious accommodation request, the right to be considered for alternative accommodations of a religious practice, and additional information concerning the submission of religious accommodation requests as set forth in Department of Defense and Navy policies; and (2) include the numbers of religious accommodation requests granted and denied by the Chief of Naval Personnel.

23. Defendants agree that the U.S. Navy will create a training presentation in Microsoft PowerPoint software file format for all U.S. Navy supervisors, commanders, and all religious accommodation request decisionmakers, within six months of the Effective Date of this Agreement.  This presentation will be prominently posted on the U.S. Navy's public website and within six months of the Effective Date of this Agreement, the U.S. Navy will load the training presentation into its Navy E-Learning training database and the Total Workforce Management Services (TWMS) database.  The training presentation will continue to be posted on the Navy's public website and remain in the Navy E-Learning and TWMS databases, accessible through the Navy's internal homepage, for at least three years thereafter.  The exact content of the training presentation is within the U.S. Navy's discretion, but will (1) include information addressing the

10

requirement to complete adjudication of a service member's validly submitted religious accommodation request in accordance with the timelines specified by Table 1 of DoDI 1300.17 (Sept. 1, 2020); (2) include information addressing the requirement for a religious accommodation request to be individually assessed in accordance with the requirements contained in DoDI 1300.17 (Sept. 1, 2020) and Change 2 to BUPERSINST 1730.11A (revised pursuant to this Agreement); (3) include information addressing a service member's entitlement to an individualized justification for granting or denying a religious accommodation request, in accordance with the standards provided in DoDI 1300.17 (Sept. 1, 2020) and Change 2 to BUPERSINST 1730.11A (revised pursuant to this Agreement); and (4) include information about the importance of accommodating religious belief and the dignity and respect expected of all U.S. Navy commanders in addressing service members' sincerely held religious beliefs.

24.  Upon dismissal of this Civil Action, Defendants agree to a payment of $1,500,000.00 in full satisfaction of Plaintiffs' and the Class's claims for attorneys' fees and costs according to the terms Section D of this Agreement.

25.  The Parties agree that the terms of this Agreement are fair, reasonable, and adequate, and that this Agreement provides substantial benefits to the Class Members and is in the Class's best interests.

### D.  Modified Settlement Class, Class Notice, Approval, and Stipulation of Dismissal

Modified Settlement Class and Preliminary Approval by the Court

26.  Plaintiffs will submit this Agreement and its Attachments to the District Court along with a motion for its preliminary approval ("Motion for Preliminary Approval").  The Motion for Preliminary Approval will specifically request that the Court set a hearing on the motion and will be accompanied by, among other documents, this Agreement and its incorporated attachments. The Motion for Preliminary Approval will specifically request that the Court:

a. Preliminarily find that it will be likely to modify the class definition, for settlement purposes, pursuant to Rule 23(b)(2); Fed. R. Civ. P., without a change to Class Counsel and the Class Representatives, so that it conforms with the definition of "class" in this Agreement.

b. Grant preliminary approval to the Settlement Agreement and its attachments and authorize issuance of the notice attached as Attachment B;

c. Approve the Parties' plan, as identified in paragraph 28, for dissemination of notice of this Agreement pursuant to Rule 23(e)(1); Fed. R. Civ. P.;

d. Set a date and procedure by which objections from Class Members must be filed in accordance with this Settlement Agreement;

e. Set a date for the Fairness Hearing that is no sooner than 60 days after Preliminary Approval, at which time the Court will determine whether the Settlement Agreement should be finally approved under Rule 23(e); Fed. R. Civ. P.

27. Defendants agree solely for the purposes of this Agreement and its implementation, that the Civil Action shall proceed as a class action under Federal Rule of Civil Procedure 23(b)(2) with a class definition that conforms to the definition of the "Class" in paragraph 16d of this Agreement, but if such Agreement is not approved, or if final approval is not granted following the appeal of any order by the Court, or if for any reason the Effective Date of this Agreement does not occur, or if this Agreement is not consummated, then the modification of the class definition shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to execution of this Agreement and Defendants retain all rights to object to the maintenance of this Civil Action as a class action and retain all rights to object that any modified class definition satisfies the requirements of Federal Rule of Civil Procedure 23. Any certification

12

of the class for settlement purposes is not an admission by Defendants that class certification is proper in this Civil Action or in any other litigation against Defendants.

