IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| U.S. NAVY SEALs 1–26, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01236-O |
| | § | |
| LLOYD J. AUSTIN, III, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Before the Court is Plaintiffs' Unopposed Motion to Amend the Class Definition for Settlement Purposes, to Preliminarily Approve the Class Action Settlement, to Approve the Form and Manner of Notice, and to Set a Date for a Fairness Hearing ("Plaintiffs' Motion") (ECF No. 278), filed May 31, 2024.

The parties entered into a proposed Settlement Agreement on May 31, 2024 and requested that the Court give its preliminary approval to that Settlement Agreement and approve the form and method of providing notice of the proposed settlement to the Class described in the Settlement Agreement. Unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement. The Court has reviewed the Settlement Agreement and the referenced Exhibits, including the proposed forms of Class Notice, and finds and **FINDS** as follows:

1. The Court entered an Order dated March 28, 2022 certifying the Class pursuant to Federal Rule 23(b)(2) as follows:

> [A]ll members of the United States Navy who are subject to the Navy's COVID-19 Vaccine Mandate and who have submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate.

2. Because the Settlement Agreement provides relief to former class members who withdrew their requests for religious accommodation in order to be discharged from the Navy, the Court hereby finds good cause under Rule 23 to amend the Class definition as follows:

> All members of the United States Navy who were subject to the Navy's COVID-19 Vaccine Mandate and who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate or who submitted a Religious Accommodation request concerning the Navy's COVID-19 Vaccine Mandate and

were separated from the Navy, even if the request was withdrawn.

The Court concludes, after consideration of Plaintiffs' Motion, that the Class still meets the requirements of Rule 23 with the above amendment.

3. The Court has considered the history of this case, the pleadings, and the statements by Class Counsel. On a preliminary basis, the Court finds that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class. The Court will therefore direct that Notice of the Settlement Agreement, in the form of the Notice hereby attached, be provided to the Class pursuant to Fed. R. Civ. P. 23(e)(B).

4. The Court has reviewed the form of the "Notice of Proposed Class Action Settlement and Hearing to Approve Proposed Settlement," which was attached as an exhibit to the Settlement Agreement, and finds that it complies with the requirements of Fed. R. Civ. P. 23(d) and (e) and fairly presents the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process.

5. The parties propose that Notice be sent by Defendants in the form of Attachment B to the Settlement Agreement to all identified Class Members currently in the Navy by their navy.mil email addresses, and to any Class Members who have since retired or left service by first class mail to their last known address. The Court finds that such Notice, in the form hereby attached, is the best notice practicable under the circumstances, and is reasonably calculated to effectuate actual notice of the settlement to the Class.

6. The proposed Notice to those Class Members provides due and sufficient notice of the proceedings, of the proposed settlement, and of the settlement approval procedures, thus satisfying the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

7. Therefore, based on the foregoing findings of fact and conclusions of law:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement is preliminarily approved.

**IT IS FURTHER ORDERED** that all proceedings not related to the approval and implementation of the Settlement Agreement are **STAYED** until further Order of the Court.

**IT IS FURTHER ORDERED** that the proposed Notice of Proposed Class Action Settlement and Hearing to Approve Proposed Settlement, which was attached as Attachment B to the Settlement Agreement, are approved by this Court and that the Notice, together with a copy of the Settlement Agreement and any appropriate Attachments, be sent by Defendants to each Class Member by the agreed means on or before **June 17, 2024**.

**IT IS FURTHER ORDERED** that Defendants' counsel will file a Declaration attesting to such service with this Court prior to the date set for hearing on the Settlement Agreement.

**IT IS FURTHER ORDERED** that on **July 24, 2024**,[1] at the hour of **8:30 a.m.** in the courtroom of the Honorable Reed O'Connor, United States Courthouse, Second Floor, 501 W. 10th Street, Fort Worth, Texas 76102-3673, the Court will conduct a hearing to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and Exhibits thereto. Should the Court find that the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class, the Final Order shall be entered.

**IT IS FURTHER ORDERED** that any Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and present evidence, briefs or other papers in support thereof. However, a Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement, unless on or before **July 17, 2024**, he or she files with the Clerk of this Court written objections, together with all papers to be submitted to this Court at the Settlement Hearing, and on or before that date serves all such objections and other papers on each of the following: (a) Class Counsel Heather G. Hacker, Hacker Stephens LLP, 108 Wild Basin Rd. South, Suite 250, Austin, TX 78736, heather@hackerstephens.com; and (b) Defendants' Counsel Andrew E. Carmichael, United States Department of Justice, Civil Division, Federal Programs Branch, 1100 L Street N.W., Washington, D.C. 20005, Andrew.E.Carmichael@usdoj.gov. Any Class Member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement. Objections should bear the following heading: U.S. Navy SEALs 1-26 v. Biden, Case No. 4:21-cv-01236, Objections to Proposed Class Settlement.

**IT IS FURTHER ORDERED** that the hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Class, except any Class Member who has timely filed an objection.

**SO ORDERED** on this **5th** day of **June**, **2024.**

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court is presently unable to accommodate the request to set the Rule 23(e)(2) hearing for August 27, 2024. Pls.' Mot. 22, ECF No. 278. However, Plaintiffs alternatively request that the Rule 23(e)(2) hearing take place "no sooner than 60 days after preliminary approval" of the settlement. *Id.* In an effort to accommodate this alternative request, the Court's schedule allows for a hearing on July 24, 2024 hearing, which is 49 days following the preliminary approval of the parties' Settlement Agreement and 54 days from the filing of Plaintiffs' Motion. Should the timing of this hearing on July 24, 2024—as well as the related notice and objection deadlines—violate Rule 23 or other applicable federal law, the parties are **ORDERED** to promptly notify the Court so that scheduling changes can be made.