Written objection of settlement for U.S. Navy SEALs 1-26 v. Biden, Case4:21-cv-01236-0 (N.D. Tex.)

Christopher Lee Wickwire

The facts contained in this statement are within my own knowledge and are true and correct.

1. My name is Christopher Lee Wickwire. I am 47 years old and currently employed as a government contractor as a Strategic Planner at U.S. Strategic Command. I reside at 13907 S. 28th St. Bellevue, NE 68123. I retired from the Navy Reserve as a Lieutenant Commander (O-4) in January 2022 after 20 years of faithful service.

2. My religious exemption was denied but on 15 December 2021, NAVADMIN 283/21 was issued to expand vaccination dates for retiring personnel. Although I was ultimately exempted from vaccination because I was retiring prior to June 2022, I did face several months of discrimination and intimidation.

Statement:

I, Christopher Lee Wickwire, object to the proposed settlement. The U.S. Navy clearly violated the Constitutional rights and unfairly discriminated against service members by conducting blanket denials of religious exemption waivers.

I count myself very lucky, I faced the threat of losing 20 years of progress towards earning my retirement in order to stand up for my beliefs. The process of seeking exemption took several anxiety filled months as I was threatened with a discharge just short of retirement as well as disciplinary actions.

Many others faced and continue to face continued discrimination for their religious beliefs in regards to the Covid-19 shot. Many more are living with the guilt of compromising their beliefs in order to continue to serve or face mental health problems from the ordeal. This settlement surrenders much of the legal ground to complain against this discrimination while gaining affected service members very little compensation in return. The terms of the settlement has a few minor good points but, many of the terms are an insult and fail to meet the bare minimum of restitution.

- Reviewing the personnel records to remove adverse reports and allowing personnel to re-enlist are good aspects. A small step in reparation, but any discharged service members should also have their discharge status changed from "Other than Honorable" to "Honorable" status.

- It is good that adverse reports will not be considered during upcoming promotion boards, but how would it address low scores from discriminating Commanding Officers during or after the mandate? Service members were also removed from leadership positions and faced restrictions on obtaining orders which in turn affects the quality of the support they could reflect on their FITREP or EVAL and make them competitive for promotion. Furthermore, the settlement does nothing to compensate members for lost wages from potential lost promotions.

- The change to Bureau of Navy Personnel Instruction on Religious Accommodation term is insulting. The discrimination was due to Navy leadership's purposely ignoring Navy policy and not due to a faulty process or ignorance of the policy.



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 9 2024
CLERK, U.S. DISTRICT COURT
By_____ Deputy

1

Written objection of settlement for U.S. Navy SEALs 1-26 v. Biden, Case4:21-cv-01236-0 (N.D. Tex.)

Christopher Lee Wickwire

- The message to be displayed on the Navy website for a year would need to address that during the vaccine mandate, the Navy unfairly discriminated against servicemen who expressed the need for a religious exemption from the vaccine mandate. As currently written, the message does not express that the Navy is holding itself accountable for its religious discrimination. Previous to the vaccine mandate one would occasionally see statements similar to that statement in Navy literature and websites, yet the Navy still ignored the Constitutionally protected rights of its sailors, so why would issuing another such statement on the Navy website have any meaning?

- The term in regards to (1) posting numbers on religious accommodation approvals and (2) advising service members of their right to request a religious accommodation are good. At the time of the mandate this information was not being posted in order to obscure the religious discrimination, the discrimination became obvious with near 100% rejection of Religious Discrimination requests.

- The training requirements for processing Religious discrimination term is insulting. The discrimination did not occur from lack of training, but was dictated from the upper echelons of command. By suggesting there needs to be more training, it diffuses their culpability and willful discrimination. If there needs to be any training module designed in regards to this issue, it needs to be on how leaders can protect the Constitutional rights of their subordinates from unlawful orders. Many so called leaders put pleasing the Chain of Command to further their career over protecting the Constitutional rights of their subordinates.

- The term about contacting service members is good. It the Navy's fault, they should proactively seek out service members rather than put the burden on them to seek out the information.

- It is good that the Navy is paying the attorney fees and costs. These service members had to pay significant money, time, and effort to fight the government's violation of the rights of service members.

I would like thank the SEALs and others involved with this lawsuit. Many of us cheer you on and wish we also had the resources to fight the Navy as long and as hard as you. I wish I could also support you in this settlement, but these terms are an insult that does little to fix damages caused and the Navy fails to take the bare minimal amount of accountability for their discrimination. Acceptance of the settlement weakens legal arguments in future complaints.

Very Respectfully,

*Christopher Lee Wickwire*

LCDR Christopher Lee Wickwire, (USNR Retired)

Christopher Wickwire
13907 S. 28th St.
Bellevue, NE 68123

OMAHA NE 680
2 JUL 2024 PM 3 L



Clerks Office
United States District Court for the Northern District
of Texas
Fort Worth Division
501 West 10th St. Room 310
Fort Worth, TX 76102-3673

ATTN: U.S. Navy SEALs 1-26 et al. v. Biden Case No. 4:21-cv-01236 Objections to Proposed Class Settlement

RECEIVED
JUL -9 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT