Kristi Bao<br>
12307 Eugenes Prospect Drive<br>
Bowie, MD 20720<br>
Kristi.h.bao@gmail.com<br>
29 June 2024

Clerk's Officer  
United States District Court for the Northern District of Texas  
Fort Worth Division  
501 West 10th Street, Room 310  
Fort Worth, Texas 76102  
ATTN: U.S. Navy. SEALS 1-26 v. Biden, Case No. 4:21-cv-0123, Objection to Class Settlement

4:21-cv-1236-O

Also delivered to:  
Class Counsel:  
Heather Hacker, heather@hackerstephens.com

Govt Counsel:  
Andrew Carmichael, Andrew.e.carmichael@usdoj.com



Subj:  OBJECTION TO CLASS SETTLEMENT  
Encl:  Request to Board of Correction for Naval Records for Special Promotion Selection Board (w/o enclosures)

1. As a class member, and appearing pro se, I object to the fairness, reasonableness and adequacy of this Settlement Agreement, because it will foreclose the opportunity to pursue individual, personalized grievances against the U.S. Navy for alleged wrongs that occurred against me which are outside the settlement's definition of: "Adverse information related to non-compliance with the COVID-19 Mandate means a negative notation in the Service member's yearly Evaluation (NAVPERS 1616/26 for E6 and below) or Fitness Report and Counseling Record (NAVPERS 1610/2 for E7 – O6)." Specifically, I am pursuing a request for a special promotion selection board related to my non-selection for promotion in FY23 and FY24 based on board members knowing my religious beliefs and having knowledge of my filing for a religious accommodation for the COVID-19 mandate. See the enclosure. Should this Settlement be approved, I am very concerned that if the Board of Corrections for Naval Records declines my request for relief, I will be foreclosed of pursuing relief in federal court for the perceived wrongs that occurred against me pertaining to multiple promotion selection boards where board members either expressed their distaste of sailors who refused the vaccine or where cognizant that I had submitted a religious accommodation request. DoD Instruction 1320.14, SECNAVINST 1402.1, and the applicable promotion board convening orders all make it impermissible for promotion boards to consider an officer's religion. The Secretary of the Navy already denied my request, so I am now appealing to the Board of Corrections for Naval Records, and it will likely take 12 – 18 months before I receive a decision.

   a. This Settlement directs the U.S. Navy to include language in the precepts for the U.S. Navy Fiscal Year ("FY") 25, FY 26, and FY 27 selection board convening orders. The exact content of the language is within the discretion of the U.S. Navy but shall provide that the boards must not consider any adverse information related solely to COVID-19 vaccine refusal in cases in which a religious accommodation was requested. However, as stated in NAVADMIN 065/23,

Subj:   OBJECTION TO CLASS SETTLEMENT (LCDR BAO)

