**OBJECTION TO SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS In U.S. Navy. SEALS 1-26 v. Biden, 4:22-cv-01236-O (N.D. Tex,)**

**To: United States District Court for the Northern District of Texas**
**From: Daniel S. Farberoff, E-5, USN**

As a class member, I object to the fairness, reasonableness, and adequacy of this Settlement Agreement for the following reasons:

The repair of harms is not adequate because it only forces the Navy to correct limited administrative records which fails to restore the harms that fall outside this limited definition or the harms done to those class members no longer in the service.

The settlement does not adequately compensate class attorneys, who were forced to litigate with an incredibly limited budget against the significant resources of the federal government who weaponized citizens' (including class members') tax dollars against them.

The Settlement does not compensate class members in any way whatsoever, despite many class members enduring significant financial, mental health, and medical expenses as a result of defendants actions.

Finally, the Settlement does not deter the Navy from engaging in similar unlawful practices in the future because 1) the remedial actions the Navy is directed to take are completely symbolic and 2) the Settlement Agreement does not hold accountable those Navy leaders who are most responsible for violating the Religious Freedom Restoration Act and the First Amendment of the Constitution.

The defendants actions in violating the rights of class members had an individualized impact and therefore must be remedied by individualized relief and compensation. I do not consent to this settlement and will object unless the following six conditions are added to the Settlement Agreement.

1) Full backpay must be provided automatically (i.e. without their having to request it), for all class members who were involuntarily separated from the Navy for refusing the COVID-19 shots after filing a religious accommodation.

2) All service members who were involuntarily separated, left the Navy voluntarily, or retired before statutory retirement age, after filing a religious accommodation, must be automatically (i.e. without their having to request it), offered full reinstatement to their previous ranks and positions with both the pay and seniority they would otherwise have been entitled to had they remained in the Navy.

3) Compensation for class members' attorneys is not adequate. Attorney's fees must be set at a minimum of $15,000,000.

4) The Settlement Agreement provides zero compensation for class members to deal with the significant financial, physical, emotional, and mental toll for the ordeal they underwent at the hands of the defendants. A fund must be established to support the medical, mental health, and unemployment claims of class members. This fund must be funded by the United States Navy with a minimum of $200,000,000. The fund must provide a method for class members to make claims for a minimum of five years.

5) Admiral Gilday, Admiral Nowell, and Admiral Waters must be held accountable for their part in violating the Religious Freedom Restoration Act and the First Amendment of the Constitution. All three must be issued an official reprimand and be barred from federal service or contracting with the federal government for a minimum of seven years.

6) Wide latitude must be provided to the Board For the Correction of Naval Records (BCNR) for class members to seek relief over defendant's actions related to the COVID-19 mandates. BCNR cases which do not result in satisfactory relief for class members shall remain actionable as claims under this Settlement and relief may be sought by class members in subsequent federal court cases.

Signed on this date: 10 JULY 2024

Daniel S. Farberoff, E-5, USN

1053 UTAH CT
FALLON, NV 89406

CLERK'S OFFICE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
501 WEST 10TH STREET, ROOM 310
FORT WORTH, TEXAS 76102-3673
ATTN: U.S. NAVY SEALS 1-26 v. BIDEN, CASE No. 4:21-cv-01236,
OBJECTIONS TO PROPOSED CLASS SETTLEMENT

