**UNITED STATES DISTRICT COURT**
**NORTH DISTRICT OF TEXAS**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 16 2024
CLERK, U.S. DISTRICT COURT
By MW Deputy

U.S. Navy SEALs 1-26 )
)
Plaintiffs, )
v. )
) Case No. 4:21-cv-01236
Biden )
)
Defendants. )
)

**Objections to Proposed Class Settlement**

1. I am a United States Navy Sailor and a Class member who was subject to the Navy's COVID-19 Vaccine Mandate. I submitted a Religious Accommodation Request (RAR) request and was blatantly and flagrantly discriminated against by the U.S. Navy. This abhorrent discrimination resulted in a federal class action lawsuit entitled U.S. Navy SEALs 1-26 v. Biden, 4:21-cv-01236 (N.D. Tex.).

2. The NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO APPROVE PROPOSED SETTLEMENT and SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS that were provided to Class members differ significantly, which disparages the rights of the Class members. The NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO APPROVE PROPOSED SETTLEMENT states, "If you are not satisfied with the Settlement, you can ask the Court to deny approval for the

Settlement." As a Class member, I am extremely dissatisfied with the proposed Settlement Agreement and I am formally requesting the Court to deny approval of the proposed Settlement Agreement.

3. I object to the lack of fairness, reasonableness, and adequacy of the proposed class action Settlement Agreement on numerous points. These points apply to the entire Class.

4. I object to the proposed Settlement Agreement paragraph I.B.16.a because the proposed definition does not define "adverse" or "negative." A Class member who received a "promotable" promotion recommendation and a "3.0" trait average is not considered adverse or negative by U.S. Navy standards per BUPERSINST 1610.10F. However, from a U.S. Navy selection board perspective, this record is considered very adverse and the Class members who did nothing wrong will not be selected for promotion. The proposed Settlement Agreement is inadequate, unfair and complete theater. Class members think they would receive proper settlement. In reality, the U.S. Navy would continue to harm Class members because the U.S. Navy gets to define "negative" and "adverse." This objection applies to the entire Class.

5. I object to the word "solely" in the proposed Settlement Agreement paragraphs I.C.17, I.C.18, and I.C.19 because as written the proposed Settlement Agreement is unfair and unreasonable. This objection applies to the entire Class.

The U.S. Navy will use the word "solely" to drive a truck through this proposed Settlement Agreement and continue the harm to Class members. The U.S. Navy has already demonstrated a propensity to harm Class members. It is the U.S. Navy's own policies that mixed violations of other policies and non-compliance with the COVID-19 Vaccine Mandate in personnel records. Now this proposed Settlement Agreement tries to separate the combined violations and let the U.S. Navy make the decision. Because of the word "solely," if 99% of the separation processing and proceedings, formal counselings, non-judicial punishments, or reenlistment codes from a Class member's personnel record is based on non-compliance with the COVID-19 Vaccine Mandate and 1% is due to violations of other policies, the separation processing and proceedings, formal counselings, non-judicial punishments, or reenlistment codes will remain in the Class member's personnel record. Because of the word "solely," it is pure theater that these paragraphs will provide relief to Class members as these paragraphs are currently written.

6. The Department of the Navy (DON) announced the correction to records of 15 Sailors formerly assigned to USS Philadelphia (CL-41) (commonly referred to as the 'Philadelphia 15') in a ceremony at the Pentagon on June 16,

2023[1]. The 'Philadelphia 15' were fifteen African-American Sailors assigned to USS Philadelphia who, in October 1940, authored a letter published in the Pittsburgh Courier describing the racial discrimination, abuse, and inability to advance into other, higher-ranking positions. "The record contained evidence that suggested the race of these sailors may have been a factor that impermissibly motivated some of the decisions made by the Navy regarding these sailors," said Bobby Hogue, Principal Deputy ASN M&RA. "That was enough for me to initiate the case." I am proud the U.S. Navy corrected the records of the Philadelphia 15. However, the corrections to the 'Philadelphia 15' personnel records were made based on the premise "that suggested the race of these sailors may have been a factor," which is a different premise than "solely." U.S. Navy SEALs 1-26 v. Biden was initiated when the U.S. Navy treated Sailors who submitted a RAR differently than those Sailors who submitted a medical accommodation request from the identical requirement. The Philadelphia 15 had to spend zero dollars, zero years litigating in court, and their personnel records were corrected automatically by the U.S. Navy without a court order because U.S. Navy "may have" mistreated the Philadelphia 15 and the evidence "suggested" a correction to personnel records was warranted. Now, the proposed Settlement Agreement for U.S. Navy SEALs 1-26 v. Biden proposes to terminate the litigation with Class

