OBJECTION TO SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS in U.S. Navy SEALs 1-26 v. Bident, 4:22-cv-01236-O (N.D. Tex.)

NORTHERN DISTRICT OF TEXAS
FILED

JUL 16 2024

CLERK, U.S. DISTRICT COURT
By_____ M W_____

To: United States District Court for the Northern District of Texas

From: Damon Young Turner (previously LCDR, USN)

As a class member, I object to the fairness, reasonableness, and adequacy of this Settlement Agreement for the following reasons:

The repair of harms is not adequate because it only forces the Navy to correct limited administrative records which fails to restore the harms that fall outside this limited definition or the harms done to those class members no longer in the service.

The Settlement does not compensate class members in any way whatsoever, despite many class members enduring significant financial, mental health, and medical expenses as a result of defendant's actions.

The Settlement does not adequately compensate class attorneys.

Finally, the Settlement does not deter the Navy from engaging in similar unlawful practices in the future because 1) the remedial actions the Navy is directed to take are completely symbolic and 2) the Settlement Agreement does not hold accountable those Navy leaders who are most responsible for violating the Religious Freedom Restoration Act and the First Amendment of the Constitution.

The defendant's actions in violating the rights of class members had an individualized impact and therefore must be remedied by individualized relief and compensation. I do not consent to this settlement and will object unless the following conditions are added to the agreement:

1) Full backpay must be provided automatically (i.e. without their having to request it), for all class members who were involuntarily separated from the Navy for refusing the COVID-19 shots after filing a religious accommodation.

2) All Service Members who were involuntarily separated, left the Navy, or retired before statutory retirement age, after filing a religious accommodation, must be automatically (i.e. without their having to request it), offered full reinstatement to their previous ranks and positions with both the pay and seniority they would otherwise have been entitled to had they remained in the Navy.

3) Wide latitude must be provided to the Board For the Correction of Naval Records (BCNR) for class members to seek relief over defendant's actions related to the COVID-19 mandates. BCNR cases which do not result in satisfactory relief for class members shall remain actionable as claims under this Settlement and relief may be sought by class members in subsequent federal court cases.

Signed on this date: *10 July 2024*

Damon Turner

DAMON TWINGLE
277 GUDGER RD
MADISONVILLE, TN 37354

CLERK'S OFFICE
U.S. DISTRICT COURT FOR THE N. DISTRICT OF TEXAS
FORT WORTH DIVISION
501 WEST 10TH STREET, ROOM 310
FORT WORTH, TEXAS 76102-3673
ATTN: U.S. NAVY SEALS 1-26  v. BIDEN,
CASE No. 4:21-CV-01236, OBJECTIONS TO PROPOSED CLASS SETTLEMENT

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14L © U.S. Postal Service; February 2014; All rights reserved.

PRESS FIRMLY TO SEAL

Retail

U.S. POSTAGE PAID
PM
MADISONVILLE, TN 37354
JUL 11, 2024
**$10.15**
S2324A50516-09

78102     0 Lb 2.40 Oz

RDC 03

FROM:
Damon Turner
277 Budger Rd
Madisonville, TN 37354

RECEIVED
JUL 16 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

TO: Clerk's office
US District court for the N. District of Texas
Fort Worth Division
501 West 10th Street, Room 310
Fort Worth, TX 76102-3673
Attn: US Navy Seals 1-26 v. Biden,
Case No. 4:21-cv-01236V,
Objections to proposed CLASS
Settlement

X-RAY

EXPECTED DELIVERY DAY: 07/15/2A

USPS TRACKING® #

9505 5124 8809 4193 6509 07

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Legal Flat Rate Envelope
EP14L February 2014
OD:15x 9.5

UNITED STATES
POSTAL SERVICE®