# OBJECTION TO SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS In U.S. Navy SEALs v. Biden, 4:22-cv-01236-O (N.D. Tex.)

**To: United States District Court for the Northern District of Texas**
**From: John M. Neuhart II**

I, John M. Neuhart II, am a retired US Navy Officer, and by virtue of having filed a Religious Accommodation Request regarding the Navy mandate of the COVID-19 injection[1] on 28 October 2021, I am a member of the Navy class as described in U.S. Navy SEALs v. Biden, 4:22-cv-01236-O (N.D. Tex).

Paragraph 1 of my Religious Accommodation letter reads, "*In accordance with the Free Exercise Clause of the First Amendment to the United States Constitution, I claim the right to practice my religion without burden.*"[2]

My respectful request for Religious Accommodation and my claim to my First Amendment rights were both denied via a letter from the Deputy Chief of Naval Operations on 7 December 2021.[3]

As a class member, I object to the fairness, reasonableness, and adequacy of this settlement agreement for the following reasons:

## ACCOUNTABILITY

The present settlement fails to impose accountability upon Defendants or their agents for their violations and transgressions. This lack of accountability directly perpetuates ongoing infringements of the First Amendment, thereby sustaining harm to class members.

Defendants and their agents devised and implemented a Standard Operating Procedure (SOP) to issue a uniform denial template for each Religious Accommodation Request submitted by Navy sailors, without adhering to the requisite individualized review mandated by law and military regulations.

Additionally, Defendants and their agents, deprived me of my constitutional rights even after I specifically asserted my rights.

---

[1] Letter: From: CDR John Neuhart II To: CNO N1 Via: COMMANDER NAVY REGION MID-ATLANTIC, SUBJ: REQUEST FOR TEMPORARY WAIVER OF POLICY IN SUPPORT OF RELIGIOUS PRACTICE, Date: 28 OCT 2021,
[2] Ibid 1
[3] Letter: SUBJ: "REQUEST FOR RELIGIOUS ACCOMMODATION THROUGH WAIVER OF IMMUNIZATION REQUIREMENTS" From: Deputy Chief of Naval Operations (Manpower, Personnel, Training and Education) (N1) 1730 Ser N1/116755

Defendants and their agents knowingly disregarded statutory provisions, the rights of service members, and the United States Constitution. This entire episode has proven to be a national embarrassment for the Navy, eroding public trust and exacerbating the military's recruitment challenges.

The Navy's leadership has opted not to rectify their strategic missteps concerning COVID-19 mandates or earnestly address ongoing First Amendment violations within the Navy. By promoting and issuing awards to co-Defendants and their agents, they have further demonstrated a disregard for the Religious Freedom Restoration Act, the First Amendment, and the trust placed in them by the citizens of the nation.

Navy leadership has consistently exhibited a pattern of First Amendment violations, disregard for the rights of service members, and contempt for the law. Given the persistent harm to class members, this matter warrants further judicial scrutiny. Defendants and their agents are unprepared for settlement as they have yet to fully acknowledge the extent of the harm inflicted.

## ADMINISTRATIVE RECORDS

The remedy offered proves inadequate, as it merely obliges the Navy to rectify records falling within narrowly defined parameters. Significant harm occurred outside the boundaries delineated in the settlement including Service members receiving unfavorable evaluations that fell short of qualifying as adverse evaluations. These assessments hindered their career advancement opportunities, thereby depriving them of deserved promotions in 2022, 2023, and 2024 which significantly impact retirement benefits.

Merely correcting records cannot undo the past. Only by convening special promotion boards for affected class members can these injustices be remedied, an option not provided for in the settlement.

Other actions, such as removal from leadership roles, cannot be rectified with a mere annotation in an administrative record. These personnel will never be able to recover their careers because the Navy promotes and selects based on milestones attached to entry dates.

Sailors subjected to menial labor beyond their duties, verbal and psychological abuse, and severe mental health crises cannot be made whole by a notation in their personnel files.

For class members who retired or departed the Naval Service subsequent to being denied their constitutional rights, correcting their records provides no substantive benefit and fails to address the harm incurred. Such individuals merit special consideration, including monetary damages.

## MONETARY DAMAGES

The settlement fails to compensate class members in any manner, despite many enduring significant financial hardship, medical complications, and mental health issues due to Defendants' actions.

The original complaint is also insufficient and narrow in scope. Retrospective relief should be included.

Under the Supreme Court's decision in Tanzin v. Tanvir, violations of the Religious Freedom Restoration Act permit litigants to seek monetary damages against federal officials. Given the physical, mental, and financial harm suffered by class members, damages could reasonably exceed $4 billion[4]. Defendants should establish a fund enabling class members to claim damages, yet the settlement does not address this, nor does it provide any form of monetary compensation.

## PRISONER OF WAR (POW) SIMILARITIES

In all cases, when a US Navy servicemember is captured and made a POW, the US Navy retains the servicemember on active duty and continues all of their salaries, pays, allowances, and bonuses to ensure neither the servicemember nor their families are financially harmed by the unjust actions of those holding them captive. Additionally the US Navy automatically promotes the POW service member at the next and each subsequent statutory promotion board, without exception[5]. Similar remedy is warranted since the US Navy's actions are equal to, if not more egregious, since Plaintiffs were under the protection of the Defendants who unjustly treated them as enemies.

POWs are often threated that they will never return home and be able to see or support their families, they are intentionally isolated, forced to sign dubious documents, humiliated, subjected to intense psychological stress, and also told that if they just disobey their consciences and morals and speak out against their country and military, that they will be released.

