FILED
July 18, 2024
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

In reference to U.S. Navy SEALS 1-26 v. Biden, 4:22-cv-01236-O (N.D. Tex.)

7/16/24

John C. Prohaska II

To Whom it May Concern,

    My name is Johnny Prohaska. I was a proud Scholarship Midshipman of the Navy ROTC unit at the Georgia Institute of Technology when the COVID-19 shot was mandated for every member of the United States Navy. I submitted a Religious Accommodation request, which was denied, and then was subsequently coercively removed and separated from my Navy ROTC unit. During my period of separation, I had to take out many loans (totaling $76,000.00) to pay for my schooling which was once covered by the Scholarship I was previously on. Over a year after my separation, while I was still finishing up my degree, I received notice that I will be charged by the Navy in the amount of $28,000.00 for the cost of my tuition and fees that my ROTC scholarship had covered. So now I am in over $100,000 of debt that I had planned to avoid by being a part of NROTC and serving my country as an Officer once I commissioned. Had the COVID-19 shot not been mandated, I would have commissioned in the Navy and presently be an Officer in the fleet, not owing any of this money. I was removed from the Navy when I did not want to be removed and now am being charged for said removal, which was not my decision. For this class action case to have any semblance of "substantial benefit" to me or others in my situation, the tuition and fee money that I am being charged by the Navy should be wiped completely clean and the private loans I had to take out because of this forced and coerced removal should be paid for in full by the United States Navy. Thus, I hereby object to the fairness, reasonableness, adequacy, substantial benefit, and best interest (Section C par 25) of this Settlement agreement (U.S. Navy SEALS 1-26 v. Biden, 4:22-cv-01236-O (N.D. Tex.)). I will address the lack of fairness, reasonableness, adequacy, substantial benefit, and best interest of this settlement in this letter.

    First and foremost, I do NOT agree to the dismissal of this case (Section D par 34) because there is no subclass of Navy ROTC Midshipman who submitted a Religious Accommodation request defined or recognized in this class action, and this is the class that many others and I would fall into. I do not feel properly represented in this case. This is not *fair* to myself or others that fall into this subclass since this settlement does not provide substantial benefit to this subclass of Midshipmen nor is in the Midshipmen's best interest. This settlement, if anything, is in the Navy's *best interest*, not mine. Simply fixing records, updating websites, and creating PowerPoint presentations is of zero substantial benefit to me or anyone else in this subclass. Thus these solutions are not *reasonable* given the situation at hand as it pertains to this subclass of Midshipmen. I also believe that they are not reasonable disciplinary measures as it pertains to the *listed* classes and subclasses in the settlement, not just the unlisted Midshipmen (creating a PowerPoint presentation does not solve the deeper problem that is underlying the decision making of higher ups in the Navy). Furthermore, this settlement is NOT *adequate* for the damages and harm done to be by the United States Navy throughout this entire process. As mentioned earlier, there is no substantial benefit that I would receive for these damages due to this settlement. Section C par 17 states that the Navy will "permanently remove records indicating administrative separation processing or proceedings, formal counseling, and non-judicial punishment actions taken against the class members". While this may be beneficial to some (SEALS, Spec Ops, etc.) for members of

the Midshipmen subclass (again, undefined and unrecognized in this case) this does nothing to help against the recoupment of funds that the Navy is seeking. It would also remove any record of wrongdoing against us and removes the Navy of their liability for the harm done to its sailors. In Section C par 18 it is stated that the Navy will ensure that all members will receive a reenlistment code and be able to rejoin without any past of misconduct. Again, this does nothing for me. I do not seek to re-enlist in the Navy, I am seeking recompense for the monetary and mental harm that the Navy has done to me throughout this process. This is not to say there was a lack of conviction behind joining the Navy, I was willing and ready but then forcibly put into this situation because of an unconstitutional mandate and my religious beliefs.

Section E par 37 states that "Plaintiffs, the members of the Class defined above, and their heirs, administrators, representatives, attorneys, successors, and assigns, and each of them hereby release, waive, acquit, and forever discharge the United States, Defendants, any department, agency or establishment of the United States, and their present or former officials, employees, successors, and agents, in their official and individual capacities, from, and are hereby forever barred and precluded from prosecuting, any and all claims, causes of action, and/or requests for relief that would be barred by the doctrine of res judicata were final judgment on the merits entered on all claims asserted in the Civil Action, including claims to attorneys' fees, costs, and other litigation expenses or claims for attorneys' fees, costs, and other litigation expenses that have been, or could have been, made as a result of the Civil Action". I object to this statement as well because I do not believe this settlement even remotely *adequately* begins to cover the damages done to me. I would like those who are responsible for this situation to be held accountable and make things right in the form of nullifying the "debt" I owe to the government as well as paying for the additional loans that were required to finish my schooling. I will NOT release, waive, acquit, or forever discharge the individuals and groups involved until I am properly and *fairly* represented and restituted.

Another reason for my objection to this settlement is because of a statement made in the "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING TO APPROVE PROPOSED SETTLEMENT – U.S. Navy SEALs 1-26 v. Biden". On page 3, it states that "If approved, the Settlement will release the U.S. Government, the U.S. Department of Defense, and the U.S. Navy from liability for all claims that relate to the Department of Defense's prior requirement to be vaccinated against COVID-19 as well as all claims related to the U.S. Navy's religious accommodation request procedures. This release includes all claims for non-monetary relief (including declaratory and injunctive relief) and may preclude certain non-individualized claims for money damages." I do not wish the U.S. Government, DOD, or U.S. Navy to be free of any liability as it pertains to my specific case and subclass, which again are not defined or recognized throughout this entire class action and settlement. I want them to be held responsible for their actions done to me and this settlement does not allow that to happen.

Overall, I object to this class action settlement because of it's lack of fairness, reasonableness, and adequacy as well as lack of definition and recognition of the class that I identify with in this scenario. The proposed settlement is in the best interest of the United States Navy and its constituents, not in my best interest (they are washing their hands of the situation by trying to get all liability removed). The proposed settlement is also of zero benefit to myself as all it would do is clear my record of any disciplinary actions taken against me, which I do not want to happen as I would like it to stand as proof and a paper trail of the wrongdoings and coercion against me. This settlement is not fair because it does not properly recognize and define all the parties involved. This settlement is not reasonable as the Navy

really is not having to do anything on their end except for clear a few records and create some language and guidance around religious accommodations. The parties involved must be held directly responsible for their actions and a more serious outcome is necessary to prevent such heinous acts from happening again. This settlement is not adequate as it does not provide me any relief from the monetary pressures that the government has unjustly placed upon myself and my family. As a matter of fact, nothing in this settlement benefits me at all, it is only detrimental to my situation and beliefs.

Very Respectfully,

Johnny Prohaska

(706)-993-7949



