


Colin Anderson
5017 Ridgehurst Lane
Midlothian, TX 76065
colin.a.anderson2.mil@army.mil
17 July 2024

Clerk's Officer
United States District Court for the Northern District of Texas
Fort Worth Division
501 West 10th Street, Room 310
Fort Worth, Texas 76102
ATTN: U.S. Navy SEALS 1-26 v. Biden, Case No. 4:21-cv-0123, Objection to Class Settlement

Also delivered to:
Class Counsel:
Heather Hacker, heather@hackerstephens.com

Govt Counsel:
Andrew Carmichael, andrew.e.carmichael@usdoj.com

Subj: OBJECTION TO CLASS SETTLEMENT
Encl: COVID APEAL TRACKER dated August 16, 2022, from Col Edward C Durant

1. As a class member, I object to the fairness, reasonableness and adequacy of this Settlement Agreement, because it will foreclose the opportunity to pursue individual, personalized grievances against the U.S. Navy for alleged wrongs that occurred against me which are outside the definition of: "Adverse information related to non-compliance with the COVID-19 Mandate means a negative notation in the Service member's yearly Evaluation (NAVPERS 1616/26 for E6 and below) or Fitness Report and Counseling Record (NAVPERS 1610/2 for E7 – O6)." Specifically, I am pursuing a request for a special selection board related to my non-selection for promotion in FY22, FY23 and FY24 based on board members knowing my religious beliefs and having knowledge of my filing for a religious accommodation for the COVID-19 mandate. Should this Settlement be approved, I am very concerned that if the Board of Corrections for Naval Records declines my request for relief, I will be foreclosed of pursuing relief in federal court for the perceived wrongs that occurred against me pertaining to multiple promotion selection boards where board members either expressed their distaste of sailors who refused the vaccine or were cognizant that I had submitted a religious accommodation request. DoD Instruction 1320.14, SECNAVINST 1402.1, and the applicable promotion board convening orders all make it impermissible for promotion boards to consider a member's religion.

a. This Settlement directs the U.S. Navy to include language in the precepts for the U.S. Navy Fiscal Year ("FY") 25, FY 26, and FY 27 selection board convening orders. The exact content of the language is within the discretion of the U.S. Navy but shall provide that the boards must not consider any adverse information related solely to COVID-19 vaccine refusal in cases in which a religious accommodation was requested. However, as stated in NAVADMIN 065/23, the Navy already directed the removal of any adverse information related to vaccine refusal from

official personnel records and directed convening orders for promotion boards to include language that precludes consideration of adverse information regarding COVID-19 vaccine refusal in the case of Service members who submitted religious accommodation requests. Thus, this Settlement item is a wash and does not create any new restorative action or generate any further remediation on the part of the Navy. Rather, it just gives the Department of the Navy credit for action it already undertook unilaterally. Furthermore, by directing the corrective language in FY25-27 boards, the action is useless in that most of the alleged wrongs committed by commanding officers occurred in and impacted members during the FY 22-24 boards. Additionally, adding language to convening orders does nothing to remedy the implicit bias directed against class members who lost career opportunities that would have enhanced their promotion competitiveness. Affected members lost the opportunity to PCS (i.e. were stuck in the same jobs not allowing for increased responsibilities), lost the opportunity to take orders to operational units, lost the ability to attend training outside the narrow geographic boundaries of their assigned unit, lost the ability to travel for temporary duty in geographic disperse areas – opportunities which usually lead to special recognition, were denied impact awards and end of tour awards, denied quarterly and yearly award nominations, lost special qualifications and associated pay, and the list goes on. All these actions normally fall within the discretion of a commanding officer, but based on a member's vaccine refusal and submission of a religious accommodation request, commanding officers were directed by Navy leadership to withhold these privileges – thereby directly impacting one's promotion potential. It is also worth noting that rather than focusing on a member's record and merit, with the inclusion of the language in promotion board convening orders, board members are now reminded of the vaccine mandate which may bring to mind the names of members who submitted religious accommodation requests and thereby increase the potential for further implicit bias against class members, despite the direction that it not be considered. Additionally, per regulation, a member's religion cannot be considered by the promotion board, so there is little value in adding this language, as it will not correct prior wrongs committed against class members. To state it differently, including language in FY 25-27 will not fix the bias and partiality that was shown against class members who were eligible and otherwise very competitive in FY22-24, when the mandate was in place and when commanding officers were commonly, at the direction of the Secretary of the Navy and Chief of Naval Operations, discriminating against members who had filed for religious accommodations and denying them career opportunities that would have enhanced their competitiveness for promotion. **Rather than adding "corrective" language, each of these members should be afforded a special selection board with credit for time in rank served in accordance with 10 U.S.C. 628.**

