**OBJECTION TO SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS IN
U.S. NAVY SEALS 1- 26 v. BIDEN, 4:22-cv-01236-O (N.D. Tex.)**

**To: United States District Court for the Northern District of Texas
From: Stephen J. Mueller**

Ref:  (a) 42 § USC 1983
      (b) Article 1150, U.S. Navy Regulations

I, Stephen J. Mueller, one of the People as seen in the U.S. and all 50 American state constitutions, republic in form, *Sui Juris*, serve this objection to the Court, that it may also serve as notice to all parties involved.

By virtue of having filed a religious accommodation to the Navy mandate of the COVID-19 injection, I am a member of the Navy class as described in U.S. Navy SEALs v. Biden, 4:22-cv-01236-O (N.D. Tex).

As a class member, I object to the fairness, reasonableness, and adequacy of this settlement agreement for the following reasons:

**Accountability**

Nothing in this settlement holds Defendants or their agents accountable for their violations and abuses. This lack of accountability has directly contributed to ongoing violations of the First Amendment and continued harms to class members. One of Defendant's agents, Rear Admiral James P. Waters was a direct party to the violations of the Religious Freedom Restoration Act that led to this Court granting a class-wide preliminary injunction. Rather than hold him accountable for his violations, Navy leadership elected to support and promote Rear Admiral Waters, reinforcing the apparent disdain that Navy leadership has for service members' First Amendment rights. Since being promoted to a new command position of considerable trust and prominence, Rear Admiral Waters has been party to additional abuses, and is now the subject of an internal Navy complaint for new violations of service member's First Amendment rights committed as recently as June 2024.

As the Director, Military Personnel Plans and Policies (OPNAV N13) from April 2021 to March of 2024, Rear Admiral Waters, worked directly for Vice Admiral John B. Nowell (OPNAV N1). In this role, he oversaw the OPNAV N131 Religious Accommodation Review Team. Under Rear Admiral Waters' watch, the OPNAV N131 Religious Accommodation Review Team developed and executed a Standard Operating Procedure (SOP) to issue a template denial to each religious accommodation request submitted by Navy sailors without doing the individualized review required by law and military regulation.

While Vice Admiral Nowell was the one signing final disapprovals on each religious accommodation requested, it was Rear Admiral Waters who was most closely involved in leading the Religious Accommodation Review Team, and through whom he prepared each

disapproval recommendation for Vice Admiral Nowell. The evidence provided to this Court demonstrated that the standardized religious accommodation denials passed through Rear Admiral Waters' office multiple times before ultimately being finalized by both Vice Admiral Nowell and Admiral Gilday. The SOP provided to the court shows Rear Admiral Waters' personal office code (N13) listed approximately 10 separate times. His name, listed as "J. P. Waters," is also clearly shown in both Step 33 and Step 39 of the SOP, as demonstrated in the court documents.

Rear Admiral James P. Waters contributed significantly to a pattern of disregard for the law, for service members' rights, and for the U.S. Constitution. This entire episode has been a national embarrassment for the Navy, contributed to a significant loss of trust with the American people, and compounded the military recruiting crisis. Rather than hold Rear Admiral Waters accountable for his actions, Navy leadership saw fit to promote him to a new command position. As the new Commander of Navy Recruiting Command, Rear Admiral Waters, holds a position of significant interest to American citizens due to its important role in building and maintaining trust for the sake of recruiting.

As Commander of Navy Recruiting Command, Rear Admiral James Waters maintains a public-facing X [Twitter] account. Under his authority, this account represents the official Navy position and narrative concerning recruiting Americans for service in the United States Navy. After pointing out a number of programmatic failures related to recruiting and rebuilding trust with the American people, I was blocked from viewing or commenting on any post made by Rear Admiral James Waters' Navy Recruiting Command X [Twitter] Account.

As one of the People and a citizen of the United States, I have a right to freely express my views, particularly ones that relate to the running of our government, its executive branch agencies, and its military departments. The action to block me, taken under the color of law, and within the authority of an executive branch agency, deprived me of my right to free speech, which I retain as one of the People, and which is explicitly protected by the First Amendment of the Constitution. Rear Admiral James Waters violated the law as promulgated in 42 U.S.C. § 1983, deprived me of my inalienable Constitutional rights under the First Amendment, and, in so doing, violated his own oath to the Constitution.

The @USNRecruiter X [Twitter] account is not Rear Admiral Waters' private account. Rather, it is an official government account under his control with which he promulgates Navy narratives, and encourages the public to interact with the page. I am a member of the public, and, because there can be no military exclusion for constitutional protections, I retain the right to free speech as one of the People. Through use of frequent official messaging, Rear Admiral Waters develops and implements a narrative to sway the opinion of the American people. Due to the violation of my First Amendment rights, I no longer have the capability to freely respond nor to exercise my rights related to these narratives.

As confirmed by the Supreme Court case O'Connor-Ratcliff v. Garnier, 601 U.S._(2024), the deprivation of a citizen's First Amendment rights from a government-controlled social media

account is not permitted under law. Therefore, in accordance with 42 U.S.C. § 1983, Rear Admiral James Waters can be held liable in an action at law, suit in equity, or other proper proceedings for redress.

Navy leadership has deliberately chosen not to correct their strategic blunders over the COVID-19 mandates, nor put any real efforts into ending First Amendment violations perpetrated across the Navy. These decisions, and the decision to continue to promote Rear Admiral Waters in spite of his abuses and usurpations, have only served to reinforce our senior leaders' disregard for the Religious Freedom Restoration Act and the First Amendment to the U.S. Constitution. These decisions have enabled Rear Admiral Waters to go on to commit additional violations of service member's First Amendment rights. Rear Admiral Waters has demonstrated a pattern of constitutional violations. Rather than deter these actions, Navy leadership has elected to support and promote him.