Class Notice

28. The Parties agree that following Court approval of the agreed-upon notice, Attachment B, the U.S. Navy will send Attachment B of this Agreement to all Class Members which will include a copy of this Agreement via the service members' navy.mil email addresses, or if the Class Member is no longer in the U.S. Navy, by mail to the Class Members' last known home address according to U.S. Navy records.

Objections

29. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the settlement contemplated hereby, or the request for attorneys' fees, reimbursement of litigation costs and expenses, must file with the Clerk of Court and serve all counsel, no later than seven days before the Fairness Hearing, a statement of the objection setting forth the specific reason(s), if any, for the objection, including any legal support that the Class Member wishes to introduce in support of the objection, whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and whether the Class Member intends to appear at the Fairness Hearing.  Class Members may so act either on their own or through any attorney hired at their own expense.

30. Any Class Member who files and serves a written objection in accordance with the foregoing paragraph may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement or the settlement contemplated hereby, provided, however, that a Class Member who does not timely file and serve such a written objection will not be heard at the Fairness Hearing.

31. Subject to the Court's discretion, any Class Member (or his or her attorney) who has not complied with the provisions of paragraphs 29 and 30, will waive and forfeit any and all rights the Class Member may have to appear separately or to object and will be bound by the terms of the Settlement and by all of the proceedings, orders and judgments in the Civil Action.

Motion for Final Approval, the Fairness Hearing, and Stipulation of Dismissal.

32. On the date set by the Court in the Preliminary Approval Order, Plaintiffs will file a motion for Final Approval requesting that the Court, among other things (a) affirm the modification of the class definition for settlement purposes, (b) approve the Settlement Agreement as final, fair, reasonable, adequate, and binding on all Class Members, (c) approve payment of reasonable attorneys' fees and reimbursement of litigation costs that are authorized by this Agreement and Rule 23(h), Fed. R. Civ. P.

33.  Any Party may respond to any timely filed objections no later than fourteen (14) days before the scheduled date of the Fairness Hearing.

Stipulation of Dismissal

34. Plaintiffs and the Class agree to the dismissal of this case with prejudice subject to the terms the Settlement Agreement.  Following final approval of the Settlement Agreement, and no later than five business days after Plaintiffs' receipt of payment as set forth in Section E of this Agreement, the parties will file a joint stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  A copy of the joint stipulation of dismissal to be filed is attached as Attachment C to this Agreement.  The Court will not retain jurisdiction over any aspect of this action, or in connection with the enforcement of any of its provisions, after the joint stipulation of dismissal with prejudice is filed.

14

### E.  Fee Settlement and Release

35.  The Parties agree to settle all claims of the Plaintiffs and the Class for an award of attorneys' fees, costs, and other litigation expenses arising from the Civil Action for $1,500,000.00.

36.  Defendants shall pay Plaintiffs, through undersigned counsel, $1,500,000.00 for attorneys' fees, costs, and other litigation expenses reasonably incurred in the Civil Action (the "Settlement Payment").  The Settlement Payment constitutes full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs in the Civil Action, and any and all potential claims that Plaintiffs and the Class may have for attorneys' fees, costs, and other litigation expenses associated with the Civil Action, inclusive of any interest.  This settlement includes all fees and costs associated with representation of the class certified in this Civil Action on March 28, 2022, and any putative classes proposed in the Civil Action, and any modified class as defined in this Agreement.  Defendants will effectuate the payment promptly after the effective date of this Agreement.  After the parties file a stipulation of dismissal of the Civil Action as provided in Part C of this Agreement, Defendants will pay the above amount by wire transfer to an account at a financial institution designated in writing by counsel for Plaintiffs, consistent with the normal processing procedures followed by Defendants and the United States Department of the Treasury. Plaintiffs' counsel will provide Defendants' counsel the bank routing and account information for the account to receive such payments. Defendants will promptly prepare and submit all required documentation to the Department of the Treasury for processing and disbursement of the payments set forth above to ensure that payment is made as soon as practicable, which Defendants expect to be no more than 60 days from receipt of Plaintiffs' bank account and routing information.