the Navy already directed the removal of any adverse information related to vaccine refusal from official personnel records and directed convening orders for promotion boards to include language that precludes consideration of adverse information regarding COVID-19 vaccine refusal in the case of Service members who submitted religious accommodation requests.  Thus, this Settlement item is a wash and does not create any new restorative action or generate any further remediation on the part of the Navy. Rather, it just gives the Department of the Navy credit for action it already undertook unilaterally.  Furthermore, by directing the corrective language in FY25-27 boards, the action is useless in that most of the alleged wrongs committed by commanding officers occurred in and impacted officers during the FY 22-24 boards. Additionally, adding language to convening orders does nothing to remedy the implicit bias directed against class members who lost career opportunities that would have enhanced their promotion competitiveness.  Affected members lost the opportunity to PCS (i.e. were stuck in the same jobs not allowing for increased responsibilities), lost the opportunity to take orders to operational units, lost the ability to attend training outside the narrow geographic boundaries of their assigned unit, lost the ability to travel for temporary duty in geographic disperse areas – opportunities which usually lead to special recognition, were denied end of tour awards, denied quarterly and yearly award nominations, lost special qualifications and associated pay, and the list goes on.  All these actions normally fall within the discretion of a commanding officer, but based on an officer's vaccine refusal and submission of a religious accommodation request, commanding officers were directed by Navy leadership to withhold these privileges – thereby directly impacting one's promotion potential.  It is also worth noting that rather than focusing on an officer's record and merit, with the inclusion of the language in promotion board convening orders, board members are now reminded of the vaccine mandate which may bring to mind the names of officers who submitted religious accommodation requests and thereby increase the potential for further implicit bias against class members, despite the direction that it not be considered. Additionally, per regulation, an officer's religion cannot be considered by the members of the promotion board, so there is little value in adding this language, as it will not correct prior wrongs committed against class members.  To state it differently, including language in FY 25-27 will not fix the bias and partiality that was showed against class members who were in or above zone for promotion in FY22 -24, when the mandate was in place and when commanding officers were commonly, at the direction of the Secretary of the Navy and Chief of Naval Operations, discriminating against officers who had filed for religious accommodations and denying them career opportunities that would have enhanced their competitiveness for promotion. **Rather than adding "corrective" language, each of these officers should be afforded a special selection board in accordance with 10 U.S.C. 628 and similar relief also afforded to enlisted members.**

2. This Settlement also does not account for the physical, emotional, mental toll the implicit and explicit actions of the U.S. Navy took on us.  Faced with the prospect of being separated before I was retirement eligible, led to me developing a stomach ulcer and developing the unconscious habit of clenching my teeth – necessitating the military dental clinic issuing me a mouth guard – all from the incredible amount of stress caused by the Navy's actions – to say nothing of the humiliation and pain caused by having to weekly test for COVID despite not displaying any symptoms.

3. From a class member's perspective, this Settlement is largely useless in preventing the Navy from engaging in similar practices in the future as the remedial actions the Navy agrees to

Subj:   OBJECTION TO CLASS SETTLEMENT (LCDR BAO)

undertake are symbolic rather than impactful and do not address any of the adverse consequences experienced by class members other than fitness reports and evaluations in one's official military personnel file. The leaders who oversaw the mandate have all been promoted and put in greater positions of power and influence, without every receiving remedial counseling or instruction on how the mass, standardized approach taken by the Navy neglected individualized consideration.

4.  I will not be able to appear at the Fairness Hearing but wanted to make my concerns known and ensure that class members will be able to continue to petition the Board of Corrections for Naval Records (BCNR) concerning individualized wrongs they have experienced related to the COVID-19 mandate and will be able to file in federal District Courts should BCNR deny their petitions.

KRISTI BAO, LCDR, USN

5 June 2024

From: LCDR Kristi Bao, USN, 2500
To:   BCNR

Subj: REQUEST FOR A SPECIAL SELECTION BOARD FOR FY23 AND FY24

Ref:  (a) SECNAVINST 1402.1
      (b) FY-23 AO5S PSB Convening Order[1]
      (c) FY-23 AO5S PSB Precept[2]
      (d) DoDI 1320.14

Encl: (1) JAG/CNLSCINST 5400.1C SOM
      (2) Email with JAGC detailer dated 31 Oct 22 - 1 Nov 22
      (3) U.S. Navy SEALS 1-26 v. Joseph R. Biden, Motion to Supplement the Record (Transcript of Admiral Lescher's deposition) (see specifically pages 17, 34, 35, 188, and 189)
      (4) People Talks 21-47 and 22-21 (Slating Notes from VADM Crandall for FY22 and FY23)
      (5) Excerpts from "Defending the Constitution behind Enemy Lines: A Story of Hope for Those Who Love Liberty", published 4 Jul 23

1. Per reference (a), I respectfully request a special selection board (SSB) for FY23 and FY24 to consider me for the rank of Commander. I was considered by the FY-23 Active Duty Staff Corps promotion selection board, but due to the board acting contrary to law and involving a material error of fact, I was not selected for promotion. The same errors that occurred in FY23 carried forward to FY24.