[1] https://www.navy.mil/Press-Office/News-Stories/Article/3431616/the-department-of-the-navy-announces-correction-to-records-of-the-philadelphia/

members who exercised their Constitutional rights serving in the same U.S. Navy as the Philadelphia 15 under the nearly the same U.S. Constitution[2] as the Philadelphia 15. Class counsel had to spend $1,500,000, while Class members had to endure almost three years in litigation, accept the U.S. Navy's refusal to reach a settlement during arbitration twice, only to have the possibility of having the personnel records reviewed if the record reaches a legal threshold of "solely," and only thru a court order. The U.S. Navy is not performing any actions for Class members automatically as it did for the Philadelphia 15. The proposed Settlement Agreement for U.S. Navy SEALs 1-26 v. Biden terminates exactly as it began: with the U.S. Navy treating those Sailors who submitted a RAR differently than other Sailors. Additionally, there is no hope for correcting the personnel records of those Sailors who are not Class members, but endured the same discrimination. I object to the proposed Settlement Agreement because it is unfair, unreasonable, and inadequate. This objection applies to the entire Class. I request the personnel records of Class members be treated equally as the Philadelphia 15. The U.S. Navy has already demonstrated precedence.

7. I object to the term "refusal" in the proposed Settlement Agreement paragraph I.C.19. I object to being called a "refuser" or even implying that I am a refuser. Those who followed the U.S Navy's policies are not refusers and yet were

---

[2] Several U.S. Constitutional amendments were ratified after 1940.

punished for doing so. I find the use of this word derogatory, demeaning, and disrespectful. As a victim of unlawful discrimination, I stand with Ms. Rosa Parks and am comforted in her example while following in her footsteps. Ms. Parks was an American citizen sitting in her racially segregated and publicly posted assigned seat on a public bus in Montgomery, Alabama. A uniformed officer approached Ms. Parks and ordered her to move to a different bus seat. Similarly, a uniformed officer approached Class members and ordered them to comply with the Navy's COVID-19 Vaccine Mandate. Ms. Parks' accommodation to remain in her seat was rejected by the uniformed officer. Similarly, RARs submitted by Class members were rejected by uniformed officers. Ms. Parks' appeal was rejected. Similarly, the appeals of many Class members were rejected. Is it appropriate to call the victim of discrimination, Ms. Rosa Parks, a refuser? Yet, that is exactly what this proposed Settlement Agreement does to Class members. Today, we call Ms. Rosa Parks a hero for standing against discrimination and Class members should be called heroes for standing against discrimination. I am a United States Sailor and I will support and defend the Constitution of the United States of America. I object to the proposed Settlement Agreement paragraph I.C.19 because it is unreasonable, dehumanizing, derogatory, demeaning, and disrespectful. This objection applies to the entire Class.

8. I request the proposed Settlement Agreement paragraph I.C.19 be revised to the following: … The exact content of the language is within the discretion of the U.S. Navy but shall provide that the boards must not consider any adverse information in cases in which a COVID-19 religious accommodation was requested.

9. I have no objection in the proposed Settlement Agreement to applying either the words "refusal" or "refuser" to the U.S. Navy. In my opinion, it is the U.S. Navy who refused to follow their own instructions and policies. It is the U.S. Navy who refused to approve RARs. It is the U.S. Navy who refused to follow federal law. It is the U.S. Navy who refused to honor the Constitutional rights of the Class members. This case has demonstrated that the U.S. Navy did not grant a religious exemption to any vaccine in recent memory, but merely rubber stamped each denial. Prior to this case, the U.S. Navy did not grant a religious exemption to any vaccine requirement.