Plaintiffs were threatened with military judicial or administrative punishments which would cost them and their families routine, normal, and expected health care, retirement pay, and VA benefits offered to all servicemembers. Many Plaintiffs retired or left which cost them promotions and additional benefits. Many Plaintiffs were forcibly separated and lost all means of support for themselves and their families. Plaintiffs were isolated, removed from normal work, and humiliated with menial labor not associated with their job descriptions. Plaintiffs were forced to sign administrative admonishments (eg. Navy

---

[4] The suggested damages represent 1.56% of the 2024 US Navy approved budget and 1.55% of the US Navy's requested 2025 budget . https://www.secnav.navy.mil/fmc/fmb/Documents/25pres/DON_Budget_Card.pdf accessed 02July2024
[5] DoD 7000.14-R DoD Financial Management Regulation - Volume 7A: Military Pay Policy - Active Duty and Reserve Pay

"Page 13"s) with dubious legal purpose intended to unjustly pressure them into violating their consciences and the Constitution. Defendants were publicly removed from earned positions and titles, humiliating them and their families. Defendants were regularly provided "counseling" that was similar to intense psychological pressure to further intensify the unjust requirement to violate their consciences and the Constitution. Finally, Defendants attempted to entice Plaintiffs by offering to remove Defendant's threats and unjust actions if only Defendants would violate their consciences and the Constitution.

**SIMILAR POW RELIEF**

In the case of those Plaintiffs who actually left or retired after being denied their Religious Accommodation, Defendants should provide a new official retirement date that coincides with the final date of U.S. Navy SEALs v. Biden, 4:22-cv-01236-O (N.D. Tex.) case settlement. Additionally, those same Plaintiffs should be considered promoted at their previous statutory promotion boards that occurred after their Religious Accommodation Request denial and then provided the appropriate backpay (to include total compensation: salaries, pays, allowances, and bonuses).

In the case of those who remained in active duty or reserve service of the Defendants because they could not retire or because the Navy delayed their retirement paperwork, they should receive the same benefits described in the immediate previous paragraph as those who retired (automatic promotion at previous statutory promotion boards with backpay) but remain on active duty at their new rank.

The Navy treated all members who requested a Religious Accommodation as though they were enemies and treated them like prisoners of war. Plaintiffs were isolated, threatened, and abused. What makes it worse is that these were the very people who were assigned to protect Plaintiffs and swore an oath to protect the constitution.

**REQUIRED US NAVY ACTION**

Under the terms of the settlement, the Navy must prominently display a message on all of its websites for one year affirming its support for individual religious freedom and acknowledging that service in the Navy does not abrogate individuals' rights under the First Amendment.

The Navy must create two training programs within 180 days that must be completed annually and remain an annual training requirement for 20-years for all US Navy employees. The first required training program will stressing the importance of accommodating religious practices and acknowledging that the Navy illegally denied religious accommodations during the COVID vaccine rollout and that the Navy regrets its decision to violate individual religious freedom. The second required training program will teach the supremacy of individual rights as guaranteed by the US Constitution, for both citizens and US Navy personnel.

Only through a sustained 20 years of education will the Navy be able to remove the rot of disregard for liberty, law, and the Constitution.

## CONCLUSION

I urge the Court to consider this objection in its entirety when deliberating on the settlement and the imperative to continue this pivotal case for Jurisprudence concerning the First Amendment.

Very Respectfully,

*[signature]*

John M. Neuhart II

Mail to:
JM Neuhart
3145 Little Haven Road
Virginia Beach VA 23452

Neuhart
3145 Little Haven Rd
Virginia Beach VA 23452

ATTN: U.S. Navy SEALs 1-26 v. Biden,
Case No. 4:21-cv-01236
Objections to Proposed Class Settlement

Clerk's Office U.S. District Court for the N.
District of Texas Fort Worth Division
501 West 10th Street, Room 310
Fort Worth, Texas
76102-3673










**Extremely Urgent**

MARY E LAND
7574634107
MAIL DEPOT OF VIRGINIA INC
3419 VIRGINIA BEACH BLVD
VIRGINIA BEACH VA 23452

0.1 LBS LTR   1 OF 1

SHIP TO:
CLERK'S OFFICE US DISTRICT COURT FO
DISTRICT OF TEXAS FORT WORTH DIVISI
501 W 10TH ST STE 310
FORT WORTH TX 76102-3641

Attn: U.S. Navy SEALs 1-26 v. Biden,
Case No. 4:21-cv-01236
Objections to Proposed Class Settlement

TX 761 9-05

UPS NEXT DAY AIR
TRACKING #: 1Z W67 E09 01 9069 4562       1

BILLING: P/P

Visit UPS.com
Apply shipping document
**Window Envelope**
Use this envelope with shipping documents printed or inkjet printer on plain paper.
Scan QR code to schedule a pickup

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and 8 oz. or less. UPS Express envelopes containing items other than th or weighing more than 8oz. will be billed by weight.

**International Shipments**
- The UPS Express envelope may be used only for documents of no value. Certain countries consider electronic media as documents. ups.com/importexport to verify if your shipment is classified as a
- To qualify for the letter rate, the UPS Express envelope must weigh UPS express envelopes weighing more than 8 oz. will be billed by

**Note:** UPS Express envelopes are not recommended for shipment electronic media containing sensitive personal information or break Do not send cash or cash equivalent.

Trx Ref No.: PM PKG ID 147208
Trx Ref No.: FROM John Neuhart

International Shipping Notice — Carriage hereunder may be subject to the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Serving you for more than 110 years
United Parcel Service.®

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com
010195103  5/21"  PAC  United Parcel Service