2. This Settlement does not remedy the administrative damage inflicted upon my career, nor does it remedy the psychological abuse that was wielded as a weapon against me. Furthermore, the Settlement ignores the harm suffered by my spouse and children.

a. I was regularly briefed by my command that my actions amounted to refusing to follow lawful orders, even though I was following the approved process for submitting a religious accommodation request. The briefing included a discussion of penalties and punishments which included separation, prison, loss of pay, reduction in pay grade, loss of benefits, and not being approved for reenlistment and retirement. I was the sole source of income for my family, so we were forced to implement a budget that anticipated a loss of pay and prison time; this greatly

subdued the celebrations of birthdays and holidays. In March 2022, due to a forced PCS move, we were compelled to sell our home in North Carolina. The looming threat of prison and discharge before retirement put me in a financial position that forced us to choose the more expensive option, but shorter-term commitment, of renting in Texas.

b. Despite holding key leadership billets (Force Preservation Council, Security Manager, Antiterrorism Force Protection Officer, Battalion Intelligence Chief, Battalion Operations Chief, OPSEC Manager, Insider Threat Program Manager, and Arms, Ammunition and Explosives Screening Officer), I was excluded from meetings with the Commanding Officer, Executive Officer, and Command Master Chief. My annual evaluations and peer rankings were farcically low and indicate a decline in performance that went unexplained; my relief received the highest promotion recommendation, the highest peer ranking, and was selected for promotion to E8. My exclusion extended to both the Chief Petty Officer Mess and Association. Despite having an active security clearance, my access to certain buildings was restricted which prevented me from attending briefings and completing my assigned duties. When I sought assistance from behavioral health services, I was shamed by leadership for being absent from the work center.

c. The Navy issued NAVADMINs and SJA UPDATES that empowered local commanders to take soft actions, such as issuing Page 13's entitled "COVID-19 Vaccination Administrative Counseling/Warning", which is the first step before issuing an adverse evaluation and establishing a punishable offense. On September 21, 2021, my commanding officer issued me that exact Page 13, even though I submitted my request for religious exemption on September 13, 2021 and I was in compliance with Navy guidance. My request to extend on station and to retire December 2023 was initially approved by my commanding officer, but it was revoked after my request for religious accommodation was submitted. The revocation required me to select new orders, but all my selections were denied. After talking with my detailer, I was told that I would not be approved for any of the following billets: overseas, sea duty, instructor duty, and military treatment facility/hospitals. I was given the choice of four Military Entrance Processing Stations which are known for being career-killers. I was also informed that I could not receive any orders anywhere on the East Coast. The new orders required reenlistment, but my reenlistment was delayed for more than 60 days while PERS in Millington, TN decided if I was a "vaccine refuser". There was no command recognition for my reenlistment and there was no end of tour award, which was standard practice. My command continued to flex their soft power by ensuring that my transfer evaluation, which should have posted in April, did not appear in my official record until well after the FY22 Senior Chief Selection Board. In fact, as of August 19, 2022, the command was still "searching" for my transfer eval that was signed March 15, 2022.

d. My religious accommodation and request to not vaccinate military personnel against their will was denied October 26, 2021. An appeal to the Commandant of the Marine Corps was properly and timely submitted November 10, 2021. Based upon new information, I submitted an addendum on December 30, 2021. To date, the Commandant has not responded to my religious accommodation request. This Settlement does nothing to compel persons and agencies to act. This Settlement does nothing to punish persons that fail to act in accordance with regulatory timelines.

e. After transferring to my new command, the Navy and Marine Corps continued their persecution of me by contacting my new command on August 19, 2022, and requiring my new commanding officer to complete "Religious Accommodation Appeal – Applicant Information Form". That document was previously completed as part of the package forwarded to the Deputy Commandant's office in September 2021 but was mysteriously missing in 2022 (see attached image). This was nothing other than harassment, as my appeal was active and pending with the Commandant of the Marine Corps. My previous command had no need to continue to track my status as I was no longer assigned to a Navy or Marine Corps command, yet the Navy continued its harassment.

3. From a class member's perspective, this Settlement is largely useless in preventing the Navy from engaging in similar practices in the future as the remedial actions the Navy agrees to undertake fail to establish punitive policies for failing to adhere to DoD Instruction 1300.17, Religious Liberty in the Military Services. Additionally, the Navy's legal status ensures that the individuals who organize systemic violations are immune to civil liability claims, which is the usual method for resolving wrongs (i.e. wrongful death, libel, medical malpractice, etc). Wrongdoing requires punishment and restitution to the victim; this Settlement provides none of that.