Navy leadership has also demonstrated a pattern of First Amendment violations, a disdain for the rights of service members, and contempt for the rulings of this Court. This case is still ripe for action, because the harms to class members are still ongoing. Defendants and their agents are apparently not
ready for a settlement because they are not done causing harm.

**Administrative Records**
The repair of harms is not adequate because it only forces the Navy to correct records that fall within a very narrowly defined category. Significant harms were perpetrated that fall outside the definition detailed in the settlement. Service members were given poor evaluations, but many were not given "significant problems" marks that would elevate the evaluation to the category of adverse evaluation. These poor evaluations derailed careers by ensuring that sailors who were victims of these actions would not be selected for promotion. In addition to the moral injury inflicted on these sailors by Navy leadership, the sailors they targeted were denied promotion opportunities, potentially costing them hundreds of thousands of dollars-worth of additional retirement pay as a result of failing to obtain rightly-earned advancements in rank.

Service members who failed to be rightly promoted are not being granted special promotion boards to address the harms done. Correcting the record cannot reverse time and give these sailors a fair shot at promotion when their records were reviewed by promotion boards in 2022, 2023, and early 2024. Only by convening a special promotion board for impacted class members could these harms actually be repaired. There is, however, no provision in the settlement for granting special promotion boards to class members despite it being the proper way to provide prospective relief.

Other actions, such as being relieved from leadership positions, cannot be corrected or undone by a note in an administrative record. The sailors who were given menial labor outside their normal duties, who were verbally and psychologically abused, and who suffered severe mental health crises, will not be made whole because a note was made in their personnel file.

For class members who have already retired or otherwise left the Naval Service, correcting their record provides absolutely no tangible benefit, and cannot repair the harms done to them.

**Monetary Damages**

Rigidly holding the class to the original complaint does an injustice to class members and the case should be expanded to include retrospective relief. The settlement does not compensate class members in any way whatsoever, despite many class members enduring significant financial hardship, medical complications, and mental health problems as a result of defendants' actions. Many reservist class members were barred from performing their drill periods and lost a
source of income that they had previously relied on before the mandate. A number of class members had bonuses wrongfully recouped. All appeals to Defendants and their agents to reverse these bonus recoupments have fallen on deaf ears. A significant number of class members have incurred separate legal fees for actions caused by the Defendants, but only Class Counsel is being offered legal fees as part of this settlement. Class members have suffered significant physical harms as a result of the stress caused by Defendants' actions including developing ulcers, struggling with mental health, thoughts of suicide, and other significant problems. This proposed settlement does nothing to make
amends for the physical harm resulting from Defendants' actions.

In accordance with the Supreme Court's ruling in Tanzin v. Tanvir, 592 U.S._(2020), violations of the Religious Freedom Restoration Act permit litigants to seek monetary damages against federal officials, yet Class Counsel has not sought damages on behalf of class members. The value of the possible damages can be estimated using the 28 June 2024 judgement from a federal district court in the case of Benton v BlueCross BlueShield of Tennessee. Tanja Benton was a Biostatistical research scientist working for BlueCross BlueShield of Tennessee when her company mandated that she received the COVID-19 injection. She filed a religious accommodation request which her company denied and ultimately fired her. At trial Benton was awarded over $687,000 by a jury of her peers for her company's violations of her religious freedom rights, $500,000 of which was for punitive damages. Based on punitive damages alone, the Navy lawsuit with over 4,000 class members could be worth a total of $2 Billion. If this seems like a great deal of money, bear in mind that this amount is just about 1% of the total amount of aid provided to Ukraine so far. It is likely that only significant punitive damages could make many class members whole from all the physical, mental, and financial harms inflicted by the Defendants. A fund must be established, paid for by the Defendants, that permits class members to make claims for damages incurred. This settlement, however, makes no attempt to make class members whole, nor does it provide monetary damages of any kind.

**Required Navy Actions**

Under the terms of this settlement, the Navy is required to display a message on its website for one year that states, in part, that "The United States Navy supports diverse expressive activities, to include religious expression, and recognizes that through inclusion we are a better military and stronger nation for it." In light of their ongoing violations of the First

Amendment of the U.S. Constitution, and their actions both in rejecting my own diverse expressive activities and in excluding me from public discourse, each of these Navy assertions appear to be proven false.

The Navy has committed to posting a training presentation on its website for three years that teaches the importance of accommodating religious practices. However, service officials have not committed to requiring any Navy leaders to actually take this training. Even the individuals most responsible for violating class members' rights (including Rear Admiral Waters) are not required to take this training.

In light of the ongoing violations of the First Amendment, these gestures are meaningless at best, and at worst, they are permitting the Defendants to get away with further projecting false narratives.

**Fairness Hearing**
I will not be able to appear at the Fairness Hearing. Please consider this objection in its entirety in making a ruling both on this settlement and on the need to continue this case that has become so critical to Military Jurisprudence related to the First Amendment of the U.S. Constitution.

_____ Date: 12 July 2024
Stephen J. Mueller

The Muellers
10395 Meinert Road
Wexford, PA 15090





U.S. District Court for the N. District
Of Texas Fort Worth Division
501 West 10th Street, Room 310
Fort Worth, Texas 76102-3673
ATTN: U.S. Navy SEALs 1-26 v. Biden,
Case No. 4:21-CV-01236,
Objections to Proposed Class Settlement



RECEIVED
JUL 23 2024
CLERK U.S. DISTRICT
NORTHERN