37.  Plaintiffs, the members of the Class defined above, and their heirs, administrators, representatives, attorneys, successors, and assigns, and each of them hereby release, waive, acquit, and forever discharge the United States, Defendants, any department, agency or establishment of

15

the United States, and their present or former officials, employees, successors, and agents, in their official and individual capacities, from, and are hereby forever barred and precluded from prosecuting, any and all claims, causes of action, and/or requests for relief that would be barred by the doctrine of res judicata were final judgment on the merits entered on all claims asserted in the Civil Action, including claims to attorneys' fees, costs, and other litigation expenses or claims for attorneys' fees, costs, and other litigation expenses that have been, or could have been, made as a result of the Civil Action. Without limiting the generality of the foregoing, this release encompasses, resolves, and satisfies all claims for attorneys' fees, costs, and other litigation expenses in connection with all facets of the Civil Action, from the initial submission of Complaint, ECF No. 1, and including any litigation, as well as attorneys' fees, costs, and other litigation expenses for any other proceedings involving claims or causes of action that were or could have been raised in the Civil Action. The release provided for in this paragraph shall become effective on the Effective Date of this Agreement.

38.    The Plaintiffs assume liability for any tax consequences that may arise from this Agreement. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of the Plaintiffs. This Agreement is executed without reliance upon any representation by Defendants as to tax consequences, and the Plaintiffs are responsible for the payment of all taxes that may be associated with the settlement payments. Further, nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and this Agreement is executed without reliance on any representation by Defendants as to the application of any such law.

APPX.0017

**F.  Conditions that Render Settlement Agreement Void or Voidable**

39. This Settlement Agreement shall be voidable by either party if not approved as written at any stage by the Court or if the Court enters an order providing for continuing jurisdiction over any matters related to administration, enforcement, or interpretation of this Agreement.

**G. Effect of Settlement Agreement if Voided**

40. If this Settlement Agreement is not approved, the case will proceed as if no settlement has been attempted.  In that event, the class certified for purposes of settlement will be decertified, and Defendants retain the right to contest whether this action should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs in this Action.

41. All negotiations in connection herewith, and all statements made by the Parties at or submitted to the District Court as part of a Fairness Hearing process, shall be without prejudice to the Parties to the Settlement Agreement and shall not be deemed or construed to be an admission by any party of any fact, matter, proposition, nor admissible for any person in the Civil Action other than with respect to settlement of same.

42. The Parties retain all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Civil Action, and nothing in this Agreement shall be raised or construed by any party, Class Member, or party's counsel, to defeat or limit any claims, defenses, arguments, or motions asserted by either party.  Neither this Agreement, nor the fact of its having been made, nor any attachment or exhibit or other document prepared in connection with this Settlement Agreement, shall be admissible, entered into evidence, or used in any form or manner in discovery in the Civil Action or in any other action or proceeding for any purposes inconsistent with Rule 408 of the Federal Rules of Evidence.

**H. Miscellaneous**

43. The Parties will cooperate fully with each other and use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of an other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

44. This Agreement has been entered into by Plaintiffs and Defendants solely for the purposes of compromising potentially disputed claims including an award of attorneys' fees, costs, and other litigation expenses in the Civil Actions without protracted legal proceedings and avoiding the expense and risk of litigation regarding such claims.  Therefore, this Agreement is not intended and shall not be deemed an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses.  Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission of liability or fault on the part of the Defendants or the United States or their present or former officials, employees or agents, or as an admission of any contested fact alleged by Plaintiffs in connection with Plaintiffs' claims to include a request for an award of attorneys' fees, costs, and other litigation expenses arising from the Civil Actions. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendants or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

45.  This Agreement contains the entire agreement between Plaintiffs and Defendants as to all claims including all claims for attorneys' fees, costs, and other litigation expenses in the Civil Actions and supersedes all previous agreements, whether written or oral, between the Parties relating to Plaintiffs' claims including claims for attorneys' fees and other litigation expenses in

the Civil Actions. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection with the Agreement.

46.  The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the Party to be charged with the modification, amendment, or waiver, or by such Party's counsel or by order of a court of competent jurisdiction.

47.  The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

48.  Plaintiffs warrant and represent that no other action or suit with respect to Plaintiffs' claims including any claims for attorneys' fees, costs, and other litigation expenses advanced in the Civil Actions is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiffs further warrant and represent that except to their counsel in the Civil Actions they have made no assignment or transfer of all or any part of their rights arising out of or relating to Plaintiffs' claims including any claims for attorneys' fees, costs, and other litigation expenses advanced in this suit.

49.  Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

50.  The Parties to this Agreement will defend against any challenges to it in any forum.

51.  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A portable document format (".PDF") signature, electronic image of a signature, or

APPX.0020

other duplicate of a signature shall have the same effect as a manually executed original.  Each signatory to this Agreement represents and warrants that the signatory is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion. Unless context indicates otherwise, this agreement is effective on the effective date of this Agreement.