2. Pursuant to reference (b), it is impermissible for the promotion board to consider an officer's religion. Pursuant to reference (c), it is impermissible for board members to receive or participate in communications or discussions involving information that DoDI 1320.14 precludes from consideration by a promotion selection board. Reference (d) states that religion is not to be considered by board members and board members are to be directed with instructions that state each of them are "responsible for maintaining the integrity and independence of this promotion selection board, and for fostering the careful consideration, without prejudice or partiality, of all eligible officers." As set forth below, it is my position that the member(s) of the promotion board wrongly considered by religious beliefs when voting on my record and were thus not impartial in the review of my record.

3. The board president for FY23 was VADM Crandall. By Navy JAGC policy, all O4s and above, as control grade officers, are detailed by the Judge Advocate General after extensive assignment slating meetings held in consultation with senior judge advocate leadership, who

---

[1] https://www.mynavyhr.navy.mil/Portals/55/Boards/Active%20Duty%20Officer/documents/FY23_Promotion_Board_Materials/FY23_AO5S_PSB_Convening_Order.pdf?ver=NXQcib8T69vkMsu1FYkj8A%3d%3d
[2] https://www.mynavyhr.navy.mil/Portals/55/Boards/Active%20Duty%20Officer/documents/FY23_Promotion_Board_Materials/FY23_PSB_Precept.pdf?ver=sUlR6YYoXtx8b0fP4AZdrw%3d%3d

Encl_Bao

Subj:   REQUEST FOR A SPECIAL SELECTION BOARD FOR FY23 AND FY24

largely come from the Naval District Washington region, see enclosure (4), which is also representative of the process in previous years. As an aside, at least five of the seven board members were from the Washington D.C. area for the FY-23 Board.[3]  For FY24, there was an overlap between prior slating meetings and promotion selection board membership for RADM French and CAPT Cimmino.

4. The Judge Advocate General receives legal support from the Assistant Judge Advocate General of the Navy, Civil Law (01), who in turn, oversees the Administrative Law division, Code 13.

5. Each of these individuals and entity were instrumental in the development of Navy policy as it pertains to religious accommodations requests following the COVID-19 vaccine mandate. Specifically, Code 13 is assigned to staff and review all religious accommodation appeals, and the AJAG 01, wrote a legal framework memo stating upholding a universal vaccine mandate was supportable as a least restrictive means of protecting the force. This memo was addressed to the Chief of Naval Operations, so it is more likely than not that the Judge Advocate General concurred with this rationale. And given that at the time the board met, the Navy had not approved a single religious accommodation request for vaccine exemption for a member remaining on active-duty, it is highly probable that the Judge Advocate General adopted this position.

6. I requested a religious accommodation on 2 September 2021. It was denied on 5 November 2021, but not delivered until 15 November 2021. I appealed on 22 November 2021, and the appeal was denied on 5 May 2022.

7. I was originally slated to PCS in the summer of 2022, but requested an extension to remain in place. Accordingly, my supervising attorney, notified my detailer of my vaccination status going in to the 2022 slating season (early fall 2021) and it was then raised in discussions with the Judge Advocate General, since I would be restricted from executing a permanent change of station or from being assigned to an operational command unless an exception to policy was routed and approved by the Under Secretary of the Navy.  Per enclosure (2), the Judge Advocate General decided not to pursue a waiver on my behalf and was cognizant of my religious beliefs that led to my decision to submit a religious accommodation request for the COVID-19 vaccine. Per enclosure (4), membership for the 2022 slating meetings (where my vaccination status and religious beliefs would have been discussed) included: VADM Crandall, RADM French, and CAPT Cimmino – who later say my FY23 and FY24 promotion selection boards.