10. I object to the proposed Settlement Agreement paragraph I.C.21 because it is inadequate and unfair. This objection applies to the entire Class. Chapter 1, paragraph 5.e of OPNAVINST 5354.1H states, "Develop, disseminate and enforce harassment prevention and MEO policy statement(s) which must include expectations regarding EO and procedural compliance." Every U.S. Navy Commander and Commanding Officer is required to develop and disseminate

Military Equal Opportunity (MEO) policy statements which include expectations regarding procedural compliance. I request the proposed Settlement Agreement paragraph I.C.21 be revised to the following: Defendants agree that the U.S. Navy will post the following information on its public website within six months of the Effective Date of this Agreement and include the following in its Military Equal Opportunity (MEO) policy statements publicly displayed in all U.S. Navy commands: …

11. The proposed Settlement Agreement paragraph I.C.17 discusses "personnel records" and did not address security clearance records. I object to the inadequacy of the proposed Settlement Agreement and this objection applies to the entire Class. I request the proposed Settlement Agreement include the following additional agreement to correct security clearance records of Class Members[3]: Defendants agree to review the security clearance records of all Class Members to ensure that the U.S. Navy has permanently removed security clearance records indicating security clearance denials and revocations taken against the Class Members on the basis of non-compliance with the COVID-19 Vaccine Mandate and adverse information related to non-compliance with the COVID-19 Vaccine

[3] Standard Form 86 asks the following questions as a part of security clearance investigation request: Section 13A - Employment Activities. For this employment, in the last seven (7) years have you received a written warning, been officially reprimanded, suspended, or disciplined for misconduct in the workplace, such as a violation of security policy? Yes: { } No: { }. Section 28 - Non-Criminal Court Actions. In the last ten (10) years, have you been a party to any public record civil court action not listed elsewhere on this form?

Mandate. It is the policy of the Secretary of the Navy that Military members who were denied or revoked a favorable national security eligibility determination will be afforded due process[4]. The U.S Navy agrees to complete this review within nine months of the Effective Date of this Agreement and agrees to notify Class Counsel when this review is complete.

12. The proposed Settlement Agreement paragraph I.C.23 is inadequate because it does not specify if the training will be mandatory. I object because the training should be mandatory. This objection applies to the entire Class. This case has demonstrated a ten year history of discriminatory RAR denials committed by the U.S. Navy. If this training is not mandatory, then this proposed settlement is in vain, fruitless, and complete theater.

13. I object to the inadequacy of the proposed Settlement Agreement and this objection applies to a specific subset of the Class, specifically officers. Officer Class members who were not selected for promotion were treated in an unfair manner and not selected because the U.S. Navy marked their record with a Field Code. I request the proposed Settlement Agreement include the following additional agreement: Defendants agree that the U.S. Navy will convene Special Selection Boards[5] for officer, active and reserve members of this Class who were passed over for selection. Special Selection Boards will occur within twelve

[4] Enclosure (8), paragraph 2.e(3) of SECNAVINST 5510.30C.
[5] https://www.mynavyhr.navy.mil/Career-Management/Boards/Special-Boards/Officer-Special-Boards/

months of the Effective Date of this Agreement and the results will be made publicly available, the results provided to Class Counsel, and the results provided to this court.

14. Enclosure (2), paragraph 2 of SECNAVINST 1402.1 states, "Special Selection Board (SSB). A selection board of eligible commissioned officers convened by the SECNAV pursuant to sections 628 or 14502 of reference (a), or warrant officers pursuant to section 12242 of reference (a) and reference (b), to consider officers who were either eligible but not considered by a regularly scheduled Promotion Selection Board (PSB) due to administrative error **or who were considered in an unfair manner and not selected**." [emphasis added]

15. I object to the inadequacy of the proposed Settlement Agreement and this objection applies to a specific subset of the Class, specifically enlisted. Enlisted Class members who were not selected for promotion were treated in an unfair manner and not selected because the U.S. Navy marked their record with a Field Code. I request the proposed Settlement Agreement include the following additional agreement: Defendants agree that the U.S. Navy will convene Special Selection Boards[6] for enlisted, active and reserve members of this Class who were passed over for selection. Special Selection Boards will occur within twelve months of the Effective Date of this Agreement and the results will be made

[6] https://www.mynavyhr.navy.mil/Career-Management/Boards/Special-Boards/Enlisted-Special-Boards/

publicly available, the results provided to Class Counsel, and the results provided to this court.