4. I will not be able to appear at the Fairness Hearing but wanted to make my concerns known and ensure that class members will be able to continue to petition the Board of Corrections for Naval Records concerning individualized wrongs they have experienced related to the COVID-19 mandate and will be able to file in federal District Courts should BCNR deny their petitions.

ANDERSON.COLIN.ALFREDBENJAM.1269950249
Digitally signed by ANDERSON.COLIN.ALFREDBENJAM.1269950249
Date: 2024.07.17 13:32:28 -05'00'

HMC(FMF) COLIN ANDERSON




| | Name | PRIORITY STATUS | E- | EDIPI | ASCA | Suborinate Command | Status | Notes | Date of Initial Request | DC, M&RA Signed | Date of Appeal |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 | Aiello, Daniel M. | | E-4 | 1532481607 | I MEF | 1st MarDiv/ 3d AABn | w/ JCA | | 12-Oct-21 | 10-Dec-21 | 19-Dec-21 |
| 31 | Anderson, Colin A. | NAVY | E-7 | 1269950249 | II MEF | 2d MLG/MEPS Dallas, TX | MISSING DC | Missing AIF20-C (PCS'd out of 2nd ML | 13-Sep-21 | 26-Oct-21 | 10-Nov-21 |
| 32 | BaezSalcedo, Christopher M. | | E-6 | 1182125179 | TECOM | TECOM/HQ Bn/M&R Co | MISSING DC | Missing AIF | 22-Oct-21 | 14-Dec-21 | 26-Dec-21 |
| 33 | Banks, Austin L. | | E-5 | 1529286852 | MARFORRES | 4th MAW/MAG-49/HMLA-773 | w/ JCA | | 25-Oct-21 | 12-Jan-22 | 27-Jan-22 |
| 34 | Barkley, Malakhi S. | | E-4 | 1547434818 | MARFORRES | 4th MLG/CLR-45 | MISSING DC | Missing AIF | 30-Oct-21 | 7-Jun-22 | 2-Jul-22 |
| 35 | Barner, Ethan M. | | E-2 | 1573110796 | I MEF | 1st MarDiv/4th Mar | Pend RNA | AdSep'd July 2022 | 30-Sep-21 | 27-Oct-21 | 12-Nov-21 |
| 36 | Broadbent, Brenton A. | | E-3 | 1536484090 | MARFORRES | 4th MarDiv/HQ Btry | MISSING DC | Missing AIF | 16-Oct-21 | 8-Dec-21 | 10-Oct-21 |
| 37 | Brown, Heith L. | | E-4 | 1537514554 | MARFORRES | 4th MarDiv/5th MEB | MISSING DC | Missing AIF | 28-Sep-21 | 29-Nov-29 | 12-Dec-21 |
| 38 | Brown, Jonathan E. | | E-6 | 1384511160 | TECOM | Send to First Endro POC | MISSING DC | Missing AIF | | 15-Dec-21 | 9-Jan-22 |
| 39 | Brusherd, Jonathan D. | Navy | E-5 | 1408195868 | MARFORCOM | MARFORSOC/2d MAR RDR BN | MISSING DC | Missing AIF-C (Transferred to Navy Sa | 16-Sep-21 | 25-Oct-21 | 8-Nov-21 |
| 40 | Calderon, James D. | | E-7 | 1262004747 | MARFORRES | 4th MarDiv/4th LAR Bn | MISSING DC | Missing AIF | 10-Oct-21 | 6-Dec-21 | 20-Jan-22 |
| 41 | Calkins, William C. | | O-3 | 1410844512 | MARFORRES | 4th MARDIV/23d MAR/3d Bn | MISSING DC | Missing AIF | 25-Aug-21 | 29-Nov-21 | 6-Dec-21 |


NORTH TEXAS TX P&DC
DALLAS TX 750
18 JUL 2024 PM 8 L
Clerk's Officer
United States District Court for the Northern District of Texas
Fort Worth Division
501 West 10th Street, Room 310
Fort Worth, Texas 76102
ATTN: U.S. Navy Seals 1-26 v. Biden,
Case No. 4:21-cv-0123,
Objection to Class Settlement
RECEIVED
JUL 23 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TE
X-RAY


5017 Ridgehurst Lane
Midlothian, TX 76065