52.  The headings in this Agreement are for convenience only and do not limit, expand, modify, or aid in the interpretation or construction of this Agreement.

53.  For purposes of this Agreement, the term "days" means calendar days, and whenever a deadline for an event lands on a Saturday, Sunday, or observed federal holiday, the deadline will be extended to the following business day.

Dated: May 31, 2024

KELLY J. SHACKELFORD
  Texas Bar No. 18070950
JEFFREY C. MATEER
  Texas Bar No. 13185320
HIRAM S. SASSER, III
  Texas Bar No. 24039157
DAVID J. HACKER
  Texas Bar No. 24103323
DANIELLE A. RUNYAN
  Texas Bar No. 24134548
Holly M. Randall
  Texas Bar No. 24128002
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

HEATHER GEBELIN HACKER
  Texas Bar No. 24103325
ANDREW B. STEPHENS
  Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Class Counsel and Counsel for Plaintiffs*

20

Dated: May 31, 2024

ANDREW E. CARMICHAEL
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11532
Washington, DC 20005

*On Behalf of Defendants*

21

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| US NAVY SEALS 1-26, et al., | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  4:21-cv-01236-O |
| | § | |
| LLOYD J AUSTIN, III, et al., | § | |
| | § | |
|    Defendants. | § | |

## [PROPOSED] ORDER OF PRELIMINARY
## APPROVAL OF SETTLEMENT AGREEMENT

The parties entered into a proposed Settlement Agreement on May 31, 2024 and requested that the Court give its preliminary approval to that Settlement Agreement and approve the form and method of providing notice of the proposed settlement to the Class described in the Settlement Agreement. Unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.  The Court has reviewed the Settlement Agreement and the referenced Exhibits, including the proposed forms of Class Notice, and finds and concludes as follows:

1. The Court entered an Order dated March 28, 2022 certifying the Class pursuant to Federal Rule 23(b)(2) as follows:

> [A]ll members of the United States Navy who are subject to the Navy's COVID-19 Vaccine Mandate and who have submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate.

2. Because the Settlement Agreement provides relief to former class members who withdrew their requests for religious accommodation in order to be discharged from the Navy, the Court hereby finds good cause under Rule 23 to amend the Class definition as follows:

> All members of the United States Navy who were subject to the Navy's COVID-19 Vaccine Mandate and who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate or who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate and were separated from the Navy, even if the request was withdrawn.

The Court concludes, after consideration of Plaintiffs' Unopposed Motion, that the Class still meets the requirements of Rule 23 with the above amendment.

3. The Court has considered the history of this case, the pleadings, and the statements by Class Counsel. On a preliminary basis, the Court finds that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class. The Court will therefore direct that Notice of the Settlement Agreement, in the form of the Notice hereby attached, be provided to the Class

- 1 -

pursuant to Fed. R. Civ. P. 23(e)(B).

    4. The Court has reviewed the form of the "Notice of Proposed Class Action Settlement and Hearing to Approve Proposed Settlement," which was attached as an exhibit to the Settlement Agreement, and finds that it complies with the requirements of Fed. R. Civ. P. 23(d) and (e) and fairly presents the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process.

    5. The parties propose that Notice be sent by Defendants in the form of Attachment B to the Settlement Agreement to all identified Class Members currently in the Navy by their navy.mil email addresses, and to any Class Members who have since retired or left service by first class mail to their last known address. The Court finds that such Notice, in the form hereby attached, is the best notice practicable under the circumstances, and is reasonably calculated to effectuate actual notice of the settlement to the Class.

    6. The proposed Notice to those Class Members provides due and sufficient notice of the proceedings, of the proposed settlement, and of the settlement approval procedures, thus satisfying the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

    7. Therefore, based on the foregoing findings of fact and conclusions of law:

    **IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion to Amend the Class Definition for Settlement Purposes, To Preliminarily Approve the Class Action Settlement, To Approve the Form and Manner of Notice, and to Set a Date for a Fairness Hearing is **GRANTED**.

    **IT IS FURTHER ORDERED** that the Settlement Agreement is preliminarily approved.

    **IT IS FURTHER ORDERED** that all proceedings not related to the approval and implementation of the Settlement Agreement are **STAYED** until further Order of the Court.

    **IT IS FURTHER ORDERED** that the proposed Notice of Proposed Class Action Settlement and Hearing to Approve Proposed Settlement, which was attached as Attachment B to the Settlement Agreement, are approved by this Court and that the Notice, together with a copy of the Settlement Agreement and any appropriate Attachments, be sent by Defendants to each Class Member by the agreed means on or before **July 1, 2024**.