8. The JAGC is a very small community where senior officers routinely and regularly update leadership to keep them apprised of matters that may impact an officer's detailing.  Code 13 is also the division that oversees professional conduct for attorneys, so it is more likely than not, that the entire Administrative Law section was aware of my status and briefed the Judge Advocate General and JAG leadership accordingly, see enclosure (1). I recognize that I have limited evidence to support my position, but a review of JAGC organization charts and knowledge of how a small Navy Staff Corps community operates should carry considerable weight.  Furthermore, in making casual inquiries, I am not aware of any other active-duty judge

---

[3] Specifically, VADM Crandall, CAPT Gonzalez, CAPT Wong, CAPT Josephson, and CAPT Stephens

ENCL - BAO

Subj: REQUEST FOR A SPECIAL SELECTION BOARD FOR FY23 AND FY24

advocate opting out of the vaccine mandate – which would make my situation very unique and worthy of being briefed to Flag leadership, especially as I was filling an operational billet at the time the mandate was implemented. In lieu of submitting FOIA and Privacy Act requests for emails and records that may substantiate my position, I am attaching enclosure (2), which affirms that VADM Crandall, as a JAGC Flag officer, was aware of my religious beliefs as evidenced by my filing of a vaccine religious accommodation request.

9. Concerning the FY24, promotion selection board, similar concerns existed about the selection board membership, as RADM French and CAPT Cimmino were in attendance during detailing/slating discussions where they would have had knowledge about my religious beliefs.

10. On July 4, 2023, enclosure (5) was published that contains relevant information as to my claim that board member(s) wrongly considered my religious beliefs when voting on my record at a minimum on the FY-23 Active Duty Staff Corps promotion selection board. Specifically, VADM Crandall is quoted as saying, "I probably shouldn't mention this. I hope no one is recording." And then, according to the author, "launched into a celebration of the recent Supreme Court decision which allowed the Navy to basically reduce their own readiness by declaring unvaccinated service members to be non-deployable. Admiral Crandall bragged about the exceptional support JAG lawyers had provided to Department of Justice attorneys in defending vaccine mandates and getting the Supreme Court to validate the Navy's position that judges should 'stay out' of military decision making. He then proceeded to denigrate a Navy Destroyer commanding officer who had 'sidelined a billion dollar warship' because he refused to follow the mandate. Admiral Crandall publicly ridiculed the Destroyer CO to the room full of lawyers for jeopardizing his own life, the lives of his crew, and the national security for personal reasons – refusing the 'safe and effective' vaccine." Arguably, if this was the sentiment he displayed to an officer outside of his community, it is more likely than not that he shared the same sentiment towards me, a fellow judge advocate. The speech in question occurred during the Navy Reserve Law Program Military Law Training Symposium (East) in March 2022, prior to the convening of the FY-23 promotion selection board in May 2022. Thus, it is relevant as it informs the mind-set of the Board President and how he viewed Sailor's religious beliefs as the U.S. Supreme Court decision in question pertained to service member's seeking accommodations based on their religious beliefs. Based on the comments made by the Board President in March 2022, there is a preponderance of evidence to suggest that he should have recused himself from reviewing promotion records of officers whom he knew had sought religious accommodation requests, since he clearly had a bias against members seeking religious accommodations and he knew I was seeking one. The same could also be said towards CAPT Josephson, another member of the FY23 selection board, as she was legal advisor to the VCNO, and again, per enclosures (3) and (5), had helped draft Admiral Lescher's court declaration which opposed making accommodations for religious beliefs, and given her position and seniority, more likely than not, knew of my religious beliefs.