16. I request the proposed Settlement Agreement review the records of Class members who graduated from the United States Naval Academy (USNA) Midshipmen or any other Midshipmen from other commissioning sources such as the Reserve Officer Training Corps. There are numerous publicly available reports that Midshipmen were denied diplomas due to discriminatory denials of RARs[7],[8],[9]. I object to the inadequacy of the proposed Settlement Agreement and this objection applies to a specific subset of the Class.

17. The proposed Settlement Agreement provides no compensation to Class members. I am not requesting compensation, because the United States of America was not established on compensating members for fighting injustice. The fifty-six signers of the Declaration of Independence relied on "a firm reliance on the protection of the Divine Providence, we mutually pledge to each other our Lives, our Fortunes and our sacred Honor." They valued religious liberty and relied upon their religious convictions to guide them, pledging their lives, fortunes, and sacred honor. Why are Class members prevented from relying on our deeply

[7] https://steube.house.gov/in-the-news/naval-academy-confirms-it-denied-all-religious-vax-exemption-requests/
[8] https://nypost.com/2022/11/30/republicans-demand-naval-academy-transparency-after-unvaxxed-midshipmen-allegedly-denied-diplomas/
[9] https://www.foxnews.com/media/naval-academy-sparks-fury-allegedly-denying-diplomas-unvaccinated-midshipmen-absolutely-atrocious

held religious beliefs to guide us? Why are Class members punished and discriminated against for following our deeply held religious beliefs?

18. Let me be clear. I did nothing wrong just like Ms. Rosa Parks did nothing wrong. Yet, we celebrate Ms. Rosa Parks' achievements with a postage stamp, a Congressional Gold Medal, a museum, and many other honors. I am not asking for these honors, but I still stand with Rosa Parks. The proposed class action Settlement Agreement is unfair, unreasonable, and inadequate on numerous points.

19. This case has already exposed several sham processes by the U.S. Navy. Do not let this proposed Settlement Agreement become another statistic. This proposed Settlement Agreement will be treated as theater in the eyes of the U.S. Navy and class members will continue to be harmed. No organization is above the law including the U.S. Navy.

20. With this written objection, I have attempted to comply with the provisions in both the NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO APPROVE PROPOSED SETTLEMENT and SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS In U.S. Navy SEALS 1-26 v. Biden, 4:21-cv-01236 (N.D. Tex.) even though the documents differ significantly in the provisions for filing a written objection. If my written objection fails to meet a minute detail of either document, I request that my rights not be forfeited and my objections be brought before the Court.

21. I am undecided whether I as a Class Member will appear at the Fairness Hearing.

22. I, Captain Gary Blumberg, USN, am over the age of eighteen years. If called upon to testify, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge. The views expressed in this content are those of the author and do not reflect the official policy, position, or endorsement of the Department of Defense or the U.S. Government.

Dated: July 12, 2024

Captain Gary A. Blumberg, USN

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.

PRESS FIRMLY TO SEAL







PRESS FIRMLY TO SEAL

PME
CHESAPEAKE, VA 23322
JUL 13, 2024
76102
**$30.45**
R2305K138749-51

RDC 07

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP






UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

EI 941 603 053 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE (585) 233-9180

Gary Blumberg
1528 Benefit Rd
Chesapeake, VA 23322

RECEIVED
JUL 16 2024

**DELIVERY OPTIONS (Customer Use Only)**

☒ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( )

Clerk's Office
US District Court Northern District Texas
501 West 10th St, Room 310
Fort Worth, TX
US Navy Seals 1-26 v Biden, No. 4:21-cv-01236

ZIP + 4® (U.S. ADDRESSES ONLY)
76102-3673

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

**PAYMENT BY ACCOUNT** (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| --- | --- | --- | --- |
| PO ZIP Code: 23322 | Scheduled Delivery Date (MM/DD/YY): [illegible] | Postage: $ 30.45 | |
| Date Accepted (MM/DD/YY): 7/13/24 | Scheduled Delivery Time: ☒ 6:00 PM | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 9:45 ☒ AM ☐ PM | | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Special Handling/Fragile: $ | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ 30.45 | |
| Weight: 0 lbs. 3.7 ozs. ☐ Flat Rate | Acceptance Employee Initials | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| --- | --- | --- |
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, NOVEMBER 2023 PSN 7690-02-000-9996




EP13F October 2023
OD: 12 1/2 x 9 1/2



UNITED STATES POSTAL SERVICE.