    **IT IS FURTHER ORDERED** that Defendants' counsel will file a Declaration attesting to such service with this Court prior to the date set for hearing on the Settlement Agreement.

    **IT IS FURTHER ORDERED** that on **August 27, 2024**, at the hour of **[_____]**., in the courtroom of the Honorable Reed O'Connor, United States Courthouse, Second Floor, 501 W. 10th Street, Fort Worth, Texas 76102-3673, the Court will conduct a hearing to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and Exhibits thereto. Should the Court find that the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class, the Final Order shall be entered.

    **IT IS FURTHER ORDERED** that any Class Member may appear personally or by counsel

at the hearing and may object or express his or her view regarding the Settlement Agreement and present evidence, briefs or other papers in support thereof. However, a Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement, unless on or before **August 13, 2024**, he or she files with the Clerk of this Court written objections, together with all papers to be submitted to this Court at the Settlement Hearing, and on or before that date serves all such objections and other papers on each of the following: (a) Class Counsel Heather G. Hacker, Hacker Stephens LLP, 108 Wild Basin Rd. South, Suite 250, Austin, TX 78736, heather@hackerstephens.com; and (b) Defendants' Counsel Andrew E. Carmichael, United States Department of Justice, Civil Division, Federal Programs Branch, 1100 L Street N.W., Washington, D.C. 20005, Andrew.E.Carmichael@usdoj.gov. Any Class Member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement. Objections should bear the following heading: U.S. Navy SEALs 1-26 v. Biden, Case No. 4:21-cv-01236, Objections to Proposed Class Settlement.

**IT IS FURTHER ORDERED** that the hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Class, except any Class Member who has timely filed an objection.

**SO ORDERED** on this _____ day of _____, 2024.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

# ATTACHMENT B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO APPROVE PROPOSED SETTLEMENT

## *U.S. Navy SEALs 1-26 v. Biden*

A proposed class action settlement ("Settlement") has been reached in a class action lawsuit entitled *U.S. Navy SEALs 1-26 v. Biden*, 4:21-cv-01236-O (N.D. Tex.). This lawsuit was brought on behalf of a class of United States Navy Sailors who were subject to the Navy's COVID-19 Vaccine Mandate and who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate. The parties in the lawsuit have proposed to settle the case, and the U.S. District Court for the Northern District of Texas will decide whether to approve the Settlement.

This Notice will tell you about the terms of the Settlement. You are not being sued, and this is not an advertisement. If you think the Settlement relates to you, please read this Notice.

### PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**What is the lawsuit about?**

*U.S. Navy SEALs 1-26 v. Biden* is a federal court case brought on behalf of a class of United States Navy Sailors who were subject to the Navy's COVID-19 Vaccine Mandate and who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate. A case like this is brought on behalf of a group of people who have similar legal claims (called a "Class").

The case was filed in late 2021 and alleged that the Navy's requirement to be vaccinated against COVID-19 and processing of Religious Accommodation requests violated the U.S. Constitution and federal laws. The Plaintiffs obtained preliminary relief from the Court that prevented the Navy from involuntarily separating members of the Class while the Vaccine Mandate was in effect.

Before Plaintiffs' claims were finally decided by the Court, Plaintiffs and the Government reached a Settlement that would require the Navy to take several actions for people who, on March 28, 2022, were Navy Service members subject to the requirement to be vaccinated against COVID-19 and had submitted a request for a religious accommodation from that requirement.

The Court has appointed lawyers to represent the Class. They are called "Class Counsel" and their contact information is listed at the end of this document.

**Will the Settlement affect me?**

The Court has preliminarily modified the class definition to include the following class of people who will be bound by the Settlement (the "Settlement Class"): "All members of the United States Navy who were subject to the Navy's COVID-19 Vaccine Mandate and who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate or who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate and were

APPX.0028

separated from the Navy, even if the request was withdrawn." **Therefore, the Settlement may affect your rights if you are a Settlement Class Member**.