11. At a minimum, at least one member of the promotion selection board knew of my religious beliefs, and possessed that information during the promotion selection board, that according to DoDI 1320.14 and references (b) and (c), was unlawful for them to have received and/or possessed. Upon review of my official military record, there was no mention of my religious beliefs or status. Thus, it is only due to the process by which CNP and the JAGC decided to establish the board membership, that my religious status and beliefs were made known to

ENCL - BAC

Subj:   REQUEST FOR A SPECIAL SELECTION BOARD FOR FY23 AND FY24

member(s) of the board, and I was thus deprived of a fair and impartial consideration by the board.  Upon reviewing the extensive vaccination status reporting requirements (which for the sake of brevity, I do not reiterate here), the broad permissions granted to view Chief of Naval Personnel and OPNAV vaccine sharepoint trackers, and religious accommodation packages in DON Tracker, and that I was not allowed to be assigned to an operational billet given my vaccination status for the FY23/24 slating cycles, there is more than a preponderance of evidence to support that judge advocate members on the two promotion selection boards had access to trackers and reports and knew of my religious beliefs, thereby holding it against me contrary to law and policy.  Due to the board membership containing individuals who were in key policy decisions related to the vaccine mandate and who had access to individual records of officers who submitted religious accommodation requests, including mine, there is a material unfairness that these same senior officers were selected to sit the promotion selection board and utilize knowledge of my religious beliefs when voting on my record.

12. While I fully anticipate that the board members will assert that they performed their duties without prejudice or partiality and complied with the terms of the oath they swore to, from an objective equity and fairness perspective, there is more than a preponderance of the evidence that the board member(s) knew of my religious beliefs prior to sitting the board and possessed that information despite me not disclosing it to the promotion selection board.  In accordance with SECNAVINST 1401.3B, selection board members are expected to recognize that certain relationships may affect the perceived integrity of the board. In such cases, the board member must advise the board sponsor of the relationship and take such action as will protect the integrity of the board process, up to and including requesting relief from board duties.  As has come out in pending litigation, CAPT Josephson, personally advised the VCNO on his sworn deposition in favor of the government's position to uphold the vaccine mandate and not accommodate religious accommodation requests. As set forth in enclosure (3), at a minimum, CAPT Josephson & VADM Crandall's were involved in providing advice to VCNO on COVID policy.  Thus, VADM Crandall and CAPT Josephson should have declined sitting on the promotion selection board given their integral involvement in the reviewing and staffing of Navy policy as it relates to religious accommodation requests and VADM Crandall's specific, individualized knowledge of my religious beliefs. Similarly, for the FY-24 Board, both RADM French and CAPT Cimino were in attendance during detailing/slating meetings where my vaccine status and religious beliefs were more than likely discussed as it made me ineligible for operational billets.

13. Therefore, in order to correct a material and legal error, as well as injustice, and due to fundamental fairness, I respectfully request a special selection board comprised of members that were outside the purview of processing religious accommodation requests.

14. If you require additional information concerning my request, I can be reached at phone: 650-346-2049 or by email: kristi.h.bao@gmail.com.

Very respectfully,

K. BAO

ENCL-BAO



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL

- Expected delivery date spe
- Domestic shipments includ
- USPS Tracking® service in
- Limited international insura
- When used internationally,

*Insurance does not cover certain ite
Domestic Mail Manual at http://pe.us
** See International Mail Manual at h

FLAT RATE E
ONE RATE ■ ANY WEIGH

TRACKED ■ IN

PS00001000014



Retail
US POSTAGE PAID
$9.85
Origin: 20715
07/03/24
2309360715-11

PRIORITY MAIL®

0 Lb 2.70 Oz
RDC 03

EXPECTED DELIVERY DAY: 07/06/24

C024

SHIP TO:
STE 310
501 W 10TH ST
FORT WORTH TX 76102-3641

USPS TRACKING #

9505 5110 0982 4185 2654 44

FROM:
Kristi Bao
12307 Eugenes Prospect Dr
Bowie MD 20720      3

RECEIVED
JUL - 9 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

TO:

Clerk's Office
U.S. District Court Northern TX
Fort Worth Division
501 West 10th St. Rm 310
Fort Worth, TX 76102

ATTN: U.S. Navy Seals v. Biden