**What are the terms of the settlement?**

Below is only a summary of the Settlement.  If you want to know more, you should read the Settlement or talk to your lawyer, if you have one.  The Settlement provides certain benefits to individuals who were subject to the Navy's COVID-19 Vaccine Mandate and who had submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate. Also, it ensures that the Navy will provide additional resources and protection for Navy Service members seeking religious accommodation requests in the future.  And it provides for additional training and information resources for commanders that consider religious accommodation requests.  More specifically, the Settlement provides that:

- The Navy will review the personnel records of all Class Members to ensure that the Navy has permanently removed records indicating adverse action against the Class Members solely on the basis of non-compliance with the COVID-19 Mandate and to ensure that Class Members who were discharged solely on the basis of non-compliance with the COVID-19 mandate have a reenlistment code of RE1 or RE1A on their DD-214s and that any indication that a Class Member was discharged for misconduct is removed from their record.

- The Navy will include language in the precepts for the U.S. Navy Fiscal Year ("FY") 25, FY 26, and FY 27 selection board convening orders providing that the boards must not consider any adverse information related solely to COVID-19 vaccine refusal in cases in which a religious accommodation was requested.

- The Navy will issue a change to a Bureau of Navy Personnel Instruction to make clear that a religious accommodation request that was previously denied may be resubmitted when certain circumstances change.

- The Navy will display the following message on its website for one year:
  "The United States Navy supports diverse expressive activities, to include religious expression, and recognizes that through inclusion we are a better military and stronger nation for it. Accommodation of sincerely held religious beliefs are a pillar of the Navy's commitment to treating all Sailors with dignity and respect. The Navy works to support each Sailor's religious practices to the broadest extent possible within the bounds of military readiness, unit cohesion, good order, discipline, health and safety. Discrimination on the basis of religion is contrary to the Navy's core values of honor, courage, and commitment."

APPX.0029

- The Navy will post information regarding religious accommodation requests on its website for a three-year period, including: (1) the number of religious accommodation requests granted and denied by the Chief of Naval Personnel and (2) information advising Service members of their right to request religious accommodations consistent with existing DoD and Navy policy.

- The Navy will post a training presentation on its website and in its training databases available to Sailors for a three-year period, pertaining to the requirements for processing and adjudicating religious accommodation requests pursuant to DoD and Navy instructions.

- The Navy will notify Class Members of the class settlement by e-mail, or if the Service member is no longer in the military, by mail to their last known address.

- The Government will pay Class Counsel $1,500,000.00 to settle all claims to attorneys' fees and costs.

If approved, the Settlement will release the U.S. Government, the U.S. Department of Defense, and the U.S. Navy from liability for all claims that relate to the Department of Defense's prior requirement to be vaccinated against COVID-19 as well as all claims related to the U.S. Navy's religious accommodation request procedures.  This release includes all claims for non-monetary relief (including declaratory and injunctive relief) and may preclude certain non-individualized claims for money damages.

Although the Settlement may not preclude you from bringing an individualized claim for money damages, other legal doctrines may present barriers to such a claim.  If you have additional questions, you should consult with your lawyer, if you have one.

**You have the right to object to the Settlement**.

You have the right to say what you think about the Settlement before the Court decides whether to approve it.

<u>If you like the Settlement's terms, you do not have to do anything.</u>

You cannot "opt out" or exclude yourself from the Settlement.  If the Settlement is approved by the Court, you will be bound by the Settlement if you meet the definition of a Settlement Class Member.  If you are not satisfied with the Settlement, you can ask the Court to deny approval for the Settlement.  If the Court denies approval, the Settlement will not happen and the lawsuit will continue.

- If that is what you want, you must object to the proposed Settlement in writing.  If you object in writing, you may also appear at the Final Approval Hearing, either on your own behalf or through your own attorney.  If you appear through your own attorney,

you are responsible for hiring and paying for that attorney.  If the Court approves the Settlement despite any objections, it will apply to you even if you do not agree with it.

All written objections and supporting papers must:

- Clearly identify the following case name and number:  *U.S. Navy SEALs 1-26 v. Biden*, Case 4:21-cv-01236-O (N.D. Tex.)

- Be submitted to the Court by mailing them to:

> Clerk's Office
> United States District Court for the Northern District of Texas
> Fort Worth Division
> 501 West 10th Street, Room 310
> Fort Worth, Texas 76102-3673
> ATTN: U.S. Navy SEALs 1-26 v. Biden, Case No. 4:21-cv-01236, Objections to Proposed Class Settlement

- Emailed to Class Counsel and Defendants' Counsel at the below addresses:

> Heather G. Hacker, Hacker Stephens LLP, heather@hackerstephens.com
> (Class Counsel)

> Andrew E. Carmichael, U.S. Department of Justice, Andrew.E.Carmichael@usdoj.gov
> (Defendants' Counsel)

- Be filed or received on or before [MONTH, DAY, 2024].

**When and where will the Court decide whether to approve the Settlement?**

The Final Approval Hearing is scheduled to take place on [MONTH, DAY, 2024], at [TIME], at the United States District Court, 501 West 10th Street, Second Floor Courtroom, Fort Worth, TX 76102-3673.  The date and time of the Final Approval Hearing may change without notice to you. **You must file and serve a written objection on or before [MONTH, DAY, 2024] or you may not be heard at the Fairness Hearing.**

Information about any changes to the Final Approval Hearing date or time will be available, for a small fee, through the Court's Public Access to Court Electronic Records (PACER) system, at https://ecf.txnd.uscourts.gov/, using the case number 4:21-cv-01236-O.

**Where can I get more information?**

This Notice summarizes the Settlement.  You should feel free to talk to your lawyer if you want to know more.  A copy of the Settlement Agreement is attached to this notice.

You can also contact Class Counsel at the address, phone number, or email address listed below:

First Liberty Institute
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
navyvaxclassaction@firstliberty.org

# ATTACHMENT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3**; on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy, <br><br> Defendants. | <br><br><br><br><br><br><br>Case No. 4:21-cv-01236-O |

## JOINT STIPULATION OF DISMISSAL

The Court having approved settlement of all claims raised by Plaintiffs[1] and the Class[2] certified in the above-captioned action, and Plaintiffs having received payment as described in Section E of the parties' Settlement Agreement, pursuant to Federal Rules of Civil Procedure 23(e) and 41(a)(1)(A)(ii), Plaintiffs and Defendants[3] hereby stipulate to dismissal of this action with prejudice.

Dated: [DATE]                                  Respectfully submitted,

BRIAN M. BOYNTON                               _____
Principal Deputy Assistant Attorney General    ANDREW E. CARMICHAEL
                                               AMY E. POWELL
ALEXANDER K. HAAS                              Senior Trial Counsel
Director, Federal Programs Branch              LIAM HOLLAND
                                               Trial Attorney
LAUREN A. WETZLER                              United States Department of Justice
Deputy Director                                Civil Division, Federal Programs Branch
Federal Programs Branch                        1100 L Street, N.W.
                                               Washington, DC 20005
                                               Tel: (202)-689-5323

---

[1] Plaintiffs include the Class Representatives United States Navy SEAL 1, United States Navy SEAL 2, United States Navy SEAL 3, and United States Navy Explosive Ordnance Disposal Technician 1, and the individuals who have been proceeding in the above captioned case under the pseudonyms United States Navy SEAL 3, United States Navy SEAL 4, United States Navy SEAL 5, United States Navy SEAL 6, United States Navy SEAL 7, United States Navy SEAL 8, United States Navy SEAL 9, United States Navy SEAL 10, United States Navy SEAL 11, United States Navy SEAL 12, United States Navy SEAL 13, United States Navy SEAL 14, United States Navy SEAL 15, United States Navy SEAL 16, United States Navy SEAL 17, United States Navy SEAL 18, United States Navy SEAL 19, United States Navy SEAL 20, United States Navy SEAL 21, United States Navy SEAL 22, United States Navy SEAL 23, United States Navy SEAL 24, United States Navy SEAL 25, United States Navy SEAL 26, United States Navy Special Warfare Combatant Craft Crewman 1, United States Navy Special Warfare Combatant Craft Crewman 2, United States Navy Special Warfare Craft Crewman 3, United States Navy Special Warfare Craft Crewman 4, United States Navy Special Warfare Craft Crewman 5, United States Navy Diver 1, United States Navy Diver 2, and United States Navy Diver 3.

[2] The Class means the Class certified by this district court on March 28, 2022, *see* Dkt. 140, including all subclasses, and modified, pursuant to the parties' Settlement Agreement, by the district court to mean "all members of the United States Navy who were subject to the Navy's COVID-19 Vaccine Mandate and who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate or who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate and were separated from the Navy, even if the request was withdrawn."

[3] Defendants are Lloyd J. Austin III, in his official capacity as Secretary of Defense; United States Department of Defense; and Carlos Del Toro, in his official capacity as Secretary of the United States Navy.

Email: andrew.e.carmichael@usdoj.gov

*Counsel for Defendants*

KELLY J. SHACKELFORD
   Texas Bar No. 18070950
JEFFREY C. MATEER
   Texas Bar No. 13185320
HIRAM S. SASSER, III
   Texas Bar No. 24039157
DAVID J. HACKER
   Texas Bar No. 24103323
DANIELLE A. RUNYAN
   Texas Bar No: 24134548
HOLLY M. RANDALL
   Texas Bar No. 24128002
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
drunyan@firstliberty.org
hrandall@firstliberty.org

HEATHER GEBELIN HACKER
   Texas Bar No. 24103325
ANDREW B. STEPHENS
   Texas Bar No. 24079396
HACKER STEPHENS LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Class Counsel and Counsel for Plaintiffs*

# EXHIBIT

# 2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **U.S. NAVY SEALs 1-3**; on behalf of themselves and all others similarly situated; **U.S. NAVY EXPLOSIVE ORDNANCE DISPOSAL TECHNICIAN 1**, on behalf of himself and all others similarly situated; **U.S. NAVY SEALS 4-26**; **U.S. NAVY SPECIAL WARFARE COMBATANT CRAFT CREWMEN 1-5**; and **U.S. NAVY DIVERS 1-3**,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **UNITED STATES DEPARTMENT OF DEFENSE**; **CARLOS DEL TORO**, in his official capacity as United States Secretary of the Navy,<br><br>                    Defendants. | Case No. 4:21-cv-01236-O |

## DECLARATION OF HEATHER G. HACKER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO AMEND THE CLASS DEFINITION FOR SETTLEMENT PURPOSES, TO PRELIMINARILY APPROVE THE CLASS ACTION SETTLEMENT, TO APPROVE THE FORM AND MANNER OF NOTICE, AND TO SET A DATE FOR A FAIRNESS HEARING

1

Pursuant to 28 U.S.C. §1746, I, Heather G. Hacker, declare as follows:

1.      I am over the age of eighteen and competent to make this declaration.

2.      I am an attorney with the Austin, Texas law firm Hacker Stephens LLP. I am licensed to practice law in Arizona, California, and Texas.

3.      I represent the Named Plaintiffs and original individual plaintiffs in this lawsuit. Along with my law partner Andrew Stephens and co-counsel First Liberty Institute, I was appointed Class Counsel for the certified plaintiff class in this matter.

4.      I acted as Plaintiffs' lead counsel in this matter in this Court and on appeal at the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

5.      I, along with other Class Counsel, regularly communicated with the Named Plaintiffs, the original individual plaintiffs, and other Class Members during this litigation. The Plaintiffs were regularly informed of the progress of the case and participated in discussion and decisions regarding case strategy and settlement. The Plaintiffs have approved the proposed settlement.

6.      I attended both court-ordered mediation sessions with U.S. Magistrate Judge Jeffrey Cureton. Named Plaintiffs SEAL 2, 3, and EOD 1 also attended the first session, and all Named Plaintiffs were available by phone during the second session. Both parties were required to submit pre-mediation statements and Class Counsel was prepared for those sessions. Class Counsel engaged in significant research and preparation throughout this case to understand the strengths and weaknesses of the case and the benefits of settlement versus litigating through discovery, final judgment, and eventual appeal. On behalf of the Class, I also led negotiations between the parties after the second mediation that resulted in the Proposed Settlement Agreement.

7.      It is my opinion that Plaintiffs would be successful if this case were litigated through trial to final judgment and on appeal, and that Plaintiffs could have obtained relief from the Court which would be at least similar to, and perhaps stronger than, what the Navy agreed to in the Proposed Settlement. But even if Plaintiffs could have ultimately prevailed and obtained stronger relief if the litigation continued, the Proposed Settlement provides substantial relief for the Class without the cost of continued harm to Class Members while waiting for final judgment. My understanding from Defendants' counsel is that Defendants intended to appeal an adverse judgment, including to the U.S. Supreme Court, so it could take years before judgment would be final, even if Plaintiffs prevail. The Proposed Settlement is very beneficial to the Class and warrants approval by the Court.

8.      Based on my review of billing records, my partner Andrew Stephens and I have collectively spent nearly 2,000 hours working on this case to date. First Liberty Institute has spent nearly 1,400 hours working on this case to date. In light of that work, the agreed payment of $1.5 million in attorneys' fees is reasonable, and because the Class has no claims for monetary damages, it does not reduce the Class's relief in any way.

9.      The parties have no other agreements other than that outlined by the Proposed Settlement Agreement included in the appendix to this Motion.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2024.

/s/ Heather G. Hacker
HEATHER G. HACKER